# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-00098<br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

## <u>USX DEFENDANTS' ANSWER AND DEFENSES TO AMENDED COMPLAINT</u>

Defendant U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), and Defendants Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate (collectively, the "Individual Defendants" and, together with USX, the "USX Defendants"), by and through their undersigned counsel, respectfully submit this Answer and Defenses to Plaintiffs' Amended Complaint for Violations of the Federal Securities Laws, Dkt. No. 57 (the "Amended Complaint").

Except where expressly admitted or otherwise addressed herein, USX Defendants deny the allegations in the Amended Complaint, including those contained in the headings and titles. USX Defendants respond to the enumerated paragraphs of the Amended Complaint as follows:

1.    USX Defendants admit that the Amended Complaint purports to assert claims for alleged violations of the federal securities laws on behalf of a putative class as defined in Paragraph 1. USX Defendants deny the remaining allegations in Paragraph 1.

2.    USX Defendants admit that the Amended Complaint purports to assert claims for alleged violations of (a) Section 11 of the Securities Act of 1933 (the "Securities Act") against USX Defendants and the underwriters of the Company's June 2018 initial public offering ("IPO") (the "Underwriter Defendants"), and (b) Section 15 of the Securities Act against USX Defendants.

Although the Amended Complaint also purported to assert claims for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, the Court presiding over this action dismissed those claims as legally deficient in its order dated June 30, 2020, Dkt. No. 91 ("MTD Order"). Accordingly, those claims are no longer part of this action, and no response is required for Plaintiffs' allegations relating to the dismissed Exchange Act claims.[1] USX Defendants deny the remaining allegations in Paragraph 2.

3. A description of USX's corporate history, ownership, and the appointment of Eric Fuller and Eric Peterson as CEO and CFO, respectively, is set forth in the Company's filings with the U.S. Securities and Exchange Commission ("SEC"), including the June 11, 2018 Registration Statement for USX's IPO. The allegations in Paragraph 3 appear to summarize portions of USX's filings with the SEC, as well as to summarize and quote from a transcript of Eric Fuller's August 7, 2018 interview with Truckinginfo.com. To the extent that the allegations in Paragraph 3 refer to, quote from, or purport to summarize USX's filings with the SEC or the referenced interview, those documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 3 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 3.

4. To the extent that the allegations in Paragraph 4 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 4 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 4.

---

[1] To the extent that USX Defendants answer any of Plaintiffs' allegations that relate to their dismissed Exchange Act claims, they do so only out of an abundance of caution and without prejudice to their position that those claims and allegations are no longer at issue in this case.

5. To the extent that the allegations in Paragraph 5 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 5 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 5.

6. To the extent that the allegations in Paragraph 6 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 6 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 6.

7. To the extent that the allegations in Paragraph 7 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 7 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 7.

8. To the extent that the allegations in Paragraph 8 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 8 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 8.

9. To the extent that the allegations in Paragraph 9 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 9 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 9.

10. The majority of the allegations in Paragraph 10 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employees made the statements attributed to them in Paragraph 11. USX Defendants further refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself, and otherwise deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself, and otherwise deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcripts of USX's earnings calls on August 2, 2018 and November 1, 2018, which are matters of public record that speak for themselves, and otherwise deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants admit that John W. White left USX on or around October 22, 2018, but otherwise deny the allegations in Paragraph 14.

15. To the extent that the allegations in Paragraph 15 refer to, quote from, or purport to summarize portions of USX's November 1, 2018 press release or the transcript of its earnings call

that day, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 15 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 15.

16. USX Defendants refer to the daily trading price and volume of USX's stock on the public market, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 16 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants admit that the Amended Complaint purports to invoke this Court's jurisdiction under 28 U.S.C. § 1331 and § 22 of the Securities Act. USX Defendants, however, maintain that the Amended Complaint fails to assert any viable claim.

