# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC. *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-00098<br><br><u>CLASS ACTION</u><br><br>Judge Travis R. McDonough.<br><br>Magistrate Judge Christopher H. Steger |

## THE UNDERWRITER DEFENDANTS' ANSWER AND DEFENSES

The Underwriter Defendants,[1] by their attorneys, hereby answer the Amended Complaint. In collectively responding to the Amended Complaint's allegations, the Underwriter Defendants: (i) incorporate into each response a denial of each allegation in the Amended Complaint (including those outside the Underwriter Defendants' knowledge or information) to the extent the allegation asserts or suggests that the Offering Materials were false or misleading in any respect, or to the extent the allegation asserts any facts that are inconsistent with or contrary to

---

[1] As used in this Answer, (i) "Underwriter Defendants" mean Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Morgan Stanley & Co. LLC ("Morgan Stanley"), J.P. Morgan Securities LLC ("J.P. Morgan"), Wells Fargo Securities, LLC ("Wells Fargo"), Stephens Inc. ("Stephens"), WR Securities LLC ("WR Securities"), and Stifel, Nicolaus & Company, Incorporated ("Stifel"); (ii) "USX" means Defendant U.S. Xpress Enterprises, Inc.; (iii) "USX Defendants" means Defendants USX, Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate; (iii) "Offering Materials" means shelf registration statement no. 333-224711 that USX filed with the Securities and Exchange Commission ("SEC") on May 7, 2018, as amended on SEC Form S-1/A on June 11, 2018 (the "Registration Statement"), the prospectus filed on June 15, 2018 (the "Prospectus"), and all prior versions or subsequent amendments (including material incorporated by reference); and (iv) "Amended Complaint" means Lead Plaintiff's October 8, 2019 Complaint for Violation of the Federal Securities Laws [Dkt. No. 57].

the Offering Materials, to which the Underwriter Defendants refer for a complete and accurate statement of their complete contents; (ii) deny any averments in the headings and subheadings of the Amended Complaint; (iii) to the extent they do not specifically address any allegation, deny it; and (iv) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other Underwriter Defendants).

The Underwriter Defendants further respond to the specific allegations of the Amended Complaint as follows:

**RESPONSE TO INTRODUCTION**

The Underwriter Defendants deny the allegations of the Introduction, except deny knowledge or information sufficient to form a belief as to the Plaintiffs' personal knowledge or acts or beliefs, whether Plaintiffs' attorneys conducted any investigation, or the investigative steps Plaintiffs' attorneys allegedly undertook.

**ANSWER**

1. The Underwriter Defendants aver that Paragraph 1 states a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 1, except admit that Plaintiffs seek to represent a putative class and that the Amended Complaint attempts to assert claims for alleged violations of federal securities laws.

2. The Underwriter Defendants aver that (i) Paragraph 2 states legal conclusions to which no response is required, and (ii) the allegations of the second through the fourth sentences of Paragraph 2 are not directed at them, and so no response from the Underwriter Defendants is required. To the extent that any response is required, the Underwriter Defendants deny the

2

allegations of Paragraph 2, except admit that the Amended Complaint attempts to assert claims for alleged violations of federal securities laws.

3. The Underwriter Defendants deny the allegations of Paragraph 3, except (i) aver that USX was founded by Max Fuller and Patrick Quinn in 1985; (ii) admit that in 1994, USX completed an initial public offering, and its stock was publicly traded until October 2007; (iii) admit that Eric Fuller served as USX's President from December 2015 to March 2017, USX's Chief Operating Officer from 2012 to March 2017, USX's Chief Executive Officer since March 2017, and USX's President since March 2018; (iv) admit that Eric Peterson has served as USX's Chief Financial Officer since October 2015; and (v) admit that on August 7, 2018, Truckinginfo.com published an interview with Eric Fuller and respectfully refer the Court to Truckinfo.com for that interview's complete contents.

4. The Underwriter Defendants deny the allegations of Paragraph 4, except admit that USX made an initial public offering on June 13, 2018, of 16,668,000 shares of its Class A common stock at $16 per share for net proceeds of approximately $245.2 million, and respectfully refer the Court to the Offering Materials for their complete contents.

5. The Underwriter Defendants deny the allegations of Paragraph 5, except admit the second and third sentences of Paragraph 5, and respectfully refer the Court to the Offering Materials (which Paragraph 5's first sentence appears to be quoting) for their complete contents.

6. The Underwriter Defendants deny the allegations of Paragraph 6 and respectfully refer the Court to the Registration Statement for its complete contents.

7. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein v. U.S. Xpress Enterprises,*

3

*Inc.,* 2020 WL 3584800 (E.D. Tenn. June 30, 2020). Therefore, no response to the allegations of Paragraph 7 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 7 and respectfully refer the Court to the Offering Materials for their complete contents.

8. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein,* 2020 WL 3584800. Therefore, no response to the allegations of the first sentence of Paragraph 8 is required. To the extent a response is required, and as to any non-dismissed allegations of Paragraph 8, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Offering Materials for their complete contents.

9. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 9 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 9 and respectfully refer the Court to the Offering Materials for their complete contents.

10. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to allegations (a)-(c) and (e)-(i) of Paragraph 10 is required. To the extent that a response is required and in response to the remaining allegations of Paragraph 10,

4

the Underwriter Defendants deny all allegations of Paragraph 10 and respectfully refer the Court to the Offering Materials for their complete contents.

11. The Underwriter Defendants aver that (i) the allegations of Paragraph 11 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 11 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 11, except admit that on August 2, 2018, USX held an earnings call and respectfully refer the Court to the transcript of that earnings call for its complete contents.

12. The Underwriter Defendants aver that (i) the allegations of Paragraph 12 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 12 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 12, except admit that on August 2, 2018, USX held an earnings call and respectfully refer the Court to the transcript of that earnings call for its complete contents.

13. The Underwriter Defendants aver that (i) the allegations of Paragraph 13 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 13 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 13, except admit that on August 2, 2018, and November 1, 2018, USX held earnings calls and respectfully refer the Court to the transcripts of those earnings calls for their complete contents.

