UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated, ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| ) | <u>CLASS ACTION</u> |
| Plaintiff, ) | |
| ) | Judge Travis R. McDonough |
| vs. ) | Magistrate Judge Christopher H. Steger |
| ) | |
| U.S. XPRESS ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND TO
APPOINT CLASS REPRESENTATIVES AND CLASS COUNSEL

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS COMMON TO THE CLASS ...............................................2

    A.    Background ...............................................................................................2

    B.    The Proposed Class Representatives.....................................................4

III.  ARGUMENT......................................................................................................5

    A.    Courts Favor Class Treatment of Securities Class Actions ...................5

    B.    This Case Satisfies the Requirements of Rule 23(a)...............................7

        1.    The Proposed Class Is Numerous ................................................7

        2.    Common Questions of Law and Facts Exist for All Class Members ..........8

        3.    The Proposed Class Representatives' Claims Are Typical of the Class as a Whole .......................................................................9

        4.    Plaintiffs Will Protect the Interests of the Class ........................10

    C.    This Case Satisfies the Requirements of Rule 23(b)(3).........................12

        1.    Common Questions of Law and Fact Predominate ...................12

        2.    A Class Action Is Superior to Other Available Methods for the Fair and Efficient Adjudication of This Action.................................14

    D.    The Court Should Appoint Plaintiffs' Choice of Counsel as Class Counsel Under Rule 23(g) .................................................................................15

IV.   CONCLUSION..................................................................................................18

4828-0552-9029.v1

## CASES

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..........................................................................................2, 14

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)..........................................................................................5, 7

*Babbidge v. U.S. Xpress Enterprises, Inc., et al.*,
No. 18-C-1303 (Tenn. Cir. Ct.)............................................................................15

*Balestra v. ATBCOIN LLC*,
380 F. Supp. 3d 340 (S.D.N.Y. 2019)..................................................................17

*Beach v. Healthways, Inc.*,
2010 WL 1408791 (M.D. Tenn. Apr. 2, 2010).......................................................6

*Beattie v. CenturyTel, Inc.*,
511 F.3d 554 (6th Cir. 2007) ...............................................................................11

*Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*,
2016 WL 4098741 (D. Minn. July 28, 2016) ........................................................13

*Burges v. BancorpSouth, Inc.*,
2017 WL 2772122 (M.D. Tenn. June 26, 2017)....................................6, 7, 13, 15

*Cates v. Cooper Tire & Rubber Co.*,
253 F.R.D. 422 (N.D. Ohio 2008) ..........................................................................5

*Cosby v. KPMG, LLP*,
2020 WL 3548379 (E.D. Tenn. June 29, 2020)..................................................8, 15

*Dougherty v. Esperion Therapeutics, Inc.*,
2020 WL 3481322 (E.D. Mich. June 19, 2020)............................................ *passim*

*E-Trade Financial Corp. S'holder Litig.*,
No. 07-cv-8538 (S.D.N.Y. 2007)..........................................................................17

*Erica P. John Fund, Inc. v. Halliburton Co.*,
563 U.S. 804 (2011)..............................................................................................12

*Forman v. Meridian Bioscience Inc.*,
C.A. No. 1:17-cv-00774 (S.D. Ohio)....................................................................17

*Garden City Emps. Ret. Sys. v. Psychiatric Sols.*,
    2012 WL 1071281 (M.D. Tenn. Mar. 29, 2012) ...............................................................6, 15

*Gasperoni v. Metabolife, Int'l Inc.*,
    2000 WL 33365948 (E.D. Mich. Sept. 27, 2000) ....................................................................5

*Gaynor v. Miller*,
    2018 WL 3751606 (E.D. Tenn. Aug. 6, 2018) ......................................................................8, 9

*Golden v. City of Columbus*,
    404 F.3d 950 (6th Cir. 2005) ...................................................................................................7

*Grae v. Corr. Corp. of Am.*,
    330 F.R.D. 481 (M.D. Tenn. 2019) ..........................................................................7, 8, 9, 10

*Harbin v. Emergency Coverage Corp.*,
    2017 WL 1397252 (E.D. Tenn. Mar. 23, 2017) ....................................................................11

*Herman & MacLean v. Huddleston*,
    459 U.S. 375 (1983)................................................................................................................12

*Hicks v. Morgan Stanley & Co.*,
    2003 WL 21672085 (S.D.N.Y. July 16, 2003) .....................................................................12

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
    No. 8:15-cv-00865-AG-JCG (C.D. Cal.)...............................................................................16

*In re Accredo Health, Inc. Sec. Litig.*,
    2006 WL 1716910 (W.D. Tenn. April 19, 2006) ....................................................................6

*In re Am. Med. Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996) ...............................................................................................9, 11

*In re Am. Realty Capital Props., Inc. Litig.*,
    No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) .............................................................16

*In re Cardinal Health, Inc. Sec. Litig.*,
    No. 2:04-cv-00575-ALM (S.D. Ohio) ...................................................................................16

*In re Constar Int'l Sec. Litig.*,
    585 F.3d 774 (3d Cir. 2009)...........................................................................................2, 6, 13

*In re Corrugated Container Antitrust Litig.*,
    643 F.2d 195 (5th Cir. 1981) .................................................................................................10

