# COLLECTIVE EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | | |
|---|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

**NOTICE OF ISSUANCE OF SUBPOENAS *DUCES TECUM* TO NON-PARTIES**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rules 26, 34(c) and 45, of the Federal Rules of Civil Procedure, subpoenas *duces tecum* will be served upon the following non-parties commanding the production of documents set forth in the Schedules A attached hereto:

| Non-Party | Date/Time | Location |
| --- | --- | --- |
| Amazon.com, Inc.<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | October 13, 2020<br>@ 10:00 a.m. EDT | Robbins Geller Rudman<br>    & Dowd LLP<br>261 Old York Road<br>Suite 507A<br>Jenkintown, PA 19046 |
| Dollar General Corp.<br>c/o Corporation Service Company<br>2908 Poston Avenue<br>Nashville, TN 37203-1312 | October 13, 2020<br>@ 10:00 a.m. CDT | Robbins Geller Rudman<br>    & Dowd LLP<br>414 Union Street, Suite 900<br>Nashville, TN 37219 |
| Dollar Tree Stores, Inc.<br>c/o Corporation Service Company<br>2908 Poston Avenue<br>Nashville, TN 37203-1312 | October 13, 2020<br>@ 10:00 a.m. CDT | Robbins Geller Rudman<br>    & Dowd LLP<br>414 Union Street, Suite 900<br>Nashville, TN 37219 |
| FedEx Corporation<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 | October 13, 2020<br>@ 10:00 a.m. EDT | Robbins Geller Rudman<br>    & Dowd LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017 |
| Home Depot U.S.A., Inc.<br>c/o Corporation Service Company<br>2908 Poston Avenue<br>Nashville, TN 37203-1312 | October 13, 2020<br>@ 10:00 a.m. CDT | Robbins Geller Rudman<br>    & Dowd LLP<br>414 Union Street, Suite 900<br>Nashville, TN 37219 |
| The Kroger Co.<br>c/o Corporation Service Company<br>2710 Gateway Oaks Drive<br>Suite 150 N<br>Sacramento, CA 95833-3505 | October 13, 2020<br>@ 10:00 a.m. PDT | Robbins Geller Rudman<br>    & Dowd LLP<br>One Montgomery Street<br>Suite 1800<br>San Francisco, CA 94104 |
| The Proctor & Gamble Distributing Company<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street | October 13, 2020<br>@ 10:00 a.m. EDT | Robbins Geller Rudman<br>    & Dowd LLP<br>261 Old York Road<br>Suite 507A |

Cases\4851-8118-0364.v1-9/22/20

| Non-Party | Date/Time | Location |
|---|---|---|
| Wilmington, DE 19801 | | Jenkintown, PA 19046 |
| Target Corporation<br>c/o CT Corporation System<br>818 West Seventh Street<br>Suite 930<br>Los Angeles, CA 90017 | October 13, 2020<br>@ 10:00 a.m. PDT | Levi & Korsinsky, LLP<br>445 South Figueroa Street<br>31st Floor<br>Los Angeles, CA 90071 |
| Tractor Supply Co.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 | October 13, 2020<br>@ 10:00 a.m. EDT | Robbins Geller Rudman<br>& Dowd LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017 |
| Walmart, Inc.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 | October 13, 2020<br>@ 10:00 a.m. EDT | Robbins Geller Rudman<br>& Dowd LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017 |

The production of documents will take place at the dates, times and locations indicated above, or such other location as is mutually acceptable to the non-parties and Plaintiffs'[1] counsel. The productions of documents are pursuant to the subpoenas *duces tecum* issued by Plaintiffs' counsel on behalf of the United States District Court for the Eastern District of Tennessee, requesting "documents only" productions. No testimony is required by the subpoenas, and no one need appear for the non-parties or for any of the parties in this action at this time.

PLEASE TAKE FURTHER NOTICE that the above-listed non-parties may be held in contempt of court pursuant to Fed. R. Civ. P. 45(g) if they fail without adequate excuse to obey the subpoenas served upon them and that the non-parties have certain legal rights in response to Plaintiffs' subpoenas served upon them as provided in Fed. R. Civ. P. 45(d) and (e).[2]

---

[1] "Plaintiffs" are Lead Plaintiff Deirdre Terry and Named Plaintiffs Charles Clowdis and Bryan K. Robbins.

