# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| City of Ann Arbor Employees' Retirement System, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | C/A No.: 4:08-2348-TLW-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER |
| Sonoco Products Co., Harris E. DeLoach, Jr., and Charles J. Hupfer, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the court on the motion [Entry #83] of defendants

Sonoco Products Co., its CEO Harris E. DeLoach, Jr., and Charles J. Hupfer,

("Defendants") dated August 3, 2010, to quash five subpoena duces tecum issued to third

party-customers of Sonoco. Lead plaintiff City of Ann Arbor Employees' Retirement

System ("Plaintiff") issued the subpoenas and opposes the motion to quash. This matter

has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). For the

reasons that follow, the motion is granted in part and denied in part.

I.      Factual and Procedural Background

Sonoco is a global supplier of industrial and consumer packaging and packaging

services headquartered in Hartsville, South Carolina. With over 16,500 employees and

sales of approximately $3.6 billion in 2009, it is also among the largest companies in its

industry. Plaintiff asserts that while Sonoco met or exceeded earnings estimates for

fourteen consecutive periods, in late 2006, it provided certain customers price

concessions. Additionally, Plaintiff asserts that the company lost certain accounts around the same time. Plaintiff argues that Defendants knew that these issues would adversely impact financial results, but failed to report this information. Moreover, Plaintiff argues that the failure to disclose this information artificially inflated the company's stock price, and that during this time period Defendant DeLoach sold 155,000 shares of stock during this time period.

Defendants filed the motion to quash four subpoenas issued from the District of South Carolina (Kraft, Mars, Coca-Cola, and Pepsi subpoenas) and one subpoena issued from the Central District of California ("Nestle subpoena"). The subpoenas all seek:

- Correspondence between [Sonoco customer] and Sonoco concerning any bids made by Sonoco for [customer's] business.

- Correspondence between [Sonoco customer] and Sonoco concerning any price concessions or reductions for services provided or to be provided by Sonoco to [customer] in 2007.

- Correspondence between [Sonoco customer] and Sonoco concerning any reductions in business or volumes in the services provided or to be provided by Sonoco to [customer] in 2007.

*See* [Entry #83-2]. The motion is fully briefed and ripe for ruling.

II.    Discussion

A.    Subpoena Issued from Central District of California

Plaintiff argues that this court lacks jurisdiction to quash the Nestle subpoena from the Central District of California because Fed. R. Civ. P. 45(c)(3) only provides a mechanism for the issuing court to quash or modify a subpoena.  Defendants argue that

2

the court maintains jurisdiction over the Nestle subpoena by virtue of its authority to control discovery.  The court agrees with Plaintiff.

Rule 45(c)(3) provides that the "issuing court" must quash or modify a subpoena. *See Chick-fil-A v. Exxon Mobil Corp.*, No. 08-61422, 2009 WL 2242392 (S.D. Fl. 2009) (citing cases); and *Limon v. Berryco Barge Lines, LLC*, No. G-07-0274, 2009 WL 1347363 (S.D. Tx. 2009) (citing cases). The Advisory Committee Notes to Fed. R. of Civ. P. 45 provide in relevant part:

> Pursuant to Paragraph (a)(2), a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled. Accordingly, a motion to quash such a subpoena if it overbears the limits of the subpoena power must, as under the previous rule, be presented to the court for the district in which the deposition would occur. Likewise, the court in whose name the subpoena is issued is responsible for its enforcement.

134 F.R.D. 525, 670.  The Advisory Committee Notes are in comport with the analysis provided by Wright & Miller, to wit:

> The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued. This makes considerable sense. It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena.

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2463.1 (3d ed.).

Because the Nestle subpoena issued from the Cental District of California, the District of South Carolina is not the proper court to address the motion to quash.

3

Therefore, the court denies Defendants' Motion to Quash with regard to the Nestle subpoena for lack of jurisdiction under Fed. R. Civ. P. 45. The court likewise declines Defendants' invitation to issue an order addressing the matter under Fed. R. Civ. P. 26, as to do so would circumvent the purpose of Rule 45. *See Chick-fil-A*, *supra*, and *Davis Audio Visual, LLC v. Greer*, No. 09-175, 2009 WL 1537892 (D. Colo. 2009) (declining to issue protective orders under Fed. R. Civ. P. 26 when the court lacks jurisdiction under Fed. R. Civ. P. 45).

