# ATTACHMENT 3

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. XPRESS ENTERPRISES, INC., *et al.*, <br><br> Defendants. | Civil Action No. 1:19-cv-00098 <br> Judge Travis R. McDonough <br> Magistrate Judge Christopher H. Steger |

## USX DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), and Defendants Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate (collectively, the "Individual Defendants" and, together with USX, the "USX Defendants"), by and through their undersigned counsel, submit the following responses and objections to the First Requests for Production of Documents ("Requests") served by Plaintiffs in connection with the above-captioned action (the "Action").

## GENERAL OBJECTIONS

1.      USX Defendants object to Plaintiffs' demand that they produce all responsive documents within thirty (30) days of service of the Requests. It would be unduly burdensome and impractical for USX Defendants to collect, review, and produce all responsive documents within thirty (30) days of receiving the Requests. USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein on a rolling basis following the parties reaching an agreement on (i) the terms of a protective order governing the use of confidential information produced in the Action, and (ii) a protocol, including

custodians and search terms, to be used by USX Defendants to locate potentially responsive documents.

2.     USX Defendants object to Plaintiffs' demand that responsive documents be produced as they are kept in the usual course of business and that they be organized and labeled to correspond to the categories in the Requests. Such demand seeks to impose an obligation beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein as such documents are maintained in the ordinary course of business.

3.     USX Defendants object to the Requests to the extent that they call for the production of proprietary, confidential, or otherwise commercially sensitive information. USX Defendants' production of documents in response to the Requests is subject to the parties reaching an agreement on the terms of a protective order governing the use of confidential information produced in the Action.

4.     USX Defendants object to the Requests to the extent that they call for the production of information that is neither relevant to any claims or defenses nor proportional to the needs of the case and that therefore fall outside the applicable scope of discovery in the Action.

5.     USX Defendants object to the Requests to the extent that they seek to impose obligations beyond the scope of those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6.     USX Defendants object to the Requests to the extent that they seek production of documents that are outside of USX Defendants' possession, custody, or control. USX Defendants will only produce responsive, non-privileged documents in accordance with the responses and

2

objections contained herein that are within USX Defendants' possession, custody, or control and that can be located with a reasonable search.

7. USX Defendants object to the Requests to the extent that they seek production of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or protection from discovery.

8. USX Defendants object to the Requests to the extent that they call for the production of large volumes of electronically stored information ("ESI") that would be cost prohibitive, unduly burdensome, and disproportionate to the needs of the case. USX Defendants therefore reserve the right to revisit any and all of these Requests and tender additional objections if it is later revealed that an unreasonably large and burdensome number of documents are implicated by any of these Requests and/or the parties are unable to reach agreements on search terms, custodians, date range(s), or other similar measures that are effective in limiting the volume of documents to be collected, reviewed, or produced.

9. USX Defendants object to the Requests to the extent that they demand production of documents for all custodians at USX. USX Defendants will work with Plaintiffs in good faith in an effort to identify a reasonable number of custodians from whom documents and ESI will be collected for the purpose of identifying documents responsive to the Requests.

10. USX Defendants object to the Requests to the extent that they seek production of documents that are publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs have equal access, including but not limited to documents maintained by the United States Securities and Exchange Commission ("SEC").

11. USX Defendants reserve the right to redact from otherwise responsive and non-privileged documents portions thereof that contain information that is (a) irrelevant to the subject matter of the litigation; (b) nonresponsive; and/or (c) privileged or otherwise exempt from discovery.

12. USX Defendants do not in any way waive, or intend to waive, but rather intend to preserve and are preserving the following: (a) all objections as to competency, relevancy, materiality, and admissibility of any documents; (b) all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, any objections based on the undue burden imposed by the Requests; (c) all rights to object on any ground to the use of any of the documents or their subject matter in any proceeding, including the trial of this or any other action; (d) all rights to object on any ground to any further document requests or other discovery requests involving or related to the subject matter of the Requests; and (e) any and all privileges and rights under the Federal Rules of Civil Procedure and the Local Rules of this Court.

## OBJECTIONS TO DEFINITIONS

1. USX Defendants object to the definition of "Board" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose an obligation beyond those prescribed by the Federal Rules of Civil Procedure to the extent that it encompasses any employees "reporting directly to the Board or the Directors, or any internal or external legal, financial, or regulatory advisors to the Board or the Directors." USX Defendants will interpret the term "Board" to mean USX's Board of Directors as constituted during the relevant time period specified herein.

2. USX Defendants object to the definition of "Communication" or "Communications" as vague, overbroad, unduly burdensome, disproportionate to the needs of the

4

case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure to the extent that it encompasses any "attempt to transmit information." USX Defendants will interpret the terms "Communication" or "Communications" to mean the transmittal of information by any means, including but not limited to, speech, letter, facsimile, memorandum, writing, e-mail, or other electronic means, from one person to another.

