# EXHIBIT A

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated, <br><br>     Plaintiffs, <br><br> v. <br><br> U.S. XPRESS ENTERPRISES, INC., *et al.*, <br><br>     Defendants. | Civil Action No. 1:19-cv-00098 <br> Judge Travis R. McDonough <br> Magistrate Judge Christopher H. Steger |

## PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26

Pursuant to Federal Rule of Civil Procedure 26, Court-appointed Lead Plaintiff Deirdre Terry and Plaintiffs Charles Clowdis, and Bryan Robbins (collectively, the "Plaintiffs") hereby serves their Initial Disclosures on Defendants U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate (collectively with USX, the "USX Defendants"); Morgan Stanley & Co. LLC; WR Securities, LLC; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; Wells, Fargo Securities LLC; Stifel, Nicolaus & Company, Incorporated; and Stephens Inc. (collectively, the "Underwriter Defendants" and, with the USX Defendants, "Defendants").

## PRELIMINARY STATEMENT

Plaintiffs make these initial disclosures based on information reasonably available to them at this time. Plaintiffs' disclosures represent a good faith effort to identify information currently available to them that they reasonably believe is discoverable and supportive of their claims as required by the Federal Rules of Civil Procedure. By making these disclosures, Plaintiffs do not represent that they are producing every witness that they may ultimately use in support of their allegations. In addition, it is possible that some individuals listed here may not, in fact, possess

material information regarding the issues involved in this litigation, or may only have knowledge which is duplicative of knowledge possessed by others.

Plaintiffs make these initial disclosures subject to and without waiving their right to protect from disclosure any attorney-client privileged documents or work product of their attorneys and other representatives, including but not limited to their mental impressions, conclusions, opinions or legal theories. Plaintiffs further make these initial disclosures without waiving any right or opportunity to assert a claim or defense, or otherwise present, at any time in this lawsuit, information, including information contained in any and all documents, addressing facts and issues other than those identified here.

Plaintiffs' initial disclosures are made without, in any way, waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay and any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (4) the right to use any information or documents that are discovered and produced at a later date by Defendants or which otherwise come to light through Plaintiffs' investigations or through discovery, including third-party discovery.

Finally, Plaintiffs may further affirm, clarify, modify, or otherwise develop their claims in this lawsuit. Plaintiffs therefore reserve the right, at any time, to identify additional individuals, if any, that may have discoverable information pertinent to any such claims, and further reserve the right to supplement or correct these disclosures upon continuing investigation and discovery, in accordance with Fed. R. Civ. P. 26(e).

No incidental or implied admissions are intended by these Initial Disclosures.

2

## I.     <u>Rule 26(a)(1)(A)(i): Initial Disclosures Regarding Individuals and Entities</u>

Pursuant to Rule 26(a)(1)(A)(i), and to the extent known by Plaintiffs based on information presently available to them, Plaintiffs identify the following individuals, in addition to all named parties in this action, as likely to have discoverable information that Plaintiffs may use to support their claims and/or defenses, unless the sole use would be for impeachment. The following disclosures do not include expert witnesses, who will be identified at a later date. By identifying individuals in these Initial Disclosures, Plaintiffs make no representations, concessions, or admissions concerning the knowledge or competency of any particular individual and Plaintiffs reserve the right to object on grounds of privilege, relevance, competence, materiality, hearsay, or any other proper ground, to the testimony of any individual identified herein. In providing this information, Plaintiffs are not waiving any applicable privilege or work-product protection.

Plaintiffs expressly reserve the right to identify and call as witnesses additional persons if, during the course of discovery and investigation relating to this case, Plaintiffs learn that such additional persons have relevant knowledge. Furthermore, by including an individual on this list, Plaintiffs do not waive, and expressly preserve, their right to object to any deposition or trial testimony of such individual.

By indicating the general subject matter of information an individual may possess, Plaintiffs are not representing that such information is the only relevant information an individual may possess. Rather, the subject matter descriptions represent Plaintiffs' good faith efforts to identify the relevant information possessed by each individual at this time. In making identifications, Plaintiffs reserve all objections that may properly lie with any testimony obtained from the identified persons.

In addition to the named parties in this action, each of whom is represented by counsel, the

3

following individuals are likely to have discoverable information upon which Plaintiffs may rely:

1. John Terry, c/o his counsel, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT, 06905, 203-992-4523. John Terry is the father of Plaintiff Deirdre Terry and has discoverable information related to Plaintiff Deirdre Terry's transactions in USX securities.

