UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>                      Defendants. | Civil Action No. 1: 19-cv-00098-TRM-CHS<br><br>CLASS ACTION<br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

**STIPULATED PROTECTIVE ORDER**

       Upon Joint Motion of the parties for entry of a Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, it is hereby ORDERED as follows:

       1.     This Stipulated Protective Order ("Protective Order") governs the treatment of all discovery in this case, whether formal or informal, documents, information, electronically stored information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests for admission, and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively, "Discovery Material") produced or designated by any party or non-party (each, a "Designating Party") in the above-captioned matter (collectively with any appeals, the "Action").

       2.     The purpose of this Protective Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain

documents and information produced or exchanged in the Action by the parties or by any non-parties, and to prevent the waiver of applicable evidentiary privileges and doctrines.

3. Any Designating Party may designate as confidential any Discovery Material that it believes in good faith contains: (i) trade secrets, proprietary or otherwise non-public business information, competitively sensitive information, sensitive personal identification or financial information, or other information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Designations of Confidential Information shall be on a document-by-document basis. All Discovery Material so designated is referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in accordance with the terms of this Protective Order.

4. Confidential Discovery Material shall be designated as such by the Designating Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response (including by use of a legend, header, footer, or other marking); (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel, or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) deposition or other testimony may be so designated by a statement made on the record at the conclusion of the deposition or testimony, or by sending written notice within thirty (30) days of receiving the final version of the transcript of the deposition or testimony, designating the transcript as Confidential Discovery

Material.  Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Designating Party.  For deposition testimony or other testimony, prior to the expiration of the 30-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material.  In the case of ESI produced in native format, the Designating Party shall include the word "CONFIDENTIAL" in the file name, in a metadata field of a database load file, on the accompanying placeholder image, or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, DVD, flash drive; if produced on physical media).

5. Each Designating Party will act in good faith not to over-designate Discovery Material as Confidential Discovery Material.  Indiscriminate designations are prohibited and designations shall not be made for an improper purpose (*e.g.*, to unnecessarily encumber or slow the case development process or impose unnecessary expenses and burdens on the parties).

6. Each party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential.  Confidential Discovery Material shall be used solely for litigating this Action (and appeal of this Action), and not in any other litigation or for any business or any other purpose whatsoever.  Nothing in this Protective Order shall be interpreted to prohibit or prevent the Designating Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason, and such use by the Designating Party shall not in and of itself constitute a waiver or limit the Receiving Party's duties provided herein.

7. The scope of this order includes all copies, excerpts, summaries, and notes that are prepared or derived from and that incorporate or reflect information contained in any Confidential Discovery Material, as well as testimony and oral conversation derived from or related to it.

8. Confidential Discovery Material may be disclosed or made available without written consent from the Designating Party only to the following persons:

   (a) the parties to this Action, including any Class Representatives;

   (b) counsel of record for the parties to this Action, including attorneys consulting with or advising any party in this Action, in-house attorneys, paraprofessionals, employees, and agents of such law firms;

   (c) experts or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

   (d) employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

   (e) any person from whom noticed testimony is taken in this litigation; provided, however, that if a non-party witness is to be shown Confidential Information for the first time at deposition, the Designating Party may require that the non-party witness first declares under oath and on the record that he or she has received a copy of the Stipulated Protective Order and agrees to be bound by its provisions;

(f) the author or recipient of the document(s), as indicated on the face of the document(s);

(g) stenographers or court reporters who record testimony taken during deposition or any hearing in the Action or persons operating video recording equipment of and at such testimony;

(h) outside vendors retained by or for the parties to assist in pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, provided that any such vendor(s) execute the Undertaking prior to any disclosure to such vendor(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such vendor(s), and further provided that any report or other materials created by such outside vendor(s) relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(i) the Court, Court personnel, and any other person designated by the Court; and

(j) any mediator, arbitrator, or other person engaged by the parties to the Action for the purpose of alternative dispute resolution.

9. Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material. If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

10. Notwithstanding the paragraphs above, Confidential Discovery Material may be provided to a party's experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Action, provided that such expert or consultant may not use the Confidential Discovery Material to their competitive advantage or for any purpose other than this Action.

