UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LEWIS STEIN, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 1:19-cv-00098 |
| *Plaintiffs*, ) | |
| ) | Judge McDonough / Steger |
| v. ) ) | |
| U.S. XPRESS ENTERPRISES, INC., *et al.*, ) ) | |
| *Defendants*. ) | |

## ORDER

Before the Court is the Motion to Quash [Doc. 111] filed by Defendant U.S. Xpress Enterprises, Inc. ("USX"), seeking an order quashing ten subpoenas [Doc. 111-1] served by Plaintiffs on non-party customers of USX. The Court conducted a hearing by videoconference on this matter on October 6, 2020. For reasons that follow, the Motion to Quash [Doc. 111] will be **DENIED**. The subpoenas will be **STAYED**, and the parties ordered to file a status report at the expiration of an appropriate period established by the Court.

Federal Rule of Civil Procedure 45 governs the form, contents, issuance, and enforcement of subpoenas in federal court. Pursuant to subsection (d)(1), any party serving a subpoena is required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "[T]he court for the district where compliance is required" is charged with enforcing this and other provisions of Rule 45. Specifically, Rule 45(d)(3)(A) requires the court where compliance is required to quash or modify a subpoena that, *inter alia*, requires disclosure of privileged materials or subjects a person to an undue burden. Fed.

1

R. Civ. P. 45(d)(3). If the court where compliance is required did not issue the subpoena, it may transfer any subpoena-related motion to the issuing court if the person subject to the subpoena consents or the court finds that extraordinary circumstances exist. Fed. R. Civ. P. 45(f).

Plaintiff served subpoenas on ten of USX's largest customers, seeking twenty categories of documents related to the customer's interactions with USX between January 1, 2017, and the present. [Doc. 111-1]. Each subpoena was issued from the Eastern District of Tennessee and directs compliance outside of this District. The subpoenas have not been transferred to this Court under Rule 45(f). Accordingly, the Court lacks authority to quash the subpoenas and the Motion to Quash [Doc. 111] will be **DENIED**.

However, the Court does have authority to manage the cases before it. Federal Rule of Civil Procedure 1 charges the Court with construing the Federal Rules so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Moreover, "trial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). And, finally, Fed. R. Civ. P. 26(b)(2)(C) provides:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>   (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Plaintiffs in this case have served sixty-eight requests for production on the USX Defendants, and the USX Defendants have, in turn, served objections and responses thereto. [Docs. 112-1 & 112-3]. The parties represent that they have conferred and are working to resolve their disagreements regarding this discovery. As might be expected, there appears to be significant overlap between the requests to USX and the subpoenas to USX's customers.[1] Quite possibly, the discovery sought from USX and its principal customers is cumulative and duplicative. Plaintiffs may well discover that USX has in its possession much—if not all—of the information being sought through the subpoenas served upon USX's customers. Enforcement of the non-party subpoenas—before the parties have resolved their own discovery disputes—is therefore likely to unnecessarily increase the cost of this litigation, both to the parties and to the subpoenaed non-parties. Further, the potential burden placed upon multiple compliance courts throughout the country may prove to be quite substantial if these courts are required to independently resolve objections to extensive subpoenas duces tecum that require documents and electronically stored information that overlap significantly with information produced (or subject to production) by USX to the Plaintiffs through discovery in this Court.

Accordingly, the Court will stay the non-party subpoenas to allow the parties to continue to cooperate to resolve their disputes regarding Plaintiffs' First Requests for Production of Documents to the USX Defendants. Within a period of time established by the Court, the parties shall submit a joint status report detailing their efforts and stating what further action is needed.

---

[1] For example, Request for Production No. 30 seeks "[a]ll Documents and Communications related to USX's contracts with its customers," [Doc. 112-1 at 21-22], while the subpoenas seek "[a]ll Documents concerning contracts between [the customer] and USX" [Doc. 111-1 at 20].

At that time, the Court will determine whether to lift the stay of the non-party subpoenas.

For the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant's Motion to Quash [Doc. 111] is **DENIED**;

2. The subpoenas set forth in Doc. 111-1 are **STAYED** until further Order of the Court; and

3. The parties are **ORDERED** to submit a joint status report, by **January 8, 2021**, regarding their efforts to resolve their discovery disputes and the degree to which information sought by Plaintiffs through the non-party subpoenas is or is not obtainable from USX.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE