UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:19-cv-00098-TRM-CHS<br><br><u>CLASS ACTION</u><br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

### <u>JOINT STATUS REPORT</u>

Pursuant to the Court's October 27, 2020 Order (ECF No. 120) ("Order") regarding Defendant U.S. Xpress Enterprises, Inc.'s ("USX" or the "Company") Motion to Quash, Plaintiffs Deirdre Terry, Charles Clowdis and Bryan Robbins (collectively, "Plaintiffs"), together with USX, hereby submit this Joint Status Report to apprise the Court of the parties' respective positions as to the discovery disputes concerning the subpoenas Plaintiffs served on USX's customers.

### I. BACKGROUND

On August 19, 2020, Plaintiffs served their First Set of Requests for Production of Documents on the USX Defendants,[1] which included 68 separate requests and sought, among other things, "[a]ll Documents and Communications related to USX's contracts with its customers." *See* ECF No. 112-1 at Request for Production ("RFP") No. 30. On September 18, 2020, the USX Defendants timely served their responses and objections to Plaintiffs' requests. *See* ECF No. 112-3. Four days later, on September 22, 2020, Plaintiffs served notice that they would be

---

[1] The "USX Defendants" consist of USX and Defendants Eric Fuller, Eric Peterson, Max Fuller, Jason Grear, and Lisa Quinn Pate.

- 1 -

Case 1:19-cv-00098-TRM-CHS   Document 132   Filed 01/08/21   Page 1 of 11   PageID #: 3660

serving Rule 45 subpoenas for the production of documents on ten of USX's largest customers, including Amazon, Walmart, Target, Fed Ex, Home Depot, and others. *See* ECF No. 111-1.

On September 30, 2020, USX filed a Motion to Quash Plaintiffs' Rule 45 Subpoenas to Non-Parties and Request for Expedited Hearing (ECF No. 111) ("Motion"), requesting the court quash the customer subpoenas in their entirety. ECF No. 111. On October 6, 2020, Plaintiffs filed their Opposition to U.S. Xpress Enterprises, Inc.'s Motion to Quash Rule 45 Subpoenas (ECF No. 114) ("Opposition") to USX's Motion. Following a hearing held by video conference, the Court issued an order on October 27, 2020, denying USX's Motion but staying the customer subpoenas until further order of the Court and "to allow the parties to continue to cooperate to resolve their disputes regarding Plaintiffs' First Requests for Production of Documents to the USX Defendants." Order at 3. The Court stated, in part, that "there appear[ed] to be significant overlap between the requests to USX and the subpoenas to USX's customers" and that "[e]nforcement of the non-party subpoenas – before the parties have resolved their own discovery disputes – is therefore likely to unnecessarily increase the cost of this litigation, both to the parties and to the subpoenaed non-parties." *Id*. The Court further directed the parties to "submit a joint status report, by January 8, 2021, regarding their efforts to resolve their discovery disputes and the degree to which information sought by Plaintiffs through the non-party subpoenas is or is not obtainable from USX." *Id*. at 4.

## II. PLAINTIFFS' POSITION

Since the Court's Order, Plaintiffs and USX engaged in the meet-and-confer process, and USX has agreed to use customer names and email domains as search terms. To date, however, USX has not produced any documents related to its customers beyond certain contracts, either

from non-custodial sources or from running search terms.[2] Nor has USX informed Plaintiffs when they can expect these materials. Regardless of the parties' meet-and-confer efforts concerning USX's overall document productions, the USX Defendants have failed to produce documents regarding customer contracts that were the subject of their Motion and could have been prioritized. The Court should not extend the stay when the USX Defendants have had over three months, since the October 6, 2020 hearing on their Motion to Quash, to produce responsive documents, yet have failed to do so.

