# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LEWIS STEIN, individually and on behalf )
of all others similarly situated, )
)                    Case No. 1:19-cv-00098
    *Plaintiffs*, )
)                    Judge McDonough / Steger
v. )
)
U.S. XPRESS ENTERPRISES, INC., *et al*., )
)
    *Defendants*. )

## <u>ORDER</u>

On October 27, 2020, this Court entered an Order staying the execution of subpoenas that

Plaintiffs issued under Fed. R. Civ. P. 45 to ten of Defendant US Xpress Enterprises Inc.'s ("USX")

largest customers. [Oct. 27, 2020 Order, Doc. 120]. The purpose of the stay was to give Plaintiffs

and USX an opportunity to determine whether some or all of the documents and electronically

stored information ("ESI") subpoenaed from USX's non-party customers would be provided by

USX to Plaintiffs in response to Plaintiffs' First Request for Production of Documents. The Court

seeks to avoid burdening non-parties with the obligation to produce documents and ESI that can

be obtained directly from USX—and to avoid burdening other federal courts where enforcement

of the non-party subpoenas would be litigated.

The Court also ordered Plaintiffs and USX to file a joint status report on January 8, 2021,

detailing the progress of USX's response to Plaintiff's discovery requests. The parties filed a joint

status report in a timely manner. [Joint Status Report, Doc. 132]. The joint status report reflects

that Plaintiffs and USX are not in complete agreement as to the progress made by USX in

producing documents and ESI responsive to Plaintiffs' First Request for Production of Documents. The Court, however, concludes from the status report that the parties are working collaboratively to identify search terms and produce the documents and ESI responsive to Plaintiffs' discovery requests. Despite those efforts, additional time is needed for USX to conduct a comprehensive search. By way of example, the parties did not reach agreement until January 6, 2021, as to the search terms that would be utilized in conducting a review of ESI. The Court understands that applying those search terms to the universe of documents and ESI being searched by USX will necessarily require additional time.

The Court's goal is to identify the universe of relevant/responsive information in the possession of USX to avoid the unnecessary burden and expense of soliciting that same information via subpoenas from ten non-party customers of USX located in a variety of jurisdictions across the United States. The Court finds that, while progress is being made in the production of documents and ESI in this case, additional time is needed to complete such discovery. Consequently, lifting the stay at this point would be premature.

For the foregoing reasons, it is hereby **ORDERED** that:

1. The stay prohibiting the execution and enforcement of the ten non-party subpoenas [*See* subpoenas, Doc. 111-1] issued to USX's customers shall remain in place.

2. **By April 23, 2021**, counsel for Plaintiffs and USX shall make best efforts to work collaboratively to identify, collect, review and produce all documents and ESI in response to Plaintiffs' First Request for Production, to the extent such information is properly discoverable in accordance with Fed. R. Civ. P. 26 and 34. By the aforementioned date, the parties shall also submit a second joint status report describing the progress of USX's responses to Plaintiffs' First Request for Production and outlining any existing discovery disputes remaining between Plaintiffs and USX (with the exception of the ten non-party subpoenas already at issue).

3. Following receipt of the April 23, 2021, joint status report, the undersigned will schedule and hold a conference with counsel for the parties to discuss the facilitation, scope and scheduling of additional discovery.

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

3