# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LEWIS STEIN, individually and on behalf )
of all others similarly situated, )
                           )       Case No. 1:19-cv-00098-TRM-CHS
        *Plaintiffs*, )
                           )
v. )
                           )
U.S. XPRESS ENTERPRISES, INC., *et al.*, )
                           )
        *Defendants*. )

## ORDER

This matter is before the Court upon Plaintiffs' Motion to Compel the USX Defendants to Produce Text Messages and Relevant Documents from Six Key Percipient Witnesses and Designate a Rule 30(B)(6) Witness ("Plaintiffs' Motion to Compel") [Doc. 150]. The Court conducted a hearing on this motion on February 8, 2022. Attorney Christopher Wood was present for Plaintiffs. Attorneys Ronni Solomon, Lisa Bugni, Jessica Corley, Stephen Powers, and Crews Townsend were present for Defendants. After reading the filings submitted in support of and in opposition to the motion, and having heard oral arguments from counsel for the parties, the motion to compel [Doc. 150] is **GRANTED IN PART** and **DENIED IN PART**.

## I.      Background.

This is a securities class action lawsuit. Plaintiffs assert a Securities Act claim based upon two discrete statements contained in U.S. Xpress Enterprises, Inc.'s ("USX" or "Defendant") Registration Statement for the Initial Public Offering. Plaintiffs maintain that those statements were false or misleading because USX did not have a sufficient number of drivers at the time of the IPO and was being forced to shift drivers from its allegedly more profitable over-the-road ("OTR") division to support its less profitable Dedicated division.

Prior to the filing of Plaintiffs' motion to compel, the parties had already engaged in extensive discovery. Defendants represent to the Court that they have produced to Plaintiffs extensive electronically stored information ("ESI") from non-custodial sources and 22 custodial sources. More specifically, Defendants represent that they have reviewed over 285,000 documents or 1.5 million pages, and that they have produced to Plaintiffs 55,000 documents or 260,000 pages. Plaintiffs calculate the cost of such discovery to date at an amount in excess of $2.1 million.

## II.      Discovery Issues

In their motion to compel, Plaintiffs seek the following additional information from Defendants.

### A.      Texts.

In response to Plaintiffs' discovery requests for ESI, Defendants searched email repositories for designated custodians and produced emails that are responsive to such requests. However, in addition to those emails, Plaintiffs seek text messages from the same custodians whose emails were searched and produced. In response, Defendants furnished declarations from the currently employed custodians indicating that they did not use text messages for substantive business purposes—therefore, their text messages have no relevance to the issues in this case. Defendants further indicated that one of the currently employed custodians, Shane Weeks, did use text messages for substantive business purposes, and Defendants have conceded that they will search and produce text messages from Mr. Weeks that are responsive to Plaintiffs' discovery requests. Defendants, however, contend that the text messages for the remaining custodians are not relevant to the claims and defenses in this lawsuit, and further, that performing a comprehensive search for text messages is disproportionate to the needs of this case.

## B.    Additional Custodians

In addition to the extensive ESI discovery sought from the 22 custodians previously designated by Defendants, Plaintiffs now seek the same discovery from six additional custodians/percipient witnesses designated by Plaintiffs. More specifically, Plaintiffs seek this discovery from four Load Managers directly assigned to work on two Walmart dedicated accounts, as well as two Pricing Team Leads responsible for Walmart bidding strategy for those accounts. Plaintiffs argue that this discovery may yield additional information relevant to the issues in this lawsuit.

Defendants respond that the sought-after discovery from these six additional custodians will not yield new substantive information bearing upon the issues in this case, and that, to the extent any such information is relevant, it would be duplicative to what has already been produced. Defendants represent that these six custodians are not in a position to have information directly bearing upon the issues in this lawsuit, and that Defendants have already produced information from higher-ranking employees in Defendants' organization who do possess relevant information. Defendants also point out that discovery from these six additional custodians, using the same method of collection and review as was used to collect, review and produce ESI for the other 22 custodians, would cost Defendants an additional $285,000 beyond the $2.1 million that they have already spent on ESI discovery in this case.

