# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

LEWIS STEIN, individually and on behalf )
of all others similarly situated, )
        )     Case No. 1:19-cv-00098-TRM-CHS
      *Plaintiffs*, )
        )
v. )
        )
U.S. XPRESS ENTERPRISES, INC., *et al.*, )
        )
      *Defendants*. )

## ORDER

This Court entered an Order on February 11, 2022, with respect to, among other things, the search, review and production of those text messages stored on or collected from the mobile devices issued by Defendant U.S. Xpress Enterprises, Inc. ("US Xpress") to custodian Shane Weeks, and one other custodian selected by US Xpress, Jason Grear. [Doc. 165]. Following entry of the Order, Plaintiffs requested a hearing to discuss the application of search terms and the review and production of text messages stored on or collected from the mobile devices issued by US Xpress to Messrs. Weeks and Grear ("Mobile Devices") and the Court therefore conducted a videoconference hearing on March 3, 2022. Attorneys Christopher Wood and Willow Radcliffe were present for Plaintiffs. Attorneys Ronni Solomon, Lisa Bugni, Jessica Corley and Stephen Powers were present for US Xpress.

During the March 3, 2022, hearing, the Court clarified the February 11, 2022 Order with respect to the discovery of text messages from the Mobile Devices. As a result of that discussion, it is hereby **ORDERED** that:

    1. US Xpress will take reasonable steps using telephone numbers, contact information, and/or other indicia to identify those text messages or message threads within the applicable date range of October 1, 2017 through January 1, 2019, that are stored on or were collected from the Mobile Devices that were with individuals identified as personal contacts.

2. US Xpress will then set aside and not review or produce those text messages or message threads stored on or collected from the Mobile Devices and identified by US Xpress as being with personal contacts.

3. US Xpress will review for responsiveness (logging and withholding for privilege, where appropriate) all other text messages or message threads stored on or collected from the Mobile Devices that are within the applicable date range.

4. After US Xpress completes its review as described above, US Xpress will: (1) advise Plaintiffs of the total unique number of responsive text messages collected from each of the Mobile Devices that are within the applicable date range; and (2) produce to Plaintiffs the non-privileged responsive text messages or message threads identified during its review and a privilege log for any messages withheld on the basis of privilege, consistent with the Stipulated Document Production Protocol [Doc. 124]. The information referred to in this paragraph will be produced by April 1, 2022. US Xpress will bear the costs for such review and production from the Mobile Devices.

5. Following completion of production from the Mobile Devices, Plaintiffs and US Xpress will then meet and confer as to what additional discovery is reasonable and proportional, if any, relating to the text messages stored on or collected from the mobile devices of other custodians in the matter.

6. If the parties cannot agree on the scope of additional discovery, if any, relating to the text messages of other custodians in the matter, the parties will request another videoconference hearing with the Court.

7. US Xpress shall not apply search terms to the text messages collected from the Mobile Devices, and need not submit a report to the Court summarizing its findings as described in the Court's February 11, 2022 Order; however, the Court may later require such a report.

8. The Court's February 11, 2022 Order remains in full effect except as to the matters discussed herein relating to the discovery of text messages. [Doc. 165].

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE