# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

## CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>      Defendants. | Civil Action No. 1:19-cv-00098-TRM-CHS<br><br><u>CLASS ACTION</u><br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

### PLAINTIFFS' MOTION TO COMPEL USX DEFENDANTS TO SUPPLEMENT INCOMPLETE INTERROGATORY RESPONSES

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ........................................................................................1

II. USX DEFENDANTS' INTERROGATORY RESPONSES ARE DEFICIENT
    AND SHOULD BE SUPPLEMENTED ...........................................................2

    A.  USX Defendants' Use of Vague References to Unspecified Individuals
        and Information Is Improper and Insufficient..........................................3

    B.  USX Defendants' Evasive and Non-Responsive Answers Are Improper
        and Insufficient ...................................................................................5

    C.  USX Defendants Must Respond to the Interrogatories Without Broad
        Open-Ended or Hedging Language .........................................................9

III. CONCLUSION..........................................................................................12

4889-9411-4075.v2

Case 1:19-cv-00098-TRM-CHS    Document 171    Filed 04/21/22    Page 2 of 18
PageID #: 4611

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*,
  2020 WL 4432415 (W.D. Ky. July 31, 2020) ...........................................................................3

*Brown Badgett, Inc. v. Jennings*,
  842 F.2d 899 (6th Cir. 1988) .................................................................................................2

*Davis v. Hartford Life & Accident Ins. Co.*,
  2015 WL 7571905 (W.D. Ky. Nov. 24, 2015) ....................................................................3, 5

*Frank Betz Assocs., Inc. v. Builders Mut. Ins. Co.*,
  2012 WL 13042564 (M.D. Tenn. Oct. 29, 2012) ....................................................................3

*Gorrell v. Sneath*,
  292 F.R.D. 629 (E.D. Cal. 2013) ............................................................................................5

*Grae v. Corr. Corp. of Am.*,
  2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020) ...........................................................9, 10, 11

*Haney v. Saldana*,
  No. 1:04-cv-05935, 2010 WL 3341939
  (E.D. Cal. Aug. 24, 2010) .......................................................................................................5

*Hansel v. Shell Oil Corp.*,
  169 F.R.D. 303 (E.D. Pa. 1996)...............................................................................................3

*Herdlein Techs., Inc. v. Century Contractors, Inc.*,
  147 F.R.D. 103 (W.D.N.C. 1993).............................................................................................9

*JPMorgan Chase Bank, N.A. v. Neovi, Inc.*,
  2006 WL 3803152 (S.D. Ohio Nov. 14, 2006)......................................................................5, 9

*Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*,
  2016 WL 4662431 (E.D. Mich. Sept. 7, 2016)......................................................................10

*Kyker v. Malone Freight Lines*,
  17 F.R.D. 393 (E.D. Tenn. 1955)............................................................................................1

*Mohnsam v. Nemes*,
  2019 WL 3307233 (W.D. Ky. July 23, 2019) .........................................................................2

*Pulsecard, Inc. v. Discover Card Servs., Inc.*,
  1996 WL 397567 (D. Kan. July 11, 1996) ..............................................................................9

4889-9411-4075.v2

*Roden v. Floyd*,
No. 2:16-cv-11208, 2019 WL 1098918
(E.D. Mich. March 8, 2019)..........................................................................................5

*S.E.C. v. AIC, Inc.*,
2013 WL 5134411 (E.D. Tenn. Sept. 12, 2013)............................................................4

*United States v. Blue Cross Blue Shield of Mich.*,
2012 WL 12930840 (E.D. Mich. May 30, 2012)............................................................7

*United States v. Maverick Mktg., LLC*,
427 F. Supp. 3d 1386 (Ct. Int'l Trade 2020), *reconsideration denied*,
439 F. Supp. 3d 1329 (Ct. Int'l Trade 2020) ................................................................9

*United States v. Quebe*,
321 F.R.D. 303 (S.D. Ohio 2017)..................................................................................9

*Williams v. Sprint/United Mgmt. Co.*,
235 F.R.D. 494 (D. Kan. 2006)......................................................................................9

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
Rule 33 ............................................................................................... *passim*
Rule 33(b)(3)..............................................................................................2, 6
Rule 37(a)(4)...................................................................................................2

## SECONDARY AUTHORITIES

7 James W.M. Moore et al., Moore's Federal Practice (3d ed 2017)
¶33.102[1], [3] .............................................................................................5

4889-9411-4075.v2

## I. INTRODUCTION

Plaintiffs Deirdre Terry, Charles Clowdis and Bryan Robbins (collectively, "Plaintiffs"), respectfully move this Court for an order compelling USX Defendants[1] to provide complete and non-evasive responses to the interrogatories served on them in this action that comply with the Federal Rules of Civil Procedure's unambiguous instruction that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed R. Civ. P. 33. USX Defendants' incomplete, vague and open-ended responses frustrate the fundamental purposes of contention interrogatories – that is, **to prevent surprise at trial**. *See, e.g.*, *Kyker v. Malone Freight Lines*, 17 F.R.D. 393, 395 (E.D. Tenn. 1955)[2] (ordering a response to interrogatories and noting the "Court can see how plaintiff could be prejudiced by surprise at the hearing on the merits if such information is not secured before trial on the merits").[3]

On February 4, 2022, Plaintiffs served USX Defendants with a set of seven interrogatories targeted to obtain the factual bases for the affirmative defenses that USX Defendants raised in their answers (ECF No. 96). Ex. 2. In response to Plaintiffs' interrogatories, however, USX Defendants responded with incomplete and evasive answers which obfuscate the factual bases of Defendants' affirmative defenses. In particular, Defendants' inadequate interrogatory responses fall into three

---

[1]   "USX Defendants" refers collectively to U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), and the "Individual Defendants," Eric Fuller, Eric Peterson, Jason Grear, Max Fuller and Lisa Quinn Pate.

[2]   All citations and footnotes are omitted and emphasis is added unless otherwise indicated. All "Ex. __" references are to the Declaration of Christopher M. Wood in Support of Plaintiffs' Motion to Compel USX Defendants.

[3]   The undersigned counsel certifies that the parties have met and conferred in good faith to resolve the issues set forth in this discovery dispute. Counsel for the parties discussed the interrogatory responses at issue here telephonically on March 16, 2022, at which time USX Defendants made clear they would not supplement their responses, despite their use of open-ended hedging language. On March 25, 2022, USX Defendants' counsel reaffirmed their position and provided signed verifications from five Defendants, and later provided the sixth on March 29, 2022.

4889-9411-4075.v2

general categories: (i) vague and ambiguous references to unspecified individuals and information (*e.g.*, "person[s]," "USX personnel," "outside counsel," "investment bankers"); (ii) evasive and/or non-responsive answers (*i.e.*, conclusory restatements of the defense and/or irrelevant factual assumptions); and (iii) improper use of broad open-ended language, such as "among other things," "appear to have been" and "*e.g.*" To protect Plaintiffs from a trial by ambush, Plaintiffs respectfully request the Court order Defendants to rectify these deficiencies and to answer each interrogatory "***fully*** in writing under oath." Fed. R. Civ. P. 33(b)(3).

## II. USX DEFENDANTS' INTERROGATORY RESPONSES ARE DEFICIENT AND SHOULD BE SUPPLEMENTED

By this Motion, Plaintiffs seek for USX Defendants to fulfill their obligations under Rule 33 to provide complete, non-evasive interrogatory responses so that Plaintiffs can properly and fairly prepare for trial. As courts have explained:

> Interrogatories ***must be answered fully, and an evasive or incomplete answer is the equivalent of a failure to answer***. Fed. R. Civ. P. 33(b)(3), 37(a)(4). Further, while "[l]ack of knowledge or the ability to recollect is, if true, a fair answer," *Weaver v. Mateer & Herbet* [sic], P.A., 277 F.R.D. 655, 658 (M.D. Fla. 2011), "***[a] party answering interrogatories has an affirmative duty to furnish any and all information available to that party***." *Roden v. Floyd*, No. 2:16-cv-11208, 2019 WL 1098918, at *3 (E.D. Mich. March 8, 2019) (quoting 7 James W.M. Moore et al., Moore's Federal Practice ¶33.102[1]. [3] (3d ed. 2017)) [sic]. *See also Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (quoting *Haney v. Saldana*, No. 1:04-cv-05935, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)) ("In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort must be made.'") [sic].

*Mohnsam v. Nemes*, 2019 WL 3307233, at *4 (W.D. Ky. July 23, 2019).

The discovery rules require complete, non-evasive answers as part of a broader goal to make "'trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent' . . . . to avoid surprise and the possible miscarriage of justice and to eliminate the 'sporting theory of justice.'" *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Plaintiffs are entitled to use contention interrogatories to "'clarify the basis

- 2 -

for or scope of [its] adversary's legal claims.'" *Davis v. Hartford Life & Accident Ins. Co.*, 2015 WL 7571905, at \*5 (W.D. Ky. Nov. 24, 2015). Indeed, "contention interrogatories early in litigation may serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims." *Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*, 2020 WL 4432415, at \*3 (W.D. Ky. July 31, 2020). Here, Defendants must now provide references to specific documents and identify specific individuals supporting their claims and affirmative defenses. It is not appropriate to withhold information and hedge their responses such that they may at some indeterminate time in the future point to other presently known evidence, especially where the USX Defendants have not proffered any credible contention that they do not know or have been unable to ascertain such information.

A.     **USX Defendants' Use of Vague References to Unspecified Individuals and Information Is Improper and Insufficient**

USX Defendants' identification of facts in response to Interrogatory Nos. 1 and 7 are vague and ambiguous in contravention of Rule 33. "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996); *cf. Frank Betz Assocs., Inc. v. Builders Mut. Ins. Co.*, 2012 WL 13042564, at \*2 (M.D. Tenn. Oct. 29, 2012) (Brown, Mag. J.) (granting motion to compel supplemental interrogatory responses where party had "rel[ied] on vague responses instead of detailed ones"). Moreover, the responses undermine the fundamental purpose of the federal discovery rules in promoting fairness and efficiency. Here, USX Defendants must provide the requested information so that Plaintiffs may fairly test these theories while fact discovery is still ongoing.

**Interrogatory No. 1**. Interrogatory No. 1 asks USX Defendants to identify which documents, communications, persons or other grounds the Individual Defendants base their affirmative defense that they "at all relevant times acted in good faith" when signing the Offering Documents. USX Defendants failed to provide a full response as required by Rule 33. Their

- 3 -

response merely referenced unspecified documents ("drafts of the Offering Materials"), unspecified individuals ("USX personnel . . . outside counsel and investment bankers"), and unspecified communications ("their communications concerning the Offering Materials and/or USX operations"). Ex. 2 at 5. Which drafts of Offering Materials, communications and individuals USX Defendants intend to rely on, despite being sought by the interrogatory, remain solely known to USX Defendants and should be provided to Plaintiffs. Moreover, the identity of the individuals is important and dictates the standard of proof. For example, if USX Defendants intend to rely on their good faith reliance on advice from "outside counsel," as their interrogatory response seems to suggest, they are required to prove that they "'(1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice.'" *S.E.C. v. AIC, Inc.*, 2013 WL 5134411, at *7 (E.D. Tenn. Sept. 12, 2013). Plaintiffs cannot test such a defense without USX Defendants providing complete and explicit information.

**Interrogatory No. 7**. Interrogatory No. 7 asks Defendants to identify:

> [A]ll documents, persons and communications you relied upon for USX's representation in its Offering Documents that: "If we are unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among other things, continue to adjust our compensations packages or operate with fewer tractors and face difficulty meeting shipper demands, either of which could materially adversely affect our growth and profitability."

Ex. 1 at 5-6. Defendants responded that "they do not *believe* they relied on any *particular* document, person or communication" in making the risk disclosure at issue in this litigation concerning USX's ability to "'continue to attract and retain a sufficient number of drivers.'"[4] Ex. 2 at 12; ECF No. 91 at 32. This response is ambiguous because it references a belief without providing any factual bases underlying such belief. The response is thus unclear whether

---

[4] The documents cited in the response are merely drafts of the Registration Statement.

defendants: (1) undertook a reasonable investigation and determined that they do not ***recall*** any particular document, person, or communication (*see JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006)); (2) have failed to respond with an adequate description of the general types of documents, persons or communications relied upon that they do recall, if that is all that could be determined after a reasonable investigation; or (3) categorically did not rely on any documents, persons or communications in making the risk disclosures.

By failing to identify the actual "document[s]," "drafts," "person[s]" "USX personnel," "outside counsel," "investment bankers," and "communications," and the like on which they relied in their responses to Interrogatory Nos. 1 and 7, Defendants violated both the letter and spirit of Rule 33. They should be compelled to provide complete responses specifying the individuals, communication or information on which they relied.

### B. USX Defendants' Evasive and Non-Responsive Answers Are Improper and Insufficient

USX Defendants' responses to Interrogatory Nos. 3, 4, and 6 are evasive and/or non-responsive and therefore deficient. "'A party answering interrogatories has an affirmative duty to furnish any and all information ***available*** to that party.'" *Roden v. Floyd*, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019) (quoting 7 James W.M. Moore et al., Moore's Federal Practice ¶33.102[1], [3] (3d ed. 2017)) (emphasis in original). "In general, a responding party is not required 'to conduct extensive research in order to answer an interrogatory, but a reasonable effort must be made.'" *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (quoting *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010)). A defendant must "'be able to ***generally explain*** the factual basis for each . . . affirmative defense[] pled in its . . . answer'" and provide any documents that relate to its affirmative defenses in response to a contention interrogatory. *Davis*, 2015 WL 7571905, at *5 (emphasis in original).

4889-9411-4075.v2

**Interrogatory No. 3**.  Interrogatory No. 3 asks Defendants to identify the factual basis for Defendants' nineteenth affirmative defense they asserted in their Answer.  ECF No. 96 at 45.  In Defendants' nineteenth affirmative defense, they assert that:

> Plaintiffs' . . . claims [are] barred . . . because the damages allegedly suffered (which USX Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom USX Defendants had no control and for whom USX Defendants are not liable.

*Id.*  Interrogatory No. 3 asks Defendants to identify each "'affirmative and/or independent action[],' and the 'one or more third persons or parties over whom USX Defendants had no control' responsible for such 'affirmative and/or independent actions.'"  Ex. 1 at 5.  Defendants identified nothing.  Instead, they state unsupported and unrelated legal conclusions regarding the merits of Plaintiffs' allegations, and reference unsupported factual assumptions and hypotheticals:

> USX's Offering Materials were not materially false or misleading and thus no Plaintiff or putative class member could have been damaged based on Plaintiffs' allegations, which are unfounded.  Beyond that, to the extent that any Plaintiff or class member suffered a loss from an investment in USX common stock, such loss was not due to any wrongdoing of Defendants and thus must have resulted either from no wrongdoing at all or as a result of affirmative and/or independent actions of one or more third persons or parties over whom USX Defendants had no control and for whom USX Defendants are not liable.

Ex. 2 at 8.

Defendants' response is devoid of any facts relevant to their nineteenth affirmative defense and fails to satisfy Fed. R. Civ. P. 33(b)(3).  Indeed, USX Defendants' entire response is predicated solely on Defendants' supposition that Plaintiffs may ultimately fail in demonstrating falsity and materiality.  This hypothetical relating to Plaintiffs' burden of proof on separate elements is irrelevant to establishing Defendants' negative causation-like defense.  It is USX Defendants' burden to prove their affirmative defenses, and in responding to Plaintiffs' interrogatories they must disclose the ***facts*** that purportedly support this affirmative defense (*i.e.*, identifying any "actions," "persons"

4889-9411-4075.v2

or "parties" they assert caused Plaintiffs' and the class's damages). Defendants should supplement their answer or withdraw their defense.

**Interrogatory No. 4**. Defendants' response to Interrogatory No. 4 is similarly inadequate; Defendants fail to provide presently known facts that form the basis for their twentieth affirmative defense, which alleges that "any decline in the value of Plaintiffs' USX securities was caused by intervening, superseding, or other causes other than the alleged false or misleading statements that form the basis of Plaintiffs' asserted claims." ECF No. 96 at 45. Defendants, however, fail to identify any facts relating to their alleged "intervening, superseding or other causes," objecting that a response would consist of disclosure of expert testimony before it is due.

Defendants' objection that the defense is subject to expert testimony provides them no cover. While USX Defendants may likely rely on expert *analysis or opinion* to fully explain their defense to a jury, they must still provide any presently known *facts* which support this defense, facts Defendants presumably had to support this affirmative defense before pleading it in their Answer. While Defendants could fairly supplement their response with the opinion of a mathematical and statistical expert at a later date, Plaintiffs are entitled to know now the particular events that USX Defendants have alleged to be the "intervening, superseding, or other causes" of Plaintiffs' losses so that the parties can properly develop the factual record during fact discovery. *See United States v. Blue Cross Blue Shield of Mich.*, 2012 WL 12930840, at *6 (E.D. Mich. May 30, 2012) (compelling a response to an interrogatory challenged as premature when the interrogatory did not "call for expert opinion or facts known only to experts," because substantial discovery had already occurred at the time). The alternative is that Plaintiffs will be unfairly hamstrung after receiving an expert report analyzing undisclosed facts and legal theories presently known only to Defendants.

**Interrogatory No. 6**. Interrogatory No. 6 seeks the names and roles of the individuals who worked on the relevant risk disclosure set forth in USX's Registration Statement. USX Defendants

fail to "fully" respond to this interrogatory and they provide only a generalized response that does nothing to narrow the focus of discovery. Specifically, Plaintiffs seek identification of:

> [T]he individuals, including their employer (if not USX) and title, with duties and responsibilities related to drafting, reviewing and approving the risk disclosures in the Company's IPO Registration Statement. To the extent that such individuals identified were not involved in all of the risk disclosures in the Company's IPO Registration Statement, identify which portions of the risk disclosures such persons were involved in.

Ex. 1 at 5.

In return, Defendants responded with a non-responsive laundry list of 38 names and employers related to the *entire* Registration Statement, prefaced with the express qualification: "the following individuals *appear* to have been the *primary* individuals involved in the drafting, reviewing, *or* revising of the Registration Statement." Ex. 2 at 10. As appearances can be deceiving, the response does nothing to clarify the relevant individuals who actually worked on the relevant *risk disclosures* portion of the Registration Statement. In addition, the response does not provide the individuals' titles, duties or responsibilities. Nor does it provide "which portion of the risk disclosures such persons were involved in."

Answers to interrogatories are intended to serve to narrow and sharpen the issues, thereby confining discovery and simplifying trial preparation. *See* Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment (Subdivision (b)). Here, Plaintiffs seek this threshold information to identify percipient witnesses to the highly relevant risk disclosure section of the Registration Statement (*i.e.*, one of the statements alleged to be false in this action) and thereby narrow the scope of necessary discovery. In lieu of a complete response, however, Defendants indiscriminately provide a laundry list of individuals untethered to actual interrogatory, the result of which will require the broadening of discovery and lead to many unnecessary and costly depositions just to identify the correct individuals in the first instance. Given that Defendants have repeatedly objected to what they claim is costly and burdensome discovery, Defendants' response indicates

- 8 -

gamesmanship and the Court should order Defendants to respond appropriately and "fully" to Interrogatory No. 6 so Plaintiffs can efficiently focus discovery on matters relevant to the issues in this case.

### C. USX Defendants Must Respond to the Interrogatories Without Broad Open-Ended or Hedging Language

Defendants' responses, in particular to Interrogatory Nos. 1, 2, 5, 6 and 7, are littered with open-ended and ambiguous language that courts have routinely found inadequate and ordered be removed because it improperly leaves the door open and allows parties to surprise their adversaries with new facts or legal theories presented at trial. *See, e.g.*, *Grae v. Corr. Corp. of Am.*, 2020 WL 6750806, at *4 (M.D. Tenn. Nov. 2, 2020); *United States v. Quebe*, 321 F.R.D. 303, 308 (S.D. Ohio 2017) (finding open-ended language in an interrogatory response insufficient and noting that "Defendants' use of the phrase 'include, but is not limited to . . .' points to future information that they might provide to Plaintiff about additional uncertainties inherent in each project" when they should know presently); *United States v. Maverick Mktg., LLC*, 427 F. Supp. 3d 1386, 1400 (Ct. Int'l Trade 2020) (ordering conclusive responses where interrogatory responses contained non-exhaustive examples and use of language such as "'includes'"), *reconsideration denied*, 439 F. Supp. 3d 1329 (Ct. Int'l Trade 2020).[5] If Defendants do not recall the materials on what they relied when they made their representations to investors, then their interrogatory responses should so state. *See JPMorgan*, 2006 WL 3803152, at *5 ("'Parties must respond truthfully, fully and completely to

---

[5] *See also Pulsecard, Inc. v. Discover Card Servs., Inc.*, 1996 WL 397567, at *8 (D. Kan. July 11, 1996) (interrogatory response that contained "'including but not limited to'" was insufficient); *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) (ordering party to respond to interrogatory fully and completely; finding response to interrogatory was insufficient where interrogatory called for identification of "all" contracts or subcontracts, and party responded by stating that it entered into "several" oral contracts, and provided examples of only two); *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 500 (D. Kan. 2006) (interrogatory responses that included "'not limited to'" language were insufficient even where further discovery was anticipated).

4889-9411-4075.v2

discovery or explain truthfully, fully and completely why they cannot respond.  Gamesmanship to evade answering as required, is not allowed.'  'If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and "set forth the efforts he used to obtain the information.""").

The *Grae* court's analysis is instructive.  In *Grae*, a securities class action, the plaintiff sought the identification of documents and communications on which the defendants relied in making the alleged false statements.  *Grae*, 2020 WL 6750806, at *3.  The court agreed that defendant's use of "open-ended language (e.g., 'among other things' and 'a variety of indicators . . . including . . .')" to respond to the interrogatory "seems to leave the door open for [the defendants] to later introduce and attempt to use documents or communications that [the plaintiff] was not made aware of in discovery" and compelled defendants to supplement their responses and provide the specific names of individuals, reasoning that a party "cannot simply leave the door open to any document or communication that it may later recall."  *Id.* at *4.  Here, Defendants use similarly improper, "open-ended language" in Interrogatory No. 1 ("among other things"); No. 2 ("among other things"; "e.g."); No. 5 ("among other things" as incorporated by reference);[6] No. 6 ("appear to have been"; "e.g."; "may have been involved"); and No. 7 ("believe"; "any particular"; "e.g."), should be rejected and they should be compelled to supplement "fully" their responses.  Ex. 2.

---

[6]  While Plaintiffs' Motion does not dedicate a specific section to Interrogatory Nos. 2 and 5 (incorporating by reference the response to Interrogatory No. 2), Plaintiffs believe that given Defendants' assertion the response is complete, the sole substantive defect is the use of "among other things."  Because the response concedes that it is based on the "documents to date" and lists specific documents and categories of documents, such response would otherwise appear to be sufficient.  To the extent Defendants claim the response will be rendered incomplete through the removal of "among other things," they should be ordered to supplement the responses, and respond to Interrogatory No. 5 without reference to other interrogatories.  *See Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, 2016 WL 4662431, at *3 (E.D. Mich. Sept. 7, 2016) ("'[I]t is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.'").

4889-9411-4075.v2

Moreover, USX Defendants' objection that the Interrogatories are overbroad and unduly burdensome does not justify their failure to fully respond to the interrogatories. Indeed, the *Grae* court further found that merely citing the Bates numbers of a few documents as exemplars of the larger categories of responsive documents further renders the response incomplete. *Grae*, 2020 WL 6750806, at *5. And while one interrogatory in question sought information spanning a "'four-year time period conceivably . . . based on every email received during the course of the [i]ndividual [d]efendants' employment'" and "'every meeting or communication'" with a large number of individuals, the *Grae* court nonetheless overruled undue burden objections and ordered the defendant to "identify, to the best of its ability, the documents and communications that it relied upon in making the statements at issue . . . as specifically as possible." *Id.* The court reasoned that the "broad interrogatories" were "unavoidable" because "the central issue is whether [the defendants] committed fraud when they made statements essentially indicating that business was good." *Id.* Importantly, although the *Grae* court did not order the responding party to provide "a detailed narrative" "*describ[ing]* 'all facts' that supported various allegations," it found it proper for an interrogatory to request a party to *identify* all facts. *Id.* at *2, *5.

Just as in *Grae*, this Court should require Defendants to supplement their answers to remove open-ended language and provide the names of referenced individuals. Defendants must also reasonably provide sufficient information to identify all documents responsive to Interrogatory Nos. 2, 6 and 7, not just limited but incomplete examples of responsive documents. Similar to the state of mind issues in *Grae*, the core premise of USX Defendants' affirmative defenses here unavoidably invokes state of mind issues (*e.g.*, a good faith belief that a driver shortage was only a potential risk rather than an ongoing business reality). USX Defendants may have or be aware of any number of communications and documents which might form the basis for their asserted "good faith belief"

defense, but it is their obligation to disclose them now in fully responding to Plaintiffs' interrogatories.

## III.    CONCLUSION

For the reasons set forth above, the Court should grant this Motion and Defendants should be ordered to supplement their responses to Interrogatory Nos. 1-7 and "fully" respond to each interrogatory.

DATED: April 21, 2022

ROBBINS GELLER RUDMAN & DOWD LLP
CHRISTOPHER M. WOOD, #032977


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
NATALIE F. LAKOSIL (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com
nlakosil@rgrdlaw.com

- 12 -

ROBBINS GELLER RUDMAN & DOWD LLP
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
W. SCOTT HOLLEMAN (*pro hac vice*)
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 21, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com