# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 1:19-cv-00098-TRM-CHS ) |
| | ) <u>CLASS ACTION</u> |
| Plaintiffs, | ) |
| | ) Judge Travis R. McDonough |
| vs. | ) Magistrate Judge Christopher H. Steger |
| | ) |
| U.S. XPRESS ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL USX DEFENDANTS TO SUPPLEMENT INCOMPLETE INTERROGATORY RESPONSES

# TABLE OF CONTENTS

I.      The Interrogatories Are Not Premature .................................................................................1

II.     The Interrogatories Do Not Improperly Seek Expert Testimony ........................................5

III.    The Interrogatories Are Highly Relevant and Not Unduly Burdensome ............................6

IV.    Conclusion ..........................................................................................................................8

4874-3878-8895.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*ACT, Inc. v. Worldwide Interactive Network, Inc.*,
   2019 WL 5865623 (E.D. Tenn. Nov. 8, 2019) ...........................................................................8

*Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*,
   2020 WL 4432415 (W.D. Ky. July 31, 2020) ............................................................................2

*Anderson v. Dillard's, Inc.*,
   251 F.R.D. 307 (W.D. Tenn. 2008) ...........................................................................................6

*Cleveland Constr., Inc. v. Gilbane Bldg. Co.*,
   2006 WL 2167238 (E.D. Ky. July 31, 2006)..............................................................................2

*Dot Com Ent. Grp., Inc. v. Cyberbingo Corp.*,
   237 F.R.D. 43 (W.D.N.Y. 2006).................................................................................................2

*Feinberg v. T. Rowe Price Grp., Inc.*,
   2019 WL 6497959 (D. Md. Dec. 3, 2019)..................................................................................5

*Gov't Emps. Ins. Co. v. Strut*,
   2021 WL 230902 (W.D.N.Y. Jan. 22, 2021)..............................................................................5

*Grae v. Corr. Corp. of Am.*,
   2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020) ...........................................................3, 4, 6, 7

*Grynberg v. Total S.A.*,
   2006 WL 1186836 (D. Colo. May 3, 2006).................................................................................7

*Hilt v. SFC Inc.*,
   170 F.R.D. 182 (D. Kan. 1997)..................................................................................................6

*Hiskett v. Wal-Mart Stores, Inc.*,
   180 F.R.D. 403 (D. Kan. 1998)..................................................................................................6

*In re Convergent Techs. Sec. Litig.*,
   108 F.R.D. 328 (N.D. Cal. 1985)...............................................................................................2

*JPMorgan Chase Bank, N.A. v. Neovi, Inc.*,
   2006 WL 3803152 (S.D. Ohio Nov. 14, 2006)...........................................................................8

*Lawrence v. First Kan. Bank & Tr. Co.*,
   169 F.R.D. 657 (D. Kan. 1996)..................................................................................................6

4874-3878-8895.v1

*Lenoxburg Motorcycle LLC v. Arctic Cat Sales Inc*.,
2009 WL 2057139 (E.D. Ky. Mar. 5, 2009)..............................................................................2

*Lillard v. Univ. of Louisville*,
2014 WL 12725816 (W.D. Ky. Apr. 7, 2014)............................................................................6

*Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*,
2011 WL 13135608 (S.D. Tex. June 28, 2011)........................................................................8

*Percell v. Ky. Dep't of Mil. Affs.*,
2018 WL 4677783 (W.D. Ky. Sept. 28, 2018).........................................................................3

*Pouliot v. Paul Arpin Van Lines, Inc*.,
2004 WL 1368869 (D. Conn. June 14, 2004)...........................................................................3

*S.E.C. v. Goldstone*,
2014 WL 4349507 (D.N.M. Aug. 23, 2014)............................................................................6

*U.S. S.E.C. v. Blackwell*,
2004 WL 6829614 (S.D. Ohio Jan. 15, 2004).........................................................................2

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
Rule 26(d)(3)(A) ......................................................................................................................3
Rule 33 .....................................................................................................................................8

4874-3878-8895.v1

USX Defendants' Opposition provides no basis to deny the Motion.[1]

First, the interrogatories are not premature. USX Defendants substantially completed their document production in November 2021, fact discovery closes in less than three months, and the information sought is, and has been, personally known to USX Defendants since before this case was even filed. While USX Defendants are permitted to supplement their responses at a later date with newly discovered information, they should be required to respond fully to the interrogatories based on their current knowledge.

Second, the interrogatories do not improperly seek information subject to expert testimony. The fact that USX Defendants may eventually submit expert reports regarding various aspects of Plaintiffs' claims or USX Defendants' defenses does not give USX Defendants a license to refuse to provide factual information relevant to such matters now.

Finally, the interrogatories are not unduly burdensome. USX Defendants have provided no evidence whatsoever regarding the actual burden associated with fully responding to the interrogatories, and the interrogatories are not the type of "blockbuster" interrogatories courts have found to be unduly burdensome or improper.

The Motion should be granted.

## I. The Interrogatories Are Not Premature

Fact discovery began in this case in September 2020 and is set to close on August 11, 2022. In November 2021, USX Defendants told Plaintiffs that their document productions were substantially complete. With less than three months left until the fact discovery deadline, the interrogatories are in no way premature.

---

[1] "Opposition" or "Opp." refers to USX Defendants' Opposition to Plaintiffs' Motion to Compel Supplemental Interrogatory Responses (ECF 177). "Motion" refers to Plaintiffs' Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses (ECF 171). Internal citations and footnotes are omitted and emphasis is added unless otherwise indicated. All capitalized terms not otherwise defined herein have the same meaning as in the Motion.

- 1 -

Contention interrogatories are not premature simply because they are served prior to the completion of fact discovery. For instance, in *Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, 2006 WL 2167238 (E.D. Ky. July 31, 2006), the Court granted a motion to compel in spite of the answering party's objection that the interrogatories as issue were served "'before document review by either side had occurred, before expert reports were filed, and well before either party even contemplated requesting a deposition.'" *Id.* at *7.

> "Defendants are expected to have, even at an early stage, some good faith basis in fact and law for such claim and defense. *See* Fed. R. Civ. P. 11(b)(2), (3). Accordingly, Plaintiff's Interrogatories which primarily seek the basis for the defense and related counterclaim, even if they are assumed to be contention interrogatories, should be answered at this time."

*Id.* (quoting *Dot Com Ent. Grp., Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 45-46 (W.D.N.Y. 2006)).

> Moreover, the Court reasoned:

> interrogatories served early in the litigation may serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims. They might also serve as predicates for motions for summary judgment, which would not only help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken. Other legitimate purposes . . . include clarifying the issues in the case and setting up early settlement discussions.

*Id.* (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-38 (N.D. Cal. 1985)); *see also Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*, 2020 WL 4432415, at *6-*13 (W.D. Ky. July 31, 2020) (requiring supplemental responses to contention interrogatories propounded early in litigation); *Lenoxburg Motorcycle LLC v. Arctic Cat Sales Inc.*, 2009 WL 2057139 (E.D. Ky. Mar. 5, 2009) (same).

In any case, while "[t]he general policy is to defer contention seeking interrogatories until discovery is near an end in order to promote efficiency and fairness," discovery is ***already near its end*** in this case, USX Defendants ostensibly substantially completed their document production over six months ago, and any "rationale behind the postponement of contention interrogatories is . . . not present." *U.S. S.E.C. v. Blackwell*, 2004 WL 6829614, at *3 (S.D. Ohio Jan. 15, 2004); *see also*

- 2 -

*Percell v. Ky. Dep't of Mil. Affs.*, 2018 WL 4677783, at *3 (W.D. Ky. Sept. 28, 2018) ("Plaintiff fails to show how these contention interrogatories are premature when they were sent less than two months before discovery was set to close.").

USX Defendants contend that Plaintiffs can "'test' USX Defendants' defenses" through deposition testimony (Opp. at 17-19), but the fact that depositions have yet to be completed provides no basis for USX Defendants to refuse or delay providing complete responses to the interrogatories. "Numerous courts have held that a party may not incorporate deposition testimony or otherwise rely on future deposition testimony in lieu of offering a complete and separate response to each interrogatory." *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) (cited with approval in *United States v. Life Care Ctrs. of Am., Inc.*, 2016 WL 3198032, at *2 (E.D. Tenn. Mar. 24, 2016)); *Percell*, 2018 WL 4677783, at *3 ("Plaintiff fails to explain or cite any authority for the proposition that she is not required to answer written discovery, despite its broad scope, because those questions may be better explored through deposition. . . . Therefore, Plaintiff's objections that these 'lengthy explanations' may be better explored through deposition(s) are overruled."); *see also* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").

Pointing Plaintiffs to "56,083 documents (totaling 260,807 pages) that USX Defendants produced in response to Plaintiffs' requests for production" (*see* Opp. at 18) is similarly no substitute for providing complete interrogatory responses. *Grae v. Corr. Corp. of Am.*, 2020 WL 6750806, at *5 (M.D. Tenn. Nov. 2, 2020) ("The answers to Interrogatories Nos. 1-5 may not be wholly determined by examining CoreCivic's business records, because only CoreCivic knows what it relied on in making the statements at issue (and upon which, presumably, CoreCivic intends to rely at trial and in dispositive motion briefing); Amalgamated cannot determine that by simply combing through all of CoreCivic's records, even if CoreCivic identifies a handful of examples. The answer

- 3 -

requires a degree of judgment and discrimination by CoreCivic. Additionally, the burden of deriving the answer would not be the same for either party, because Amalgamated has no way of knowing which specific documents and communications are the ones upon which CoreCivic claims to have relied.")

Finally, USX Defendants' contention that Plaintiffs are improperly requiring USX Defendants to "do Plaintiffs' work for them by sifting through all of the documents produced in this case, and any potentially relevant public information, and then providing Plaintiffs with a narrative of USX Defendants' case," is also baseless. *See* Opp. at 19.

These interrogatories concern, primarily, a limited number of the affirmative defenses in USX Defendants' Answer and Defenses to Amended Complaint (ECF 96) ("Answer"). Any suggestion that USX Defendants need to "sift" through their own documents to determine upon whom **they** relied, for example, in connection with their own affirmative defenses makes no sense. Nor are these assertions a basis for refusing to fully answer the interrogatories in any event. *See Grae*, 2020 WL 6750806, at *5 ("it is true that '[i]nterrogatories . . . are not intended to be used to elicit a narrative response of the opposing party's entire case.' But, such broad Interrogatories seem almost unavoidable in this case, where the central issue is whether [Defendants] committed fraud when they made statements essentially indicating that business was good.").[2]

---

[2] USX Defendants' assertion that the interrogatories at issue in *Grae* were more limited than the interrogatories at issue here (*see* Opp. at 7 n.2) is false. *E.g.*, *Grae*, 2020 WL 6750806, at *3 ("Identify all documents and communications that you relied upon at the time of any direct or indirect representation by you or CCA to investors during the Class Period that CCA provided quality corrections services; high standards of quality; high quality operations; 'high-quality, safe and secure facilities'; or high-quality services to the BOP.").

4874-3878-8895.v1

## II.    The Interrogatories Do Not Improperly Seek Expert Testimony

USX Defendants' contention that "[f]ive of the seven interrogatories are further improper because they effectively seek the disclosure of expert testimony before such is due" should be rejected.  Opp. at 14-15.

First, the fact that the topics of these interrogatories may later be the subject of expert reports provides no basis for USX Defendants to refuse to provide the factual information known or available to them regarding these topics now.  Plaintiffs "should not be required to wait any longer to explore the specific factual basis underlying those parts of the [pleading] to which the interrogatories refer, even if experts will further expound on these areas."  *Feinberg v. T. Rowe Price Grp., Inc.*, 2019 WL 6497959, at \*5 (D. Md. Dec. 3, 2019) (collecting cases).

Indeed, were USX Defendants correct, practically no interrogatory would be permissible prior to the completion of expert discovery, as USX Defendants apparently intend to submit expert reports on essentially every element of Plaintiffs' claims and USX Defendants' defenses.  *See* Opp. at 15.  The fact that USX Defendants intend to submit an expert report regarding, for example, "no reasonable grounds to believe that the Registration Statement contained false or misleading statements of material fact" (*id.*) provides no justification for USX Defendants to refuse to provide complete information regarding the documents and individuals **upon which they themselves purportedly relied** in connection with their good faith defense.  *See* ECF 171-2 at 4 (Interrogatory No. 1).  This is a matter solely within USX Defendants' knowledge; deferring an answer until the completion of expert discovery simply makes no sense and is impermissible.  *Gov't Emps. Ins. Co. v. Strut*, 2021 WL 230902, at \*4 (W.D.N.Y. Jan. 22, 2021) ("If any interrogatory seeks a response that calls for the identity of an expert or the expert's opinion, Plaintiffs may defer their answer until they have identified their experts and proffered expert reports in accordance with the pretrial order. . . . However, most of the disputed interrogatories do not call for responses that venture into the realm of

expert discovery. Rather, Defendants seek to understand the basic factual underpinnings of Plaintiffs' claims . . . . Plaintiffs may respond that they will supplement their responses during expert discovery. But, beyond that narrow exemption, Plaintiffs fail to articulate any reason why it would be unfair to fully identify the factual bases for their claims at this time.").

## III. The Interrogatories Are Highly Relevant and Not Unduly Burdensome

There is no dispute that the interrogatories seek information directly relevant to Plaintiffs' claims and USX Defendants' defenses. Instead, USX Defendants broadly claim that providing further responses to the interrogatories would be unduly burdensome. *See* Opp. at 3-13. Yet USX Defendants provide no evidence whatsoever regarding the extent of this supposed burden. As in *Grae*, "[o]ther than characterizing the Interrogatories as 'unduly burdensome,' [Defendants have] not actually demonstrated that complying with the requests would be unduly burdensome." 2020 WL 6750806, at *5 (citing *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008) ("a general statement that the discovery is overly broad and unduly burdensome . . . by itself is insufficient to deny discovery")). For this reason alone, USX Defendants' burden arguments should be rejected. In any case, USX Defendants' remaining contentions are misguided.

First, the interrogatories do not seek what have been characterized by certain courts as objectionable "blockbuster" interrogatories (substantially relying on opinions of a single out-of-circuit judge and their progeny).[3] Even if these could be construed as "blockbuster" interrogatories (they are not), courts reject treating even "blockbuster" interrogatories as overbroad and unduly burdensome, finding the purpose of contention interrogatories is to "'pin down'" legal theories and the facts that support them, and that a "responding party must be forthcoming." *See, e.g.*, *S.E.C. v.*

---

[3] USX Defendants rely substantially on opinions from Judge Rushfelt in the District of Kansas. *Lawrence v. First Kan. Bank & Tr. Co.*, 169 F.R.D. 657, 660 (D. Kan. 1996); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998); *see also Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014) (citing *Hilt* and *Hiskett*).

4874-3878-8895.v1

*Goldstone*, 2014 WL 4349507, at \*30 n.18 (D.N.M. Aug. 23, 2014) (expressly rejecting the approach taken by Judge Rushfelt).

*Grynberg v. Total S.A*., 2006 WL 1186836 (D. Colo. May 3, 2006), does not support USX Defendants' contentions. There, the interrogatory in question was far broader than the interrogatories at issue here and sought the following information:

> "Identify each denial of a material allegation and each affirmative defense in your pleadings and for each:
>
> (a)  state all material facts upon which you base denial of affirmative defense;
>
> (b)  state the names, addresses, and telephone numbers of all material persons who have knowledge of those facts; and
>
> (c)  identify all material documents and other tangible things which support your denial or affirmative defense, and state the name, address and telephone numbers of the person who has each document."

*Id.* at \*5-\*6. The court found this interrogatory improper, holding:

> It is proper, of course, to inquire about the material facts supporting specific factual matters raised in the pleadings. But to require Total first to identify each denial of a material allegation and each affirmative defense in its pleadings and then to state all material facts supporting the denial or affirmative defense, identify all witnesses with knowledge of those facts, and identify all material documents supporting the denial or affirmative defense is unduly burdensome as a matter of law and an abuse of the discovery system.

*Id*. at \*7.

Here, the Interrogatories at issue are far narrower than those found improper in *Total*. For example, Plaintiffs have not asked USX Defendants about ***any*** of the denials in their Answer whatsoever and focus on just ***five*** of the ***thirty-seven*** affirmative defenses contained in USX Defendants' Answer. Such targeted interrogatories are entirely appropriate in a case of this nature. *See Grae*, 2020 WL 6750806, at \*5 ("such broad Interrogatories seem almost unavoidable").

Second, USX Defendants contend that, with respect to several of their responses, there is simply "nothing to compel." Opp. at 9; *see also* Opp. at 10 ("it is not clear what else Plaintiffs want

4874-3878-8895.v1

in response to this interrogatory"); Opp. at 13 ("it is not clear what else Plaintiffs want for this response"). But Plaintiffs want nothing more than for USX Defendants to comply with Rule 33 of the Federal Rules of Civil Procedure, which does not permit the type of open-ended and evasive responses USX Defendants seek to provide. Motion at 9-12; *see also ACT, Inc. v. Worldwide Interactive Network, Inc.*, 2019 WL 5865623, at *3 (E.D. Tenn. Nov. 8, 2019) ("With respect to Interrogatory Nos. 12 and 13, Defendant incorporates 'specifically including, ***but not limited to***,' [language] . . . . This practice is impermissible.") (emphasis in original) (citing *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, 2011 WL 13135608, at *3 (S.D. Tex. June 28, 2011) ("Qualifiers, such as the 'include, but are not limited to' used by Plaintiffs, render interrogatory answers vague, evasive and incomplete.")). And if, for example, USX Defendants do not know the identity of the so-called "'one or more third persons'" referenced in their response to Interrogatory No. 3, they are required to say so, rather than leaving Plaintiffs to speculate regarding who, if anyone, USX Defendants believe may have been responsible for the alleged losses. ECF 171-3 at 7-8; *JPMorgan Chase Bank, N.A. v. Neovi, Inc*., 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006) ("'If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and "set forth the efforts he used to obtain the information."'").

## IV. Conclusion

The Motion should be granted.

DATED: May 12, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

- 8 -

4874-3878-8895.v1

Case 1:19-cv-00098-TRM-CHS    Document 178    Filed 05/12/22    Page 12 of 15
PageID #: 4696

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
SNEHEE KHANDESHI (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA (*pro hac vice*)
KEVIN S. SCIARANI (*pro hac vice*)
NATALIE F. LAKOSIL (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com
ksciarani@rgrdlaw.com
nlakosil@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com

- 9 -

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 12, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com