# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LEWIS STEIN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 1:19-cv-00098 ) ) Judge McDonough / Steger |
| v. | ) ) |
| U.S. XPRESS ENTERPRISES, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court upon Plaintiffs' Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses [Doc. 171]. For the reasons stated herein, this motion is **DENIED**.

### I. Background.

In their collective answer to Plaintiffs' Amended Complaint, Defendant U.S. Xpress Enterprises, Inc., and Defendants Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate (collectively, the "USX Defendants") have pleaded thirty-seven separate affirmative defenses. Plaintiffs have served the USX Defendants with interrogatories requesting "every fact" witness and document supporting or concerning these affirmative defenses. The USX Defendants have responded to these interrogatories, but apparently without the level of detail sought by Plaintiffs who now seek an order requiring Defendant to supplement their answers to include such granularity.

The interrogatories at issue are "contention interrogatories," i.e., interrogatories that require Defendant to engage in the "application of law to fact" in order to answer them. Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention

that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). So parties can serve interrogatories asking for facts that support contentions. Contention interrogatories "are interrogatories that seek to clarify the basis for or scope of an adversary's legal claim." *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty.*, 527 U.S. 198 (1999).

## II. Problems with Relief Sought by Plaintiffs

This Court has no problem with the "application of law to fact" nature of contention interrogatories. As a general proposition they are entirely permissible. That said, the Court has identified three significant problems with these particular contention interrogatories and the relief sought by Plaintiffs. First, the interrogatories are overly broad such that the burden of responding to them outweighs the likely benefit of such responses—thereby rendering them disproportional to the needs of this case. Second, they are premature, and ultimately, untimely. Third, Plaintiffs can obtain the information they are seeking in a more efficient and less burdensome manner. The Court will address these problems *seriatim*.

### A. Overly Burdensome and Disproportionate to the Needs of the Case

First, as indicated, these omnibus contention interrogatories are unreasonably broad and burdensome. In *IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 321 (D. Kan. 1998), the district court addressed the problems raised by contention interrogatories which ask for "all facts" in support of a party's particular allegations. The relevant facts in *Mercantile Bank of Topeka* were these:

> The court will first address Interrogatories 1 through 5 and 7 through 12. Each of them begins with the directive, "State, with specificity, each and every fact and application of law to fact upon which IBP relies in support of...." The rest of the interrogatory identifies a paragraph of the complaint or some allegation within it. In the aggregate these eleven interrogatories ask plaintiff to specifically state every fact and application of law to fact to support certain allegations of the complaint...

*Id.* at 319. The court found that the interrogatories were too broad and overly burdensome:

> To the extent they ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention. Rule 33 contemplates that a responding party shall indeed not hedge the answer merely because it may require the application of opinion to fact. *To require specifically "each and every" fact* and application of law to fact, however, *would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details*. The burden to answer then outweighs the benefit to be gained. Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail. The court sustains the objections of plaintiff, therefore, to the extent Interrogatories 1 through 5 and 7 through 12 are overly broad and unduly burdensome in seeking "each and every fact and application of law to fact" for the allegations they identify.

*Id.* at 321 (emphasis added). While *Mercantile Bank of Topeka* is not binding precedent, it is certainly persuasive. Further, other courts within this circuit have refused to require answers to "all facts" or "every fact" contention interrogatories on the same basis as *Mercantile Bank of Topeka*. *See e.g., Percell v. Kentucky Dep't. of Military Affairs,* No. 3:16-cv-00721-RGJ-LLK, 2018 WL 4677783, at *4 (W.D. Ky. Sept. 28, 2018) ("'[i]nterrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses.'") (quoting *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4036424, at *18–19 (D. Kan. Sep. 12, 2011)); *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011)("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it '(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information'") (citing *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)**.**

## B. Timeliness

Second, these contention interrogatories precede (or, perhaps, supplant) other discovery methods. Rule 33(a)(2) of the Federal Rules of Civil Procedure allows a court to "order that [contention] interrogator[ies] need not be answered until designated discovery is complete or until a pretrial conference or some other time." In harmony with Rule 33(a)(2),

> courts have recognized that it is sometimes appropriate for "contention interrogatories" to be deferred until the end of the discovery period. *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-0819, 2010 WL 518169 (S.D. Ohio Feb. 4, 2010) (recognizing that "contention interrogatories" are often best postponed until the end of discovery, as "their primary purpose is to narrow the issues for trial"); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete.").

*Quashqeesh v. Monster Beverage Corp.*, No. 2:20-cv-03776, 2021 WL 3634117, *at 3 (S.D. Ohio August 17, 2021); *see also Francis v. Lakewood Eng'g & Mfg. Co.*, No. 05-2429 MaV, 2006 WL 8434945, at *2 (W.D. Tenn. July 18, 2006) (noting national trend to defer contention interrogatories to the end of discovery "because they 'may create disputes between the parties which are best resolved after much or all of the other discovery has been completed'")
 (citing Fed. R. Civ. P. 33 advisory committee's note (1970)).

In the instant case, the discovery period—which commenced nearly two years ago—closes on August 11, 2022. Significantly however, while the discovery *period* is nearing an end, *actual discovery* is not. *Plaintiffs have yet to take a single fact deposition and now seek to do so in the last three months of the discovery period.* Once Plaintiffs have taken their depositions their need for contention interrogatories will likely be obviated. At the very least, they will be in a much better position to marshal the information gathered to ask more targeted, and therefore less expansive, contention interrogatories. That said, given the late start on depositions, it appears highly unlikely that Plaintiffs will complete their fact depositions in sufficient time to allow

defense counsel to obtain the transcripts, review all of the testimony and documents, and provide a comprehensive response to Plaintiffs' contention interrogatories.[1]

## C. Court's Role in Regulating Discovery

Having identified the problems with the relief Plaintiffs are seeking, the Court will offer a solution. We start with the proposition that the Rules of Civil Procedure, including those governing discovery, "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

Rule 26(b) of the Federal Rules of Civil Procedure gives judges broad latitude in governing the scope and limits of discovery to accomplish the overarching purpose of Rule 1. More specifically, Fed. R. Civ. P. 26(b)(2)(C) provides in relevant part:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

The information sought by Plaintiffs in their contention interrogatories can be obtained in a more convenient, less burdensome, and less expensive manner by deposing the Defendants and other potential fact witnesses than by attempting to impose a requirement on Defendants' counsel

---

[1] In the motion hearing, Plaintiffs' counsel represented that this is how his firm customarily handles the taking of depositions of fact witnesses in these kinds of securities class actions, i.e., waiting until the last few months to take fact depositions. That may be so, but the Court would make the observation that waiting until three months prior to the close of discovery to start taking fact depositions in a complex commercial case involving a large number of witnesses and a great volume of documents certainly increases the likelihood of a last minute flurry of discovery disputes and virtually assures that such disputes cannot be resolved through motion practice prior to the applicable deadlines.

to conduct exhaustive interviews of each of these potential witnesses and summarize all of that information for Plaintiffs' counsel. Moreover, as a general proposition, it would be unreasonably cumulative and duplicative for Plaintiffs' counsel to conduct these depositions, and then to attempt to require Defendants' counsel to distill the testimony provided in depositions, and then provide a written summary of such information in response to Plaintiffs' contention interrogatories. Finally, given Plaintiffs' delay in requesting and conducting the depositions of fact witnesses in this case, the Court foresees that Defendants will not have sufficient time to go through the exercise of summarizing the information gleaned through depositions to prepare more complete answers to the contention interrogatories prior to the discovery deadline. And, the Court has made it clear to the parties that it does not intend to change the deadlines in this case. For these reasons, the Court directs Plaintiffs to conduct appropriate depositions to obtain the information that it is currently seeking in lieu of contention interrogatories.

### III. Conclusion.

To summarize, the Court has reviewed the interrogatories and responses at issue in this motion and finds that the responses are sufficient given the overly broad and burdensome nature of the interrogatories. The Court further finds that Plaintiffs can and should seek the information set forth in the contention interrogatories through fact depositions. Given the fact that Plaintiffs have waited until three months prior to the discovery deadline to start deposing fact witnesses, the Court directs counsel for the parties to work together to schedule and conduct such depositions as quickly as possible. The undersigned will make himself available to expedite disputes concerning such depositions.

For the foregoing reasons, Plaintiffs' Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses [Doc. 171] is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE