# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | | |
|---|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Travis R. McDonough Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS U.S. XPRESS ENTERPRISES, INC., ERIC FULLER, ERIC PETERSON, JASON GREAR, MAX FULLER AND LISA QUINN PATE

Plaintiffs Deirdre Terry, Charles Clowdis and Bryan K. Robbins (collectively, "Plaintiffs"), by their counsel, pursuant to Federal Rule of Civil Procedure 33, hereby request that defendants U.S. Xpress Enterprises, Inc., Eric Fuller, Eric Peterson, Jason Grear, Max Fuller and Lisa Quinn Pate (collectively "Defendants"),  answer the following interrogatories in writing under oath within 30 days of the date of service.  Plaintiffs request that such answers be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## I.     DEFINITIONS

1.      "Answer" refers to USX Defendants' Answer and Defenses to Amended Complaint, filed on August 14, 2020 (ECF No. 96).

2.      "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "Defendants" refers collectively to U.S. Xpress Enterprises, Inc. and the Individual Defendants (defined below).

4.      "Document" or "documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Entity" or "entities" have the same meaning as person.

6.      "Identify" when used in reference to a document, statement or publication means to give to the extent known, the: (i) type of; (ii) title; (iii) general subject matter; (iv) date; and (v) author(s), addressee(s) and recipient(s).

7.      "Identify" when used in reference to an action or event means to give to the extent known, the: (i) time and date; (ii) location; (iii) participants; (iv) general subject matter; and (v) description.

4874-6887-6044.v1

8. "Identify" when used in reference to a person means to give, to the extent known, their: (i) formal name and title; (ii) present or last known address, phone number and email address; (iii) for any natural person, the present or last known place of employment; and (iv) for any entity, its place of incorporation, registration or license.

9. "Individual Defendants" refers to Eric Fuller, Eric Peterson, Jason Grear, Max Fuller and Lisa Quinn Pate and any employees, implied or express agents, attorneys, or other persons or entities acting in conjunction with them or on their behalf.

10. "IPO" refers to USX's June 14, 2018 initial public offering.

11. "Offering Documents" refers collectively to the Registration Statement and Prospectus (defined below).

12. "Person" means any natural person or any legal entity, including without limitation, any business or governmental entity or association.

13. "Prospectus" means any prospectus distributed by Defendants or used to conduct the IPO, including, without limitation, all previously filed or amended versions of the Prospectus and all drafts thereof.

14. "Refer" or "relate" or "referring" or "relating" means all documents which describe, evidence, constitute, concern, comprise, summarize, explicitly or implicitly refer to, were reviewed in conjunction with or were created, generated or maintained as a result of the subject matter of the interrogatory, including, without limitation, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the interrogatory.

15. "Registration Statement" means the Registration Statement and Prospectus filed with the U.S. Securities and Exchange Commission ("SEC") in connection with the IPO, including all amendments thereto, whether filed with the SEC or not, and all drafts thereof.

- 2 -

4874-6887-6044 v1

16.   "USX" or the "Company" refers to U.S. Xpress Enterprises, Inc. and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its respective present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf.

17.   "You" or "your" refers to the person(s) or entity responding to these interrogatories.

18.   The following rules of construction apply to all discovery requests pursuant to Local Civil Rule 26.3:

(a)   the terms "all," "any" and "each" shall each be construed as encompassing any and all;

(b)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

(c)   the use of the singular form of any word includes the plural and vice versa.

## II.   INSTRUCTIONS

1.   You are required to provide all information that is available to you, including information in the possession of your attorneys, agents or others under your control and not merely information known by virtue of your own personal knowledge.

2.   If you claim any sort of privilege, whether based on statute or otherwise, as a ground for not answering, state the following:

(a)   the date of any such information;

(b)   the name, the present or last known home and business addresses and the telephone numbers of those individuals who prepared, produced, reproduced or were recipients of said information, or were a speaker of or listener to an oral communication;

4874-6887-6044 v1

(c)     a description of the subject matter sufficient to identify it without revealing the information for which the privilege is claimed; and

(d)     each and every fact or basis upon which you claim any such privilege.

3.     These interrogatories shall be deemed subject to the duty to supplement as set forth in the Federal Rules of Civil Procedure, and you shall be obligated to change, supplement and correct your answers to conform to all available information, including such information as it becomes available to you after your answers hereto are served.

4.     If you object to any portion or aspect of any interrogatory, provide all information responsive to the portion to which you do not object.

5.     Where an interrogatory asks for a date, an amount or any other specific information, if the precise date, amount or other specific information is unknown to you, please approximate the information requested as precisely as you are reasonably capable of doing, and indicate that you have done so.

## III.     INTERROGATORIES

INTERROGATORY NO. 1:

With respect to your Seventh Defense in your Answer, identify any and all documents, facts, persons relied upon, or other grounds for the defense including that the Individual Defendants at all relevant times acted in good faith and had no knowledge of, or reasonable grounds to believe that any alleged statement or omission made by any person over whom they allegedly exercised controls was false or misleading.

INTERROGATORY NO. 2:

With respect to your Thirteenth Defense in your Answer, identify the source(s), date(s) and/or publication(s) by which the information Plaintiffs allege to have been omitted or misstated was accurately disclosed, publicly available, or widely known to the market.

- 4 -

INTERROGATORY NO. 3:

With respect to your Nineteenth Defense in your Answer, identify each referenced "affirmative and/or independent action[]," and the "one or more third persons or parties over whom USX Defendants had no control" responsible for such "affirmative and/or independent actions."

INTERROGATORY NO. 4:

With respect to your Twentieth Defense in your Answer, identify all causes for the decline in USX's stock price in the days following the Company's November 1, 2018 press release and earnings conference call and identify the basis for your identification of each such cause.

INTERROGATORY NO. 5:

With respect to your Twenty-Fourth Defense in your Answer, identify the source(s), date(s) and/or publication(s) of the  material information at issue that "was made available to the market by other sources."

INTERROGATORY NO. 6:

Identify the individuals, including their employer (if not USX) and title, with duties and responsibilities related to drafting, reviewing and approving the risk disclosures in the Company's IPO Registration Statement.  To the extent that such individuals identified were not involved in all of the risk disclosures in the Company's IPO Registration Statement, identify which portions of the risk disclosures such persons were involved in.

INTERROGATORY NO. 7:

Identify all documents, persons and communications you relied upon for USX's representation in its Offering Documents that:

If we are unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among other things, continue to adjust our compensation packages or operate with fewer tractors and face difficulty meeting shipper demands, either of which could materially adversely affect our growth and profitability.

DATED: February 4, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)



WILLOW E. RADCLIFFE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
W. SCOTT HOLLEMAN (*pro hac vice*)
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 7 -

**DECLARATION OF SERVICE BY EMAIL**

I, Sierra Bloyd, not a party to the within action, hereby declare that on February 4, 2022, I caused to be served the attached PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS U.S. XPRESS ENTERPRISES, INC., ERIC FULLER, ERIC PETERSON, JASON GREAR, MAX FULLER AND LISA QUINN PATE on the parties to the within action by email addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| ROBBINS GELLER RUDMAN & DOWD LLP | |
|---|---|
| Christopher M. Wood | cwood@rgrdlaw.com |
| Willow E. Radcliffe | willowr@rgrdlaw.com |
| Hadiya K. Deshmukh | hdeshmukh@rgrdlaw.com |
| Kevin S. Sciarani | ksciarani@rgrdlaw.com |
| **LEVI & KORSINSKY LLP** | |
| Shannon L. Hopkins | shopkins@zlk.com |
| **BARRETT JOHNSTON MARTIN & GARRISON, LLC** | |
| Jerry E. Martin | jmartin@barrettjohnston.com |
| David Garrison | dgarrison@barrettjohnston.com |
| **BRAGAR EAGEL & SQUIRE PC** | |
| W. Scott Holleman | holleman@bespc.com |
| Marion C. Passmore | passmore@bespc.com |

**COUNSEL FOR DEFENDANTS:**

| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. | |
|---|---|
| Philip B. Whitaker, Jr. | pwhitaker@bakerdonelson.com |
| K. Stephen Powers | spowers@bakerdonelson.com |
| **KING & SPALDING LLP** | |
| Jessica P. Corley | jpcorley@kslaw.com |
| Lisa R. Bugni | lbugni@kslaw.com |
| Brandon R. Keel | bkeel@kslaw.com |
| Logan R. Hobson | lhobson@kslaw.com |
| **O'MELVENY & MYERS LLP** | |
| Jonathan Rosenberg | jrosenberg@omm.com |
| William J. Sushon | wsushon@omm.com |
| Redwan Saleh | rsaleh@omm.com |

4874-6887-6044.v1

| **MILLER & MARTIN, PLLC** | |
|---|---|
| C. Crews Townsend | crews.townsend@millermartin.com |
| Meredith C. Lee | meredith.lee@millermartin.com |

     I declare under penalty of perjury that the foregoing is true and correct. Executed on February 4, 2022, at San Francisco, California.

SIERRA BLOYD