# EXHIBIT 2

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-00098<br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

## USX DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate (collectively, the "USX Defendants") hereby respond and object to the First Set of Interrogatories served on them by Plaintiffs Deirdre Terry, Charles Clowdis, and Bryan Robbins (the "Interrogatories" and each, individually, an "Interrogatory") in connection with the above-captioned action (the "Action"). USX Defendants make these responses and objections based solely on their current knowledge, understanding, and belief as to the facts and the information available to them as of the date these responses and objections are made. As such, USX Defendants reserve the right at any time to supplement, revise, or add to the responses and objections set forth herein.

## GENERAL OBJECTIONS

1.      USX Defendants object to the Interrogatories to the extent they call for information that is neither relevant to any claims or defenses nor proportional to the needs of the case and that therefore falls outside the applicable scope of discovery in the Action.

2.	USX Defendants object to the Interrogatories to the extent they seek information that is outside of USX Defendants' possession, custody, or control—or that otherwise would require an unduly burdensome search not prescribed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Moreover, discovery in this Action is ongoing, and USX Defendants have not yet completed their investigation of the facts and circumstances relating to the claims and defenses asserted in this Action. USX Defendants answer these Interrogatories based on their present knowledge developed from a reasonable investigation and discovery conducted to date.

3.	USX Defendants object to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.

4.	USX Defendants object to the Interrogatories to the extent they seek information that is publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs have equal access, including but not limited to documents already produced in the Action.

5.	USX Defendants do not in any way waive, or intend to waive, but rather intend to preserve and are preserving the following: (a) all objections as to competency, relevancy, materiality, and admissibility of any documents or information; (b) all objections as to vagueness, ambiguity, or other infirmity in the form of the Interrogatories, any objections based on the undue burden imposed by the Interrogatories; (c) all rights to object on any meritorious ground to the use of any of the information contained herein in any proceeding, including the trial of this or any other action; (d) all rights to object on any meritorious ground to any further discovery requests involving or related to the subject matter of the Interrogatories; and (e) any and all privileges and rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

## OBJECTIONS TO DEFINITIONS

1.      USX Defendants object to the definition of "Defendants" to the extent it incorporates the definitions of "USX" and the "Individual Defendants."

2.      USX Defendants object to the definition of "Individual Defendants" as vague, overbroad, and unduly burdensome to the extent it includes "any employees, implied or express agents, attorneys, or other persons or entities acting in conjunction with them or on their behalf." USX Defendants will interpret the term "Individual Defendants" as referring to Defendants Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

3.      USX Defendants object to the definitions of "refer," "relate," "referring," and "relating" as vague, overbroad, unduly burdensome, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure or the Local Rules of this Court. USX Defendants will interpret these terms consistent with their common meanings.

4.      USX Defendants object to the definition of "USX" or the "Company" as vague, overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure or the Local Rules of this Court. USX Defendants will interpret the terms "USX" or the "Company" as referring to Defendant U.S. Xpress Enterprises, Inc.

## OBJECTIONS TO INSTRUCTIONS

USX Defendants object to Instruction Nos. 1-3 and 5 as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's governing document production protocol (as it relates to information withheld on the basis of privilege).

3

<u>**RESPONSES AND OBJECTIONS TO INTERROGATORIES**</u>

USX Defendants' General Objections, Objections to Definitions, and Objections to Instructions set forth above apply to each of the specific Interrogatories and are hereby incorporated in each of the specific responses and objections below, where applicable. In response to certain Interrogatories, USX Defendants may restate one or more of their objections for clarity or emphasis. The lack of such specific references or the provision of the specific responses and objections stated below, however, is not intended as, and shall not be deemed to be, a waiver, either in whole or in part, of any of the General Objections, Objections to Definitions, or Objections to Instructions set forth above. Subject to those General Objections, Objections to Definitions, and Objections to Instructions, and without waiving any one or more of them, USX Defendants further respond and object to each individual Interrogatory as follows.

<u>**INTERROGATORY NO. 1:**</u>

**With respect to your Seventh Defense in your Answer, identify any and all documents, facts, persons relied upon, or other grounds for the defense including that the Individual Defendants at all relevant times acted in good faith and had no knowledge of, or reasonable grounds to believe that any alleged statement or omission made by any person over whom they allegedly exercised controls [sic] was false or misleading.**

<u>**ANSWER:**</u>

USX Defendants object to Interrogatory No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for the identification of "any and all documents, facts, persons relied upon, or other grounds" for the referenced affirmative defense. USX Defendants further object to this Interrogatory as a premature contention interrogatory. Discovery in this case is still ongoing, with a fact discovery deadline of August 11, 2022, and the parties have not yet scheduled or taken any individual fact depositions (except for those of the named Plaintiffs). USX Defendants therefore have not yet completed their investigation of the facts or completed their preparation of the case for trial. USX Defendants also object to this

4

Interrogatory to the extent it calls for the disclosure of information that is the subject of expert testimony before such is due under the governing scheduling order (ECF 149). USX Defendants will disclose any expert testimony they intend to rely upon in accordance with the Court's scheduling order. USX Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving their objections, USX Defendants state that the Individual Defendants, at all times relevant to the Action, acted in good faith in performing their respective roles for USX, including with respect to preparing, reviewing, or evaluating USX's Offering Materials for the IPO. Among other things, the Individual Defendants reviewed multiple drafts of the Offering Materials and discussed the contents thereof with various USX personnel and third parties involved in the preparation and review of such materials, including outside counsel and investment bankers. Based on, among other things, their review of the Offering Materials, their knowledge of USX's operations, and their communications concerning the Offering Materials and/or USX operations, the Individual Defendants did not believe, and had no reasonable grounds to believe, that the Offering Materials contained any false or misleading statement of fact or omitted any material fact that was required to be stated therein.

**INTERROGATORY NO. 2:**

**With respect to your Thirteenth Defense in your Answer, identify the source(s), date(s) and/or publication(s) by which the information Plaintiffs allege to have been omitted or misstated was accurately disclosed, publicly available, or widely known to the market.**

**ANSWER:**

USX Defendants object to Interrogatory No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to "identify the source(s), date(s) and/or publication(s) by which the information Plaintiffs allege to have been

omitted or misstated was accurately disclosed, publicly available, or widely known to the market." USX Defendants further object to this Interrogatory as a premature contention interrogatory. Discovery in this case is still ongoing, with a fact discovery deadline of August 11, 2022, and the parties have not yet scheduled or taken any individual fact depositions (except for those of the named Plaintiffs). USX Defendants therefore have not yet completed their investigation of the facts or completed their preparation of the case for trial. USX Defendants also object to this Interrogatory to the extent it calls for the disclosure of information that is the subject of expert testimony before such is due under the governing scheduling order (ECF 149). USX Defendants will disclose any expert testimony they intend to rely upon in accordance with the Court's scheduling order.

Subject to and without waiving their objections, USX Defendants state that, contrary to Plaintiffs' allegations, the Offering Materials did not contain any false or misleading statement of material fact, nor did they omit to disclose any material fact that was required to be disclosed therein. The Offering Materials accurately disclosed, among other things, the risks of investing in USX and challenges to USX's operations, including the industry shortage of qualified drivers. Moreover, the mere fact that, at times, USX would "shift" drivers from its Over-the-Road ("OTR") Division to support certain of its Dedicated accounts was not a material fact that rendered the Offering Materials materially misleading in any respect. As even Plaintiff Charles Clowdis acknowledged, it is a common practice in the trucking industry to shift OTR drivers to support Dedicated accounts when necessary, particularly in times of increased demand or decreased supply of qualified drivers. *See* Clowdis Dep. at 104:4-17. It is also common sense. If USX needed drivers to support its Dedicated customers, and had OTR drivers available to provide such support, of

6

course USX would use the resources available to it in an effort to meet its customers' needs, to the best of USX's ability.

Moreover, while discovery is still ongoing, the documents produced to date already confirm that the fact that USX at times used OTR drivers to support dedicated accounts was within the public domain (in addition to being common practice and common sense). This included, among other things, disclosures in pre-marketing and roadshow meetings concerning the IPO. *See, e.g.*, MS0010530; ML0009994; ML0023493; ML0010024. It was also apparent from other public disclosures, such as USX's August 2, 2018 press release concerning its earnings for the second quarter of 2018, and numerous analyst reports. *See* USX0176449; *see also* USX0031976 (BAML analyst noting "[t]ruck capacity moved to dedicated to meet customer[] needs"); USX0031968 (J.P. Morgan analyst noting that USX's "[o]ver-the-road trucking supported dedicated during the quarter"); USX0031947 (Stephens analyst noting that "a couple of Dedicated contracts [were] causing utilization pressures/network disruptions").

**<u>INTERROGATORY NO. 3:</u>**

**With respect to your Nineteenth Defense in your Answer, identify each referenced "affirmative and/or independent action[]," and the "one or more third persons or parties over whom USX Defendants had no control" responsible for such "affirmative and/or independent actions."**

**<u>ANSWER:</u>**

USX Defendants object to Interrogatory No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to "identify each referenced affirmative and/or independent action[], and the one or more third persons or parties over whom USX Defendants had no control responsible for such affirmative and/or independent actions." USX Defendants further object to this Interrogatory as a premature contention interrogatory. Discovery in this case is still ongoing, with a fact discovery deadline of August 11,

7

2022, and the parties have not yet scheduled or taken any individual fact depositions (except for those of the named Plaintiffs). USX Defendants therefore have not yet completed their investigation of the facts or completed their preparation of the case for trial.

Subject to and without waiving their objections, USX Defendants state that, as an initial matter, no Plaintiff or class member was damaged due to any alleged wrongdoing in this Action. USX's Offering Materials were not materially false or misleading and thus no Plaintiff or putative class member could have been damaged based on Plaintiffs' allegations, which are unfounded. Beyond that, to the extent that any Plaintiff or class member suffered a loss from an investment in USX common stock, such loss was not due to any wrongdoing of Defendants and thus must have resulted either from no wrongdoing at all or as a result of affirmative and/or independent actions of one or more third persons or parties over whom USX Defendants had no control and for whom USX Defendants are not liable.

**INTERROGATORY NO. 4:**

**With respect to your Twentieth Defense in your Answer, identify all causes for the decline in USX's stock price in the days following the Company's November 1, 2018 press release and earnings conference call and identify the basis for your identification of each such cause.**

**ANSWER:**

USX Defendants object to Interrogatory No. 4 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to "identify all causes for the decline in USX's stock price in the days following the Company's November 1, 2018 press release and earnings conference call and identify the basis for your identification of each such cause." USX Defendants further object to this Interrogatory as it calls for the disclosure of information that is the subject of expert testimony before such expert testimony is due under the governing scheduling order (ECF 149). Determining the cause of a stock drop "is generally the

8

province of an expert," *In re Vivendi Universal, S.A., Sec. Litig.*, 634 F. Supp. 2d 352, 364 (S.D.N.Y. 2009), and USX Defendants will disclose any expert testimony they intend to rely upon in accordance with the Court's scheduling order. USX Defendants further object to this Interrogatory as a premature contention interrogatory. Discovery in this case is still ongoing, with a fact discovery deadline of August 11, 2022, and the parties have not yet scheduled or taken any individual fact depositions (except for those of the named Plaintiffs). USX Defendants therefore have not yet completed their investigation of the facts or completed their preparation of the case for trial. USX Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

**INTERROGATORY NO. 5:**

**With respect to your Twenty-Fourth Defense in your Answer, identify the source(s), date(s) and/or publication(s) of the material information at issue that "was made available to the market by other sources."**

**ANSWER:**

USX Defendants object to Interrogatory No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to "identify the source(s), date(s) and/or publication(s) of the material information at issue that was made available to the market by other sources." USX Defendants further object to this Interrogatory as a premature contention interrogatory. Discovery in this case is still ongoing, with a fact discovery deadline of August 11, 2022, and the parties have not yet scheduled or taken any individual fact depositions (except for those of the named Plaintiffs). USX Defendants therefore have not yet completed their investigation of the facts or completed their preparation of the case for trial. USX Defendants also object to this Interrogatory to the extent it calls for the disclosure of information that is the subject of expert testimony before such is due under the governing scheduling order (ECF 149). USX

9

Defendants will disclose any expert testimony they intend to rely upon in accordance with the Court's scheduling order.

Subject to and without waiving their objections, USX Defendants refer to their response to Interrogatory No. 2, which is incorporated herein by reference.

**INTERROGATORY NO. 6:**

**Identify the individuals, including their employer (if not USX) and title, with duties and responsibilities related to drafting, reviewing and approving the risk disclosures in the Company's IPO Registration Statement. To the extent that such individuals identified were not involved in all of the risk disclosures in the Company's IPO Registration Statement, identify which portions of the risk disclosures such persons were involved in.**

**ANSWER:**

USX Defendants object to Interrogatory No. 6 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to not only "identify the individuals, including their employer (if not USX) and title, with duties and responsibilities related to drafting, reviewing and approving risk disclosures in the Company's IPO Registration Statement," but also to "identify which portions of the risk disclosures such persons were involved in." Defendants further object to this Interrogatory to the extent it seeks disclosure of information that is equally available to Plaintiffs from documents USX has produced in this Action, including numerous emails and attachments concerning the drafting, reviewing, and revising of the Registration Statement.

Subject to and without waiving their objections, and based on a review of the documents produced to date, USX Defendants state that the following individuals appear to have been the primary individuals involved in the drafting, reviewing, or revising of the Registration Statement: Mark Scudder (Scudder Law Firm), Jessica Kortum (Scudder Law Firm), Cody Kofoid (Scudder Law Firm), Heidi Hornung-Scherr (Scudder Law Firm), Eric Fuller (USX), Eric Peterson (USX), Lisa Quinn Pate (USX), Jason Grear (USX), Max Fuller (USX), Brian Baubach (USX), Leigh

Anne Battersby (USX), Art Robinson (Simpson Thacher & Bartlett LLP), David Azarkh (Simpson Thacher & Bartlett LLP), John O'Connell (Simpson Thacher & Bartlett LLP), Kamron Cox (Simpson Thacher & Bartlett LLP), Alexander Setness (Bank of America Merrill Lynch), Brian Innes (Bank of America Merrill Lynch), Meredith Markwood (Bank of America Merrill Lynch), Kristen Patterson (Bank of America Merrill Lynch), Whitney Spiegel (Bank of America Merrill Lynch), Sumit Mukherjee (Bank of America Merrill Lynch), Christie Macdonald (Bank of America Merrill Lynch), Alex Celona (Bank of America Merrill Lynch), Alexander Walsh (Bank of America Merrill Lynch), Matthew Conway (Bank of America Merrill Lynch), Nelson Wash (Morgan Stanley), Katherine Fackler (Morgan Stanley), Don Devendorf (Morgan Stanley), Jeff Montero (Morgan Stanley), Alexandre Keller (Morgan Stanley), Paul Donahue (Morgan Stanley), Lauren Garcia Belmonte (Morgan Stanley), Akanksha Agarwal (Morgan Stanley), Jason Halsted (Morgan Stanley), Lee Stettner (Solebury), Ryan O'Connell (Solebury), Stephen Parish (Solebury), and Alexander Hatem (Solebury). *See, e.g.*, USX0164232.

Additional individuals who may have been involved with drafting, reviewing, or approving the language in USX's Registration Statement are identified in USX's document productions. *See, e.g.*, USX019845, USX0142082, USX0154850, USX0155022.

**INTERROGATORY NO. 7:**

**Identify all documents, persons and communications you relied upon for USX's representation in its Offering Documents that:**

**If we are unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among other things, continue to adjust our compensation packages or operate with fewer tractors and face difficulty meeting shipper demands, either of which could materially adversely affect our growth and profitability.**

11

**ANSWER:**

USX Defendants object to Interrogatory No. 7 as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it calls for USX Defendants to "identify all documents, persons and communications" that were "relied upon" in connection with the referenced risk disclosure. USX Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving their objections, USX Defendants state that they do not believe they relied upon on any particular document, person, or communication for purposes of the referenced risk disclosure. Rather, this was a well known risk to USX and virtually any other trucking company in the industry given the industry-wide shortage of drivers. The Individual Defendants were well aware that this was a risk to USX's business from their own knowledge of the Company's operations. This risk was also common knowledge in the industry and publicly known. And it was common sense. A trucking company needs drivers to meet its customers' needs. If any trucking company is unable to attract and retain a sufficient number of drivers to meets its needs, it could obviously impact the company's operations. Consistent with the common and well-known nature of this risk, USX's document productions indicate that this risk disclosure was included in early drafts of the Offering Materials. *See, e.g.*, USX0164233, USX0154778, USX0155023, USX0155367, USX0164508, USX0155987, USX0156211.

Dated: March 7, 2022

Respectfully submitted,

/s/ *Lisa R. Bugni*

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Ronni Solomon (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)

12

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

K. Stephen Powers (BPR # 007088)
Philip B. Whitaker, Jr. (BPR # 013999)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Tel: (423) 209-4182
spowers@bakerdonelson.com
pwhitaker@bakerdonelson.com

*Counsel for USX Defendants*

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I caused a true and correct copy of the foregoing to be served via email on counsel of record for the parties, pursuant to agreement among the parties to accept service via email.

*/s/ Lisa R. Bugni*

14