18. The allegations in Paragraph 18 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 contain legal conclusions and in part refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to those allegations is required. To the extent that a response is required, USX Defendants admit that the Amended Complaint relies on the cited provisions for asserting that venue is proper in this Court and that USX maintains its principal place of business in this District. USX Defendants deny the remaining allegations in Paragraph 19.

20. The allegations in Paragraph 20 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 20.

21. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Lead Plaintiff Deirdre Terry purchased USX securities pursuant and/or traceable to the Company's Registration Statement and Prospectus (referred to in the Amended Complaint and herein as the "Offering Documents") for the June 2018 IPO. USX Defendants deny the remaining allegations in Paragraph 21.

22. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Charles Clowdis purchased USX securities pursuant and/or traceable to the Company's Offering Documents for the June 2018 IPO. USX Defendants deny the remaining allegations in Paragraph 22.

23. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Bryan K. Robbins purchased USX securities pursuant and/or traceable to the Company's Offering Documents for the June 2018 IPO. USX Defendants deny the remaining allegations in Paragraph 23.

24. USX Defendants admit the allegations in Paragraph 24.

25. USX Defendants admit that Eric Fuller was USX's CEO and a member of USX's Board of Directors throughout the proposed Class Period, that he signed USX's Registration Statements filed with the SEC on June 11, 2018 and June 18, 2018, and that he spoke on certain quarterly USX earnings calls. To the extent that the remaining allegations in Paragraph 25 refer to, quote from, or purport to summarize Eric Fuller's biography from the Company's website, such

document is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 25 that are inconsistent therewith.

26. USX Defendants admit that Eric Peterson was USX's CFO, Treasurer, and Secretary throughout the proposed Class Period, that he signed USX's Registration Statements filed with the SEC on June 11, 2018 and June 18, 2018, that he spoke on certain quarterly USX earnings calls, and that he signed USX's Form 10-Q filed with the SEC on August 9, 2018. To the extent that the remaining allegations in Paragraph 26 refer to, quote from, or purport to summarize Eric Peterson's biography from the Company's website, such document is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 26 that are inconsistent therewith.

27. USX Defendants admit that Jason Grear was USX's Chief Accounting Officer throughout the proposed Class Period and that he signed the Registration Statements filed with the SEC on June 11, 2018 and June 18, 2018. USX Defendants deny the remaining allegations in Paragraph 27.

28. USX Defendants admit that Max Fuller served as a Director and Executive Chairman of USX throughout the proposed Class Period, that he previously served as USX's CEO, and that he signed USX's Registration Statements filed with the SEC on June 11, 2018 and June 18, 2018. To the extent that the remaining allegations in Paragraph 28 refer to, quote from, or purport to summarize portions of USX's filings with the SEC or an interview transcript, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 28 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 28.

29. USX Defendants admit that Lisa Quinn Pate served as a Director of USX during the proposed Class Period, that she served as Chief Administrative Officer of USX in March 2017, and that she signed USX's Registration Statements filed with the SEC on June 11, 2018 and June 18, 2018. USX Defendants deny the remaining allegations in Paragraph 29.

30. USX Defendants admit that the Amended Complaint purports to refer to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate collectively as the "Individual Defendants."

31. The allegations in Paragraph 31 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 31.

32. The allegations in Paragraph 32 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 32.

33. To the extent that the allegations in Paragraph 33 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 33 that are inconsistent therewith.

34. USX Defendants admit the allegations in Paragraph 34.

35. USX Defendants admit the allegations in Paragraph 35.

36. USX Defendants admit the allegations in Paragraph 36.

37. USX Defendants admit the allegations in Paragraph 37.

38. USX Defendants admit the allegations in Paragraph 38.

39. USX Defendants admit the allegations in Paragraph 39.

40. USX Defendants admit the allegations in Paragraph 40.

41. The allegations in Paragraph 41 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants admit that the Underwriter Defendants served as underwriters for the IPO but otherwise deny the allegations in Paragraph 41.

42. USX Defendants deny the allegations in Paragraph 42, except USX Defendants admit that representatives from the Underwriter Defendants met or communicated with USX personnel regarding the IPO in 2018, prior to USX's Registration Statement being filed with the SEC on June 11, 2018.

43. USX Defendants deny the allegations in Paragraph 43.

44. A description of USX's corporate history is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 44 that are inconsistent therewith.

45. A description of USX's business and service offerings is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 45 that are inconsistent therewith.

46. A description of USX's business, including its services and reportable segments, is set forth in its filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 46 that are inconsistent therewith.

47. To the extent that the allegations in Paragraph 47 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 47 that are inconsistent therewith.

9

48. A description of USX's business, including its Dedicated division, is set forth in USX's filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 48 that are inconsistent therewith.

49. A description of USX's business, including the identity of some of its customers and the Company's historical performance leading up to the June 2018 IPO, is contained in USX's filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 49 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 49.

50. To the extent that the allegations in Paragraph 50 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 50 that are inconsistent therewith. USX Defendants admit that USX has been focused on improving its operating ratio, along with improving other aspects of USX's business, but otherwise deny the remaining allegations in Paragraph 50.

51. A description of USX's debt and loan facilities at the time of the June 2018 IPO, including the debt that was to be paid off with proceeds from the IPO and certain related party transactions, is set forth in USX's filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 51 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 51.

52. To the extent that the allegations in Paragraph 52 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 52 that are inconsistent therewith.

53. To the extent that the allegations in Paragraph 53 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 53 that are inconsistent therewith.

54. To the extent that the allegations in Paragraph 54 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 54 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 54.

55. To the extent that the allegations in Paragraph 55 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 55 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 55.

56. To the extent that the allegations in Paragraph 56 refer to the number of shares offered in the IPO, the proceeds of the IPO, or USX's debt at the time of the IPO, USX Defendants refer to USX's filings with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 56 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 56.

57. To the extent that the allegations in Paragraph 57 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 57 that are inconsistent therewith.

58. To the extent that the allegations in Paragraph 58 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record

that speak for themselves, and USX Defendants deny the allegations in Paragraph 58 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 58.

59. To the extent that the allegations in Paragraph 59 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 59 that are inconsistent therewith.

60. To the extent that the allegations in Paragraph 60 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 60 that are inconsistent therewith.

61. To the extent that the allegations in Paragraph 61 refer to, quote from, or purport to summarize portions of USX's filings with the SEC or the transcript of a January 4, 2018 interview of Eric Fuller, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 61 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 61.

62. To the extent that the allegations in Paragraph 62 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 62 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 62.

63. To the extent that the allegations in Paragraph 63 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 63 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 63.

64. USX Defendants deny the allegations in Paragraph 64.

65. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of what any particular USX investor deemed "important" as well as whether the unidentified purported former USX employees made the statements attributed to them in Paragraph 65. USX Defendants deny the remaining allegations in Paragraph 65.

66. To the extent that the allegations in Paragraph 66 refer to USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 66 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 66.

67. To the extent that the allegations in Paragraph 67 refer to, quote from, or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 67 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 67.

68. To the extent that the allegations in Paragraph 68 refer to, quote from, or purport to summarize the transcript of an interview of Eric Fuller reported on February 13, 2018, such document is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 68 that are inconsistent therewith.

69. USX Defendants deny the allegations in Paragraph 69.

70. USX Defendants deny the allegations in Paragraph 70.

71. To the extent that the allegations in Paragraph 71 refer to, quote from, or purport to summarize portions of USX's filings with the SEC or a page from the Company's website, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 71 that are inconsistent therewith. USX Defendants lack knowledge or

information sufficient to form a belief as to the truth of whether the unidentified purported former USX employees made the statements attributed to them in Paragraph 71. USX Defendants deny the remaining allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 72 that are inconsistent therewith. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 72. USX Defendants deny the remaining allegations in Paragraph 72.

73. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 73. USX Defendants deny the remaining allegations in Paragraph 73.

74. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employees made the statements attributed to them in Paragraph 74. USX Defendants deny the remaining allegations in Paragraph 74.

75. To the extent that the allegations in Paragraph 75 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 75 that are inconsistent therewith. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 75. USX Defendants deny the remaining allegations in Paragraph 75.

76. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employees made the statements attributed to them in Paragraph 76. USX Defendants deny the remaining allegations in Paragraph 76.

77. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 77. USX Defendants deny the remaining allegations in Paragraph 77.

78. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 78. USX Defendants deny the remaining allegations in Paragraph 78.

79. USX Defendants deny the allegations in Paragraph 79, which do not even specify when USX's cost-per-mile for driver wages and independent contractors was supposedly "exceeding the Company's internal expectations."

80. To the extent that the allegations in Paragraph 80 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 80 that are inconsistent therewith. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 80. USX Defendants deny the remaining allegations in Paragraph 80.

81. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 81.

82. USX Defendants deny the allegations in Paragraph 82.

83. To the extent that the allegations in Paragraph 83 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 83 that are inconsistent therewith. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 83. USX Defendants deny the remaining allegations in Paragraph 83.

84. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 84. USX Defendants deny the remaining allegations in Paragraph 84.

85. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 85. USX Defendants deny the remaining allegations in Paragraph 85.

86. USX Defendants deny the allegations in Paragraph 86.

87. USX Defendants deny the allegations in Paragraph 87.

88. USX Defendants deny the allegations in Paragraph 88.

89. To the extent that the allegations in Paragraph 89 refer to or purport to summarize portions of USX's filings with the SEC or the transcript of USX's August 2, 2018 earnings call, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 89 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 89.

90. To the extent that the allegations in Paragraph 90 refer to or purport to summarize portions of USX's filings with the SEC, such documents are matters of public record that speak

for themselves, and USX Defendants deny the allegations in Paragraph 90 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 90.

91. USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 91. USX Defendants deny the remaining allegations in Paragraph 91.

92. To the extent that the allegations in Paragraph 92 refer to, quote from, or purport to summarize portions of USX's filings with the SEC or its earnings release for the second quarter of 2018, such documents are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 92 that are inconsistent therewith. USX Defendants deny the remaining allegations in Paragraph 92.

93. The allegations in Paragraph 93 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's filings with the SEC and the transcript of its November 1, 2018 earnings call, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 93.

94. The allegations in Paragraph 94 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Company's Offering Documents for the June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 94.

95. The allegations in Paragraph 95 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a

belief as to the truth of whether the unidentified purported former USX employee made the statements attributed to him/her in Paragraph 95. USX Defendants further refer to the Company's Offering Documents for the June 2018 IPO, which are matters of public record that speak for themselves, and otherwise deny the allegations in Paragraph 95.

96. The allegations in Paragraph 96 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 96.

97. The allegations in Paragraph 97 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the February 28, 2019 issue of Logistics Management magazine, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 98.

99. The allegations in Paragraph 99 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the referenced U.S. Department of Transportation and FMCSA data, which are matters of public record that speaks for themselves. USX Defendants otherwise deny the allegations in Paragraph 99.

100. The allegations in Paragraph 100 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's filings with the SEC and earnings

18

release for the third quarter of 2018, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's filings with the SEC and earnings release for the third quarter of 2018, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 101.

102.    USX Defendants admit the allegations in Paragraph 102.

103.    USX Defendants admit the allegations in Paragraph 103 but deny that the Offering Documents contained any false or misleading statement, as referenced in footnote 4 to Paragraph 103.

104.    The allegations in Paragraph 104 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent

that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 107.

108. The allegations in Paragraph 108 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 109.

110. The allegations in Paragraph 110 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 110.

111. The allegations in Paragraph 111 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 111.

112. The majority of the allegations in Paragraph 112 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 112.

113. The allegations in Paragraph 113 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 113.

114. The allegations in Paragraph 114 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 114.

115. The allegations in Paragraph 115 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018

IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 115.

116. The allegations in Paragraph 116 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 116.

117. The allegations in Paragraph 117 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 117.

118. The majority of the allegations in Paragraph 118 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 118.

119. The allegations in Paragraph 119 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 120.

121. The allegations in Paragraph 121 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 121.

122. The allegations in Paragraph 122 contain legal conclusions, the majority of which refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 123.

124. The allegations in Paragraph 124 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 124.

125. The allegations in Paragraph 125 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 125.

126. The allegations in Paragraph 126 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's August 2, 2018 press release and Form 8-K filed with the SEC, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 126.

127. The allegations in Paragraph 127 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's August 2, 2018 press release and Form 8-K filed with the SEC, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 127.

128. The allegations in Paragraph 128 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's August 2, 2018 press release and Form 8-K filed with the SEC, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 128.

129. The allegations in Paragraph 129 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's August 2, 2018 press release and Form 8-K filed with the SEC, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 129.

130. The allegations in Paragraph 130 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's August 2, 2018 press release and Form

8-K filed with the SEC, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 131.

132. The allegations in Paragraph 132 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 132.

133. The allegations in Paragraph 133 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 133.

134. The allegations in Paragraph 134 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 134.

135. The allegations in Paragraph 135 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript of USX's August 2, 2018 earnings call, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 135.

136. The allegations in Paragraph 136 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's Form 10-Q filed with the SEC on August 9, 2018, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 136.

137. The allegations in Paragraph 137 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's Form 10-Q filed with the SEC on August 9, 2018, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 137.

138. The allegations in Paragraph 138 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 138.

139. The allegations in Paragraph 139 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's September 10, 2018 press release, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 139.

140. The allegations in Paragraph 140 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's presentation at the September 13, 2018 Morgan Stanley Laguna conference, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 140.

141. The allegations in Paragraph 141 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript or recording of Eric Fuller's September 18, 2018 interview on Bloomberg TV, which speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 141.

142. The allegations in Paragraph 142 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 142.

143. The allegations in Paragraph 143 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 143

144. The allegations in Paragraph 144 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 144.

145.     The allegations in Paragraph 145 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 145.

146.     The allegations in Paragraph 146 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 146.

147.     The allegations in Paragraph 147 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the July 9, 2018 analyst report from Wolfe Research, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 147.

148.     The allegations in Paragraph 148 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the July 9, 2018 analyst report from Morgan Stanley, which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 148.

149.     The allegations in Paragraph 149 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, for a description of any compensation paid to Eric Fuller or Eric Peterson for the IPO, the expected use of the proceeds for the IPO, and certain related party transactions, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, for a description of USX's debt at the time of the IPO, USX Defendants refer to the Offering Documents for USX's June 2018 IPO, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants refer to USX's press releases dated October 26, 2018 and November 2, 2018, and its Form 8-K filed with the SEC on August 16, 2019, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 153.

154.     The allegations in Paragraph 154 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 154.

155.     The allegations in Paragraph 155 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to USX's November 1, 2018 press release and Form 8-K filed with the SEC, which are matters of public record that speak for themselves, and USX Defendants deny the allegations in Paragraph 155 that are inconsistent therewith.

156.     The allegations in Paragraph 156 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's November 1, 2018 earnings call, which is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 156 that are inconsistent therewith.

157.     The allegations in Paragraph 157 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's November 1, 2018 earnings call, which is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 157 that are inconsistent therewith.

158.     The allegations in Paragraph 158 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's November 1, 2018

earnings call, which is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 158 that are inconsistent therewith.

159. The allegations in Paragraph 159 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's November 1, 2018 earnings call, which is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 159 that are inconsistent therewith.

160. The allegations in Paragraph 160 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the transcript from USX's November 1, 2018 earnings call, which is a matter of public record that speaks for itself, and USX Defendants deny the allegations in Paragraph 160 that are inconsistent therewith.

161. The allegations in Paragraph 161 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the daily price and trading volume for USX's stock on the public market, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 161.

162. The allegations in Paragraph 162 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants refer to the daily price and trading volume for USX's stock on the public market, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 162.

163. The allegations in Paragraph 163 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants refer to the daily price and trading volume for USX's stock on the public market, which are matters of public record that speak for themselves. USX Defendants otherwise deny the allegations in Paragraph 163.

164. The allegations in Paragraph 164 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 164.

165. The allegations in Paragraph 165 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants admit that USX common stock met the requirements for and was listed on the NYSE during the proposed Class Period, that USX files periodic reports with the SEC, that USX communicates with investors and others through means such as press releases, and that USX was followed by certain analysts during the proposed Class Period. USX Defendants deny the remaining allegations in Paragraph 165.

166. The allegations in Paragraph 166 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 166.

167. The allegations in Paragraph 167 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no

response to these allegations is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs purchased or acquired USX stock. USX Defendants otherwise deny the allegations in Paragraph 167.

168. The allegations in Paragraph 168 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 168.

169. The allegations in Paragraph 169 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants refer to 15 U.S.C. § 78u-5(c), which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 169.

170. The allegations in Paragraph 170 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants refer to 15 U.S.C. § 78u-5(b), which is a matter of public record that speaks for itself. USX Defendants otherwise deny the allegations in Paragraph 170.

171. The allegations in Paragraph 171 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 171.

172. The allegations in Paragraph 172 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 172.

173. The allegations in Paragraph 173 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 173.

174. The allegations in Paragraph 174 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 174.

175. The allegations in Paragraph 175 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 175.

176. The allegations in Paragraph 176 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 176.

177. The allegations in Paragraph 177 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 177.

178. The allegations in Paragraph 178 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 178.

179. The allegations in Paragraph 179 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 179.

180. The allegations in Paragraph 180 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 180.

181. USX Defendants admit that Plaintiffs purport to bring their claims on behalf of a putative class as defined in Paragraph 181, but USX Defendants deny that Plaintiffs have asserted any viable claim or that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

182. The allegations in Paragraph 182 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants admit that USX's common stock was listed on the NYSE after USX's June 2018 IPO but otherwise deny the allegations in Paragraph 182 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

183. The allegations in Paragraph 183 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 183 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

184. The allegations in Paragraph 184 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 184 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

185. The allegations in Paragraph 185 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 185 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

186. The allegations in Paragraph 186 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 186 and deny that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

187. USX Defendants incorporate their answers to ¶¶ 1, 3-10, 17-31, 33-55, 57-100, 102-124, 181-186 as though fully set forth herein.

188. The allegations in Paragraph 188 contain legal conclusions and disclaimers that were rejected in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 188 for the reasons explained in their Memorandum of Law and Reply Memorandum in support of their Motion to Dismiss, Dkt. Nos. 72-1 and 89, respectively.

189. The allegations in Paragraph 189 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 189.

190.     The allegations in Paragraph 190 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 190.

191.     The allegations in Paragraph 191 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 191.

192.     The allegations in Paragraph 192 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 192.

193.     The allegations in Paragraph 193 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs acquired USX stock pursuant and/or traceable to the Offering Documents. USX Defendants otherwise deny the allegations in Paragraph 193.

194.     The allegations in Paragraph 194 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs acquired USX stock pursuant and/or traceable to the Offering Documents. USX Defendants otherwise deny the allegations in Paragraph 194.

195.     The allegations in Paragraph 195 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 195.

196.     USX Defendants incorporate their answers to ¶¶ 1, 3-10, 17-31, 33-55, 57-100, 102-124, 181-195 as though fully set forth herein.

197.     The allegations in Paragraph 197 contain legal conclusions and disclaimers that were rejected in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 197 for the reasons explained in their Memorandum of Law and Reply Memorandum in support of their Motion to Dismiss, Dkt. Nos. 72-1 and 89, respectively.

198.     The allegations in Paragraph 198 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 198.

199.     USX Defendants refer to the Offering Documents for a description of business or personal relationships involving USX officers and/or directors, and USX Defendants admit that the Individual Defendants have or had working relationships with other officers and directors of USX in their capacities as such. USX Defendants otherwise deny the allegations in Paragraph 199.

200.     The allegations in Paragraph 200 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 200.

201.     The allegations in Paragraph 201 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 201.

202.     USX Defendants admit that the initial complaint in this action was filed within one year of USX's November 1, 2018 press release that Plaintiffs allege revealed the "truth" of the

alleged fraud and that the initial and Amended Complaint were filed within three years of USX's June 2018 IPO. USX Defendants deny the remaining allegations in Paragraph 202.

203. The allegations in Paragraph 203 contain legal conclusions for which no response is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 203.

204. The allegations in Paragraph 204 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants incorporate their answers to ¶¶ 1-32, 44-186 as though fully set forth herein.

205. The allegations in Paragraph 205 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 205.

206. The allegations in Paragraph 206 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 206.

207. The allegations in Paragraph 207 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 207.

208. The allegations in Paragraph 208 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no

response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 208.

209. The allegations in Paragraph 209 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs purchased or otherwise acquired USX securities, but USX Defendants otherwise deny the allegations in Paragraph 209.

210. The allegations in Paragraph 210 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 211.

212. The allegations in Paragraph 212 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 212.

213. The allegations in Paragraph 213 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no

response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 213.

214. The allegations in Paragraph 214 refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order and for which no response is required. To the extent that a response is required, USX Defendants incorporate their answers to ¶¶ 1-32, 44-186, 204-213 as though fully set forth herein.

215. The allegations in Paragraph 215 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 215.

216. The allegations in Paragraph 216 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 216.

217. The allegations in Paragraph 217 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 217.

218. The allegations in Paragraph 218 contain legal conclusions and refer to Plaintiffs' claims that were dismissed as legally deficient in the Court's MTD Order. Accordingly, no response to these allegations is required. To the extent that a response is required, USX Defendants deny the allegations in Paragraph 218.

To the extent that a response is required to Plaintiffs' prayer for relief, USX Defendants deny each and every allegation contained therein and deny that Plaintiffs or any member of the putative class is entitled to relief on the asserted claims.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, USX Defendants plead the following defenses:

## FIRST DEFENSE

USX Defendants maintain that the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied by USX Defendants.

## THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiffs have not alleged and cannot prove that USX is liable without proving primary liability.

## FOURTH DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act.

## SIXTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 15 of the Securities Act.

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times acted in good faith and had no knowledge of, or reasonable grounds to believe that, any alleged statement or omission made by any person over whom they allegedly exercised control was false or misleading.

## EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as well as Plaintiffs' inability to prove any such facts.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the alleged claims are based.

## TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because USX Defendants had no duty to disclosure any of the omitted information that allegedly rendered the challenged statements false or misleading.

## ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false or misleading statements identified by Plaintiffs were immaterial.

<h3 style="text-align:center"><strong><u>TWELFTH DEFENSE</u></strong></h3>

Plaintiffs' claims and those of the putative class are barred because they did not rely on the alleged misrepresentations or omissions in purchasing or acquiring USX securities.

<h3 style="text-align:center"><strong><u>THIRTEENTH DEFENSE</u></strong></h3>

Plaintiffs and the putative class are not entitled to any recovery on their asserted claims because the information they allege to have been omitted or misstated was, in fact, accurately disclosed in the Registration Statement and other public filings, otherwise publicly available, or widely known to the market and the investing community.

<h3 style="text-align:center"><strong><u>FOURTEENTH DEFENSE</u></strong></h3>

The claims of Plaintiffs and the putative class are barred, in whole or in part, because the statements alleged to be false or misleading in the Amended Complaint were accompanied by meaningful cautionary language, and therefore are not actionable because they fully warned Plaintiffs and the putative class of the risks or matters Plaintiffs allege were misstated or omitted.

<h3 style="text-align:center"><strong><u>FIFTEENTH DEFENSE</u></strong></h3>

The claims of Plaintiffs and the putative class are barred, in whole or in part, to the extent that they are based on statements of opinion that are not actionable and that Plaintiffs cannot show were not truly held by the speakers at the time the statements were made.

<h3 style="text-align:center"><strong><u>SIXTEENTH DEFENSE</u></strong></h3>

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to USX Defendants.

<h3 style="text-align:center"><strong><u>SEVENTEENTH DEFENSE</u></strong></h3>

Plaintiffs' purported claims and those of the putative class are barred because USX Defendants did not know, and in the exercise of reasonable care could not have known, of any

untruth or material omission alleged by Plaintiffs.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the USX Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiffs' averred damages, and there is no loss causation for any alleged misrepresentation or omission.

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part because the damages allegedly suffered (which USX Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom USX Defendants had no control and for whom USX Defendants are not liable.

## TWENTIETH DEFENSE

Any decline in the value of Plaintiffs' USX securities was caused by intervening, superseding, or other causes other than the alleged false or misleading statements that form the basis of Plaintiffs' asserted claims.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

## TWENTY-SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine."

## TWENTY-THIRD DEFENSE

To the extent that the USX Defendants were in possession of any of the information Plaintiffs claim they failed to disclose, which USX Defendants contend they were not, USX

Defendants did not assimilate and comprehend the significance of that information.

## TWENTY-FOURTH DEFENSE

To the extent that the USX Defendants failed to disclose material information, which USX Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was made available to the market by other sources.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims or those of some or all of the putative class are barred due to their failure to mitigate damages as required by law and/or to the extent that any alleged damages are not attributable to alleged violations of law.

## TWENTY-SIXTH DEFENSE

Plaintiffs lack standing to prosecute this action.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrine of assumption of risk.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

## TWENTY-NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent they have "unclean hands."

## THIRTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because USX

Defendants acted within their reasonable business judgment.

## THIRTY-FIRST DEFENSE

Any recovery by Plaintiffs and the putative class against USX Defendants would constitute unjust enrichment.

## THIRTY-SECOND DEFENSE

Plaintiffs are not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

## THIRTY-THIRD DEFENSE

Plaintiffs are not entitled to an award of punitive damages, pre-judgment interest, or post-judgment interest.

## THIRTY-FOURTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

## THIRTY-FIFTH DEFENSE

Any recovery for damages allegedly incurred by members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits they actually received throughout their investments.

## THIRTY-SIXTH DEFENSE

Some or all of the matters now claimed by the Amended Complaint to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the putative class.

## THIRTY-SEVENTH DEFENSE

USX Defendants adopt by reference any defense pled by any other defendant not expressly

set forth herein to the extent applicable to any of the USX Defendants.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

USX Defendants reserve the right to amend or supplement this Answer, as well as to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**WHEREFORE**, USX Defendants, having answered the Amended Complaint, pray:

(a)     that the Amended Complaint be dismissed with prejudice;

(b)     that judgment be entered in USX Defendants' favor;

(c)     that all costs of this action be taxed against Plaintiffs; and

(d)     for such other and further relief as the Court deems proper.

Dated: August 14, 2020

Philip B. Whitaker, Jr. (BPR # 013999)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, P.C.
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Tel: (423) 209-4182
pwhitaker@bakerdonelson.com

*Counsel for USX Defendants*

Respectfully submitted,

/s/ *Jessica P. Corley*

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

*Counsel for USX Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2020, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

/s/ *Jessica P. Corley*
Jessica P. Corley (*pro hac vice*)