14.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the first, third, and fourth sentences of Paragraph 14 is required. To the extent a response is required and in response to the remaining allegations of Paragraph 14, the Underwriter Defendants deny the allegations, except aver that on October 22, 2018, USX issued a press release announcing the separation of employment with John White, USX's former Chief Sales and Marketing Officer, and respectfully refer the Court to that press release for its complete contents.

15.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the first, second, and fourth sentences of Paragraph 15 is required. To the extent a response is required and in response to the remaining allegations of Paragraph 15, the Underwriter Defendants deny the allegations, except admit that on November 1, 2018, USX issued a press release and held an earnings call and respectfully refer the Court to that press release and the earnings call transcript for their complete contents.

16.     The Underwriter Defendants deny the allegations of Paragraph 16, except admit that on November 1, 2018, USX's common stock closed at $10.14, and on November 2, 2018, USX's common stock closed at $7.10.

17.     The Underwriter Defendants aver that Paragraph 17 states a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 17.

6

18.	The Underwriter Defendants aver that (i) the allegations of Paragraph 18 are not directed at them and state a legal conclusion, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 18 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 18.

19.	The Underwriter Defendants aver that the first two sentences of Paragraph 19 state legal conclusions to which no response is required.  In addition, by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934, *Stein*, 2020 WL 3584800, at *24-41, and thus, no response is required to the Exchange Act reference.  To the extent that a response is required and as to any non-dismissed allegations, the Underwriter Defendants deny the allegations of Paragraph 19, except admit that USX maintains offices at 4080 Jenkins Road, Chattanooga, TN 37421.

20.	The Underwriter Defendants deny the allegations of Paragraph 20.

21.	The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.	The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.	The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.	The Underwriter Defendants aver that the allegations of Paragraph 24 are not directed at them, and so no response is required.  To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 24.

25. The Underwriter Defendants aver that the allegations of Paragraph 25 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants admit that Mr. Fuller was USX's CEO during the relevant period and worked for the company for approximately 20 years, and aver for the remaining allegations of Paragraph 25 that Mr. Fuller's complete company biography is available at https://investor.usxpress.com/corporate-governance/executive-management/default.aspx, and respectfully refer the Court to that company biography and the Registration Statement for their complete contents.

26. The Underwriter Defendants aver that the allegations of Paragraph 26 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants admit that Mr. Peterson was USX's CFO, Treasurer, and Secretary during the relevant period and worked for the company for more than 15 years, and aver for the remaining allegations of Paragraph 26 that Mr. Peterson's complete company biography is available at https://investor.usxpress.com/corporate-governance/executive-management/default.aspx, and respectfully refer the Court to that company biography and the Registration Statement for their complete contents.

27. The Underwriter Defendants aver that the allegations of Paragraph 27 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 27.

28. The Underwriter Defendants aver that the allegations of Paragraph 28 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 28, except (i) admit that Max Fuller served as USX's Chief Executive Officer from 2004 until March 2017, as a director from 1989

8

through the present, as Co-Chairman from 1994 until 2011, Chairman from 2011 until March 2017, and Executive Chairman since March 2017; (ii) admit that Max Fuller received a base salary of $1.3109 million for 2017 and $1 million for 2018; (iii) admit that Max Fuller signed the Registration Statement and Reoffer Prospectus filed with the SEC on June 18, 2018; (iv) deny knowledge or information as to the quote from an unknown source in the second sentence of Paragraph 28; and (v) respectfully refer the Court to the Registration Statement for its complete contents.

29. The Underwriter Defendants aver that the allegations of Paragraph 29 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 29, except admit that (i) Lisa Quinn Pate has served as a USX director since 2012 and was USX's Chief Administrative Officer in March 2017; and (ii) Ms. Pate signed the Registration Statement and Reoffer Prospectus filed with the SEC on June 18, 2018.

30. Because Paragraph 30 contains no factual allegations, no responsive pleading is required.

31. The Underwriter Defendants aver that the allegations of Paragraph 31 are not directed at them, and so no response is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 31.

32. The Underwriter Defendants aver that (i) the allegations of Paragraph 32 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 32 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 32.

9

33. The Underwriter Defendants deny that the allegations of Paragraph 33 present a fair and accurate description of the Underwriting Agreement, and respectfully refer the Court to the Underwriting Agreement for its complete contents.

34. The Underwriter Defendants aver that the allegations of Paragraph 34 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 34.

35. The Underwriter Defendants aver that the allegations of Paragraph 35 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 35.

36. The Underwriter Defendants aver that the allegations of Paragraph 36 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 36.

37. The Underwriter Defendants aver that the allegations of Paragraph 37 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 37.

38. The Underwriter Defendants aver that the allegations of Paragraph 38 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 38.

39. The Underwriter Defendants aver that the allegations of Paragraph 39 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 39.

40. The Underwriter Defendants aver that the allegations of Paragraph 40 state a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants admit the allegations of Paragraph 40.

41. The Underwriter Defendants deny the allegations of Paragraph 41, except admit that Underwriter Defendants (i) assisted USX and the Individual Defendants in planning the IPO, (ii) performed due diligence in their role as underwriters, and (iii) had access to certain corporate documents and information concerning USX during the course of their due diligence.

42. The Underwriter Defendants deny the allegations of Paragraph 42, except admit that in varying degrees some or all of the Underwriter Defendants (i) communicated with USX's lawyers, management, and directors in the course of the Underwriters' due diligence and had access to certain corporate documents and information concerning USX during due diligence; (ii) assisted in planning the IPO; and (iii) participated in drafting and disseminating the Offering Materials in connection with the IPO.

43. The Underwriter Defendants deny the allegations of Paragraph 43.

44. The Underwriter Defendants admit the allegations of Paragraph 44.

45. The Underwriter Defendants deny that the allegations of Paragraph 45 present a fair and complete description of USX's business and operations, and respectfully refer the Court to the Registration Statement for a complete description of such matters.

46. The Underwriter Defendants deny the allegations of Paragraph 46, except (i) admit that, according to the Offering Materials, USX organizes its service offerings into two reportable segments, Truckload (which offers asset-based truckload services, including the over-the-road and dedicated contract services) and Brokerage (which engages in non-asset-based freight brokerage services), (ii) admit that, according to the Offering Materials, for fiscal year

11

2017, 54% of the USX's revenues were from the over-the-road segment, 33% were from the dedicated contract segment, and 12% were from its brokerage services segment, and (iii) deny that the allegations of the first, second, and fourth sentences of Paragraph 46 present a fair and complete description of USX's business and operations respectfully refer the Court to the Offering Materials for a complete description of USX's business.

47. The Underwriter Defendants deny that the allegations of Paragraph 47 present a fair and complete description of USX's business and operations, and respectfully refer the Court to the Offering Materials for a complete description of such matters.

48. The Underwriter Defendants deny that the allegations of Paragraph 48 present a fair and complete description of dedicated contracts and respectfully refer the Court to the Offering Materials for a complete description of such matters.

49. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to Paragraph 49 is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 49, except admit (i) the allegations of the first sentence of Paragraph 49; (ii) that, according to the Offering Materials, in June 2018, USX was the fifth largest asset-based truckload carrier in the United States by revenue, generating over $1.5 billion in total operating revenue in 2017; and (iii) that, according to the Offering Materials, USX's adjusted operating ratio for fiscal year 2016 was 97.4%, and respectfully refer the Court to the Offering Materials for a complete description of USX's business.

50. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 50 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 50, except admit that (i) a lower operating ratio generally indicates a business is more profitable; (ii) when the IPO occurred, USX was generally focused on improving its operating ratio, along with improving other aspects of its business; and (iii) respectfully refer the Court to the Registration Statement for its complete contents.

51. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 51 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 51, except admit that the Registration Statement disclosed that (i) as of March 31, 2018, USX had $192.5 million outstanding from its $275.0 million term loan facility, which had a maturity date of May 30, 2020, and bore interest at LIBOR plus an applicable margin of 10.0% to 11.5%; (ii) XPLP was formed in 2008 by Max Fuller, the Quinn family and Ray Harlin, USX's former Chief Financial Officer to acquire and hold a participation interest in a 2007 Restated Term Note, which was scheduled to mature in November 2020, bore interest at 13.0%, and on which USX owed approximately $26.0 million as of March 31, 2018; (iii) $7.5 million of the net proceeds of the IPO was expected to be used for the purchase of real estate that USX historically leased from Q&F Realty LLC, an entity owned by Anna Marie Quinn, trustee of the Revocable Trust of

13

Patrick Quinn, certain Quinn family trusts, Max Fuller and certain Fuller family trusts; and (iv) an intended use of the IPO proceeds was to pay off the $26.0 million loan from XPLP. The Underwriter Defendants further respectfully refer the Court to the Registration Statement for its complete contents, including a full description of USX's material indebtedness as of March 31, 2018.

52. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 52 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 52 and respectfully refer the Court to the Offering Materials for their complete contents, including a materially complete and accurate description of USX's "Transformation" initiative as of the IPO date.

53. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 53 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 53 and respectfully refer the Court to the Offering Materials for their complete contents, including a materially complete and accurate description of USX's "Transformation" initiative as of the IPO date.

54. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers

from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.

Therefore, no response to the allegations of Paragraph 54 is required.  To the extent that a

response is required, the Underwriter Defendants deny the allegations of Paragraph 54 and

respectfully refer the Court to the Offering Materials for their complete contents, including a

materially complete and accurate description of USX's "Transformation" initiative as of the IPO

date.

56.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court

dismissed all claims except the few allegations relating to USX's alleged need to shift drivers

from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.

Therefore, no response to the allegations of Paragraph 55 is required.  To the extent that a

response is required, the Underwriter Defendants deny the allegations of Paragraph 55 and

respectfully refer the Court to the Offering Materials for their complete contents, including a

materially complete and accurate description of USX's "Transformation" initiative as of the IPO

date.

56.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court

dismissed all claims except the few allegations relating to USX's alleged need to shift drivers

from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.

Therefore, no response to the allegations of Paragraph 56 is required.  To the extent that a

response is required, the Underwriter Defendants deny the allegations of Paragraph 56, except

admit that USX and the selling stockholders identified in the Prospectus collectively sold

18,056,000 shares of USX Class A common stock in the IPO at $16 per share, and aver that,

according to the Registration Statement, members of the Fuller and Quinn families collectively

sold a total of 1,388,000 shares in the IPO.

15

57. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 57 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 57 present a fair and complete description of the Offering Materials and respectfully refer the Court to the Offering Materials for their complete contents.

58. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 58 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 58 and respectfully refer the Court to the Registration Statement for its complete contents.

59. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 59 is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 59 present a fair and complete description of the Registration Statement and respectfully refer the Court to the Registration Statement for its complete contents.

60. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800.

16

Therefore, no response to the allegations of Paragraph 60 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 60 and respectfully refer the Court to the Registration Statement for its complete contents, including a materially complete and accurate description of USX's business initiatives and goals.

61. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 61 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 61, except admit that (i) recruiting and retaining quality drivers contributes to USX's business success; and (ii) on January 4, 2018, USX issued a press release available at http://www.prweb.com/releases/2018/01/prweb15051615.htm, and respectfully refer the Court to that press release for its complete contents.

62. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 62 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 62, except admit that recruiting and retaining quality drivers and maintaining the ability to serve customer demands generally contribute to USX's business success and respectfully refer the Court to the Offering Materials for their complete contents, including a materially complete and accurate description of USX's business initiatives and goals.

63. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 63 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 63, except (i) admit that when the IPO occurred, federal safety rules required drivers to track driving hours with electronic logging devices; (ii) admit that, as the Offering Materials disclosed, regulatory requirements and an improved economy could further reduce the pool of eligible drivers and force USX to raise driver compensation; (iii) admit that, as the Offering Materials disclosed, the entire trucking industry was seeing a shortage of drivers due to increased job competition from construction and manufacturing jobs that require less time away from home, and (iv) respectfully refer the Court to the Offering Materials for their complete contents, including a materially complete and accurate description of the factors affecting driver availability and capacity when the IPO occurred.

64. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 64 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 64, except (i) admit that all other things being equal, truck drivers will prefer higher-paying jobs to lower-paying jobs; and (ii) deny knowledge or information sufficient to form a belief as whether unidentified trucking industry participants employed signing bonuses or other unspecified incentives to "lure drivers."

65. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 65 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 65, except (i) admit generally that, as the Offering Materials disclosed, difficulty in attracting and retaining sufficient number of qualified drivers could adversely affect growth and profitability; and (ii) deny knowledge or information sufficient to form a belief as to what unidentified former USX employees allegedly described.

66. The Underwriter Defendants deny the allegations of Paragraph 66 and respectfully refer the Court to the Offering Materials for their complete contents.

67. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 67 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 67 and respectfully refer the Court to the Offering Materials for their complete contents, including a materially complete and accurate description of USX's efforts to improve driver recruitment and retention.

68. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 68 is required. To the extent that a

19

response is required, the Underwriter Defendants deny the allegations of Paragraph 68, except admit that an interview with Mr. Eric Fuller was reported on February 13, 2018, and respectfully refer the Court to that report for its complete contents.

69. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 69 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 69 and respectfully refer the Court to the Offering Materials for their complete contents.

70. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 70 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 70.

71. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 71 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 71, except (i) deny knowledge or information sufficient to form a belief as to whether the alleged confidential witnesses held their alleged positions at USX or made the statements attributed to them, and (ii) respectfully refer the Court to USX's career website for its complete contents.

72.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 72 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 72, except deny knowledge or information sufficient to form a belief as to whether CW3 held his or her alleged position at USX or made the statements attributed to him or her.

73.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 73 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 73, except deny knowledge or information sufficient to form a belief as to whether the alleged confidential witness held his or her alleged position at USX or made the statements attributed to him or her.

74.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 74 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 74, except deny knowledge or information sufficient to form a belief as to whether (i) CW3 held his or her alleged position at USX or (ii) CW3 or CW5 made the statements attributed to them.

75.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers

21

from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 75 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 75, except deny knowledge or information sufficient to form a belief as to whether CW5 held his or her alleged position at USX or made the statements attributed to him or her.

76. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 76 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 76, except deny knowledge or information sufficient to form a belief as to whether CW2 or CW5 held their alleged positions at USX or made the statements attributed to them.

77. The Underwriter Defendants deny the allegations of Paragraph 77, except deny knowledge or information sufficient to form a belief as to whether CW2 held his or her alleged position at USX or made the statements attributed to him or her.

78. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 78 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 78, except deny knowledge or information sufficient to form a belief as to whether CW2 made the statements attributed to him or her.

79.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 79 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 79.

80.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 80 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 80, except deny knowledge or information sufficient to form a belief as to whether CW4 held his or her alleged position at USX or made the statements attributed to him or her.

81.     The Underwriter Defendants deny the allegations of Paragraph 81, except deny knowledge or information sufficient to form a belief as to whether CW3 made the statements attributed to him or her.

82.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 82 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 82.

83.     The Underwriter Defendants deny the allegations of Paragraph 83, except deny knowledge or information sufficient to form a belief as to whether CW4 held his or her alleged

23

position at USX or made the statements attributed to him or her, and respectfully refer the Court to the Offering Materials for their complete contents.

84. The Underwriter Defendants deny the allegations of Paragraph 84, except deny knowledge or information sufficient to form a belief as to whether CW2 made the statements attributed to him or her.

85. The Underwriter Defendants deny the allegations of Paragraph 85, except deny knowledge or information sufficient to form a belief as to whether CW5 held his or her alleged position at USX or made the statements attributed to him or her.

86. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 86 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 86.

87. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 87 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 87.

88. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 88 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 88.

89.     The Underwriter Defendants deny the allegations of Paragraph 89, except respectfully refer the Court to the transcript of USX's August 1, 2018 earnings call and the Offering Materials for their complete contents.

90.     The Underwriter Defendants deny the allegations of Paragraph 90 and respectfully refer the Court to the Offering Materials for their complete contents.

91.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.  Therefore, no response to the allegations of Paragraph 91 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 91, except deny knowledge or information sufficient to form a belief as to whether CW5 held his or her alleged position at USX, was laid off, or made the statements attributed to him or her.

92.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.  Therefore, no response to the allegations of Paragraph 92 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 92, except (i) admit that, according to the USX's November 1, 2018 press release, following the conclusion of the second quarter of 2018, USX determined that it had experienced a year-over-year 9.8% decrease for that quarter in its revenue miles per tractor per week in its dedicated division, and decrease for that quarter in its average revenue per tractor per week by 2.4% year-over-year, and (ii) respectfully refer the Court to USX's November 1, 2018 press release and the transcript of the November 1, 2018 earnings call for their complete contents.

93. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 93 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 93, except (i) admit that, according to the Offering Materials, USX retained deductibles on a portion of its claims exposure and related expenses (specifically, a deductible of approximately $5.0 million per occurrence for automobile bodily injury and property damage through its captive risk retention group, responsibility for the first $5.0 million aggregate in the $5.0 million to $10.0 million layer of excess insurance coverage for automobile bodily injury and property damage, and up to $500,000 per occurrence for workers' compensation claims), and (ii) respectfully refer the Court to the transcript of the November 1, 2018 earning call for its complete contents.

94. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 94 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 94.

95. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 95 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 95, except deny knowledge or information sufficient to form a belief as to whether CW5 made the

statements attributed to him or her, and respectfully refer the Court to the Offering Materials for their complete contents.

96. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 96 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 96, except deny knowledge or information sufficient to form a belief as to truth of the allegations of the fourth and fifth sentences of Paragraph 96 because they concern the experience and conduct of unidentified "[c]ompanies" and USX's unspecified "peers."

97. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 97 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 97, except (i) deny knowledge or information sufficient to form a belief as to what the "trucking industry was pushing for" when the IPO occurred; and (ii) admit that, according to the Offering Materials, USX had not implemented hair follicle testing for all of its drivers by the time of the IPO and respectfully refer the Court to the Opioid Crisis Act of 2018 for its complete contents.

98. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 98 is required. To the extent that a

27

response is required, the Underwriter Defendants deny the allegations of Paragraph 98, except admit that on February 28, 2019, *Logistics Management* published an article that purported to quote Mr. Harness, and respectfully refer the Court to that publication for its complete contents.

99. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 99 is required. To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 concerning unspecified U.S. Department of Transportation data, and respectfully refer the Court to the FMCSA 2017 data for its complete contents.

100. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 100 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 100, except admit that USX's third quarter 2018 results show a year-over-year decrease of average revenue miles per tractor per week both for the third quarter and the first nine months of the year, and respectfully refer the Court to the Offering Materials for their complete contents.

101. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 101 is required. To the extent that a

response is required, the Underwriter Defendants deny the allegations of Paragraph 101, and respectfully refer the Court to USX's November 1, 2018 press release and the transcript of November 1, 2018 earnings call for their complete contents.

102.    The Underwriter Defendants admit the allegations of Paragraph 102.

103.    The Underwriter Defendants admit the allegations of Paragraph 103, except deny that the Offering Materials were false or misleading in any way.

104.    The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 104 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 104 and respectfully refer the Court to the Registration Statement for its complete contents.

105.    The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 105 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 105 and respectfully refer the Court to the Registration Statement for its complete contents.

106.    The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 106 is required.  To the extent that a

response is required, the Underwriter Defendants deny the allegations of Paragraph 106 and respectfully refer the Court to the Registration Statement for its complete contents.

107. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 107 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 107 and respectfully refer the Court to the Registration Statement for its complete contents.

108. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 108 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 108 and respectfully refer the Court to the Registration Statement for its complete contents.

109. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 109 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 109 and respectfully refer the Court to the Registration Statement for its complete contents.

110. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800.

Therefore, no response to the allegations of Paragraph 110 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 110 and respectfully refer the Court to the Registration Statement for its complete contents.

111. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 111 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 111 and respectfully refer the Court to the Registration Statement for its complete contents.

112. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed claims concerning all the allegations of Paragraph 112 except for the sub-bullet stating, "Strategically expand our fleet based on expected profitability and driver availability, including through our company-sponsored independent contractor lease program (which has grown from zero drivers in the second quarter of 2017 to approximately 485 drivers at March 31, 2018)." *Stein*, 2020 WL 3584800, at *16. Therefore, no response to the dismissed allegations is required. To the extent any response is required and as to the sole remaining allegation of Paragraph 112, the Underwriter Defendants deny those allegations of Paragraph 112 and respectfully refer the Court to the Registration Statement for its complete contents.

113. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 113 is required. To the extent that a

31

response is required, the Underwriter Defendants deny the allegations of Paragraph 113 and respectfully refer the Court to the Registration Statement for its complete contents.

114. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 114 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 114 and respectfully refer the Court to the Registration Statement for its complete contents.

115. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 115 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 115 and respectfully refer the Court to the Registration Statement for its complete contents.

116. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 116 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 116 and respectfully refer the Court to the Registration Statement for its complete contents.

117. The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes. *Stein*, 2020 WL 3584800.

Therefore, no response to the allegations of Paragraph 117 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 117 and respectfully refer the Court to the Registration Statement for its complete contents.

118.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed claims concerning all the allegations of Paragraph 118 except as to the final sentence. *Stein*, 2020 WL 3584800, at *18.  Therefore, no response to the dismissed allegations is required. To the extent any response is required and as to the sole remaining allegation of Paragraph 118, the Underwriter Defendants deny the allegations and respectfully refer the Court to the Registration Statement for its complete contents.

119.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 119 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 119 and respectfully refer the Court to the Registration Statement for its complete contents.

120.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  Stein, 2020 WL 3584800. Therefore, no response to the allegations of Paragraph 120 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 120 and respectfully refer the Court to the Registration Statement for its complete contents.

121.     The Underwriter Defendants deny the allegations of Paragraph 121.

33

122.     The Underwriter Defendants aver that, by order dated June 30, 2020, the Court dismissed all claims except the few allegations relating to USX's alleged need to shift drivers from its over-the-road division to cover its dedicated routes.  *Stein*, 2020 WL 3584800.  Therefore, no response to the allegations of Paragraph 122 is required, except as to the allegations of subsection (d) of Paragraph 122.  To the extent that a response is required and in response to subsection (d) of Paragraph 122, the Underwriter Defendants deny the allegations.

123.     The Underwriter Defendants aver that (i) by order dated June 30, 2020, the Court dismissed any claim for failure to disclose under Item 303, *Stein*, 2020 WL 3584800, at *23-24; and (ii) the second sentence of Paragraph 123 states a legal conclusion to which no response is required.  To the extent that a response is required and in response to any non-dismissed allegations of Paragraph 123, the Underwriter Defendants deny the allegations of Paragraph 123 and respectfully refer the Court to Item 303 for its complete contents.

124.     The Underwriter Defendants aver by order dated June 30, 2020, the Court dismissed any claim for failure to disclose under Item 303.  *Stein*, 2020 WL 3584800, at *23-24.  Therefore, no response to Paragraph 124 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 124.

125.     The Underwriter Defendants aver that (i) the allegations of Paragraph 125 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  Stein, 2020 WL 3584800, at *24 41.  Therefore, no response to Paragraph 125 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 125.

126.     The Underwriter Defendants aver that (i) the allegations of Paragraph 126 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

34

Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 126 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 126, except admit that USX issued a press release on August 2, 2018, and respectfully refer the Court to that press release for its complete contents.

127.    The Underwriter Defendants aver that (i) the allegations of Paragraph 127 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 127 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 127 and respectfully refer the Court to USX's August 2, 2018 press release for its complete contents.

128.    The Underwriter Defendants aver that (i) the allegations of Paragraph 128 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 128 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 128 and respectfully refer the Court to USX's August 2, 2018 press release for its complete contents.

129.    The Underwriter Defendants aver that (i) the allegations of Paragraph 129 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 129 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 129 and respectfully refer the Court to USX's August 2, 2018 press release for its complete contents.

130. The Underwriter Defendants aver that (i) the allegations of Paragraph 130 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 130 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 130 and respectfully refer the Court to USX's August 2, 2018 press release for its complete contents.

131. The Underwriter Defendants aver that (i) the allegations of Paragraph 131 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 131 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 131, except admit that USX held an earnings call on August 2, 2018, and respectfully refer the Court to the transcript of that earnings call for its complete contents.

132. The Underwriter Defendants aver that (i) the allegations of Paragraph 132 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 132 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 132 and respectfully refer the Court to the transcript of USX's August 2, 2018 earnings call for its complete contents.

133. The Underwriter Defendants aver that (i) the allegations of Paragraph 133 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 133 is required. To the extent that a response is required, the Underwriter

36

Defendants deny the allegations of Paragraph 133 and respectfully refer the Court to the transcript of USX's August 2, 2018 earnings call for its complete contents.

134. The Underwriter Defendants aver that (i) the allegations of Paragraph 134 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 134 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 134 and respectfully refer the Court to the transcript of USX's August 2, 2018 earnings call for its complete contents.

135. The Underwriter Defendants aver that (i) the allegations of Paragraph 135 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 135 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 135 and respectfully refer the Court to the transcript of USX's August 2, 2018 earnings call for its complete contents.

136. The Underwriter Defendants aver that (i) the allegations of Paragraph 136 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 136 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 136, except admit that on August 9, 2018, USX filed with the SEC a quarterly report on SEC Form 10-Q for the period ended June 30, 2018, and respectfully refer the Court to that 10-Q for its complete contents.

137. The Underwriter Defendants aver that (i) the allegations of Paragraph 137 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 137 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 137 and respectfully refer the Court to USX's 2Q2018 Form 10-Q for its complete contents.

138. The Underwriter Defendants aver that (i) the allegations of Paragraph 138 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 138 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 138.

139. The Underwriter Defendants aver that (i) the allegations of Paragraph 139 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 139 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 139, except admit that on September 10, 2018, USX issued a press release and respectfully refer the Court to USX's that press release for its complete contents.

140. The Underwriter Defendants aver that (i) the allegations of Paragraph 140 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 140 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 140, except admit that on September 13, 2018, USX executives made a presentation at the Morgan Stanley Laguna Conference and respectfully refer the Court to the transcript of that presentation for its complete contents.

141.     The Underwriter Defendants aver that (i) the allegations of Paragraph 141 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 141 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 141, except admit that Mr. Eric Fuller was interviewed by Bloomberg TV on September 18, 2018, and respectfully refer the Court to https://www.bloomberg.com/news/videos/2018-09-18/u-s-xpress-ceo-says-truck-demand-highest-since-2004-video for the complete published video contents of the interview.

142.     The Underwriter Defendants aver that (i) the allegations of Paragraph 142 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 142 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 142.

143.     The Underwriter Defendants aver that (i) the allegations of Paragraph 143 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 143 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 143.

144.     The Underwriter Defendants aver that (i) the allegations of Paragraph 144 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 144 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 144 and respectfully refer the Court to the Offering

Materials, USX's August 2, 2018 press release, and the transcript of USX's August 2, 2018 earnings call for their complete contents.

145. The Underwriter Defendants aver that (i) the allegations of Paragraph 145 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 145 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 145.

146. The Underwriter Defendants aver that (i) the allegations of Paragraph 146 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 146 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 146.

147. The Underwriter Defendants aver that (i) the allegations of Paragraph 147 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 147 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 147, except admit that on July 9, 2018, Wolfe Research published an analyst report concerning USX and respectfully refer the Court to that analyst report for its complete contents.

148. The Underwriter Defendants aver that (i) the allegations of Paragraph 148 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 148 is required. To the extent that a response is required, the Underwriter

Defendants deny the allegations of Paragraph 148, except admit that on July 9, 2018, Morgan Stanley published an analyst report concerning USX and respectfully refer the Court to that analyst report for its complete contents.

149. The Underwriter Defendants aver that (i) the allegations of Paragraph 149 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 149 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 149.

150. The Underwriter Defendants aver that (i) the allegations of Paragraph 150 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 150 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 150, except (i) in response to the fourth through sixth sentences of Paragraph 150, incorporate by reference the Underwriter Defendants' response to Paragraph 51, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 150.

151. The Underwriter Defendants aver that (i) the allegations of Paragraph 151 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 151 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 151, except admit that, according to the Offering Materials, as of March 31, 2018, USX had $192.5 million outstanding from its $275.0 million

41

term loan facility, which was due to mature May 30, 2020, and bore interest at LIBOR plus an applicable margin of 10.0% to 11.5%.

152. The Underwriter Defendants aver that (i) the allegations of Paragraph 152 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 152 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 152.

153. The Underwriter Defendants aver that (i) the allegations of Paragraph 153 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 153 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 153, except admit that on November 2, 2018, USX issued a press release and on October 26, 2018, and August 16, 2019, filed with the SEC reports on Form 8-K, and respectfully refer the Court to the press release and 8-Ks for their complete contents.

154. The Underwriter Defendants aver that (i) the allegations of Paragraph 154 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 154 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 154.

155. The Underwriter Defendants aver that (i) the allegations of Paragraph 155 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response

to Paragraph 155 is required. To the extent that a response is required, the Underwriter

Defendants deny the allegations of Paragraph 155, except admit that on November 1, 2018, USX

issued a press release and respectfully refer the Court to that press release for its complete

contents.

156. The Underwriter Defendants aver that (i) the allegations of Paragraph 156 are not

directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response

to Paragraph 156 is required. To the extent that a response is required, the Underwriter

Defendants deny the allegations of Paragraph 156, except admit that on November 1, 2018, USX

held an earnings call and respectfully refer the Court to the transcript of that earnings call for its

complete contents.

157. The Underwriter Defendants aver that (i) the allegations of Paragraph 157 are not

directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response

to Paragraph 157 is required. To the extent that a response is required, the Underwriter

Defendants deny the allegations of Paragraph 157 and respectfully refer the Court to the

November 1, 2018 transcript of the earnings call for its complete contents.

158. The Underwriter Defendants aver that (i) the allegations of Paragraph 158 are not

directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response

to Paragraph 158 is required. To the extent that a response is required, the Underwriter

Defendants deny the allegations of Paragraph 158 and respectfully refer the Court to the

November 1, 2018 transcript of the earnings call for its complete contents.

159. The Underwriter Defendants aver that (i) the allegations of Paragraph 159 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 159 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 159 and respectfully refer the Court to the November 1, 2018 transcript of the earnings call for its complete contents.

160. The Underwriter Defendants aver that (i) the allegations of Paragraph 160 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 160 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 160 and respectfully refer the Court to the November 1, 2018 transcript of the earnings call for its complete contents.

161. The Underwriter Defendants aver that (i) the allegations of Paragraph 161 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 161 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 161 except admit that on November 1, 2018, USX's common stock closed at $10.14, and on November 2, 2018, USX's common stock closed at $7.10.

162. The Underwriter Defendants aver that (i) the allegations of Paragraph 162 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response

44

to Paragraph 162 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 162.

163. The Underwriter Defendants aver that (i) the allegations of Paragraph 163 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 163 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 163.

164. The Underwriter Defendants aver that (i) the allegations of Paragraph 164 are not directed at them, (ii) the allegations state a legal conclusion, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 164 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 164.

165. The Underwriter Defendants aver that (i) the allegations of Paragraph 165 are not directed at them, (ii) the allegations state a legal conclusion, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 165 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 165, except (i) admit that USX stock met the requirements for listing and was listed and actively traded on the NYSE; (ii) admit that as a regulated issuer, USX filed periodic public reports with the SEC; and (iii) deny knowledge or information sufficient to form a belief as to whether the market was efficient and as to the truth of subsections (c) and (d) of Paragraph 165.

166. The Underwriter Defendants aver that (i) the allegations of Paragraph 166 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the

Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 166 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 166, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 166.

167. The Underwriter Defendants aver that (i) the allegations of Paragraph 167 are not directed at them, (ii) the allegations state legal conclusions, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 167 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 167, except deny knowledge or information sufficient to form a belief as to whether or when Plaintiffs or any putative class members acquired USX securities.

168. The Underwriter Defendants aver that (i) the allegations of Paragraph 168 are not directed at them, (ii) the allegations state legal conclusions, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 168 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 168.

169. The Underwriter Defendants aver that (i) the allegations of Paragraph 169 are not directed at them, (ii) the allegations state legal conclusions, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 169 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 169 and refer to the referenced statutory provisions for their complete contents.

170.     The Underwriter Defendants aver that (i) the allegations of Paragraph 170 are not directed at them, (ii) the allegations state a legal conclusion, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 170 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 170 and respectfully refer the court to the referenced statutory provision for its complete contents.

171.     The Underwriter Defendants aver that (i) the allegations of Paragraph 171 are not directed at them, (ii) the allegations state a legal conclusion, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 171 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 171.

172.     The Underwriter Defendants aver that (i) the allegations of Paragraph 172 are not directed at them, (ii) the allegations state legal conclusions, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 172 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 172.

173.     The Underwriter Defendants aver that (i) the allegations of Paragraph 173 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 173 is required.  To the extent that a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 93–101 and otherwise deny the allegations of Paragraph 173.

174. The Underwriter Defendants aver that (i) the allegations of Paragraph 174 are not directed at them, (ii) the allegations of the first and third sentences of Paragraph 174 state a legal conclusion, and (iii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 174 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 174.

175. The Underwriter Defendants aver that (i) the allegations of Paragraph 175 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 175 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 175.

176. The Underwriter Defendants aver that (i) the allegations of Paragraph 176 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 176 is required. To the extent that a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 69-74 and 78, and otherwise deny the allegations of Paragraph 176.

177. The Underwriter Defendants aver that (i) the allegations of Paragraph 177 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 177 is required. To the extent that a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 80-81 and 89 and otherwise deny the allegations of Paragraph 177.

48

178. The Underwriter Defendants aver that (i) the allegations of Paragraph 178 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 178 is required. To the extent that a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 83-85, and otherwise deny the allegations of Paragraph 178.

179. The Underwriter Defendants aver that (i) the allegations of Paragraph 179 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 179 is required. To the extent that a response is required, the Underwriter Defendants incorporate by reference their responses to Paragraphs 75-77, and otherwise deny the allegations of Paragraph 179.

180. The Underwriter Defendants aver that (i) the allegations of Paragraph 180 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 180 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 180.

181. The Underwriter Defendants aver that Paragraph 181 states a legal conclusion to which no response is required. To the extent that a response is required, the Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations of Paragraph 181.

182. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all the allegations of Paragraph 182, except (i) admit that USX shares were

49

traded on the NYSE following the June 2018 IPO, and (ii) deny knowledge or information sufficient to form a belief as to what Plaintiffs know or believe concerning the number of putative class members.

183. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all the allegations of Paragraph 183, except deny knowledge or information sufficient concerning whether or when Plaintiffs or any putative class members acquired USX Class A common stock.

184. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations of Paragraph 184.

185. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations of Paragraph 185.

186. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations of Paragraph 186.

187. The Underwriter Defendants repeat and incorporate by reference their responses to Paragraphs 1, 3-10, 17-31, 33-55, 57-100, 102-124, and 181-186 as if fully set forth herein.

188. The Underwriter Defendants aver that Paragraph 188 states legal conclusions and disclaimers that were rejected by the Court in its June 30, 2020 order. *Stein*, 2020 WL 3584800, at *7-8. Therefore, no response to Paragraph 188 is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 188.

189. The Underwriter Defendants deny the allegations of Paragraph 189.

190. The Underwriter Defendants deny the allegations of Paragraph 190.

191. The Underwriter Defendants deny the allegations of Paragraph 191.

192. The Underwriter Defendants deny the allegations of Paragraph 192.

193. The Underwriter Defendants deny the allegations of Paragraph 193, except deny knowledge or information sufficient to form a belief as to the truth of whether or when Plaintiffs or any putative class members acquired USX Class A common stock.

194. The Underwriter Defendants deny the allegations of Paragraph 194, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 194, and (ii) admit the allegations of the last sentence of Paragraph 194.

195. The Underwriter Defendants deny the allegations of Paragraph 195.

196. The Underwriter Defendants repeat and incorporate by reference their responses to Paragraphs 1, 3-10, 17-31, 33-55, 57-100, 102-124, 181-195 set forth above as if fully set forth herein.

197. The Underwriter Defendants aver that the allegations of Paragraph 197 (i) are not directed at them; (ii) state a legal conclusion; and (iii) state disclaimers that were rejected by the Court in its June 30, 2020 order. *Stein*, 2020 WL 3584800, at *7-8. Therefore, no response to Paragraph 197 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 197.

198. The Underwriter Defendants aver that the allegations of Paragraph 198 are not directed at them and therefore, no response to Paragraph 198 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 198.

199. The Underwriter Defendants aver that the allegations of Paragraph 199 are not directed at them and therefore, no response to Paragraph 199 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 199.

200.     The Underwriter Defendants aver that the allegations of Paragraph 200 are not directed at them and therefore, no response to Paragraph 200 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 200.

201.     The Underwriter Defendants aver that the allegations of Paragraph 201 are not directed at them and therefore, no response to Paragraph 201 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 201.

202.     The Underwriter Defendants aver that the allegations of Paragraph 202 are not directed at them and therefore, no response to Paragraph 202 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 202, except admit that the action was brought within three years after USX's securities were sold in the IPO.

203.     The Underwriter Defendants aver that the allegations of Paragraph 203 are not directed at them and therefore, no response to Paragraph 203 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 203.

204.     The Underwriter Defendants repeat and incorporate by reference their responses to Paragraphs 1-32, 44-186 set forth above as if fully set forth herein.

205.     The Underwriter Defendants aver that (i) the allegations of Paragraph 205 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response to Paragraph 205 is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 205.

206.     The Underwriter Defendants aver that (i) the allegations of Paragraph 206 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934.  *Stein*, 2020 WL 3584800, at *24-41.  Therefore, no response

52

to Paragraph 206 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 206.

207. The Underwriter Defendants aver that (i) the allegations of Paragraph 207 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 207 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 207.

208. The Underwriter Defendants aver that (i) the allegations of Paragraph 208 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 208 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 208.

209. The Underwriter Defendants aver that (i) the allegations of Paragraph 209 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 209 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 209, except deny knowledge or information to form a belief as to the truth of whether or when Plaintiffs or any putative class members acquired USX Class A common stock.

210. The Underwriter Defendants aver that (i) the allegations of Paragraph 210 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response

53

to Paragraph 210 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 210.

211. The Underwriter Defendants aver that (i) the allegations of Paragraph 211 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 211 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 211.

212. The Underwriter Defendants aver that (i) the allegations of Paragraph 212 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 212 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 212.

213. The Underwriter Defendants aver that (i) the allegations of Paragraph 213 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response to Paragraph 213 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 213.

214. The Underwriter Defendants repeat and incorporate by reference their responses to Paragraphs 1-32, 44-186, 204-213 set forth above as if fully set forth herein.

215. The Underwriter Defendants aver that (i) the allegations of Paragraph 215 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at \*24-41. Therefore, no response

to Paragraph 215 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 215.

216. The Underwriter Defendants aver that (i) the allegations of Paragraph 216 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 216 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 216.

217. The Underwriter Defendants aver that (i) the allegations of Paragraph 217 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 217 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 217.

218. The Underwriter Defendants aver that (i) the allegations of Paragraph 218 are not directed at them, and (ii) by order dated June 30, 2020, the Court dismissed all claims under the Securities Exchange Act of 1934. *Stein*, 2020 WL 3584800, at *24-41. Therefore, no response to Paragraph 218 is required. To the extent that a response is required, the Underwriter Defendants deny the allegations of Paragraph 218.

**RESPONSE TO PRAYER FOR RELIEF**

The Underwriter Defendants deny that Plaintiffs and the putative class are entitled to relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the remaining claims against them with prejudice and order such further relief as the Court deems just and proper.

55

**RESPONSE TO JURY DEMAND**

The Underwriter Defendants deny the allegations of Plaintiffs' demand for a jury trial, except admit that Plaintiffs state that they demand a jury trial.

**DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to the Underwriter Defendants as to any element of Plaintiffs' claim, brought individually and on behalf of the putative class, the Underwriter Defendants assert the following defenses:

**FIRST DEFENSE**

The claim asserted against the Underwriter Defendants in the Amended Complaint under Sections 11 of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiffs and the putative class lack standing to sue under the Securities Act, or to assert the Section 11 claims against the Underwriter Defendants.

**THIRD DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are not liable to Plaintiffs or the putative class because the Offering Materials and documents incorporated therein did not contain any false or misleading statements of material fact or omissions of material fact, bespoke caution about the risks of investing in the Company, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statement not contained in the Offering Materials and documents incorporated therein.

**FOURTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the facts the Amended Complaint alleges were misrepresented or omitted were identified as forward-

56

looking statements and accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements, such that they are rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act.

**FIFTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the facts the Amended Complaint alleges were misrepresented or omitted were accompanied by cautionary language that rendered the alleged misrepresentation or omission not misleading, and thus rendered the alleged misleading statements inactionable under the "bespeaks caution" doctrine.

**SIXTH DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Offering Materials became effective, that the statements in the Offering Materials were true and that there were no misstatements of material facts or omissions of material facts that were necessary to make the statements therein not misleading.

**SEVENTH DEFENSE**

Plaintiffs' and the putative class's claim is barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**EIGHTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

57

## NINTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## TENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Offering Materials are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Amended Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## ELEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Materials, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWELFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class's claim against the Underwriter Defendants is barred and subject to estoppel in whole or in part by their own actions, omissions, and/or negligence.

## THIRTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole

or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or the putative class, or other entities or persons.

## FOURTEENTH DEFENSE

Plaintiffs' and the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs, the putative class, or others over which the Underwriter Defendants had no control.

## FIFTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class's claim against the Underwriter Defendants is barred in whole or in part because of inequitable conduct and unclean hands.

## SIXTEENTH DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because Plaintiffs have incurred no legally cognizable injury or damages under the Securities Act of 1933, including but not limited to the provisions of 15 U.S.C. § 77$k$(e).

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative class ratified the alleged wrongful acts and omissions alleged in the Amended Complaint.

## EIGHTEENTH DEFENSE

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Materials made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to

59

make the statements therein not misleading, or that such part of the Offering Materials did not fairly represent the statement of the expert.

## NINETEENTH DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other defendants not expressly set forth herein.

*        *        *

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.


Dated: August 28, 2020
        Chattanooga, Tennessee

*/s/ Jonathan Rosenberg*
Jonathan Rosenberg (*pro hac vice*)
William J. Sushon (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:  212-326-2000
Fax:  212-236-2061
jrosenberg@omm.com
wsushon@omm.com

C. Crews Townsend (BPR # 12274)
MILLER & MARTIN, PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone:  423-785-8297
Fax:  423-785-8480
Crews.townsend@millermartin.com

*Attorneys for Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Wells Fargo Securities, LLC; Stephens Inc.; WR Securities LLC; and Stifel, Nicolaus & Company, Incorporated*