*In re Direct Gen. Corp. Sec. Litig.*,
2006 WL 2265472 (M.D. Tenn. Aug. 8, 2006) ...................................................2, 6

*In re EndoChoice Holdings, Inc. Sec. Litig.*,
C.A. No. 2016-cv-277772 (Fulton Cty. Ga.) ..........................................................17

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ..............................................................................16

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
312 F.R.D. 332 (S.D.N.Y. 2015) ...........................................................................13

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)..............................................................16

*In re Lendingclub Sec. Litig.*,
282 F. Supp. 3d 1171 (N.D. Cal. 2017) ..................................................................15

*In re MF Glob. Holdings Ltd. Inv. Litig.*,
310 F.R.D. 230 (S.D.N.Y. 2015) .............................................................................6

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
318 F.R.D. 435 (D. Colo. 2015) .............................................................................13

*In re Prothena Corporation Plc Sec. Litig.*,
1:18-cv-06425-ALC (S.D.N.Y.) ............................................................................17

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ..............................................................16

*In re Revco Sec. Litig.*,
142 F.R.D. 659 (N.D. Ohio 1992) ...........................................................................6

*In re UnitedHealth Group Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.)...............................................................16

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)..................................................................16

*In re Whirlpool Corp. Front-Loading
Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013) ...........................................................................13, 14

*Kasper v. AAC Holdings, Inc.*,
2017 WL 3008510 (M.D. Tenn. July 14, 2017) ........................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.) ...............................................................16

*N.J. Carpenters Health Fund v.*
    *Royal Bank of Scotland Grp., PLC*,
    2016 WL 7409840 (S.D.N.Y. Nov. 4, 2016) ...........................................6

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
    332 F.R.D. 556 (M.D. Tenn. 2019) ...............................................9, 11, 12

*Picard Chem. Profit Sharing Plan v. Perrigo Co.*,
    1996 U.S. Dist. LEXIS 16330
    (W.D. Mich. Sept. 27, 1996) ...................................................................6

*Plumbers & Pipefitters Nat'l Pension Fund v. Burns*,
    292 F.R.D. 515 (N.D. Ohio 2013) ...........................................................6

*Plumbers & Pipefitters Nat'l Pension Fund v. Burns*,
    967 F. Supp. 2d 1143 (N.D. Ohio 2013) .................................................6

*Pub. Employees' Ret. Sys. of Mississippi v.*
    *Merrill Lynch & Co.*,
    277 F.R.D. 97 (S.D.N.Y. 2011) ...............................................................6

*Ret. Sytem v. Acadia Healthcare Co., Inc.*,
    2019 WL 494129 (M.D. Tenn. Jan. 9, 2019)..........................................15

*Rikos v. P&G*,
    799 F.3d 497 (6th Cir. 2015) ...................................................................7

*Ross v. Abercrombie & Fitch Co.*,
    257 F.R.D. 435 (S.D. Ohio 2009) ....................................................5, 6, 7

*Rougier v. Applied Optoelectronics Inc.*,
    2019 WL 6111303 (S.D. Tex. Nov. 13, 2019) ......................................17

*Schuh v. HCA Holdings, Inc.*,
    2014 WL 4716231 (M.D. Tenn. Sept. 22, 2014) ............................ *passim*

*Schuh v. HCA Holdings, Inc.*,
    No. 3:11-cv-01033, ECF No. 567
    (M.D. Tenn. Apr. 11, 2016) ...................................................................16

*Smilovits v. First Solar, Inc.*,
    No. 2:12-cv-00555-DGC (D. Ariz. June 30, 2020) ..............................16

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ......................................................................8, 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).........................................................................................5

*Vrakas v. United States Steel Corp.*,
    No. CV 17-579, 2019 WL 7372041
    (W.D. Pa. Dec. 31, 2019).............................................................................17

*Weiner v. Tivity Health, Inc.*,
    334 F.R.D. 123 (M.D. Tenn. 2020) ...............................................................8

*Wilkof v. Caraco Pharm. Labs., Ltd.*,
    280 F.R.D. 332 (E.D. Mich. 2012) ................................................................6

*Willis v. Big Lots, Inc.*,
    242 F. Supp. 3d 634 (S.D. Ohio 2017) ..........................................................6

*Young v. Nationwide Mut. Ins. Co.*,
    693 F.3d 532 (6th Cir. 2012) ...................................................................10, 14

*Zwick Partners, LP v. Quorum Health Corp.*,
    2019 WL 1450546 (M.D. Tenn. Mar. 29, 2019) .........................................9, 14

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77............................................................................................ *passim*
    §77k.......................................................................................... *passim*
    §77k(e).............................................................................................13
    §77o..................................................................................................2
    §78j(b)................................................................................................2
    §78t(a)................................................................................................2

Private Securities Litigation Reform Act of 1995,
    Pub. L. No. 104-67, 109 Stat. 737 (1995).......................................................4, 16

Federal Rules of Civil Procedure
  Rule 23 ..................................................................................... *passim*
  Rule 23(a) ................................................................................. 5, 7, 8, 18
  Rule 23(a)(1) ............................................................................. 7
  Rule 23(a)(2) ............................................................................. 9
  Rule 23(a)(4) ............................................................................. 10, 11
  Rule 23(b) ................................................................................. 5
  Rule 23(b)(3) ............................................................................ *passim*
  Rule 23(g) ................................................................................. 15

Plaintiffs Deirdre Terry, Charles Clowdis, and Bryan K. Robbins (collectively "Plaintiffs")

respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Class Certification,

and to Appoint Class Representatives and Class Counsel.

## I.    INTRODUCTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a

class consisting of:

> All persons or entities who purchased or otherwise acquired Class A common stock of
> USX pursuant to and/or traceable to the Offering Documents[1] filed with the United
> States Securities and Exchange Commission ("SEC") and who were damaged
> thereby (the "Class"). Excluded from the Class are Defendants and their immediate
> families, the officers and directors and affiliates of Defendants, at all relevant times,
> members of their immediate families and their legal representatives, heirs, successors
> or assigns, and any entity in which Defendants have or had a controlling interest.[2]

Plaintiffs also seek an Order: (i) appointing themselves as Class Representatives; and

(ii) appointing the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Levi

& Korsinsky, LLP ("Levi & Korsinsky") as Class Counsel.

This class action arises from USX's issuance of Offering Documents that contained and

incorporated false and misleading statements relating to the Company's fleet and driver capacity.

Pursuant to the Offering Documents, Defendants sold approximately 16.7 million shares of USX

Class A common stock. Lead Plaintiffs' Complaint for Violation of the Federal Securities Laws (the

---

[1]    The "Offering Documents" refer to USX's June 11, 2018 final Amended Registration Statement
on Form S-1/A ("Amended Registration Statement"), which amended the May 7, 2018 Registration
Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.  ¶7 n.1.  All
paragraph references ("¶__") are to the Complaint (as defined herein).  ECF No. 57.  All citations,
internal quotations, and footnotes are omitted and all emphasis is added unless noted otherwise.

[2]    "Defendants" are U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), Eric Fuller, Eric
Peterson, Jason Grear, Max Fuller, Lisa Quinn Pate and the underwriters Merrill Lynch, Pierce,
Fenner & Smith Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo
Securities, LLC, Stephens, Inc., WR Securities LLC, and Stifel Nicolaus & Company, Inc.

4828-0552-9029.v1

"Complaint") alleges violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77o.[3]  The Class suffered statutory damages under the Securities Act.

This securities case is ideally suited for class certification because of the predominance of common questions of fact and the impracticability of bringing individual actions to redress a common wrong.  As noted in the Advisory Committee comments to Rule 23:

> Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

Fed. R. Civ. P. 23(b)(3) Advisory Committee's notes to 1966 amendment.  Further, the Supreme Court has repeatedly recognized that "[p]redominance is a test readily met in certain cases alleging" violations of the federal securities laws.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Moreover, for cases like this one brought under the Securities Act, class certification should be even less controversial, given the formulaic nature of the claims, which do not require proof of reliance.  *See In re Constar Int'l Sec. Litig.*, 585 F.3d 774, 785 (3d Cir. 2009) ("The formulaic nature of § 11 leaves defendants with little room to maneuver."); *see also Schuh v. HCA Holdings, Inc*., 2014 WL 4716231 (M.D. Tenn. Sept. 22, 2014); *In re Direct Gen. Corp. Sec. Litig.*, 2006 WL 2265472, at *3 (M.D. Tenn. Aug. 8, 2006).  Plaintiffs respectfully submit that their motion for class certification should be granted.

## II.  STATEMENT OF FACTS COMMON TO THE CLASS

### A.  Background

Based in Chattanooga, Tennessee, USX is a trucking company that maintains a fleet of approximately 6,800 tractors and 16,000 trailers.  ¶¶24, 45.  Within the Company's "Truckload" segment, USX operates two divisions: over-the-road ("OTR") and "Dedicated."  ¶46.  OTR ships

---

[3]  The Court dismissed claims brought under §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b), 78t(a).  ECF No. 91.

4828-0552-9029.v1

freight under short-term contracts at variable rates, whereas Dedicated fulfills multi-year contracts at fixed rates. ¶¶6, 47-48.

In October 2015, Defendant Fuller became USX's President and Chief Operating Officer, and Defendant Peterson was appointed Chief Financial Officer. ¶3. A year and a half later, Fuller replaced his father as Chief Executive Officer. ¶3. USX then pursued what Fuller described as a "turnaround" to improve USX's poor operating ratio and "clos[e] the gap" between its ratio and those of its peers. ¶3.

On May 7, 2018, USX filed a registration statement on Form S-1 with the SEC. ¶102. The registration statement was subsequently amended, with the final Amended Registration Statement filed on Form S-1/A on June 11, 2018. ¶102. The Amended Registration Statement was declared effective by the SEC on June 13, 2018. USX filed its final Prospectus with the SEC on June 15, 2018. ¶102.

On June 14, 2018, USX initiated the IPO, selling 16,668,000 shares of Class A common stock at $16 per share, yielding $245.2 million in net proceeds to the Company. ¶¶4, 103. As alleged in the Complaint, the Offering Documents associated with the IPO contained and incorporated materially misleading statements concerning USX's fleet and driver capacity. ¶¶112, 118. First, the Offering Documents stated the Company would expand its fleet in order to capitalize on the then-favorable trucking environment:

> Strategically expand our fleet based on expected profitability and driver availability, including through our company-sponsored independent contractor lease program (which has grown from zero drivers in the second quarter of 2017 to approximately 485 drivers at March 31, 2018).

¶112. Second, the Offering Documents warned that if USX were "unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among other things, continue to adjust our compensation packages or operate with fewer tractors and face difficulty meeting shipper demands, either of which could materially adversely affect our growth and profitability." ¶118.

4828-0552-9029.v1

Unknown to investors, at the time of the IPO the Company was ***already*** facing immense driver retention problems, caused by: (1) inadequate driver compensation packages and incentives; (2) the failure to improve load planning or truck maintenance, which further harmed trucker morale; (3) forcing OTR drivers to cover less desirable routes for the Dedicated division (and thus "cannibalizing" OTR); (4) the loss of certain shipping patterns, including those of USX's largest customer Walmart; and (5) driver wages and independent contractor costs exceeding the Company's internal expectations. ¶122. As a result of Defendants' misstatements described above, Plaintiffs and the Class suffered damages from their purchases of Class A common stock pursuant to and/or traceable to the Offering Documents.

### B. The Proposed Class Representatives

On July 18, 2019, Deirdre Terry was appointed Lead Plaintiff. ECF No. 44 at 5. Pursuant to the PSLRA, Judge Mattice made a preliminary finding of Lead Plaintiff's adequacy and typicality as part of the appointment order. *See id.* at 4. The Court similarly appointed Robbins Geller and Levi & Korsinsky as Lead Counsel. *See id.* at 5. On October 8, 2019, named Plaintiffs Charles Clowdis and Bryan K. Robbins joined Lead Plaintiff in filing the operative Complaint. ECF No. 57.

Ms. Terry, Mr. Clowdis, and Mr. Robbins have expended time and effort informing themselves about this case, and through qualified counsel, have vigorously prosecuted this action on behalf of the proposed Class. *See* generally Declarations of Deirdre Terry, Charles Clowdis, and Bryan K. Robbins in Support of Plaintiffs' Motion for Class Certification, submitted herewith, as Exs. A-C to the Declaration of Christopher M. Wood in Support of Plaintiffs' Motion for Class Certification, and to Appoint Class Representatives and Class Counsel. Plaintiffs have represented the proposed Class by overseeing and communicating with counsel while staying apprised of the ongoing developments in the case. *Id.* Counsel, in turn, conducted an extensive investigation into Defendants' alleged misconduct and successfully opposed Defendants' motions to dismiss. *See* ECF

No. 85.  Plaintiffs will continue to take an active role in the litigation to advance the interests of the proposed Class and fully understand the duties and responsibilities of a Class Representative and, if appointed, will fulfill them.  *See* Exs. A-C.

## III.  ARGUMENT

Under Rule 23, a proposed class representative must demonstrate that all four prerequisites of Rule 23(a) and one of the prongs of Rule 23(b) are satisfied.  *Cates v. Cooper Tire & Rubber Co.*, 253 F.R.D. 422, 428 (N.D. Ohio 2008).   The prerequisites under Rule 23(a) are: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation.  *Id.*  In this action, Plaintiffs seek certification under Rule 23(b)(3), which requires a showing that: (i) common questions of fact and law predominate over any individual questions; and (ii) a class action is superior to other available methods for adjudicating the controversy.  *Ross*, 257 F.R.D. at 451.

### A.     Courts Favor Class Treatment of Securities Class Actions

The Supreme Court has repeatedly recognized the importance of class actions in redressing wrongs committed under the federal securities laws.  *See, e.g.*, *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 478 (2013) ("Congress, the Executive Branch, and this Court . . . have recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions . . . ."); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313-14, 320 (2007) (same).

Rule 23 allows for the effective enforcement of the securities laws for large numbers of individual investors who have suffered injuries, but who do not have sufficient economic resources or the individual interest to incur the expense or inconvenience of an individual lawsuit.  By providing a single forum to litigate the same or similar claims, a class action affords an indispensable mechanism for numerous investors nationwide to seek redress while conserving judicial resources.  Accordingly, courts recognize a preference for class certification in securities cases.  *See Gasperoni v. Metabolife,*

*Int'l Inc.*, 2000 WL 33365948, at *8 (E.D. Mich. Sept. 27, 2000) ("it should be emphasized that in general, any doubts concerning the propriety of a class certification should be resolved in favor of upholding the class").

Applying these principles, courts within this Circuit overwhelmingly find cases involving the violation of federal securities laws appropriate for class treatment.[4] Furthermore, courts have found cases alleging violations of the Securities Act particularly well-suited for class certification, as those cases do not require that any investor specifically relied on the defendants' false and misleading statements. *Constar*, 585 F.3d at 784 ("reliance is irrelevant in a § 11 case, a § 11 case will never demand individualized proof as to an investor's reliance or knowledge"); s*ee also Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co.*, 277 F.R.D. 97, 101 (S.D.N.Y. 2011) ("[a]s courts have repeatedly found, suits alleging violations of the securities laws, particularly those brought pursuant to §§11 and 12(a)(2), are especially amenable to class action resolution.").[5]

Additionally, courts routinely certify Securities Act class actions against underwriters that were involved in releasing false and misleading statements in offering documents to class members. *See, e.g.*, *Schuh*, 2014 WL 4716231; *Direct Gen.*, 2006 WL 2265472, at *3; *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 2016 WL 7409840, at *12 (S.D.N.Y. Nov. 4, 2016); *In re Barclays Bank PLC Sec. Litig.*, 2016 WL 7409840, at *8 (S.D.N.Y. June 9, 2016); *In re MF Glob.*

---

[4]    *See, e.g.*, *Burges v. BancorpSouth, Inc.*, 2017 WL 2772122 (M.D. Tenn. June 26, 2017); *Kasper v. AAC Holdings, Inc.*, 2017 WL 3008510 (M.D. Tenn. July 14, 2017); *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634 (S.D. Ohio 2017); *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 292 F.R.D. 515 (N.D. Ohio 2013) ("*Burns I*"); *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 967 F. Supp. 2d 1143 (N.D. Ohio 2013) ("*Burns II*"); *Wilkof v. Caraco Pharm. Labs., Ltd.*, 280 F.R.D. 332 (E.D. Mich. 2012); *Garden City Emps. Ret. Sys. v. Psychiatric Sols.*, 2012 WL 1071281 (M.D. Tenn. Mar. 29, 2012); *Beach v. Healthways, Inc.*, 2010 WL 1408791 (M.D. Tenn. Apr. 2, 2010); *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 451 (S.D. Ohio 2009); *In re Accredo Health, Inc. Sec. Litig.*, 2006 WL 1716910, at *1 (W.D. Tenn. April 19, 2006).

[5]    *See also Schuh*, 2014 U.S. Dist. LEXIS 132609; *Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *11-*12; *Picard Chem. Profit Sharing Plan v. Perrigo Co*., 1996 U.S. Dist. LEXIS 16330 (W.D. Mich. Sept. 27, 1996); *In re Revco Sec. Litig.*, 142 F.R.D. 659 (N.D. Ohio 1992).

*Holdings Ltd. Inv. Litig.*, 310 F.R.D. 230, 232 (S.D.N.Y. 2015). This case is no different. As demonstrated below, Plaintiffs have satisfied each requirement under Rule 23(a) and (b)(3) and the proposed Class should be certified.

### B.   This Case Satisfies the Requirements of Rule 23(a)

A "district court maintains substantial discretion in determining whether to certify a class." *Rikos v. P&G*, 799 F.3d 497, 504 (6th Cir. 2015). Nevertheless, the Supreme Court has made clear that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 505 (quoting *Amgen*, 568 U.S. at 466). "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* (original emphasis omitted). While Plaintiffs have the burden of showing Rule 23's requirements are met, they do not have to show at the class certification stage that they will prevail on the merits of their claims. *See Ross*, 257 F.R.D. at 441. Rather, Plaintiffs need only show that the elements of the underlying claim, in this case violations of §11 of the Securities Act, are capable of proof at trial through evidence that is common to the Class. Plaintiffs do that here, and, as demonstrated below, each requirement of Rule 23(a) is satisfied.

### 1.   The Proposed Class Is Numerous

Rule 23 requires the proposed class to be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "'[T]he exact number of class members need not be pleaded or proved' for a class to be certified, as long as the class representatives can show that joinder would be impracticable." *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019) (citing *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005)).

"Numerosity is generally assumed to have been met in class action suits involving nationally traded securities," *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122, at *2 (M.D. Tenn. June 26, 2017), including cases like this one predicated on large stock offerings. *See, e.g.*, *Schuh*, 2014 WL

4716231, at *13 (numerosity "clearly met" in §11 action where the underlying offering "involves the sale of millions of stock, and Plaintiff estimates that the number of purchasers is likely to be 'in the thousands' and that those purchasers reside in many states"); *Gaynor v. Miller*, 2018 WL 3751606, at *8 (E.D. Tenn. Aug. 6, 2018) ("based on the number of Series C and Series D shares that were purchased (6.21 million), the Court finds that Plaintiffs have established numerosity"); *Cosby v. KPMG, LLP*, 2020 WL 3548379, at *1 (E.D. Tenn. June 29, 2020) (Poplin, M.J.) (same).

According to USX's documents filed with the SEC, the Company sold upwards of 16.67 million Class A common stock and raised $245.2 million in net proceeds. ¶4. While the exact number of persons who acquired USX common stock pursuant to and/or traceable to the Offering Documents is unknown, the members of the proposed Class likely number in the thousands, or more, throughout the United States. These facts create a rebuttable presumption of numerosity, making individual joinder impracticable, if not logistically impossible. Thus, the proposed Class satisfies Rule 23(a)'s numerosity requirement. *See Grae*, 330 F.R.D. at 501 ("Whatever the total number of plaintiffs, it is plain that they are too numerous for joinder to be practicable.").

### 2. Common Questions of Law and Facts Exist for All Class Members

"It is only required that there be a single issue of law and fact common to all class members." *Dougherty v. Esperion Therapeutics, Inc.*, 2020 WL 3481322, at *5 (E.D. Mich. June 19, 2020) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). "Variation in the ancillary details of the class members' cases is insufficient to defeat certification, as long as '[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue.'" *Grae*, 330 F.R.D. at 501.

Courts in this Circuit routinely find commonality in securities class actions where the adjudication of alleged misrepresentations is central to the claims of each and every class member. *See, e.g.*, *Cosby*, 2020 WL 3548379, at *7; *Gaynor*, 2018 WL 3751606, at *9; *Weiner v. Tivity*

*Health, Inc.*, 334 F.R.D. 123, 131 (M.D. Tenn. 2020); *Dougherty*, 2020 WL 3481322, at *5; *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*, *Inc.*, 332 F.R.D. 556, 572 (M.D. Tenn. 2019); *Zwick Partners, LP v. Quorum Health Corp.*, 2019 WL 1450546, at *16 (M.D. Tenn. Mar. 29, 2019).

The proposed Class here similarly satisfies this requirement. Plaintiffs allege that Defendants made material misrepresentations and omissions to the investing public in the Offering Documents filed with the SEC. ¶¶112, 118. Those uniform misrepresentations to investors raise the following common questions of law or fact: (a) whether Defendants violated the Securities Act; (b) whether the Offering Documents were negligently prepared and contained inaccurate statements of material fact and/or omitted material information required to be stated therein; and (c) to what extent the members of the Class have sustained damages and the proper measure of damages. ¶185.

The Offering Documents made uniform misleading statements to all investors. "If those misstatements and omissions violated federal law, they violated federal law as to all potential class members. Therefore, answering those questions will generate common, class-wide answers concerning liability." *Zwick Partners*, 2019 WL 1450546, at *16. Accordingly, the proposed Class satisfies the commonality requirement of Rule 23(a)(2).

**3.    The Proposed Class Representatives' Claims Are Typical of the Class as a Whole**

"Typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims." *Grae*, 330 F.R.D. at 501. "Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and if his claims are based on the same legal theory." *Id.* (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). "[F]or the district court to conclude that the typicality requirement is satisfied, 'a representative's claims need not always involve the same facts or law, provided there is a common element of fact or law.'" *Gaynor*, 2018 WL 3751606, at *9. "The requirement's

operative purpose 'is simply stated: as goes the claim of the named plaintiff, so go the claims of the class.'" *Schuh*, 2014 WL 4716231, at *10 (citing *Sprague*, 133 F.3d at 399).

Plaintiffs' claims are typical of, if not identical to, the claims of the other proposed Class members. Plaintiffs and proposed Class members acquired their USX shares pursuant to and/or traceable to the Offering Documents and were subject to the same set of material misstatements and omissions in the Offering Documents concerning the Company's ability to expand its fleet and retain trucker drivers. ¶¶112, 118. Thus, the claims of the proposed Class Representatives arise from the same course of conduct that gives rise to the claims of every other Class member who acquired or purchased USX Class A common stock pursuant to and/or traceable to the Offering Documents. As such, Plaintiffs' claims are typical.

### 4. Plaintiffs Will Protect the Interests of the Class

"Rule 23(a)(4) requires the court only to certify the class if 'the representative parties will fairly and adequately protect the interests of the class.'" *Grae*, 330 F.R.D. at 502. In the Sixth Circuit, a district court "looks to two criteria for determining adequacy of representation: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012).

The proposed Class Representatives satisfy both prongs of the adequacy test of Rule 23(a)(4). Like the rest of the Class, the proposed Class Representatives sustained their losses as a result of the same alleged material misrepresentations and omissions in the Offering Documents. Thus, Plaintiffs' interests are in concert with – not antagonistic to – those of the Class. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) ("[S]o long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes.").

4828-0552-9029.v1

Moreover, Plaintiffs understand their roles and obligations as Class Representatives and have protected, and will continue to protect, the Class' interests. *See* Exs. A-C. Plaintiffs' declarations attesting to their familiarity, participation, and ongoing responsibilities in this action supports a finding of adequate representation. *See, e.g.*, *Harbin v. Emergency Coverage Corp.*, 2017 WL 1397252, at *3 (E.D. Tenn. Mar. 23, 2017) (McDonough, J.) (finding adequacy of representation and granting class certification where plaintiffs "filed declarations in which they aver that they believe their claims 'are the same' as the claims that could be asserted by putative class members and that they 'are committed to seeing this case through' on behalf of the class"); *Cmty. Health Sys., Inc.*, 332 F.R.D. at 571 (adequacy satisfied where class representative declared "familiar[ity] with the claims at issue, understands its duties as the Class Representatives, and has been actively involved in all aspects of the case since its appointment as Lead Plaintiff").

"A critical part of the adequacy inquiry is the competence of class counsel." *Dougherty*, 2020 WL 3481322, at *6. Indeed, "[t]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Id.* The proposed Class Representatives have retained experienced and competent counsel, as set forth below, by selecting Robbins Geller and Levi & Korsinsky. *See infra* §III.D. Plaintiffs have actively monitored Lead Counsel who have: (1) conducted a detailed factual investigation of Plaintiffs' and the Class' claims; (2) researched and prepared the Complaint; (3) researched and briefed the opposition to Defendants' motions to dismiss resulting in a denial of the motion; (4) prepared discovery requests; and (5) prepared and filed this motion. *Id.*

Thus, Plaintiffs satisfy the adequacy requirements of Rule 23(a)(4) as they have "vigorously prosecute[d] the interests of the class through qualified counsel" and will continue to do so. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 563 (6th Cir. 2007); *Am. Med. Sys.*, 75 F.3d at 1083.

4828-0552-9029.v1

## C. This Case Satisfies the Requirements of Rule 23(b)(3)

Rule 23(b)(3) requires certification where common questions of law or fact predominate over individual questions and the class action is superior to other available means of adjudication. Both requirements are satisfied here.

### 1. Common Questions of Law and Fact Predominate

"The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Cmty. Health Sys., Inc.*, 332 F.R.D. at 572. "Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying cause of action." *Schuh*, 2014 WL 4716231, at *5 (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 808-09 (2011)). "Just as the general question of class certification does not require an assessment of the merits, so too the determination of predominance does not require an analysis of the Plaintiffs' proofs." *Dougherty*, 2020 WL 3481322, at *6.

Plaintiffs allege violations of §11 of the Securities Act.[6] Section 11 allows purchasers of a registered security to sue certain enumerated parties when materially false and misleading information is included in a registration statement. *See* 15 U.S.C. §77k. If a plaintiff purchased a security issued pursuant to a registration statement, "he need only show a material misstatement or omission to establish his *prima facie* case." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983). Thus, in order to establish liability under §11, Plaintiffs and the Class need only prove that the Defendants made materially untrue statements or omissions in the Offering Documents. Accordingly, if Defendants are liable for this conduct, they are liable to all similarly situated Class members.

The calculation of the Class' proposed damages also supports a finding of predominance under Rule 23(b)(3) as the formula for calculating damages pursuant to §11 is statutorily prescribed.

---

[6]    The additional §15 claim here is derivative of the §11 claim, and thus "does not warrant separate consideration." *See Hicks v. Morgan Stanley & Co.*, 2003 WL 21672085, at *1 n.6 (S.D.N.Y. July 16, 2003).

4828-0552-9029.v1

*See* 15 U.S.C. §77k(e).   In certifying classes alleging violations of §11, courts have held that because the damages calculation is done pursuant to a "common methodology determined by statute . . . the demands of Rule 23(b)(3) are met." *Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 4098741, at *15 (D. Minn. July 28, 2016); *see also In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 350 (S.D.N.Y. 2015) ("Because the [§11] statutory formula applies, the individual damages questions are sufficiently reduced that predominance of the common questions, answers, and facts remains."); *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 318 F.R.D. 435, 447 (D. Colo. 2015) ("because Securities Act damages are calculated using a statutory formula, [t]he means of determining them therefore would be common to all class members").[7]

Finally, that class members may suffer from varying amounts of damages does not undermine predominance. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013) ("Because [r]ecognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal, in the mine run of cases, it remains the black letter rule that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members."); *Burges*, 2017 WL 2772122, at *11 ("Similarly, Defendants' argument concerning damages as an individualized issue will be addressed at trial.   As noted above, the presence of questions peculiar to each individual member of the class is no bar when liability arose from a single course of conduct.").

Thus, Rule 23(b)(3)'s predominance requirement is readily met in this case.

---

[7]   Even if Defendants were to assert an affirmative defense in an attempt to limit damages, such a defense would apply to the Class as a whole and thus support a finding of predominance.  *See Constar*, 585 F.3d at 785 ("although loss causation is an affirmative defense in a § 11 case, this defense would not defeat predominance here.   Section 11(e) allows defendants to limit damages by showing that plaintiffs' losses were caused by something other than their misrepresentations.   Any affirmative defense on this ground would present a common issue – not an individual one") (original emphasis omitted).

4828-0552-9029.v1

## 2. A Class Action Is Superior to Other Available Methods for the Fair and Efficient Adjudication of This Action

Rule 23(b)(3) requires that a class action also be "superior to other available methods for fairly and efficiently adjudicating the controversy." A class action here is not only superior to individual actions, it is the only sensible and realistic way to provide relief for injured class members.

"The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012) (citing *Amchem*, 521 U.S. at 617); *Whirlpool*, 722 F.3d at 861 (same). As a result, in securities actions "where there are numerous individual potential plaintiffs, and where each individual's recovery might be relatively small, a class action is the preferred litigation model." *Dougherty*, 2020 WL 3481322, at *9; *see also Zwick Partners*, 2019 WL 1450546, at *15 ("the relatively small amount of individual damages and the similarity of claims give class members little interest in individually controlling separate actions"). This action is no different.

Moreover, the class action mechanism is far superior here, when compared to numerous individual shareholder actions and the impact they would have on the District's dockets. "Given Defendants' alleged violation of the federal securities law and its impact on a large number of geographically dispersed investors, a class action is the superior vehicle for adjudication of the claims. The alternative would be to have (potentially) thousands of individual actions, which is likely impractical for most investors, and which would risk burdening the judicial system." *Schuh*, 2014 WL 4716231, at *14; *accord Dougherty*, 2020 WL 3481322, at *10. Nor do Plaintiffs foresee any management difficulties in maintaining this case as a class action centralized in this District. Identifying and providing notice to Class members is administratively feasible and can be accomplished using procedures for claims administration that are routinely approved and utilized in

- 14 -

similar cases throughout the country. The proposed Class therefore meets Rule 23's requirements. *See Cosby*, 2020 WL 3548379, at \*29-\*30 (superiority of class action established in federal securities action).[8]

### D. The Court Should Appoint Plaintiffs' Choice of Counsel as Class Counsel Under Rule 23(g)

In deciding to appoint class counsel under Rule 23(g), the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's relevant experience and knowledge of applicable law; and (iii) the resources that counsel will commit to representing the class. The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. *Id.* Robbins Geller and Levi & Korsinsky satisfy these requirements.

Robbins Geller, a 200-attorney firm, regularly represents investors in nationwide securities litigation, including within the Sixth Circuit.[9] District courts in Tennessee and throughout the country have noted Robbins Geller's reputation for excellence. *See, e.g.*, *St. Clair Cty. Emps.' Ret. Sytem v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at \*6 (M.D. Tenn. Jan. 9, 2019) (appointing Robbins Geller as lead counsel, finding that "this Court has previously found Robbins Geller to be 'well qualified' for the task of representing a class in a securities action"); *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122 (M.D. Tenn. June 26, 2017) (certifying class and appointing Robbins Geller as class counsel); *Psychiatric Sols.*, 2010 WL 1790763, at \*4 (finding Robbins Geller attorneys to be

---

[8]   The mere existence of a parallel state court action here (*Babbidge v. U.S. Xpress Enterprises, Inc., et al.*, No. 18-C-1303 (Tenn. Cir. Ct.)) does not render this federal class action less than superior, because the state court has not even resolved the pending motion to dismiss, or proceeded to briefing on class certification. *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1185 (N.D. Cal. 2017) (finding superiority of federal class action asserting Securities Act claims because, *inter alia*, the procedural posture of the parallel state court action trailed behind the federal action).

[9]   Detailed descriptions of Robbins Geller's and Levi & Korsinsky's track record, resources, and attorneys are attached hereto as Exs. D-E.

"well qualified and experienced to represent the class"). Robbins Geller attorneys are responsible for obtaining some of the largest securities fraud class action recoveries ever obtained in Tennessee. *See, e.g.*, *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, ECF No. 567 at 12-13 (M.D. Tenn. Apr. 11, 2016) (in granting final approval to a $215 million recovery, the largest securities class action recovery ever in Tennessee, recognizing that Robbins Geller and its local counsel "were gladiators" and expressing the court's "appreciat[ion for] the work that you all have done on this").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz. June 30, 2020). Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in this Circuit in *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery), and the largest recoveries in five other circuits.[10] Robbins Geller also achieved a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc., and its CEO committed securities fraud. Thus, the Court can

---

[10] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4828-0552-9029.v1

be assured that by approving the selection of Robbins Geller as class counsel, the putative class will receive the highest caliber of representation.

Likewise, Levi & Korsinsky has been appointed to represent investor classes throughout the country and in this Circuit, resulting in the recovery of hundreds of millions of dollars for aggrieved shareholders. *See, e.g.*, *Vrakas v. United States Steel Corp.*, No. CV 17-579, 2019 WL 7372041, at *6 (W.D. Pa. Dec. 31, 2019) (finding Levi & Korsinsky adequately qualified under Rule 23 and appointing the firm as class counsel); *Rougier v. Applied Optoelectronics Inc.*, 2019 WL 6111303, at *7 (S.D. Tex. Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019) (magistrate's recommendation granting class certification and appointing Levi & Korsinsky as class counsel, which was ultimately adopted by the Court and final approval of settlement pending); *Forman v. Meridian Bioscience Inc.*, C.A. No. 1:17-cv-00774 (S.D. Ohio) (Levi & Korsinsky appointed as lead counsel for class in securities fraud action that was ultimately successfully resolved); *In re EndoChoice Holdings, Inc. Sec. Litig.*, C.A. No. 2016-cv-277772 (Fulton Cty. Ga.) (Levi & Korsinsky, after appointment as co-lead counsel for certified class, secured $8.5 million settlement in action stemming from defendant corporation's IPO); *In re Prothena Corporation Plc Sec. Litig.*, 1:18-cv-06425-ALC (S.D.N.Y.) (firm served as co-lead counsel, securing $15.75 million settlement fund against international drug company for false statements about development of lead biopharmaceutical product); *E-Trade Financial Corp. S'holder Litig.*, No. 07-cv-8538 (S.D.N.Y. 2007) (firm served as co-lead counsel in matter that resulted in $79 million recovery for the shareholder class); *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 363 (S.D.N.Y. 2019) ("I find that the attorneys at Levi & Korsinsky have substantial experience in successfully prosecuting complex securities class actions and that Levi & Korsinsky is well qualified to serve as lead counsel in the instant case.").

4828-0552-9029.v1

In light of the firms' expertise and diligent prosecution of the litigation to date, Plaintiffs respectfully submit that the Court should honor their choice of counsel and appoint Robbins Geller and Levi & Korsinsky as class counsel.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (i) certify this action as a class action pursuant to Rule 23(a) and (b)(3); (ii) appoint Plaintiffs as representatives of the proposed Class; and (iii) appoint Robbins Geller and Levi & Korsinsky as class counsel.

DATED:  September 11, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

4828-0552-9029.v1

ROBBINS GELLER RUDMAN
   & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
DEBASHISH BAKSHI (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com
dbakshi@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

Proposed Co-Lead Counsel for the Proposed
Class

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

Local Counsel

BRAGAR EAGEL & SQUIRE, P.C.
W. SCOTT HOLLEMAN (*pro hac vice*)
MARION C. PASSMORE (*pro hac vice*)
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: 646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

Counsel for Plaintiffs Clowdis and Robbins

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 11, 2020, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the e-mail addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
   & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com