[2] These rights are reproduced in full on page three of the subpoenas served upon the non-parties

Cases\4851-8118-0364.v1-9/22/20

DATED:  September 22, 2020

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHRISTOPHER M. WOOD, #032977

_____
            CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
DEBASHISH BAKSHI (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com
dbakshi@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
SEBASTIANO TORNATORE (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com
stornatore@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

- 3 -

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
W. SCOTT HOLLEMAN (*pro hac vice*)
MARION C. PASSMORE (*pro hac vice*)
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: 646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

## DECLARATION OF SERVICE BY E-MAIL

I, MICHELLE BURCH, hereby declare that on September 22, 2020, I served the attached

NOTICE OF ISSUANCE OF SUBPOENAS *DUCES TECUM* TO NON-PARTIES by e-mail on the

parties to the within action addressed as follows:

| NAME | FIRM | EMAIL |
|------|------|-------|
| C. Crews Townsend<br>Meredith Lee<br>832 Georgia Avenue,<br>Suite 1200<br>Chattanooga, TN 37402<br>Tel: (423) 785-8297 | MILLER & MARTIN, PLLC | crews.townsend@millermartin.com<br>meredith.lee@millermartin.com |
| Jonathan Rosenberg<br>William J. Sushon<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000 | O'MELVENY & MYERS LLP | jrosenberg@omm.com<br>wsushon@omm.com |
| Philip B. Whitaker, Jr.<br>633 Chestnut Street,<br>Suite 1900<br>Chattanooga, TN 37450<br>Tel: (423) 209-4182 | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. | pwhitaker@bakerdonelson.com |
| Jessica P. Corley<br>Lisa R. Bugni<br>Brandon R. Keel<br>Logan R. Hobson<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>Tel: (404) 572-4600 | KING & SPALDING LLP | jpcorley@kslaw.com<br>lbugni@kslaw.com<br>bkeel@kslaw.com<br>lhobson@kslaw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on

September 22, 2020, at Petaluma, California

s/ Michelle Burch
MICHELLE BURCH

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

| | |
|---|---|
| LEWIS STEIN, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. 1:19-cv-00098-TRM-CHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amazon.com, Inc.
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP 261 Old York Road, Ste. 507A, Jenkintown, PA 19046 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time: 10/13/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2020

CLERK OF COURT

_____      OR      _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al. , who issues or requests this subpoena, are:

Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN 37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## I.      DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.      "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.      "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.      "Amazon" means Amazon.com, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

4.      "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

5.      "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

6.      "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

1

7.     "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

8.     "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

9.     "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

10.     "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any

format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

11.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

12.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

13.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

14. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

15. "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

16. "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

17. "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18. "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19. "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20.     "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28. "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29. "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30. "All/any/each." The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31. "And/or." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32. Singular/plural. The use of the singular form of any word includes the plural, and vice versa.

## II. INSTRUCTIONS

1. All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2. In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the

possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

    (a)     which privilege is claimed;

    (b)     who is asserting the privilege;

    (c)     a precise statement of the facts upon which said claim of privilege is based; and

    (d)     the following information describing each purportedly privileged Document:

        (i)     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

        (ii)    a brief description sufficient to identify its subject matter and the purpose of the Document;

        (iii)   the date it was prepared;

(iv)     the date it bears;

(v)      the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.       If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.       If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.       You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.     Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.     If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)     whether the Document is missing or lost;

(ii)    whether the Document has been destroyed;

(iii)   whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)    whether the Document has been otherwise disposed of; and

(v)     a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.    With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.     RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV. DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Amazon, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Amazon.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Amazon and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Amazon.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Amazon requirements, bid solicitation and processes, and negotiations of such contracts.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Amazon concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Amazon's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Amazon concerning the availability of truckers or equipment for servicing the routes requested by Amazon.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

REQUEST FOR PRODUCTION NO. 14:

All Documents concerning any cost-reduction initiatives at USX.

4849-8870-8556.v1-9/22/20

<u>REQUEST FOR PRODUCTION NO. 15</u>:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Amazon.

<u>REQUEST FOR PRODUCTION NO. 16</u>:

All Documents concerning USX's truck driver hiring and retention rates and policies.

<u>REQUEST FOR PRODUCTION NO. 17</u>:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Amazon.

<u>REQUEST FOR PRODUCTION NO. 18</u>:

All Documents concerning the IPO, including any Offering Documents.

<u>REQUEST FOR PRODUCTION NO. 19</u>:

All Documents regarding the Action.

<u>REQUEST FOR PRODUCTION NO. 20</u>:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

4849-8870-8556.v1-9/22/20

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

| | |
|---|---|
| LEWIS STEIN, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:19-cv-00098-TRM-CHS |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DOLLAR GENERAL CORP.
c/o Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312

_____

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP | Date and Time: |
|---|---|
| 414 Union Street, Suite 900, Nashville, TN 37219 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | 10/13/2020 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2020

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al.
_____ , who issues or requests this subpoena, are:
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN  37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## I.  DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.  "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.  "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.  "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.  "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.  "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.  "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.  "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.      "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.      "Dollar General" means Dollar General Corporation, and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

10.     "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact

managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

11.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

12.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

13.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

14.     "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the

Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

15.    "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

16.    "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

17.    "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18.    "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19.    "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20.    "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

4

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business.  If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(a)      which privilege is claimed;

(b)      who is asserting the privilege;

(c)      a precise statement of the facts upon which said claim of privilege is based; and

(d)      the following information describing each purportedly privileged Document:

(i)      a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

(ii)      a brief description sufficient to identify its subject matter and the purpose of the Document;

(iii)      the date it was prepared;

(iv)      the date it bears;

(v)      the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)      whether the Document is missing or lost;

(ii)     whether the Document has been destroyed;

(iii)    whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)     whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV. DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Dollar General, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Dollar General.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Dollar General and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Dollar General.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Dollar General requirements, bid solicitation and processes, and negotiations of such contracts.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

<u>REQUEST FOR PRODUCTION NO. 7</u>:

All Documents concerning any projections provided to USX by Dollar General concerning expected demand for services to be provided by USX.

<u>REQUEST FOR PRODUCTION NO. 8</u>:

All Documents concerning USX's ability to meet Dollar General's trucking-related demands.

<u>REQUEST FOR PRODUCTION NO. 9</u>:

All Documents concerning any projections provided by USX to Dollar General concerning the availability of truckers or equipment for servicing the routes requested by Dollar General.

<u>REQUEST FOR PRODUCTION NO. 10</u>:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

<u>REQUEST FOR PRODUCTION NO. 11</u>:

All Documents concerning any requests for modification of the amounts to paid to USX.

<u>REQUEST FOR PRODUCTION NO. 12</u>:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

REQUEST FOR PRODUCTION NO. 14:

All Documents concerning any cost-reduction initiatives at USX.

REQUEST FOR PRODUCTION NO. 15:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Dollar General.

REQUEST FOR PRODUCTION NO. 16:

All Documents concerning USX's truck driver hiring and retention rates and policies.

REQUEST FOR PRODUCTION NO. 17:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Dollar General.

REQUEST FOR PRODUCTION NO. 18:

All Documents concerning the IPO, including any Offering Documents.

REQUEST FOR PRODUCTION NO. 19:

All Documents regarding the Action.

REQUEST FOR PRODUCTION NO. 20:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

Cases\4846-0912-4044.v1-9/22/20

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

|  |  |  |
|---|---|---|
| LEWIS STEIN, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         DOLLAR TREE STORES, INC.
c/o Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP<br>414 Union Street, Suite 900, Nashville, TN 37219<br>Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time:<br><br>10/13/2020 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         09/22/2020

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_                     OR                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Deirdre Terry, et al.
, who issues or requests this subpoena, are:
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN  37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(Dollar Tree Stores, Inc.)**

## I.    DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.    "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.    "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.    "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.    "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.    "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.    "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.  "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.  "Dollar Tree" means Dollar Tree Stores, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

10. "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact

Cases\4846-6424-0076.v1-9/22/20

managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

11.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

12.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

13.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

14.     "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the

Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

15. "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

16. "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

17. "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18. "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19. "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20. "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

        (a)     which privilege is claimed;

        (b)     who is asserting the privilege;

        (c)     a precise statement of the facts upon which said claim of privilege is based; and

        (d)     the following information describing each purportedly privileged Document:

                (i)     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

                (ii)    a brief description sufficient to identify its subject matter and the purpose of the Document;

                (iii)   the date it was prepared;

                (iv)    the date it bears;

                (v)     the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)      whether the Document is missing or lost;

(ii)     whether the Document has been destroyed;

(iii)    whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)     whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV.    DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Dollar Tree, who exchanged any Documents, with any of the Defendants during the Relevant Period.

REQUEST FOR PRODUCTION NO. 2:

All contracts, agreements, or understandings by and between USX and Dollar Tree.

REQUEST FOR PRODUCTION NO. 3:

All Documents concerning any contracts between Dollar Tree and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

REQUEST FOR PRODUCTION NO. 4:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Dollar Tree.

REQUEST FOR PRODUCTION NO. 5:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Dollar Tree requirements, bid solicitation and processes, and negotiations of such contracts.

10

REQUEST FOR PRODUCTION NO. 6:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Dollar Tree concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Dollar Tree's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Dollar Tree concerning the availability of truckers or equipment for servicing the routes requested by Dollar Tree.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

<u>REQUEST FOR PRODUCTION NO. 14</u>:

All Documents concerning any cost-reduction initiatives at USX.

<u>REQUEST FOR PRODUCTION NO. 15</u>:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Dollar Tree.

<u>REQUEST FOR PRODUCTION NO. 16</u>:

All Documents concerning USX's truck driver hiring and retention rates and policies.

<u>REQUEST FOR PRODUCTION NO. 17</u>:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Dollar Tree.

<u>REQUEST FOR PRODUCTION NO. 18</u>:

All Documents concerning the IPO, including any Offering Documents.

<u>REQUEST FOR PRODUCTION NO. 19</u>:

All Documents regarding the Action.

<u>REQUEST FOR PRODUCTION NO. 20</u>:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

Cases\4846-6424-0076.v1-9/22/20

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

| | |
|---|---|
| LEWIS STEIN,  et al., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. 1:19-cv-00098-TRM-CHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
FEDEX CORPORATION
c/o CT Corporation System, 28 Liberty Street, New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP 125 Park Avenue, 25th Floor, New York, NY 10017 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time: 10/13/2020 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/22/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al. _____ , who issues or requests this subpoena, are:

Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN  37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(FedEx Corporation)**

## I.   DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.     "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.     "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.     "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.     "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.     "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.     "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.     "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.      "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.      "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10. "FedEx" means FedEx Corporation, and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

11. "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

12. "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

13. "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

14. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the

Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

15.     "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

16.     "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

17.     "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18.     "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19.     "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20.     "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

4

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.      All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.      In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business.  If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

    (a)      which privilege is claimed;

    (b)      who is asserting the privilege;

    (c)      a precise statement of the facts upon which said claim of privilege is based; and

    (d)      the following information describing each purportedly privileged Document:

        (i)      a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

        (ii)      a brief description sufficient to identify its subject matter and the purpose of the Document;

        (iii)      the date it was prepared;

        (iv)      the date it bears;

        (v)      the date it was sent;

7

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.       If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.       If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.       You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.       Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

4824-3490-1964.v1-9/22/20

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.     If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

> (i)     whether the Document is missing or lost;
>
> (ii)     whether the Document has been destroyed;
>
> (iii)     whether the Document has been transferred or delivered to another person and, if so, at whose request;
>
> (iv)     whether the Document has been otherwise disposed of; and
>
> (v)     a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.     RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

4824-3490-1964.v1-9/22/20

## IV.   DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of FedEx, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and FedEx.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between FedEx and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to FedEx.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, FedEx requirements bid solicitation and processes, and negotiations of such contracts.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning any projections provided to USX by FedEx concerning expected demand for services to be provided by USX.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning USX's ability to meet FedEx's trucking-related demands.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any projections provided by USX to FedEx concerning the availability of truckers or equipment for servicing the routes requested by FedEx.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning any requests for modification of the amounts to paid to USX.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any cost-reduction initiatives at USX.

REQUEST FOR PRODUCTION NO. 15:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to FedEx.

REQUEST FOR PRODUCTION NO. 16:

All Documents concerning USX's truck driver hiring and retention rates and policies.

REQUEST FOR PRODUCTION NO. 17:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to FedEx.

REQUEST FOR PRODUCTION NO. 18:

All Documents concerning the IPO, including any Offering Documents.

REQUEST FOR PRODUCTION NO. 19:

All Documents regarding the Action.

REQUEST FOR PRODUCTION NO. 20:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

4824-3490-1964.v1-9/22/20

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

| | |
|---|---|
| LEWIS STEIN, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:19-cv-00098-TRM-CHS |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

HOME DEPOT U.S.A., INC.

To: c/o Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP 414 Union Street, Suite 900, Nashville, TN 37219 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time: 10/13/2020 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2020

| CLERK OF COURT | OR | _[signature]_ |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al. _____ , who issues or requests this subpoena, are:

Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN 37219, cwood@rgrdlaw.com, 615-244-2203

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(Home Depot U.S.A., Inc.)**

# I.    DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.    "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.    "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.    "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.    "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.    "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.    "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

1

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.     "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.     "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10.     "Home Depot" means Home Depot U.S.A., Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

11.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

12.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

13.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

14.     "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the

Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

15.  "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

16.  "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

17.  "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18.  "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19.  "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20.  "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.      All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.      In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(a)      which privilege is claimed;

(b)      who is asserting the privilege;

(c)      a precise statement of the facts upon which said claim of privilege is based; and

(d)      the following information describing each purportedly privileged Document:

(i)      a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

(ii)      a brief description sufficient to identify its subject matter and the purpose of the Document;

(iii)      the date it was prepared;

(iv)      the date it bears;

(v)      the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)      whether the Document is missing or lost;

(ii)      whether the Document has been destroyed;

(iii)      whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)      whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.      With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.      RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV.     DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Home Depot, who exchanged any Documents, with any of the Defendants during the Relevant Period.

REQUEST FOR PRODUCTION NO. 2:

All contracts, agreements, or understandings by and between USX and Home Depot.

REQUEST FOR PRODUCTION NO. 3:

All Documents concerning any contracts between Home Depot and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

REQUEST FOR PRODUCTION NO. 4:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Home Depot.

REQUEST FOR PRODUCTION NO. 5:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Home Depot requirements, bid solicitation and processes, and negotiations of such contracts.

REQUEST FOR PRODUCTION NO. 6:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Home Depot concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Home Depot's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Home Depot concerning the availability of truckers or equipment for servicing the routes requested by Home Depot.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

REQUEST FOR PRODUCTION NO. 14:

All Documents concerning any cost-reduction initiatives at USX.

REQUEST FOR PRODUCTION NO. 15:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Home Depot.

REQUEST FOR PRODUCTION NO. 16:

All Documents concerning USX's truck driver hiring and retention rates and policies.

REQUEST FOR PRODUCTION NO. 17:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Home Depot.

REQUEST FOR PRODUCTION NO. 18:

All Documents concerning the IPO, including any Offering Documents.

REQUEST FOR PRODUCTION NO. 19:

All Documents regarding the Action.

REQUEST FOR PRODUCTION NO. 20:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

| | | |
|---|---|---|
| LEWIS STEIN, et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: THE PROCTOR & GAMBLE DISTRIBUTING COMPANY
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St. Wilmington, DE 19801

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP<br>261 Old York Road, Suite 507A, Jenkintown, PA 19046<br>Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time:<br><br>10/13/2020 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/22/2020

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Deirdre Terry, et al.
_____ , who issues or requests this subpoena, are:

Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN 37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(The Proctor & Gamble Distributing Company)**

## I.    DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.    "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.    "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.    "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.    "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.    "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.    "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.      "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.      "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

11.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

12.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

13.     "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

14.     "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

15.     "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

16.     "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

17.     "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

18.     "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

19.     "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

20.     "Proctor & Gamble" means The Proctor & Gamble Distributing Company, and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.        Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.        If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

   (a) which privilege is claimed;

   (b) who is asserting the privilege;

   (c) a precise statement of the facts upon which said claim of privilege is based; and

   (d) the following information describing each purportedly privileged Document:

     (i) a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

     (ii) a brief description sufficient to identify its subject matter and the purpose of the Document;

     (iii) the date it was prepared;

     (iv) the date it bears;

     (v) the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

> (i)      whether the Document is missing or lost;
>
> (ii)      whether the Document has been destroyed;
>
> (iii)      whether the Document has been transferred or delivered to another person and, if so, at whose request;
>
> (iv)      whether the Document has been otherwise disposed of; and
>
> (v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.      With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.      RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV.    DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Proctor & Gamble, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Proctor & Gamble.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Proctor & Gamble and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Proctor & Gamble.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Proctor & Gamble requirements, bid solicitation and processes, and negotiations of such contracts.

REQUEST FOR PRODUCTION NO. 6:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Proctor & Gamble concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Proctor & Gamble's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Proctor & Gamble concerning the availability of truckers or equipment for servicing the routes requested by Proctor & Gamble.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any cost-reduction initiatives at USX.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Proctor & Gamble.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning USX's truck driver hiring and retention rates and policies.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Proctor & Gamble.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning the IPO, including any Offering Documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents regarding the Action.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▾

LEWIS STEIN, et al.,
_____
Plaintiff
v.
U.S. XPRESS ENTERPRISES, INC., et al.
_____
Defendant

)
)
)
)
)
)

Civil Action No. 1:19-cv-00098-TRM-CHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  TARGET CORPORATION
c/o CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

　　See Attached Schedule A

| Place: Levi & Korsinsky, LLP<br>Christopher Wood c/o Shannon L. Hopkins<br>445 South Figueroa St. 31st FL, Los Angeles, CA 90071 | Date and Time:<br><br>10/13/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　09/22/2020

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al.
_____
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN 37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
## (Target Corporation)

## I.     DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.     "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.     "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.     "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.     "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.     "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.     "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.     "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

1

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.      "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.      "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10. "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

11. "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

12. "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

13. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

14.     "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

15.     "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

16.     "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

17.     "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

18.     "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

19.     "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

20.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

21.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created,

4

generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

22. "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

23. "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

24. "SEC" means the United States Securities and Exchange Commission.

25. 25. "Target" means the Target Corporation, and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

26. "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27. "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28. "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(a)      which privilege is claimed;

(b)      who is asserting the privilege;

(c)      a precise statement of the facts upon which said claim of privilege is based; and

(d)      the following information describing each purportedly privileged Document:

(i)      a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

(ii)      a brief description sufficient to identify its subject matter and the purpose of the Document;

(iii)      the date it was prepared;

(iv)      the date it bears;

(v)      the date it was sent;

(vi)     the date it was received;

(vii)     the identity of the person preparing it;

(viii)     the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)     a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)     a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.     If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.     If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.     You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.     Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)      whether the Document is missing or lost;

(ii)     whether the Document has been destroyed;

(iii)    whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)     whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV. DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Target, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Target.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Target and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Target.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Target requirements, bid solicitation and processes, and negotiations of such contracts.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Target concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Target's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Target concerning the availability of truckers or equipment for servicing the routes requested by Target.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

REQUEST FOR PRODUCTION NO. 14:

All Documents concerning any cost-reduction initiatives at USX.

REQUEST FOR PRODUCTION NO. 15:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Target.

REQUEST FOR PRODUCTION NO. 16:

All Documents concerning USX's truck driver hiring and retention rates and policies.

REQUEST FOR PRODUCTION NO. 17:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Target.

REQUEST FOR PRODUCTION NO. 18:

All Documents concerning the IPO, including any Offering Documents.

REQUEST FOR PRODUCTION NO. 19:

All Documents regarding the Action.

REQUEST FOR PRODUCTION NO. 20:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee ▼

|  |  |  |  |
|---|---|---|---|
| LEWIS STEIN, et al., | ) | | |
| _____ | ) | | |
| *Plaintiff* | ) | Civil Action No. | 1:19-cv-00098-TRM-CHS |
| v. | ) | | |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) | | |
| _____ | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     THE KROGER CO.
c/o Corporation Service Company, 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833-3505

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP | Date and Time: |
|---|---|
| One Montgomery St., #1800, San Francisco, CA 94104 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | 10/13/2020 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/22/2020

CLERK OF COURT

                                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Deirdre Terry, et al.
_____ , who issues or requests this subpoena, are:
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN 37219, cwood@rgrdlaw.com, 615-244-2203

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
## (The Kroger Co.)

## I.     DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.      "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.      "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.      "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.      "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.      "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.      "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.      "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.    "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.    "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10. "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

11. "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

12. "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

13. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

14. "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

15. "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

16. "Kroger" means The Kroger Co., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

17. "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18. "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

19. "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

20. "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

21.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

22.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

23.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

24.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

25.     "SEC" means the United States Securities and Exchange Commission.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.     Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.     If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(a)     which privilege is claimed;

(b)     who is asserting the privilege;

(c)     a precise statement of the facts upon which said claim of privilege is based; and

(d)     the following information describing each purportedly privileged Document:

(i)     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

(ii)     a brief description sufficient to identify its subject matter and the purpose of the Document;

(iii)     the date it was prepared;

(iv)     the date it bears;

(v)     the date it was sent;

(vi) the date it was received;

(vii) the identity of the person preparing it;

(viii) the identity of the person sending it;

(ix) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x) a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi) all persons to whom its contents have been disclosed; and

(xii) a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5. If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6. If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7. You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8. Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9. If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

      (i)      whether the Document is missing or lost;

      (ii)      whether the Document has been destroyed;

      (iii)      whether the Document has been transferred or delivered to another person and, if so, at whose request;

      (iv)      whether the Document has been otherwise disposed of; and

      (v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10. With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III. RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period. If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well. If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV.   DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Kroger, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Kroger.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Kroger and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Kroger.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Kroger requirements, bid solicitation and processes, and negotiations of such contracts.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning any projections provided to USX by Kroger concerning expected demand for services to be provided by USX.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning USX's ability to meet Kroger's trucking-related demands.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning any projections provided by USX to Kroger concerning the availability of truckers or equipment for servicing the routes requested by Kroger.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning any requests for modification of the amounts to paid to USX.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any cost-reduction initiatives at USX.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Kroger.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning USX's truck driver hiring and retention rates and policies.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Kroger.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning the IPO, including any Offering Documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents regarding the Action.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Tennessee ▼

| | |
|---|---|
| LEWIS STEIN,  et al., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| _Defendant_ | ) |

Civil Action No.  1:19-cv-00098-TRM-CHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
TRACTOR SUPPLY CO.
c/o CT Corporation System, 28 Liberty Street, New York, NY 10005

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP 125 Park Avenue, 25th Floor, New York, NY 10017 Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | Date and Time: 10/13/2020 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/22/2020

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Deirdre Terry, et al.
, who issues or requests this subpoena, are:
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN  37219, cwood@rgrdlaw.com, 615-244-2203

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## I.    DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.    "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.    "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.    "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.    "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.    "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.    "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.      "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.      "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10. "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

11. "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

12. "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

13. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

3

14. "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

15. "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

16. "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

17. "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

18. "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

19. "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

20. "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

21. "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created,

4

generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

22.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

23.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

24.     "SEC" means the United States Securities and Exchange Commission.

25.     "Tractor Supply" means Tractor Supply Co., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

26.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

27.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

28.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

### RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business.  If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

      (a)     which privilege is claimed;

      (b)     who is asserting the privilege;

      (c)     a precise statement of the facts upon which said claim of privilege is based; and

      (d)     the following information describing each purportedly privileged Document:

          (i)     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

          (ii)    a brief description sufficient to identify its subject matter and the purpose of the Document;

          (iii)   the date it was prepared;

          (iv)    the date it bears;

          (v)     the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.      If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)      whether the Document is missing or lost;

(ii)     whether the Document has been destroyed;

(iii)    whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)     whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.     With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV. DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Tractor Supply, who exchanged any Documents, with any of the Defendants during the Relevant Period.

REQUEST FOR PRODUCTION NO. 2:

All contracts, agreements, or understandings by and between USX and Tractor Supply.

REQUEST FOR PRODUCTION NO. 3:

All Documents concerning any contracts between Tractor Supply and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

REQUEST FOR PRODUCTION NO. 4:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Tractor Supply.

REQUEST FOR PRODUCTION NO. 5:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Request for Production No. 4, including sales and promotional materials provided by USX, Tractor Supply requirements, bid solicitation and processes, and negotiations of such contracts.

REQUEST FOR PRODUCTION NO. 6:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Tractor Supply concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Tractor Supply's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Tractor Supply concerning the availability of truckers or equipment for servicing the routes requested by Tractor Supply.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any cost-reduction initiatives at USX.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Tractor Supply.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning USX's truck driver hiring and retention rates and policies.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Tractor Supply.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning the IPO, including any Offering Documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents regarding the Action.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | |
|---|---|
| LEWIS STEIN,  et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| U.S. XPRESS ENTERPRISES, INC., et al. | ) |
| *Defendant* | ) |

Civil Action No. 1:19-cv-00098-TRM-CHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
WALMART, INC.
c/o CT Corporation System, 28 Liberty Street, New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Christopher Wood, Robbins Geller Rudman & Dowd LLP | Date and Time: |
|---|---|
| 125 Park Avenue, 25th Floor, New York, NY 10017<br>Tel.: (615) 244-2203 ~ Email: cwood@rgrdlaw.com | 10/13/2020 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/22/2020

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deirdre Terry, et al.
_____ , who issues or requests this subpoena, are:
Christopher M. Wood, Robbins Geller Rudman & Dowd LLP, 414 Union Street, Suite 900, Nashville, TN  37219, cwood@rgrdlaw.com, 615-244-2203

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-00098-TRM-CHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
## (Walmart, Inc.)

## I.  DEFINITIONS

The following definitions shall apply to each of the document Requests set forth and are deemed to be incorporated in each Request:

1.  "Action" refers to *Stein v. U.S. Xpress Enterprises, Inc., et al.*, No. 1:19-cv-00098, pending in the United States District Court for the Eastern District of Tennessee.

2.  "All" shall include the term "each," and vice-versa, as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

3.  "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

4.  "Complaint" refers to the Lead Plaintiff's Complaint for Violation of the Federal Securities Laws in this Action (ECF No. 57).

5.  "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

6.  "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

7.  "Defendants" refers collectively to U.S. Xpress Enterprises, Inc., the Individual Defendants (defined below), the Underwriter Defendants (defined below), and all of their

corporate parents, subsidiaries, attorneys, accountants, officers, directors, employees, partners, agents, representatives or other persons occupying similar positions or performing similar functions.

8.     "Document(s)" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and shall include but not be limited to the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic Documents and record, and each specific request for Documents shall be deemed to specifically request electronic Documents and records. "Documents" include "Communications," "contracts," "Correspondence," and "Electronic Data."

9.     "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral

drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such Electronic Data is in an active file, deleted file, or file fragment. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "Electronic Data" also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10.     "Identify," when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

11.     "Identify," when used in reference to a natural person, means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

12.     "Identify," when used in reference to an entity other than a natural person, means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

13.     "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, *e.g.*, by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

14.     "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

15.     "IPO" refers to U.S. Xpress Enterprises, Inc.'s June 14, 2018 initial public offering.

16.     "Meeting" or "meetings" means the contemporaneous presence, whether in person or through any means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

17.     "Offering Documents" refers to all Prospectuses, Registration Statements, and Amendments filed in connection with U.S. Xpress Enterprises, Inc.'s June 11, 2018 final Amended Registration Statement, including, but not limited to, the June 11, 2018 final Amended Registration Statement on Form S-1/A; the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4.

18.     "Person" or "persons" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity.  With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

19.     "Plaintiffs" refers to Deirdre Terry, Charles Clowdis, and Bryan K. Robbins.

20.     "Prospectus" means any Prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

21.     "Refer," "relate," "referring" or "relating" means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created,

generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

22.     "Registration Statement" means the Registration Statement and Prospectus filed with the SEC in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

23.     "Road Show" means any meeting in which any Defendant(s) communicated with any current or potential investor concerning the IPO.

24.     "SEC" means the United States Securities and Exchange Commission.

25.     "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., WR Securities LLC, and Stifel, Nicolaus & Company, Inc.

26.     "U.S. Xpress," "USX," or the "Company" means Defendant U.S. Xpress Enterprises, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

27.     "USX Defendants" refers to U.S. Xpress and the Individual Defendants, collectively.

28.     "Walmart" means Walmart, Inc., and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

29.     "You" and "Your" refers to the entity to whom the following Requests are addressed and its agents, representatives, officers, directors, accountants, insurance companies, attorneys, investigators, affiliates, predecessors, and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Your behalf.

## RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

30.     "All/any/each."  The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

31.     "And/or."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

32.     Singular/plural.  The use of the singular form of any word includes the plural, and vice versa.

## II.     INSTRUCTIONS

1.     All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.     In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees,

attorneys, accountants or other representatives.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

3.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business.  If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(a)     which privilege is claimed;

(b)     who is asserting the privilege;

(c)     a precise statement of the facts upon which said claim of privilege is based; and

(d)     the following information describing each purportedly privileged Document:

(i)     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

(ii)    a brief description sufficient to identify its subject matter and the purpose of the Document;

(iii)   the date it was prepared;

(iv)    the date it bears;

(v)     the date it was sent;

(vi)     the date it was received;

(vii)    the identity of the person preparing it;

(viii)   the identity of the person sending it;

(ix)     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(x)      a statement as to whom each identified person represented or purported to represent at all relevant times;

(xi)     all persons to whom its contents have been disclosed; and

(xii)    a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

5.      If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction No. 4, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.      If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, Defendants shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7.      You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8.      Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced

in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

9.       If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(i)       whether the Document is missing or lost;

(ii)      whether the Document has been destroyed;

(iii)     whether the Document has been transferred or delivered to another person and, if so, at whose request;

(iv)     whether the Document has been otherwise disposed of; and

(v)      a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

10.      With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## III.    RELEVANT PERIOD

All Requests herein refer to the period of January 1, 2017, through the date of Document production (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that relate, in whole or in part, to such period even though dated, prepared or received before or after that period.  If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## IV. DOCUMENTS REQUESTED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Walmart, who exchanged any Documents, with any of the Defendants during the Relevant Period.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All contracts, agreements, or understandings by and between USX and Walmart.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All Documents concerning any contracts between Walmart and USX, including Documents concerning: (a) the lengths and terms of those contracts; (b) volume requirements or commitments; (c) sales, pricing, revenue, and margin information; (d) whether those contracts were to be serviced by USX's over-the-road segment or dedicated segment; and (e) any potential terminations, amendments, or changes to those contracts made, proposed, or discussed prior to the IPO.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All Documents concerning contracts with USX concerning USX's provision of trucking-related services to Walmart.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All Documents concerning any process leading up to the entry into or renewal or amendment of the contracts identified in Document Request No. 4, including sales and promotional materials provided by USX, Walmart requirements, bid solicitation and processes, and negotiations of such contracts.

REQUEST FOR PRODUCTION NO. 6:

All Documents concerning compliance and consequences of non-compliance with the contracts identified in Document Request No. 4.

REQUEST FOR PRODUCTION NO. 7:

All Documents concerning any projections provided to USX by Walmart concerning expected demand for services to be provided by USX.

REQUEST FOR PRODUCTION NO. 8:

All Documents concerning USX's ability to meet Walmart's trucking-related demands.

REQUEST FOR PRODUCTION NO. 9:

All Documents concerning any projections provided by USX to Walmart concerning the availability of truckers or equipment for servicing the routes requested by Walmart.

REQUEST FOR PRODUCTION NO. 10:

All Documents concerning money paid, payable, or to be paid to USX, including discounts, rebates, penalties, or other adjustments of monies to be paid to USX.

REQUEST FOR PRODUCTION NO. 11:

All Documents concerning any requests for modification of the amounts to paid to USX.

REQUEST FOR PRODUCTION NO. 12:

All Documents concerning USX's allocation of truck drivers to each of the Company's segments, including Documents showing the reallocation of drivers between the over-the-road segment and the dedicated segment.

REQUEST FOR PRODUCTION NO. 13:

All Documents concerning USX's efforts to grow or solicit business for its dedicated segment.

<u>REQUEST FOR PRODUCTION NO. 14</u>:

All Documents concerning any cost-reduction initiatives at USX.

<u>REQUEST FOR PRODUCTION NO. 15</u>:

All Documents concerning age and condition of equipment to be utilized by USX in connection with its provision of trucking-related services to Walmart.

<u>REQUEST FOR PRODUCTION NO. 16</u>:

All Documents concerning USX's truck driver hiring and retention rates and policies.

<u>REQUEST FOR PRODUCTION NO. 17</u>:

All Documents concerning USX's compensation packages, compensation of drivers employed or otherwise retained by USX to provide trucking-related services to Walmart.

<u>REQUEST FOR PRODUCTION NO. 18</u>:

All Documents concerning the IPO, including any Offering Documents.

<u>REQUEST FOR PRODUCTION NO. 19</u>:

All Documents regarding the Action.

<u>REQUEST FOR PRODUCTION NO. 20</u>:

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or Electronic Data, or the types of Documents or Electronic Data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

Cases\4836-6547-1436.v1-9/22/20