### B.     Subpoenas Issued by District of South Carolina

#### 1.     Positions of the Parties

Defendants argue the remaining four subpoenas should be quashed, inter alia, because they contain confidential commercial information and trade secrets related to bids, pricing, and business volume. Defs.' Mot. at 4–5 [Entry #83-1].  Defendants also assert that they have provided the requested relevant information directly to Plaintiff. *Id.* at 6–7.   Plaintiff argues that Defendants' standing is limited to protecting their confidential information, which the existing protective order is sufficient to address. Pl.'s Resp. at 3–4 [Entry #87]   Plaintiff further asserts that, if Defendants are correct that the requested documents are duplicative of discovery Defendants previously produced, Defendants have waived any objection to disclosure based on confidentiality or proprietary concerns. *Id.* at 4–5.

#### 2.     Analysis

The court's power to quash subpoenas is governed by Fed. R. Civ. P. 45(c)(3).  It states in relevant part:

> (B) *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>> (i) disclosing a trade secret or other confidential research, development, or commercial information; . . . .

Fed. R. Civ. P. 45(c)(3)(B).  According to the Advisory Committee Notes "Subparagraph (c)(3)(B) identifies circumstances in which a subpoena should be quashed unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the witness." *See* Advisory Committee Notes, 134 F.R.D. 525, 673.

Here, Defendants argue and Plaintiff concedes the documents requested by the subpoena contain confidential commercial information.  Therefore, the burden of proof shifts to Plaintiff to demonstrate it has a substantial need for the information requested. Plaintiff argues that the documents are "highly relevant" to the case, as they could contain the customers' internal memoranda regarding negotiations for price concessions. Plaintiff asserts that the documents "are critical in that they offer details from the customer's perspective on the price concessions and lost volumes that form the backbone of Plaintiff's case . . ." Pl.'s Resp. at 1 [Entry #87].

The court finds Plaintiff has failed to meet its burden of demonstrating a substantial need for relevant information sought in the subpoenas.  Specifically, Plaintiff

5

has failed to demonstrate the information sought is both relevant and unique to the information Defendants have already provided. In its Amended Complaint, Plaintiff states two counts: (1) a violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 and (2) a violation of § 20(A) of the Act. The first count requires Plaintiff to allege "(1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance . . . (5) economic loss; and (6) loss causation." *Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162, 172 n.2 (4th Cir. 2007). The §20(A) count provides for liability of controlling persons.

Plaintiff has argued that Defendants omitted a material fact relating primarily to price concessions given to a major customer that artificially inflated the market prices of Sonoco's securities. However, Plaintiff has failed to demonstrate how the documents sought through the subpoenas will provide information that is relevant to its § 10(b)/10b-5 or § 20(A) claim, much less demonstrate that it has a substantial need for this information. Although Plaintiff argues the information sought will show the "customer's perspective," it has failed to demonstrate that the customers' perspective is relevant to an element of one of the securities fraud claims or to a defense. The only remotely-conceivable relevance the court can infer from the documents sought is the scienter element of the § 10(b) claim, but that scienter relates to the Defendants' state of mind, not the customer's perspective.

Further, Plaintiff has made no showing that the Defendants' production of their correspondence with the five customers that were subpoenaed is deficient. In fact, Plaintiff has submitted no evidence or argument that it has even reviewed the entirety of Defendants' production of over 20,000 documents related to the five accounts in order to assert an allegation of deficiency. Also unavailing is Plaintiff's contention that the documents sought will serve as a "cross-check" on Defendants' production. This argument has found no favor in the courts. *See, e.g., Orbit One Commc'ns, Inc. v. Numerex Corp.*, No. 09-2853, 2009 WL 799975, at *6 n.13 (E.D. La. Mar. 20, 2009) (denying motion to compel documents from third party for purpose of cross-checking party discovery because requesting party failed to make requisite showing necessary to justify costly and burdensome discovery to non-party); *Victory Mkts., Inc. v. Nelson*, No. 81-CV-1370 (HGM), 1982 WL 2278, at *7 (N.D.N.Y. Mar. 26, 1982) (denying motion to enforce subpoenas on third-party banks served as cross-check on defendants' discovery answers where plaintiff made no showing that defendants' responses were deficient). Particularly here, where Plaintiff and Defendants agreed to a discovery protocol, with which Defendants have ostensibly complied, the court finds no merit in Plaintiff's argument that the production was insufficient and needs to be "cross-checked." Therefore, the court grants the motion to quash with regard to the four subpoenas issued from the District of South Carolina to Kraft, Mars, Coca-Cola, and Pepsi.

III.    Conclusion

For the foregoing reasons, the court grants Defendants' motion to quash [Entry #83] as to the subpoenas issued by the District of South Carolina and denies for lack of jurisdiction the motion with respect to the Nestle subpoena issued by the Central District of California.

IT IS SO ORDERED.

October 19, 2010                          Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

8