3. USX Defendants object to the definition of "Concerning" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure to the extent that it includes "effecting" "or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request." USX Defendants will interpret the term "concerning" to mean reflecting, relating to, referring to, describing, discussing, evidencing, addressing, or constituting.

4. USX Defendants object to the definition of "Correspondence" to the extent that it incorporates the definition of the term "Communication," to which USX Defendants object for the reasons explained above.

5. USX Defendants object to the definition of "Defendants" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will interpret the term "Defendants" to mean USX Defendants and the Underwriter Defendants (as defined in the Requests).

6. USX Defendants object to the definition of "Document" to the extent that it incorporates the definitions of the terms "Communications" and "Correspondence," to which USX Defendants object for the reasons explained above.

7. USX Defendants object to the definition of "Electronic Data" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. In responding to the Requests, USX Defendants will conduct a reasonable search for responsive documents available through electronic media sources in accordance with the responses and objections contained herein and per the terms of the parties' anticipated agreement on an appropriate search protocol.

8. USX Defendants object to the definitions of "U.S. Xpress," "USX," or the "Company" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will interpret the terms "U.S. Xpress," "USX," or the "Company" to mean Defendant U.S. Xpress Enterprises, Inc.

9. USX Defendants object to the prescribed meaning and definition of "identify" in the Requests as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will interpret the term "identify" consistent with its common meaning and agree to provide no more information than necessary to identify the requested information, where applicable in the Requests and in accordance with the responses and objections contained herein.

10. USX Defendants object to the term "Road show" as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. USX Defendants will interpret the term "Road Show" to mean any formal meetings with potential USX investors in which any of the USX Defendants or Underwriter Defendants marketed the securities to be sold as part of USX's June 2018 initial public offering ("IPO").

6

11.     USX Defendants object to the definitions of the terms "refer," "relate," "referring" or "relating" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will interpret the terms "refer," "relate," "referring," or "relating" consistent with their common meanings.

12.     USX Defendants object to the definitions of "You" and "Your" as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will interpret the terms "You" and "Your" as referring to the USX Defendants.

## OBJECTIONS TO INSTRUCTIONS

1.     USX Defendants object to Instruction No. 1 as unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure to the extent it demands that all documents "be produced in their original folders, binders, covers or containers, or facsimile thereof." USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein as such documents are maintained in the ordinary course of business.

2.     USX Defendants object to Instruction No. 2 as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure to the extent that it demands USX Defendants to produce documents that are outside of their possession, custody, or control.

3.     USX Defendants object to Instruction No. 3 as vague, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks to require production of

7

documents in their "original" format. USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein as such documents are maintained in the ordinary course of business. USX Defendants will meet and confer on any request to produce an "original" version of a document if such need arises.

4.     USX Defendants object to Instruction Nos. 4 through 6 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. The parties are currently in the process of negotiating a protocol that will specify the information a party shall provide when withholding responsive documents on the basis of privilege. If the parties are unable to reach an agreement on such protocol and depending on the number of privileged documents, USX Defendants will provide either a categorical privilege log or a privilege log for responsive documents that are within the scope of the agreed search and that are withheld on the basis of privilege that specifies, for each document: (a) the privilege(s) or other protection claimed and basis for the claim; (b) the date of the document (with respect to email threads, the date of only the top email in the chain will be set forth); (c) the name of the author(s)/addresser(s), addressee(s), and all recipients of the document (with respect to email threads, the author/addresser, addressee(s), and recipients of only the top email in the chain will be set forth in the author/addresser, addressee(s), and recipient fields of the log) and indicate which if any person identified is an attorney (or an employee of any Defendant's legal department); and (d) a description of the general subject matter contained in the document and the type of document (e.g., letter, memorandum, handwritten notes, etc.) sufficient to allow the requesting party to assess the claimed privilege and/or to allow the Court to rule upon the applicability of the claimed protection.

5. USX Defendants object to Instruction No. 8 as vague, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will follow the process specified in the above response for responsive documents that are redacted on the basis of privilege.

6. USX Defendants object to Instruction No. 9 as vague, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. USX Defendants will not provide information for documents that are outside of their possession, custody, or control.

7. USX Defendants object to Instruction No. 10 to the extent that it seeks to require USX Defendants to provide more information for their objections than required by the Federal Rules of Civil Procedure.

## OBJECTIONS TO HARD COPY AND ESI FORMAT REQUIREMENTS

USX Defendants object to Plaintiffs' hard copy and ESI production format requirements as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure. The parties are in the process of negotiating a protocol to govern the format of productions for hard copy documents and ESI. If the parties are unable to reach an agreement on such protocol, USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein as such documents are maintained in the ordinary course of business and will provide load files with corresponding metadata for such documents.

9

## OBJECTIONS TO RELEVANT TIME PERIOD

USX Defendants object to the time period in the Requests (i.e., January 1, 2017, through the date of document production) as overbroad, unduly burdensome, and disproportionate to the needs of the case. This requested time period goes far beyond the relevant scope of information in this case—indeed, it dates back more than a year prior to USX's June 2018 IPO and extends well past the point by which Plaintiffs allege the "truth" of the alleged false or misleading statements was revealed to the public. The burden of collecting, reviewing, and producing such documents far outweighs any relevant value those documents could have to the case. USX Defendants will produce responsive, non-privileged documents in accordance with the responses and objections contained herein for the time period of January 1, 2018 through November 1, 2018, which USX Defendants consider to be the "relevant time period" for the Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, Objections to Definitions, Objections to Instructions, Objections to Hard Copy and ESI Format Requirements, and Objections to Relevant Time Period set forth above apply to each of the specific requests and are hereby incorporated in each of the specific responses and objections below. In response to certain requests, USX Defendants may restate one or more of their objections for clarity or emphasis. The lack of such specific references or the provision of the specific responses and objections stated below, however, is not intended as, and shall not be deemed to be, a waiver, either in whole or in part, of any of the General Objections, Objections to Definitions, Objections to Instructions, Objections to Hard Copy and ESI Format Requirements, or Objection to Relevant Time Period set forth above. Subject to those General Objections, Objections to Definitions, Objections to Instructions, Objections to Hard Copy and ESI Format Requirements, and Objections to Relevant Time Period, and without waiving any one

10

or more of them, USX Defendants further respond and object to each individual Request as follows.

**REQUEST FOR PRODUCTION NO. 1:**

The current or most recent résumé or curriculum vitae for each Individual Defendant.

**RESPONSE:**

Subject to and without waiving their objections, USX Defendants state that they will produce documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications related to the IPO, any Offering Documents, USX's suitability for an IPO, and any Due Diligence Investigation, including working group lists, deal files, due diligence requests, due diligence interviews, due diligence findings, due diligence checklists or procedural manuals, commitment committee memorandums, drafts of the Registration Statement and Prospectus, internal or other presentations, Road Show materials, lists of invitees and attendees, comfort letters, and any other solicitation materials, Meeting minutes, reports, memoranda, analyses or notes used to sell, market, distribute, publicize or promote the IPO or otherwise concerning the purchase or sale of securities issued in connection with the Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to the IPO, any Offering Documents, USX's suitability for an IPO, and any Due Diligence Investigation," irrespective of whether such documents or communications have any bearing on the claims or defenses at issue in the Action. Notably, on June 30, 2020, the Court presiding over the Action entered an Order (Dkt. No. 91) dismissing Plaintiffs' asserted Exchange Act claims in their entirety, and dismissing Plaintiffs' Securities Act claims with respect to all but two of the statements from USX's Registration Statement that the Complaint alleges were false and/or misleading. Accordingly, and as described in the Court's Order, Plaintiffs' only remaining claims in the Action are based on their contention that the statements from the Registration Statement that

are referenced in paragraphs 112 and 118 of the Complaint were false and/or misleading because (i) USX allegedly was not positioned to "take advantage of the favorable market, by expansion or otherwise, because it could not even cover its Dedicated contracts [due to driver shortages and poor retention] and, in fact, was shifting drivers away from high-margin OTR routes at significant cost to itself," *see* Dkt. No. 91 at 34; and (ii) USX allegedly "lacked sufficient drivers to meet then-present dedicated demand prior to and during the IPO, requiring it to cannibalize the time of OTR drivers at higher cost and lower revenue." *Id.* at 38; *see also id.* at 45-46 (permitting Securities Act claims to proceed on an omissions theory for the same allegedly withheld information concerning the impact of "the cannibalization of OTR drivers by the Dedicated division"). USX Defendants further object to Request No. 2 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 2 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, including organizational charts, sufficient to show the organizational and reporting structure for USX during the Relevant Period, including all organizational charts showing either formal or informal ("dotted line") reporting relationships between or among: (i) any officers, directors, board committees, or business units of USX; (ii) any Persons who owned (directly or indirectly), or represented Persons who owned (directly or indirectly), more than 25% of USX's common stock; and (iii) between or among any of the Persons or entities referenced in subsections (i) through (ii).

**RESPONSE:**

USX Defendants object to Request No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents . . . sufficient to show

the organization and reporting structure for USX" and the other persons or entities referenced in the Request. USX Defendants further object to Request No. 3 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents sufficient to show USX's reporting structure during the relevant time period.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the Offering Documents or USX's other public disclosures issued in connection with the IPO and drafts thereof; all documents concerning such drafts, including notes, summaries, and/or transcripts from any drafting sessions relating to the Offering Documents or other public disclosures issued in connection with the IPO; and any Communications to or from You or any Defendants and the Government or any other third party concerning the IPO or the Offering Documents or any actual or considered disclosures in the Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 4 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 4 as redundant of Request No. 2 and to the extent that the Request seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 4 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

13

## REQUEST FOR PRODUCTION NO. 5:

All Documents related to any actual or considered disclosures in the Offering Documents, including but not limited to, any actual or considered disclosure of trends relating to the driver shortage, its impact on growing the dedicated segment and meeting the existing demand of dedicated customers.

## RESPONSE:

USX Defendants object to Request No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 5 as redundant of Request No. 2 and to the extent that the Request seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 5 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

## REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications related to any valuation of USX or USX securities, including All Documents and Communications concerning USX's share price, market capitalization, or the market, perceived, inherent, actual, or other value of any USX security, common stock, or any of the assets or businesses of USX, including any market studies, market research reports, valuations, comparisons and analysts' reports concerning USX in relation to the IPO or in connection with any Offering Documents.

## RESPONSE:

USX Defendants object to Request No. 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to any valuation of USX or USX securities," irrespective of whether such documents or communications have any bearing on the claims or defenses at issue in the Action. USX

14

Defendants further object to Request No. 6 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the number of shares (including any green shoe allocations) considered or issued in the IPO as well as the price per share (actual or contemplated).

**RESPONSE:**

USX Defendants object to Request No. 7 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents concerning" the number and price of shares issued in the IPO. USX Defendants further object to Request No. 7 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or work product doctrine. USX Defendants also object to Request No. 7 because the number of shares issued in the IPO, and the initial price of such shares, is disclosed in USX's SEC filings, which are matters of public record that are equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the allocation of shares in the IPO.

**RESPONSE:**

USX Defendants object to Request No. 8 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll documents concerning the allocation of shares in the IPO." USX Defendants further object to Request No. 8 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents sufficient to show the allocation of shares issued in USX's IPO.

15

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning actual or anticipated investor demand for USX's shares in the IPO, including any orders for USX shares placed by investors prior to the IPO, or amendments to those orders.

**RESPONSE:**

USX Defendants object to Request No. 9 as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 9 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents sufficient to identify all Persons that You know purchased USX securities in the IPO or in connection with any Offering Documents and the number of shares purchased by such Persons.

**RESPONSE:**

USX Defendants object to Request No. 10 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents sufficient to identify all Persons" that purchased USX securities in, or in connection with, USX's IPO. USX Defendants further object to Request No. 10 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents sufficient to identify the persons who purchased USX securities in, or in connection with, USX's IPO.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning the timing of the IPO, including any Documents related to any consideration made regarding the specific timing of the IPO or consideration of any other potential

16

IPO date, whether before or after the date of the IPO, or any request or effort by USX to accelerate or delay the effective date of the Registration Statement for the IPO.

**RESPONSE:**

USX Defendants object to Request No. 11 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 11 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents or Communications provided to, or received from, the SEC or any government agency concerning the IPO, including any Documents relating to the Offering Documents, or any action considered or taken to correct, amend, supplement any Offering Documents or respond to any questions or requests from these entities.

**RESPONSE:**

USX Defendants object to Request No. 12 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 12 as redundant of Request No. 2 and to the extent that the Request seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 12 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents or Communications between You or any of Your officers, directors, employees, consultants, accountants, or attorneys concerning any conclusion, statement, or observation prepared in connection with the IPO, Road Show or any Meeting regarding whether to disclose any information.

**RESPONSE:**

USX Defendants object to Request No. 13 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. Moreover, this Request not only goes well beyond the claims or defenses at issue in the case, but also well beyond the IPO itself by seeking "[a]ll Documents or Communications" concerning "any Meeting regarding whether to disclose any information." Plaintiffs make no effort to tailor this Request to seek discoverable information that is potentially relevant to the Action.

USX Defendants further object to Request No. 13 to the extent that it is redundant of Request No. 2 and seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications with investors or potential investors concerning the IPO and all documents and Communications concerning investors or potential investors in the IPO.

**RESPONSE:**

USX Defendants object to Request No. 14 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 14 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all documents and Communications concerning investors or potential investors in the IPO." USX Defendants also object to Request No. 14 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged communications with investors or potential investors in the IPO to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning any Road Show and identifying the Road Show's participants and attendees, including, but not limited to, any Documents concerning Road Show materials, presentations, scripts or talking points created, reviewed or otherwise used in connection with the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 15 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 15 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents concerning Road Shows for the IPO to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning any in-person or telephonic Meeting with any investor or potential investor concerning the IPO or any Offering Documents, including any memoranda, agendas, presentations or slides, and handwritten notes.

19

**RESPONSE:**

USX Defendants object to Request No. 16 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 16 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents concerning in-person or telephone meetings with any investor or potential investor concerning the IPO to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents or Communications, presentations, webcast or Meetings (including any presentations, videos, tapes, scripts, talking points or transcripts) prepared in connection with the IPO or any Offering Documents, Road Show, or any Meeting with or for the benefit of any prospective investor in the IPO, including individual shareholders, securities analysts, financial analysts, institutional investors, news media, journalists, investment bankers, brokerage firms, market makers, money managers, commercial banks, rating agencies, or stock markets or securities exchanges.

**RESPONSE:**

USX Defendants object to Request No. 17 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to the use of the phrase "Meeting with or for the benefit of any prospective investor in the IPO" as vague. USX Defendants also object to Request No. 17 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

20

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents and communications prepared in connection with the IPO to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning press releases, published articles, financial analysts' reports, rating agencies' reports, and all drafts thereof, relating to the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 18 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 18 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 18 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications that You or any Defendant sent to, or received from, any securities analysts concerning the IPO or USX, including, but not limited to, any: (1) correspondence or other Communications; (2) press releases; (3) financial statements or reports; (4) analyst reports; (5) Documents filed or to be filed with the SEC; and (6) newspaper articles.

**RESPONSE:**

USX Defendants object to Request No. 19 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 19 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 19 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning media reports of the IPO.

**RESPONSE:**

USX Defendants object to Request No. 20 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 20 to the extent that it seeks production of documents in the public domain that are equally available to Plaintiffs. USX Defendants also object to Request No. 20 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 20 to the extent that such documents relate to the two remaining challenged statements or

Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications that You or any Defendant sent to or received from New York Stock Exchange concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 21 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 21 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 21 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning the efforts made by You, the Underwriter Defendants, the USX Defendants, or any other person to sell, market, distribute, publicize, or promote the common stock sold in or traceable to the IPO or Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 22 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 22 as vague with respect to the use of the term "distribute." USX Defendants also object to Request No. 22 as redundant of Request No. 2

and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 22 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning any "comfort" or opinion letters from attorneys, auditors, accountants, or any other Person concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 23 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 23 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce any non-privileged comfort or opinion letters concerning the IPO or the Offering Documents to the extent that such letters relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning any compensation, fees, bonuses, expenses, reimbursements, costs, compensations, or other remuneration You paid and/or any Defendant received in connection with the IPO or other services provided to or on behalf of USX.

**RESPONSE:**

USX Defendants object to Request No. 24 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 24 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications between You and any Defendant concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 25 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 25 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged communications responsive to Request No. 25 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications related to USX's monthly, quarterly, and annual financial results and forecasts for fiscal years 2017 and 2018.

<u>**RESPONSE**</u>**:**

USX Defendants object to Request No. 26 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to USX's" financial results and forecasts for fiscal years 2017 and 2018, irrespective of whether such documents and communications have any bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 26 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce USX monthly, quarterly, and annual financial results and forecasts to the extent and in the manner that such documents are regularly created and maintained by USX in the ordinary course of business.

<u>**REQUEST FOR PRODUCTION NO. 27**</u>:

All Documents and Communications related to USX's projected profits and the basis for said projections.

<u>**RESPONSE**</u>**:**

USX Defendants object to Request No. 27 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to USX's projected profits and the basis for said projections," irrespective of whether such documents and communications have any bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 27 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce USX's projected profits to the extent and in the manner that such documents are regularly created and maintained by USX in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents prepared, distributed, concerning or used at, before or after any Meeting of the Board, including, without limitation, any minutes, including any exhibits or attachments thereto, agendas, presentations, handouts, board packets, itineraries, notes, invitations, updates, or attendance lists related to or concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 28 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 28 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged minutes and related packages for meetings of USX's Board to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents prepared, distributed, concerning, or used at, before, after or in connection with any Meeting involving USX management or executives, including, without limitation, any minutes, including any exhibits or attachments thereto, agendas, presentations, handouts, board packets, itineraries, notes, invitations, updates or attendance lists related to or concerning the IPO or any Offering Documents.

27

**RESPONSE:**

USX Defendants object to Request No. 29 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 29 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine. USX Defendants also object to the use of the term "management" as vague.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents responsive to Request No. 29 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications related to USX's contracts with its customers, including Documents showing: (a) the lengths and terms of those contracts; (b) sales, pricing, revenue and margin by customer; (c) whether those contracts were part of USX's over-the-road segment or dedicated segment; (d) the performance of those contracts; (e) any terminations, amendments, or changes to those contracts made prior to the IPO; (f) any proposed contract that was not entered into; (g) difficulties in meeting existing and future customer demands as required by those contracts; and (h) customer complaints concerning any USX non-performance of those contracts.

**RESPONSE:**

USX Defendants object to Request No. 30 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to USX's contracts with its customers," irrespective of whether such documents or communications have any bearing on the claims or defenses at issue in the Action. USX

28

Defendants further object to Request No. 30 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning the impact of dedicated customers' changes in demand, shipping lanes/routes or distribution centers on USX's ability to service such changes.

**RESPONSE:**

USX Defendants object to Request No. 31 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. USX Defendants further object to Request No. 31 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents and communications responsive to Request No. 31 to the extent that such documents or communications concern whether USX had sufficient drivers to meet customer demand in its Dedicated division, including to what extent, if any, USX was forced to use drivers from its OTR division to support Dedicated accounts due to driver shortages or retention issues.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to USX's allocation of truck drivers to each of the Company's segments, including documents concerning the reallocation of drivers between the over-the-road segment and the dedicated segment.

**RESPONSE:**

USX Defendants object to Request No. 32 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case. USX Defendants further object to Request No. 32 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents and communications concerning whether USX had sufficient drivers to meet customer demand in its Dedicated division, including to what extent, if any, USX was forced to use drivers from its OTR division to support Dedicated accounts due to driver shortages or retention issues.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning USX's truck utilization on a companywide basis and for the over-the-road and dedicated segments.

**RESPONSE:**

USX Defendants object to Request No. 33 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 33 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning USX's: (a) cost-reduction initiatives; (b) flexibility to adapt to market conditions and market cycles; and (c) long-term enterprise planning.

**RESPONSE:**

USX Defendants object to Request No. 34 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 34 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

30

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications related to USX's driver hiring and retention efforts, including: (a) hiring and retention rates; (b) safety practices; (c) driver compensation; (d) "driver centric initiatives" as described in the Offering Documents; (e) incentive programs; (f) any financial impact of these efforts; (g) any proposed or enacted changes to these efforts; (h) analysis of the impact of these efforts on driver retention; and (i) analysis on USX's competitors' driver hiring and retention efforts.

**RESPONSE:**

USX Defendants object to Request No. 35 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to USX's driver hiring and retention efforts." USX Defendants further object to Request No. 35 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents concerning USX's hiring and retention rates related to whether USX had sufficient drivers to meet customer demand in its Dedicated division, including to what extent, if any, USX was forced to use drivers from its OTR division to support Dedicated accounts due to driver shortages or retention issues.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning USX drivers' complaints relating to load planning, truck maintenance or compensation.

**RESPONSE:**

USX Defendants object to Request No. 36 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 36 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications related to USX's over-the-road segment's and dedicated segment's operating ratios and revenues, including any such documents related to USX's Company-sponsored independent contractor lease program.

**RESPONSE:**

USX Defendants object to Request No. 37 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications related to USX's" OTR and Dedicated divisions' operating ratios and revenues. USX Defendants further object to Request No. 37 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents sufficient to show the operating ratios and revenues for USX's OTR division, Dedicated division, and independent contractor lease program, to the extent and in the manner that such documents were created and maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning variations in driver compensation and company expenses between USX's over-the-road segment and dedicated segment, including driver compensation and company expenses associated with using over-the-road drivers to service dedicated customers.

**RESPONSE:**

USX Defendants object to Request No. 38 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications concerning variations in driver compensation and company expenses between" the OTR and Dedicated divisions. USX Defendants further object to Request No. 38 to the extent that it seeks

Case 1:19-cv-00098-TRM-CHS    Document 112-3    Filed 09/30/20    Page 33 of 49
PageID #: 2297

production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents sufficient to show the overall variation in driver pay and expenses between the OTR and Dedicated divisions to the extent and in the manner that such documents were created and maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning any market studies, trend analyses, consumer perceptions, market research reports, valuations, comparisons, and analysts' reports relating to USX, its products and services, or its business.

**RESPONSE:**

USX Defendants object to Request No. 39 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 39 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 39 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning internal driver hiring and turnover statistics or analysis.

33

**RESPONSE:**

USX Defendants object to Request No. 40 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents and Communications concerning internal driver hiring and turnover statistics or analysis." USX Defendants further object to Request No. 40 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine. USX Defendants also object to the use of the phrase "internal driver hiring" as vague.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce documents sufficient to show USX's driver hiring and turnover statistics to the extent and in the manner that such documents are created and maintained in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning USX's growth prospects and ability sustain such growth, including but not limited to, the potential addition of new customers, the ability to service new customers, the potential loss of customers, and the potential increase or decrease in revenue, expenses and income.

**RESPONSE:**

USX Defendants object to Request No. 41 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 41 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning USX "prioritizing growth in dedicated contract services" as stated in the Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 42 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the reasons explained in response to Request No. 2. USX Defendants further object to Request No. 42 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request to No. 42 to the extent that such documents concern whether USX was unable to prioritize growth in its Dedicated division due to a shortage of drivers and being forced to use drivers from the OTR division to support Dedicated accounts.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications related to USX's November 1, 2018 press release and earnings call and the topics discussed therein.

**RESPONSE:**

USX Defendants object to Request No. 43 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks production not only of "[a]ll Documents and Communications" concerning the November 1, 2018 press release and earnings call, but also all of those related to "the topics discussed therein." USX Defendants further object to Request No. 43 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents and communications concerning USX's November 1, 2018 press release and earnings call.

35

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning presentations to or Meetings with any USX shareholder or any investor, securities analyst, financial analyst, institutional investor, financial publication, reporter, journalist, or investment banker concerning USX, including, without limitation, any talking points, scripts, transcripts, tapes, presentations, handouts or video, or any other Document used at, prepared in connection with or as a result of, such Meetings related to or concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 44 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 44 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 44 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning the periodic tracking of revenue, expenses, and income from the beginning of a reporting period through the reporting of results for that reporting period.

**RESPONSE:**

USX Defendants object to Request No. 45 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents concerning the periodic tracking of revenue, expenses, and income." USX Defendants further object to Request No. 45 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

36

Subject to and without waiving their objections, USX Defendants incorporate their response to Request No. 26.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning: (a) any analysis on the advisability or readiness of USX to conduct an IPO; or (b) any known risks, events or uncertainties that at the time of IPO that impacted or were reasonably likely to impact USX's disclosed financial information or future operating results; or (c) any business recommendations to USX to position itself for an IPO, whether conducted by the Company, the Underwriter Defendants, individuals, the SEC, or other entities engaged by any Defendant to conduct such analysis.

**RESPONSE:**

USX Defendants object to Request No. 46 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 46 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 47:**

All indemnification agreements, hold harmless agreements, or bylaws under which You may claim coverage to satisfy part or all of any possible liabilities as a result of the claims asserted in this Action.

**RESPONSE:**

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 47.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning any proposed or actual agreements (verbal, written, or otherwise) related to the IPO between You and any Defendants, including but not limited, to, the underlying agreement and any proposed or actual indemnification agreement related to the IPO.

37

**RESPONSE:**

USX Defendants object to Request No. 48 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents concerning any proposed or actual agreements related to the IPO" between any Defendants. USX Defendants further object to Request No. 48 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine. USX Defendants also object to the use of the phrase "underlying agreement" as vague.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce any executed indemnification agreements between or among any Defendants.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning Your investment in USX or involvement in the IPO. This request is not limited to the Relevant Period.

**RESPONSE:**

USX Defendants object to Request No. 49 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "[a]ll Documents concerning" any of the USX Defendants' "investment in USX" or "involvement" in the IPO, including the "involvement" of USX itself. USX Defendants further object to Request No. 49 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents concerning any and all insurance policies covering You or any of Your employees, officers, directors, or agents, that may provide or have provided coverage during the Relevant Period, including any loss mitigation insurance or liability sharing arrangements, and options to purchase such insurance or sharing agreements. This request is intended to require production of all insurance policies You have or had in effect during or related to the Relevant

Period, regardless of whether You believe they may afford coverage for the claims asserted in this case, and regardless of whether acquired before or after the initiation of this litigation.

**RESPONSE:**

USX Defendants object to Request No. 50 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 50 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will produce insurance policies for any insurance that may provide coverage for the claims asserted in the Action, in accordance with Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning any lock-up of USX's common stock.

**RESPONSE:**

USX Defendants object to Request No. 51 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 51 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents concerning any USX common stock sold by You or any USX executive officer or director.

**RESPONSE:**

USX Defendants object to Request No. 52 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims

39

or defenses at issue in the Action. USX Defendants further object to Request No. 52 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents concerning any issuance of USX common stock other than through the IPO, including but not limited to any employee incentive plan or the registration of USX common stock owned at any time by You but not registered in the IPO.

**RESPONSE:**

USX Defendants object to Request No. 53 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 53 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 54:**

All appointment books, calendars, logs, or diaries created or maintained by on behalf of You, including Your executive offices or directors and those employees who report or reported to them.

**RESPONSE:**

USX Defendants object to Request No. 54 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 54 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents concerning corporate governance policies and procedures applicable to the Board that are currently in effect or that were in effect at any time during the Relevant Period, including charters, codes of ethics, bylaws, and any drafts or revisions thereto.

**RESPONSE:**

USX Defendants object to Request No. 55 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 55 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents created by You concerning any policy, procedure, or practice regarding the preservation or destruction of the Documents or electronic data, or the types of Documents or electronic data, sought herein, including any changes or modifications to such policies or practices during the Relevant Period.

**RESPONSE:**

USX Defendants object to Request No. 56 as overbroad, unduly burdensome, disproportionate to the needs of the case, seeking information that has no bearing on the claims or defenses at issue in the Action, and improperly seeking "discovery on discovery" without any basis for doing so. USX Defendants further object to Request No. 56 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents concerning any internal investigation by You or the Board concerning the IPO.

**RESPONSE:**

USX Defendants object to Request No. 57 as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 57 to the extent

that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications related to any valuation of USX or USX securities, including All Documents and Communications concerning USX's share price, market capitalization, or the market, perceived, inherent, actual, or other value of any USX security, common stock, or any of the assets or businesses of USX, including any market studies, market research reports, valuations, comparisons and analysts' reports concerning USX in relation to the IPO or in connection with any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 58 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 58 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show any relationship (in addition to the IPO) between any Underwriter Defendant(s) and USX, any Individual Defendant, or any of USX's present and former officers and directors

**RESPONSE:**

USX Defendants object to Request No. 59 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents obtained or received by You from any Person, either in response to a subpoena issued by You or provided to You voluntarily concerning the claims asserted in this action.

**RESPONSE:**

USX Defendants object to Request No. 60 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will produce non-privileged documents responsive to Request No. 60.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents concerning any Meeting between You and the Underwriter Defendants related to or concerning the IPO or any Offering Documents.

**RESPONSE:**

USX Defendants object to Request No. 61 as overbroad, unduly burdensome, and disproportionate to the needs of the case for the same reasons explained in response to Request No. 2. USX Defendants further object to Request No. 61 as redundant of Request No. 2 and to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will conduct a reasonable search for and produce non-privileged documents responsive to Request No. 61 to the extent that such documents relate to the two remaining challenged statements or Plaintiffs' alleged basis for why such statements were false and/or misleading, as described in the Court's Order, Dkt. No. 91 at 32-34, 38-39, 45-46.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to Identify any and all monetary payments, directly or indirectly, from USX to You.

Case 1:19-cv-00098-TRM-CHS    Document 112-3    Filed 09/30/20    Page 44 of 49
PageID #: 2308

**RESPONSE:**

USX Defendants object to Request No. 62 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents concerning or supporting any affirmative defense asserted by any Defendant(s).

**RESPONSE:**

USX Defendants object to Request No. 63 to the extent that it seeks to impose an obligation beyond those prescribed by the Federal Rules of Civil Procedure and seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

Subject to and without waiving their objections, USX Defendants state that they will produce non-privileged documents within the scope of Federal Rule of Civil Procedure 26(a) that they intend to rely upon for any affirmative defense in the Action.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications concerning compensation paid to any USX employee, director, related party or beneficiary thereof upon completion of the IPO.

**RESPONSE:**

USX Defendants object to Request No. 64 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 64 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

44

**REQUEST FOR PRODUCTION NO. 65:**

All Documents concerning the employment and compensation for John W. White, Lisa Quinn Pate and any other USX employee or former USX employee involved in the IPO, including all documents related to:
   (a) any severance package, termination agreement, consulting agreements, claw-back provisions or parachute payments;
   (b) all bonuses and/or other compensation policies, terms and agreements;
   (c) any performance reviews;
   (d) the benchmarking of salaries against peer groups;
   (e) all payments, loans or taxable benefits received from USX; and
   (f) reasons for termination, resignation, retirement or separation from USX or its Board.

**RESPONSE:**

USX Defendants object to Request No. 65 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 65 as vague with respect to the use of the phrase "involved in the IPO." USX Defendants also object to Request No. 65 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications concerning the intended or actual use or disbursement of the net proceeds of the IPO by USX, the Individual Defendants or a related party/entity (including, the Patrick Quinn estate and Ray Harlin).

**RESPONSE:**

USX Defendants object to Request No. 66 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 66 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications concerning any USX loan facility, credit facility or term note with USX's credit lenders or their representatives.

**RESPONSE:**

USX Defendants object to Request No. 67 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 67 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications concerning any real estate leases or transactions with any related party, current or former USX executives, or beneficiary thereof, including but not limited to Anne Marie Quinn, Q&F Realty, and any Quinn or Fuller family trust.

**RESPONSE:**

USX Defendants object to Request No. 68 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking information that has no bearing on the claims or defenses at issue in the Action. USX Defendants further object to Request No. 68 to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege or work product doctrine.

46

Dated: September 18, 2020

| | |
|---|---|
| K. Stephen Powers (BPR # 007088) | /s/ *Jessica P. Corley* |
| Philip B. Whitaker, Jr. (BPR # 013999) | Jessica P. Corley (*pro hac vice*) |
| Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. | Lisa R. Bugni (*pro hac vice*) |
| 633 Chestnut Street, Suite 1900 | Brandon R. Keel (*pro hac vice*) |
| Chattanooga, TN 37450 | Logan R. Hobson (*pro hac vice*) |
| Tel: (423) 209-4130 | KING & SPALDING LLP |
| spowers@bakerdonelson.com | 1180 Peachtree Street, N.E. |
| pwhitaker@bakerdonelson.com | Atlanta, GA 30309 |
| | Tel: (404) 572-4600 |
| *Counsel for USX Defendants* | jpcorley@kslaw.com |
| | lbugni@kslaw.com |
| | bkeel@kslaw.com |
| | lhobson@kslaw.com |
| | *Counsel for USX Defendants* |

47

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I caused a true and correct copy of the foregoing to be served via email on counsel of record for the parties, pursuant to agreement among the parties to accept service via email.

/s/ *Jessica P. Corley*
Jessica P. Corley (*pro hac vice*)

48