2. Current and former employees, officers, directors, and/or agents and employees of Defendants and any of their parents, affiliates, subsidiaries or divisions may possess relevant information concerning allegations in the Complaint including, but not limited to, USX's business operations, driver hiring and retention policies or driver rates, Dedicated and OTR contracts, shift of drivers away from OTR routes to cover Dedicated routes as well as the false and misleading statements at issue in the action. Specific individuals in addition to the named parties will be identified through discovery, but will likely include:

- Ray Harlin

- Justin Harness

- John W. White

3. Further, Plaintiffs state that the following categories of individuals are likely to have discoverable information related to Plaintiffs' claims:

a. Current or former employees of USX or the Underwriter Defendants with knowledge of USX's business operations.

b. Current or former employees of USX or the Underwriter Defendants with knowledge of USX's driver hiring and retention polices or driver rates.

c. Current or former employees of USX or the Underwriter Defendants with knowledge of USX's Dedicated and OTR contracts.

4

d. Current or former employees of USX or the Underwriter Defendants with knowledge of USX shifting drivers away from OTR routes to cover Dedicated routes.

e. Current or former employees of USX or the Underwriter Defendants with knowledge of USX's inability to retain drivers.

f. Current or former employees of USX or the Underwriter Defendants with knowledge of the trucking environment in general.

g. Current and former employees of the Underwriter Defendants with knowledge of the Underwriter Defendants' due diligence investigation related to the USX IPO.

4. Current and former securities analysts, including those employed by Underwriter Defendants, and who, upon information and belief, monitored, tracked or otherwise evaluated USX's business, operations and financial performance, and the Company's IPO, including the following individuals:

| A. Brad Delco and Jack Lawrence Atkins | Stephens Inc. |
| Brian P. Ossenbeck | J.P. Morgan Chase |
| David Griffith Ross and Austin David Remey | Stifel |
| Kenneth Scott Hoexter | BofA Merrill Lynch |
| Ravi Shanker | Morgan Stanley |
| Scott H. Group and Robert Hudson Salmon | Wolfe Research |

5. Current and former employees of USX's customers who, upon information and belief, have knowledge of USX's operations, contracts, routes, and other matters impacting driver hiring and retention. Specific individuals will be identified through discovery, but will likely include employees of the following entities:

5

- Amazon.com, Inc.

- Dollar General Corporation

- Dollar Tree Stores, Inc.

- FedEx Corporation

- The Home Depot, Inc.

- The Kroger Company

- The Procter & Gamble Company

- Target Corporation

- Tractor Supply Company

- Walmart Inc.

6. Current and former employees of USX's creditors and lenders as of March 2018 who, upon information and belief, have knowledge of USX's operations, contracts, routes, and other matters impacting driver hiring and retention. Specific individuals will be identified through discovery, but will likely include employees of the following entities:

- FS Investments, LLC

- Benefit Street Partners LLC

- Wells Fargo Bank, N.A.

- Associated Bank, N.A.

- Regions Bank

- BMO Harris Bank, N.A.

- U.S. Bank. N.A.

7. Other third parties whose identities are presently unknown to Plaintiffs.

8. All necessary custodians of records.

6

9. All necessary foundation witnesses.

10. All witnesses revealed through continuing discovery.

Plaintiffs incorporate by reference all individuals and entities disclosed by the other parties in this action in their initial disclosures and any amendments thereto to the extent that the individuals and/or entities in those disclosures may possess information that Plaintiffs may use to support their claims. Plaintiffs further reserve all rights to identify additional individuals and entities as discovery proceeds, and may call additional witnesses identified in documents produced by the parties in this case or in response to interrogatories, whether or not those individuals are now known to Plaintiffs. Plaintiffs reserve the right to seek discovery from, and relating to, all other persons that may subsequently become known as persons likely to have discoverable information relevant to this matter, whether or not those individuals are now know to Plaintiffs, and to call such persons as witnesses at trial. Plaintiffs expressly reserve the right to modify and supplement the foregoing list, as necessary, based upon continuing investigation and discovery in this matter.

**II.     Rule 26(a)(1)(A)(ii): Initial Disclosures Regarding Documents**

Plaintiffs will produce the non-privileged documents, data, and tangible things required by Federal Rule of Civil Procedure 26, to the extent Plaintiffs have any relevant documents in their possession, unless use would be solely for impeachment. Plaintiffs will supplement this production if additional responsive documents are found within their possession, custody or control.

To the extent they exist, or are within the Plaintiffs' possession, custody or control, Plaintiffs will produce electronic copies (unless non-electronic format is noted) of relevant, non-privileged e-mails and documents on external and internal hard-drives in possession of Plaintiffs' Counsel, Levi & Korsinsky, LLP; 1111 Summer Street, Suite 403, Stamford, CT 06905, 203-992-

7

4523; Robbins, Geller, Rudman & Dowd LLP, One Montgomery Street, Suite 1800, San Francisco, CA 94104, 415-288-4545; and Bragar, Eagal & Squire, P.C., 885 Third Avenue, Suite 3040, New York, NY, 10022, 212-308-5858 of:

1. Documents relating to Plaintiffs' purchase(s) of USX common stock pursuant and/or traceable to USX's IPO; and

2. Documents relating to the allegations in the Complaint to the extent such documents are not as equally and readily available to Defendants through other public sources.

Plaintiffs anticipate that much of the documentary evidence relevant to their claims are currently in the possession, custody, or control of Defendants or third parties. Plaintiffs further incorporate by reference all documents, electronically stored information and tangible things identified by the other parties in this action in their Rule 26(a)(1) disclosures to the extent they contain information that Plaintiffs may use to support their claims.

### III. <u>Rule 26(a)(1)(A)(iii): Remedies</u>

The computation of damages cannot be determined until information is obtained from Defendants and possibly third parties and will likely require the assistance of experts and/or consultants. Nonetheless, based on information presently available, Plaintiffs seek the following remedies in this action, in addition to any other and further relief the Court deems necessary and proper:

A. An order certifying the nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

B. An order finding in favor of Plaintiffs and the Class on all remaining counts;

C. Damages in amounts to be determined by the Court and/or Jury;

8

D. Prejudgment interest on all amounts awarded;

E. An order awarding Plaintiffs and the Class their reasonable attorneys' fees, expenses and costs of suit; and

F. Any applicable equitable/injunctive or other relief as the Court may deem just and proper for the class claims set forth in the Complaint.

Plaintiffs reserve the right to supplement these initial disclosures upon completion of their ongoing evaluation of damages to Plaintiffs and the proposed Class and, at the appropriate time, will make disclosure of expert testimony pursuant to Rule 26(a)(2).

## IV. Rule 26(a)(1)(A)(iv): Insurance Agreements

Plaintiffs do not have any insurance agreements subject to disclosure under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

Plaintiffs are aware that USX maintains director and officer liability insurance, as disclosed in the registration statement distributed in connection with USX's IPO, but is unaware of the details regarding carrier(s) and specific terms or limits of such coverage.

9

Dated:  August 24, 2020

**LEVI & KORSINSKY, LLP**

By */s/Shannon L. Hopkins*
Shannon L. Hopkins (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/363-7500
Fax: 866/367-6510
shopkins@zlk.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Christopher M. Wood
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (admitted *pro hac vice*)
Hadiya K. Deshmukh
    (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Kevin Sciarani (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore (admitted *pro hac vice*)
885 Third Avenue, Suite 3040
New York, NY  10022
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

10

**BARRETT JOHNSTON MARTIN**
**& GARRISON, LLC**
Jerry E. Martin
David Garrison
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

11

# DECLARATION OF SERVICE BY E-MAIL

I, SEBASTIANO TORNATORE, hereby declare that on August 24, 2020, I served the attached PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26 on the parties in the within Action at the following email addresses:

| NAME | FIRM | EMAIL |
|---|---|---|
| C. Crews Townsend<br>Meredith Lee<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402<br>Tel: (423) 785-8297 | MILLER & MARTIN, PLLC | crews.townsend@millermartin.com<br>meredeith.lee@millermartin.com |
| Jonathan Rosenberg<br>William J. Sushon<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000 | O'MELVENY & MYERS LLP | jrosenberg@omm.com<br>wsushon@omm.com |
| Philip B. Whitaker, Jr.<br>633 Chestnut Street, Suite 1900<br>Chattanooga, TN 37450<br>Tel: (423) 209-4182 | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. | pwhitaker@bakerdonelson.com |
| Jessica P. Corley<br>Lisa R. Bugni<br>Brandon R. Keel<br>Logan R. Hobson<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>Tel: (404) 572-4600 | KING & SPALDING LLP | jpcorley@kslaw.com<br>lbugni@kslaw.com<br>bkeel@kslaw.com<br>lhobson@kslaw.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2020 at Norwalk, Connecticut.

*/s/Sebastiano Tornatore*
SEBASTIANO TORNATORE