11. In the event that any Receiving Party having possession, custody, or control of any Confidential Discovery Material receives a subpoena, order, or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within three (3) business days of receipt of the Third-Party Request, give written notice and a copy of the subpoena, order, or other request to counsel for the Designating Party. The Designating Party shall have the burden of objecting to the Third-Party Request or seeking other relief or protection from the Third Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Designating Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of ten (10) business days after notice of the request to the Designating Party or the disposition of any motion to quash or motion for a protective order filed by the Designating Party within such ten (10) business day period before producing any Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like. Nothing

in this Protective Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

12. The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Designating Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated. Such written notice shall identify the information or documents the producing party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make all reasonable efforts to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material in accordance with this Order.

13. Pursuant to Rule 502(d) of the Federal Rules of Evidence and this Order, the production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any

claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof.

14. If an allegedly inadvertent production occurs, upon receiving notice from the producing party that allegedly privileged material has been produced, the Receiving Party shall not use or disclose the inadvertently produced information for any purpose (except as specified in Paragraph 15). The privileged material and any copies must be returned to the producing party as soon as practicable (and in no event more than five (5) business days) after receipt of such notice. In the case of ESI, all electronic copies and the original production media shall be destroyed or "wiped," as soon as practicable after such notice.[1] The producing party shall promptly provide a privilege log for the documents subject of the notice. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the producing party or non-party before the Court; provided, however, that if the party producing the document or information has made a demand for the return as set forth above, the basis of such challenge shall not include an argument that the producing party waived privilege or protection by production of the material.

15. Any Receiving Party may challenge a producing party's claim of privilege by so stating in writing to the producing party's counsel that identifies the specific challenged documents and the basis for the challenge as to each document. In the event that a Receiving Party challenges a producing party's privilege designation, the challenging and designating parties shall attempt to

---

[1] Notwithstanding the provisions of this Paragraph, neither the parties nor their counsel shall be required to destroy or wipe any such information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business. However, they shall not retrieve the allegedly privileged material from said electronic disaster recovery systems after receipt of such notice.

- 8 -
Case 1:19-cv-00098-TRM-CHS   Document 118-1   Filed 10/20/20   Page 8 of 16   PageID #: 2370

resolve any challenges in good faith prior to filing a motion with the Court. During the pendency of such a motion, each Receiving Party, with written notice to the producing party that it is doing so, may retain the document or information subject of the dispute for the purpose of presenting the document or information to the Court under seal for a determination of the claim of privilege, and the Receiving Party(ies) shall not otherwise use or disclose the document or information pending the Court's determination of the privilege claim. The allegedly privileged material in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary.

16. Any Receiving Party seeking to file, quote, or discuss Confidential Discovery Material in any filing relating to this Action without consent of the Designating Party(ies) shall comply with the applicable local rules and the Court's Memorandum and Order Regarding Sealing Confidential Information [ECF No. 7]. Filing under seal shall be without prejudice to any party's right to argue to the Court that such Confidential Discovery Material is not confidential and does not need to be preserved under seal. Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information. No Confidential Discovery Material may be filed, quoted, or discussed in any filing on the public docket relating to this Action (including in any appeal) without consent of the Designating Party(ies) or order of the Court.

17. In the event that the Court determines that there is an actual or threatened violation of this Protective Order, the parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Protective Order, in addition to any other remedy to which the Designating Party may be entitled at law or in equity.

- 9 -
Case 1:19-cv-00098-TRM-CHS   Document 118-1   Filed 10/20/20   Page 9 of 16   PageID #: 2371

18. This Protective Order shall not apply at trial. To the extent that a protective order is necessary at trial, the parties will separately negotiate such protective order and submit it to the Court for approval.

19. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as "CONFIDENTIAL" under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Action or in any other litigation. Discovery Material produced in this Action can be used only in conjunction with this Action (including any appeals) and not in any other litigation or for any business or any other purpose whatsoever. Nothing in this Protective Order shall be interpreted to require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

20. If a party objects to another party's designation of information as "CONFIDENTIAL," it shall advise the Designating Party in writing that identifies by Bates number the challenged documents/information and the reasons for the objection as to each document so identified, and the parties shall meet and confer within fourteen (14) days in a good-faith effort to resolve the objection. All items objected to shall continue to be treated as confidential pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation within 21 days, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Designating Party bears the burden of persuading the Court that the information is in fact confidential within the definitions set forth above.

21. Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL," shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Designating Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion thereof is not "CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

22. Counsel for the parties shall exercise reasonable care and take appropriate measures with respect to the storage, custody, or use of Confidential Discovery Material to prevent unauthorized disclosure of Confidential Discovery Material. Confidential Discovery Material must be used, viewed, stored, transmitted, and maintained by a Receiving Party in a manner and location that reasonably ensures access is limited to persons authorized under this Protective Order. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summaries, extraction, or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

23. Within sixty (60) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Material shall use commercially reasonable efforts to either return such materials and copies thereof to the Designating Party or destroy such Confidential Discovery Material and certify that fact in writing to the Designating Party. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Discovery Material that is: (i) stored on backup storage media made in accordance with regular

- 11 -
Case 1:19-cv-00098-TRM-CHS   Document 118-1   Filed 10/20/20   Page 11 of 16   PageID #: 2373

data backup procedures for disaster recovery purposes; (ii) located in the email archive system or archived electronic files of departed employees; or (iii) subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material but such retained information shall continue to be treated in accordance with the Protective Order. Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions, or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this Paragraph.

24. Following the termination of the Action, any document that may be maintained pursuant to ¶23 above may be used solely to the extent necessary for counsel to defend its conduct in the Action if such conduct is challenged in a collateral action or pending action. This Protective Order shall not restrict the use of documents or information obtained outside the Action or alter or conflict with any order entered by another court. Nothing contained in this Protective Order shall be construed to impose discovery obligations on a person or entity in the Action or any related action in which that person or entity is not a party.

25. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

26. Nothing in this Protective Order shall be construed as prejudicing any Designating Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement

or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties and order of this Court with respect to the matters covered herein.

27. This Protective Order shall be binding on any future party to this Action.

28. Any non-party may agree to be subject to and governed by the terms of this Protective Order.

29. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

30. This Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

31. This Protective Order may be changed only by an order of this Court, and is entered without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provision hereof by motion to the Court on notice to the other parties hereto.

SO ORDERED.

_____
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

| | |
|---|---|
| s/ CHRISTOPHER M. WOOD | s/ JESSICA P. CORLEY |

Christopher M. Wood
**ROBBINS GELLER RUDMAN & DOWD LLP**
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615-244-2203
cwood@rgrdlaw.com

Willow E. Radcliffe (*pro hac vice*)
Hadiya K. Deshmukh (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415-288-4545
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

Kevin S. Sciarani (*pro hac vice*)
Debashish Bakshi (*pro hac vice)*
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
ksciarani@rgrdlaw.com
dbakshi@rgrdlaw.com

Shannon L. Hopkins (*pro hac vice*)
Sebastian Tornatore (*pro hac vice*)
**LEVI & KORSINSKI, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203-363-7500
shopkins@zlk.com
stornatore@zlk.com

*Lead Counsel for Lead Plaintiff*

Jerry E. Martin (BPR # 20193)
David Garrison (BPR # 24968)
**BARRETT, JOHNSTON, MARTIN &**

Jessica P. Corley (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1 180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
Telephone: 404-572-4600
jpcorley@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

Lisa R. Bugni (*pro hac vice*)
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: 415-318-1234
lbugni@kslaw.com

K. Stephen Powers TN BPR # 007088
Philip Whitaker, TN BPR 0013999
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
spowers@bakerdonelson.com
pwhitaker@bakerdonelson.com

*Counsel for U.S. Xpress Enterprises, Inc., Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate*

s/ JONATHAN ROSENBERG

Jonathan Rosenberg (*pro hac vice*)
William J. Sushon (*pro hac vice*)
Redwan Saleh (*pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Telephone: 212-326-2000
jrosenberg@omm.com
wsushon@omm.com
rsaleh@omm.com

GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615-244-2202
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel for Plaintiffs*

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore (*pro hac vice*)
W. Scott Holleman (*pro hac vice*)
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: 646/860-9449
212/214-0506 (fax)
passmore@bespc.com
holleman@bespc.com

*Counsel for Plaintiffs Charles Clowdis and Bryan K. Robbins*

C. Crews Townsend (BPR # 12274)
**MILLER & MARTIN, PLLC**
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone: 423-785-8297
Crews.townsend@millermartin.com

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc.; WR Securities LLC, and Stifel, Nicolaus & Company, Incorporated*

# APPENDIX A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>Defendants. | Civil Action No. 1: 19-cv-00098-TRM-CHS<br><br>CLASS ACTION<br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

## UNDERTAKING

The undersigned hereby certifies that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order may be punishable by contempt of court.

DATED: _____  _____