The USX Defendants' contentions that the subpoenas seek irrelevant documents should be rejected. As explained in Plaintiffs' Opposition, documents from USX's customers are highly relevant to Plaintiffs' claims:

> The District Court upheld Plaintiffs' allegations that USX could not ""prioritiz[e] growth in dedicated contract services"" and that "'certain account shipping patterns had already been negatively impacted'" in finding certain statements misleading. MTD Order at 33 (analyzing ¶¶112, 122). The District Court even specifically notes Plaintiffs' allegation that "'USX's largest account, Walmart . . . had already been negatively impacted.'" MTD Order at 33. For USX to assert that discovery from these very customers would be irrelevant strains credulity. Discovery from the dedicated contract customers – which includes Walmart and other subpoenaed customers as well – and any customers that had been negatively impacted by USX's driver shortages are directly probative of Plaintiffs' claims. Customer Subpoenas at RFP Nos. 6, 9, 12.

Opposition at 12.

To avoid prejudice to Plaintiffs' rights to seek evidence in support of the claims and defenses asserted in this Action, the Court's current stay of the customer subpoenas should be lifted such that Plaintiffs can meet and confer with the customers and negotiate an appropriate

---

[2] Indeed, despite the fact that discovery in this action has been open for over five months, the USX Defendants have produced almost no substantive documents responsive to Plaintiffs' requests for production.

- 3 -

response to the subpoenas, including documents that are entirely internal to the customers and thus not in the possession, custody or control of USX.

## III. USX'S POSITION

Contrary to Plaintiffs' contention, there is no justification for lifting the stay at this time. Since the Court's order, USX has conferred with Plaintiffs on multiple occasions to resolve disputes relating to the sixty-eight requests for production Plaintiffs served on USX and to reach agreement on the parameters (including custodians, date ranges, and search terms) of a search USX would conduct to collect potentially responsive documents. As part of that process, USX has agreed to produce its contracts with the ten subpoenaed customers for the relevant time period, as well as to include as search terms the names and email domains for all ten of those customers. Thus, if any of the agreed custodians had communications with any of these customers that are relevant to the claims or defenses at issue in this case, the communications will be produced by USX – and there is no reason to force USX's customers to incur significant expense collecting, searching for, and producing the same information. *See, e.g.*, *Vamplew v. Wayne State University Bd. of Governors*, No. 12-14561, 2013 WL 3188879, at *4 (E.D. Mich. June 20, 2013) (subpoena to non-party quashed because information sought could be obtained from party to litigation); *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio. Jan. 23, 2012) (same); *see also* ECF No. 112 at 10-11 (citing additional cases).

Moreover, although Plaintiffs contend that the stay should be lifted because USX has not yet produced its customer communications (it has produced the contracts), that is because the parties did not reach an agreement on the proposed search parameters ***until January 6, 2021*** – two days before this report was due. USX is now in the process of reviewing the documents that hit

- 4 -

on the agreed search parameters, including the customer names/email domains, and any responsive documents will be produced on a rolling basis, as USX has informed Plaintiffs.[3]

To be clear, the delay in reaching an agreement on the search parameters was not caused by USX. The timeline of the communications on these issues was as follows:

- October 6, 2020: USX sent Plaintiffs the initial proposed search protocol;
- October 30, 2020: Plaintiffs responded with a revised protocol;
- November 9, 2020: The parties met and conferred to discuss the protocol;
- November 23, 2020: Plaintiffs sent a revised list of custodians, responding to the issues raised by USX on the November 9th call;
- December 1, 2020: USX responded to Plaintiffs' most recent proposal, agreeing to add certain custodians per Plaintiffs' request;
- December 3, 2020: Plaintiffs agreed to the revised list of custodians and asked USX to provide "hit reports" for Plaintiffs' proposed search terms – using the documents collected for the now-agreed custodians;
- December 18, 2020: After collecting documents for the agreed custodians, USX provided Plaintiffs with a report showing the hits on Plaintiffs' proposed search terms, as well as the hits on certain revisions to the terms proposed by USX;
- December 30, 2020: Plaintiffs responded rejecting USX's proposed revisions to the search terms but offering certain other changes to the terms;
- January 6, 2021: USX responded agreeing to the terms as revised in Plaintiffs' December 30th proposal.

As the timeline makes clear, USX was not unduly delaying this process. USX made the initial search proposal before this Court even ruled on the Motion to Quash. Then, on multiple occasions, Plaintiffs took weeks to respond to USX's proposals on the search parameters. And while that process was playing out, USX collected and produced its contracts with the ten subpoenaed customers for the relevant time period. So USX did, in fact, prioritize these documents

---

[3] The parties' agreed protocol calls for USX to review more than 120,000 documents, which obviously will take some time to complete.

while the parties worked towards an agreement on the search protocol to govern USX's broader collection of documents responsive to Plaintiffs' requests for production. It would not have been efficient or made sense for USX to also prioritize customer communications – like all other documents hitting on the agreed search parameters, those communications were collected at one time once the parties reached an agreement on the protocol.

Although USX does not blame Plaintiffs for the time it took to reach an agreement on the search parameters, and believes the parties acted in good faith, the fact that USX has not yet produced documents from a protocol that the parties did not agree upon until two days ago cannot possibly justify lifting the stay on the third party subpoenas. Rather than lifting the stay and forcing USX's customers to incur likely unnecessary costs, USX submits that the more efficient and reasonable path forward is to continue the stay and allow Plaintiffs to ask for it to be lifted if for some reason USX's forthcoming productions demonstrate a basis for seeking additional information from the customers. Notably, the close of fact discovery is still eight months away, and USX anticipates producing documents throughout the period with completion well in advance of that deadline such that Plaintiffs would have an opportunity to seek additional discovery if it is warranted.

At this point, however, Plaintiffs have made no such showing. The only other argument Plaintiffs offer is that the stay should be lifted now so that they can pursue *internal* communications from USX's customers. That is completely unnecessary. This Court allowed Plaintiffs to proceed to discovery on the narrow theory that two discrete statements in the Registration Statement for USX's June 2018 IPO were false or misleading because USX did not have a sufficient number of drivers at the time of the IPO and was being forced to shift drivers from one internal USX division ("over-the-road") to support accounts in another internal USX division ("Dedicated"). *See* ECF No. 91 at 32-34, 38-39, 45-46. If that was occurring, as Plaintiffs allege, the documents reflecting

it would be within USX – not in the internal communications of USX's customers that USX would never have seen. Accordingly, Plaintiffs' demand for USX's customers to produce their internal communications – and a host of other information falling within a broad list of twenty separate requests for a time period extending all the way to the present – is not only primarily beyond the relevancy standard of Rule 26 but also unquestionably unduly burdensome and disproportionate to the needs of this case. *See* ECF No. 112 at 8-11.

For these reasons, and because USX has agreed to produce its customers contracts and search for potentially relevant communications with those customers, USX respectfully requests that the Court maintain the stay on the Rule 45 subpoenas for ninety days to allow USX to produce its documents hitting on the agreed search terms, and for Plaintiffs to review those materials so that they can evaluate whether there truly is any need to burden those third parties for additional discovery and demonstrate such need to USX and, if necessary, the Court.

DATED: January 8, 2021

ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
DEBASHISH BAKSHI (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com
dbakshi@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
SEBASTIANO TORNATORE (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/363-7500
866/367-6510 (fax)
shopkins@zlk.com
stornatore@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

- 8 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
W. SCOTT HOLLEMAN (*pro hac vice*)
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: 646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis and Bryan K. Robbins*

DATED: January 8, 2021

KING & SPALDING LLP
JESSICA P. CORLEY (*pro hac vice*)
BRANDON R. KEEL (*pro hac vice*)
LOGAN R. HOBSON (*pro hac vice*)

    s/ Brandon R. Keel
    BRANDON R. KEEL

- 9 -

1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
Telephone: 404/572-4600

KING & SPALDING LLP
LISA R. BUGNI (*pro hac vice*)
101 Second Street, Suite 2300
San Francisco, CA 94104
Telephone: 415/318-1234
lbugni@kslaw.com

BAKER DONELSON BERMAN CALDWELL
& BERKOWITZ, PC
K. STEPHEN POWERS TN BPR #007088
PHILIP WHITAKER, TN BPR #0013999
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
spowers@bakerdonelson.com
pwhitaker@bakerdonelson.com

*Counsel for U.S. Xpress Enterprises, Inc., Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 8, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
      & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)


E-mail: cwood@rgrdlaw.com