## C.    Rule 30(b)(6) Deponent.

Plaintiffs also seek to compel Defendants to designate a Rule 30(b)(6) deponent to testify on the subject of "discovery about discovery." In other words, they want a Rule 30(b)(6) deponent to testify comprehensively on the various steps Defendants have taken to locate, preserve, review and produce information sought by Plaintiffs in their discovery requests. Defendants respond that

Plaintiffs have not established any cause or reason to take such a Rule 30(b)(6) deposition at this stage because Plaintiffs have not demonstrated any lapses in Defendants' preservation or production efforts that would call into question the methods they have utilized to find and produce ESI and other information responsive to Plaintiffs' discovery requests.

**III.      Conclusion.**

At the conclusion of the hearing on Wednesday, February 9, 2022, the Court ruled from the bench on Plaintiffs' motion to compel [Doc. 150]. A court reporter was engaged to transcribe the hearing, and the parties are invited to review that transcript if they have questions concerning the Court's discussion of the issues and its conclusions. However, in a rare admission that the Court may not have been as cogent as he would have liked as he mused aloud about the issues from the bench, this order will summarize the findings and conclusions.

It is hereby **ORDERED** that Plaintiff's motion to compel [Doc. 150] is **GRANTED IN PART** and **DENIED IN PART** as set forth below:

1. **Text Messages.**

   a.  Defendants shall produce text messages which are responsive to Plaintiffs' discovery requests for Christopher Weeks' employer-issued mobile device(s).

   b.  Defendants shall select one other custodian among the currently-employed, previously-designated custodians, and shall produce text messages which are responsive to Plaintiff's discovery requests for such custodian's employer-issued mobile device(s).

   c.  Defendants' counsel shall meet and confer with Plaintiffs' counsel to agree upon appropriate terms to be used to search the text messages on the mobile devices of Mr. Weeks and the second custodian referenced above.

   d.  Defendants shall make best efforts to obtain and produce declarations from the four custodians who are no longer employed by Defendants. Such declarations should indicate whether those custodians engaged in substantive business communications via text on their employer-issued mobile devices while they were employed by Defendants.

e. Defendants shall complete these tasks relating to the discovery of text messages by Friday, March 4, 2022, and shall submit a report to the Court summarizing their findings with respect to the two custodians whose mobile-devices were searched. Further, Defendants shall provide an estimate of the costs necessary to search the remaining custodians' employer-issued mobile devices. Following the completion of these steps, counsel for the parties shall confer with each other to try to reach agreement as to whether discovery of additional text messages is necessary. Absent such agreement, counsel for the parties may schedule a videoconference hearing with the undersigned to revisit the issue as to whether discovery of text messages from employer-issued mobile devices used by other custodians should be compelled.

2. **Additional Custodians.** To the extent that Plaintiffs seek discovery of ESI and other information from 6 additional custodians (four Load Managers/two Pricing Team Leads assigned to work on two Walmart dedicated accounts), the undersigned finds that there has been no showing that such additional discovery will yield information relevant to the claims and defenses in this lawsuit or information that is not duplicative to the ESI and other information already produced to Plaintiffs in response to their discovery requests. Moreover, the court finds that the projected $285,000 cost of this discovery—in addition to the $2.1 million already expended by Defendants in responding to Plaintiffs' discovery requests—is disproportionate to the needs of this case. Consequently, Plaintiffs' motion to compel Defendants to produce additional ESI and other information from these six additional custodians is **DENIED** subject to the caveat that the Court will compel Defendants to produce such information provided that Plaintiffs agree to pay the actual costs (including, without limitation, attorney and outside vendor fees) associated with such discovery.

3. **Rule 30(b)(6) Discovery on Discovery Deposition.** The Court finds that Plaintiffs have not demonstrated any preservation lapse or production issues that would call into question Defendants' preservation and production efforts. Therefore, Plaintiffs' motion to compel Defendants to produce a Rule 30(b)(6) deponent for a "discovery about discovery" deposition is **DENIED.** Such denial is without prejudice to Plaintiffs making such a request in the future if they can demonstrate a proper basis for such a deposition.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE