UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | | |
|---|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| Plaintiffs, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR REVIEW OF
NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING PLAINTIFFS'
MOTION TO COMPEL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................1

II. BACKGROUND ........................................................................................................2

III. LEGAL STANDARD.................................................................................................5

IV. THE ORDER DENYING PLAINTIFFS' MOTION TO COMPEL IS
CONTRARY TO LAW AND CLEARLY ERRONEOUS ................................................6

    A. The Order Errs in Ruling the Interrogatories are Disproportional..........................7

    B. The Order's Ruling on the Timeliness of Plaintiffs' Interrogatories is
Contrary to Law. ...............................................................................................10

    C. The Order's Ruling That Plaintiffs May Seek The Information Only
Through Deposition Discovery is Contrary to Law and Clearly Erroneous..........12

V. CONCLUSION..........................................................................................................15

4887-3936-3875.v1

Case 1:19-cv-00098-TRM-CHS     Document 192     Filed 06/06/22     Page 2 of 23
PageID #: 4837

**CASES**

*Adkisson v. Jacobs Eng'g Grp., Inc.*,
2020 WL 8255190 (E.D. Tenn. Oct. 5, 2020) ..............................................................................6

*Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*,
2020 WL 4432415 (W.D. Ky. July 31, 2020) ............................................................................11

*Anderson v. Dillard's, Inc.*,
251 F.R.D. 307 (W.D. Tenn. 2008) ...........................................................................................8

*Apex Bank v. Rainsford*,
2020 WL 12840131 (E.D. Tenn. Oct. 30, 2020) ....................................................................5, 6

*Barnes* v. *District of Columbia*,
283 F.R.D. 8 (D.D.C. 2012) .....................................................................................................13

*Bisig v. Time Warner Cable, Inc.*,
940 F.3d 205 (6th Cir. 2019) .....................................................................................................5

*Clabo v. Johnson & Johnson Health Care Sys., Inc.*,
2020 WL 60244 (E.D. Tenn. Jan. 6, 2020), *aff'd*, 982 F. 3d 989 (6th Cir. 2020) ....................5

*Cleveland Constr., Inc. v. Gilbane Bldg. Co.*,
2006 WL 2167238 (E.D. Ky. July 31, 2006) .......................................................................10, 11

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*,
105 F.R.D. 16 (S.D.N.Y. 1984) ................................................................................................15

*Davis v. Hartford Life & Accident Ins. Co.*,
2015 WL 7571905 (W.D. Ky. Nov. 24, 2015) .......................................................................4, 7

*Dot Com Ent. Grp., Inc. v. Cyberbingo Corp.*,
237 F.R.D. 43 (W.D.N.Y. 2006) ...............................................................................................11

*Escamilla* v. *Nuyen*,
2015 WL 4245868 (D.D.C. July 14, 2015) ...............................................................................13

*Frank Betz Assocs., Inc. v. Builders Mut. Ins. Co.*,
2012 WL 13042564 (M.D. Tenn. Oct. 29, 2012) (Brown, Mag. J.) ..........................................4

*Gandee v. Glaser*,
785 F. Supp. 684 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) ................................6

*Glick v. McKesson & Robbins*,
10 F.R.D. 477 (W.D. Mo. 1950) ...............................................................................................13

4887-3936-3875.v1

*Grae v. Corr. Corp. of Am.*,
   2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020) ..........................................................4, 8, 9, 14

*Hansel v. Shell Oil Corp.*,
   169 F.R.D. 303 (E.D. Pa. 1996)..................................................................................4

*Herdlein Techs., Inc. v. Century Contractors, Inc.*,
   147 F.R.D. 103 (W.D.N.C. 1993)..............................................................................5

*IBP, Inc. v. Mercantile Bank of Topeka*,
   179 F.R.D. 316 (D. Kan. 1998)..............................................................................9, 10

*In re Convergent Techs. Sec. Litig.*,
   108 F.R.D. 328 (N.D. Cal. 1985)..............................................................................11

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
   2017 WL 4216193 (E.D. Mich. Sept. 22, 2017)....................................................8

*Knox v. Prudential Ins. Co. of Am.*,
   2014 WL 7004067 (W.D. Ky. Dec. 10, 2014)..........................................................6

*Lenoxburg Motorcycle LLC v. Arctic Cat Sales Inc.*,
   2009 WL 2057139 (E.D. Ky. Mar. 5, 2009)............................................................11

*Lewis v. ACB Bus. Serv., Inc.*,
   135 F.3d 389 (6th Cir. 1998) ....................................................................................6

*Lillard v. Univ. of Louisville*,
   2014 WL 12725816 (W.D. Ky. Apr. 7, 2014)..........................................................9

*Mohnsam v. Nemes*,
   2019 WL 3307233 (W.D. Ky. July 23, 2019) ..........................................................3

*Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*,
   256 F.R.D. 678 (C.D. Cal. 2009)..............................................................................11

*Percell v. Ky. Dep't of Mil. Affs.*,
   2018 WL 4677783 (W.D. Ky. Sept. 28, 2018)....................................................12, 13

*Pouliot v. Paul Arpin Van Lines, Inc.*,
   2004 WL 1368869 (D. Conn. June 14, 2004)..........................................................13

*Powell v. Tosh*,
   2011 WL 13210026 (W.D. Ky. Aug. 2, 2011) ..........................................................8

4887-3936-3875.v1

*Pulsecard, Inc. v. Discover Card Servs., Inc.*,
 1996 WL 397567 (D. Kan. July 11, 1996) ....................................................................5

*Purofied Down Prods. Corp. v. Royal Down Prods., Inc.*,
 87 F.R.D. 685 (W.D. Mich. 1980) ..............................................................................14

*Roden v. Floyd*,
 2019 WL 1098918 (E.D. Mich. Mar. 8, 2019) .............................................................4

*S.E.C. v. Goldstone*,
 2014 WL 4349507 (D.N.M. Aug. 23, 2014) .................................................................9

*Sherwood v. Tenn. Valley Auth.*,
 2013 WL 2147180 (E.D. Tenn. May 16, 2013) .............................................................5

*Thomas & Betts Corp. v. New Albertson's, Inc.*,
 2013 WL 11331377 (D. Mass. July 11, 2013) ............................................................13

*Thomas v. Pacificorp*,
 324 F.3d 1176 (10th Cir. 2003) ..................................................................................12

*U.S. S.E.C. v. Blackwell*,
 2004 WL 6829614 (S.D. Ohio Jan. 15, 2004) ............................................................12

*United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*,
 2018 WL 3199475 (W.D. Ky. Apr. 16, 2018) ..............................................................8

*United States v. Blue Cross Blue Shield of Mich.*,
 2012 WL 12930840 (E.D. Mich. May 30, 2012) ..........................................................9

*United States v. Maverick Mktg., LLC*,
 427 F. Supp. 3d 1386 (Ct. Int'l Trade 2020) ................................................................5

*United States v. Quebe*,
 321 F.R.D. 303 (S.D. Ohio 2017) .................................................................................4

*United States v. Raddatz*,
 447 U.S. 667 (1980) ......................................................................................................5

*Williams v. Sprint/United Mgmt. Co.*,
 235 F.R.D. 494 (D. Kan. 2006) .....................................................................................5

4887-3936-3875.v1

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §77k ................................................................................................................................. 2
  §77o ................................................................................................................................. 2
  §78j(b) .............................................................................................................................. 2
  §78t(a) .............................................................................................................................. 2

28 U.S.C.
  §636(b)(1)(A) ................................................................................................................... 5

Federal Rules of Civil Procedure
  11(b)(2), (3) ................................................................................................................ 7, 10
  26 .................................................................................................................................... 14
  26(b) ................................................................................................................................. 6
  26(b)(1) ......................................................................................................................... 6, 7
  26(d)(3)(A) ...................................................................................................................... 13
  26(g)(1) ........................................................................................................................... 14
  30(b)(6) ........................................................................................................................... 13
  33(b)(3), 37(a)(4) .......................................................................................................... 3, 6
  72(a) ................................................................................................................................. 5

**SECONDARY AUTHORITIES**

4A J. Moore & J. Lucas, *Moore's Federal Practice* ¶33.09 (1980) ............................................ 15

4887-3936-3875.v1

# I. INTRODUCTION

On February 4, 2022, Plaintiffs served USX Defendants[1] with a set of seven interrogatories targeted at identifying information highly relevant to the claims and defenses asserted in this action. In response, and in clear violation of the Federal Rules of Civil Procedure, USX Defendants provided incomplete answers comprised of vague generalities and limiting language. USX Defendants' incomplete answers evade their obligations to provide Plaintiffs with what they presently know and thus leave open the opportunity for USX Defendants to then use such currently-known information to ambush Plaintiffs at a later date.

Seeking the factual bases underlying a small portion of USX Defendants' affirmative defenses—information known to USX Defendants and to which Plaintiffs are entitled—on April 21, 2022, Plaintiffs filed a Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses. (ECF 171). On May 20, 2022, the Magistrate Judge issued an Order[2] denying the motion, not because the interrogatories sought irrelevant information or because USX Defendants' generalities and evasive responses were consistent with their obligations under the Federal Rules of Civil Procedure, but rather because: 1) the interrogatories were burdensome and not proportional to the needs of the case; 2) the interrogatories were served ***both too early*** because USX Defendants need only respond to the interrogatories after the completion of depositions ***and too late*** because with the discovery cut-off in August 2022, it is unlikely that depositions will be completed in sufficient time to then permit USX Defendants sufficient time to then use those depositions to craft their responses; and 3) that Plaintiffs can more efficiently obtain the information by deposing USX Defendants.

---

[1] "Plaintiffs" refers collectively to Deirdre Terry, Charles Clowdis, & Bryan Robbins. "USX Defendants" refers collectively to U.S. Xpress Enterprises, Inc. ("USX" or the "Company"), and the "Individual Defendants," Eric Fuller, Eric Peterson, Jason Grear, Max Fuller and Lisa Quinn Pate.

[2] References to the "Order" refer to the Magistrate Judge's May 20, 2022 Order (ECF 181) and the transcript of the proceedings held on May 13, 2022 (ECF 182).

4887-3936-3875.v1

The Order is contrary to law and clearly erroneous. The Order is inconsistent with the Federal Rules of Civil Procedure and case law allowing exactly the type of interrogatories served on USX Defendants, *especially* when they are served near the end of fact discovery. Moreover, the Order is contrary to law in limiting Plaintiffs to one method of discovery over another.

Plaintiffs respectfully object to the Order and ask this Court to overrule the Order and compel USX to provide further responses to the interrogatories at issue.

## II.     BACKGROUND

The Court is familiar with this action. ECF 91, 134. Based in Chattanooga, Tennessee, USX is a trucking company that maintains a fleet of approximately 6,800 tractors and 16,000 trailers. ECF 105 at 2. This class action arises from USX's issuance of Offering Documents[3] that contained and incorporated false and misleading statements relating to the Company's fleet and driver capacity. Pursuant to the Offering Documents, USX Defendants sold approximately 16.7 million shares of USX Class A common stock. Lead Plaintiffs' Complaint for Violation of the Federal Securities Laws alleges that in doing so, the USX Defendants violated §§11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77o.[4] ECF 57.

First, the Offering Documents stated the Company would expand its fleet in order to capitalize on the then-favorable trucking environment. ECF 57, ¶112. Second, the Offering Documents warned that if USX were "unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among other things, continue to adjust our compensation packages or operate with fewer tractors and face difficulty meeting shipper demands, either of which could

---

[3]    The "Offering Documents" refer to USX's June 11, 2018 final Amended Registration Statement on Form S-1/A ("Amended Registration Statement"), which amended the May 7, 2018 Registration Statement on Form S-1; and the June 13, 2018 final Prospectus on Form 424B4. ECF No. 57, ¶7 n.1. All citations, internal quotations, and footnotes are omitted and all emphasis is added unless noted otherwise.

[4]    The Court dismissed claims brought under §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b), 78t(a). ECF 91.

- 2 -

materially adversely affect our growth and profitability." *Id.*, ¶118. Unknown to investors, USX was *already* facing immense driver retention problems, caused by: (1) inadequate driver compensation packages and incentives; (2) the failure to improve load planning or truck maintenance, which further harmed trucker morale; (3) forcing OTR drivers to cover less desirable routes for the Dedicated division (and thus "cannibalizing" OTR); (4) the loss of certain shipping patterns, including those of USX's largest customer Walmart; and (5) driver wages and independent contractor costs exceeding the Company's internal expectations. *Id.*, ¶122. As a result of USX Defendants' misstatements described above, Plaintiffs and the Class suffered damages from their purchases of Class A common stock pursuant to and/or traceable to the Offering Documents.

At issue here are seven interrogatories Plaintiffs served on USX Defendants on February 4, 2022. Ex. 1.[5] Five of the interrogatories seek the factual bases for just a small number of USX Defendants' 37 affirmative defenses. *Id.*; ECF 96 (seeking the factual basis for defenses 7, 13, 19, 20, and 24). The remaining two interrogatories seek: 1) the identities of the individuals involved in creating the risk disclosures included in USX's IPO Registration Statement; and 2) the bases for USX's risk disclosure regarding driver capacity. Ex. 1.

On March 7, 2022, USX Defendants responded to Plaintiffs' Interrogatories, objecting on a number of grounds, including that they (i) are overbroad, unduly burdensome, and disproportionate; (ii) seek the disclosure of information that is the subject of expert testimony before such is due; and (iii) are premature contention interrogatories. *See* Ex. 2. The answers USX Defendants did provide were vague, evasive and used hedging language so as to make them nearly meaningless. *See Mohnsam v. Nemes*, 2019 WL 3307233, at *4 (W.D. Ky. July 23, 2019) citing Fed. R. Civ. P.

---

[5] All "Ex." references are to the Declaration of Christopher M. Wood in Support of Plaintiffs' Motion for Review of Magistrate Judge Christopher Steger's May 20, 2022 Opinion and Order, filed concurrently herewith.

33(b)(3), 37(a)(4)("Interrogatories *must be answered fully, and an evasive or incomplete answer is the equivalent of a failure to answer*.").

First, USX Defendants' responses made vague references to unspecified individuals and information.[6] *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) ("Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories."); *cf. Frank Betz Assocs., Inc. v. Builders Mut. Ins. Co.*, 2012 WL 13042564, at *2 (M.D. Tenn. Oct. 29, 2012) (Brown, Mag. J.). Second, USX Defendants' responses to Plaintiffs' contention interrogatories were evasive. *Davis v. Hartford Life & Accident Ins. Co.*, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (A party must "'be able to *generally explain* the factual basis for each . . . affirmative defense[] pled in its . . . answer.'") (emphasis in original); *Roden v. Floyd*, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019) (the responding party has "'an affirmative duty to furnish any and all information *available* to that party'") (emphasis in original). Third, USX Defendants hedge their responses in Interrogatory Answers Nos. 1, 2, 5, 6 and 7, using language that courts have routinely found inadequate because it allows parties to surprise their adversaries with new facts or legal theories presented at trial.[7] *See, e.g.*, *Grae v. Corr. Corp. of Am.*, 2020 WL 6750806, at *4 (M.D. Tenn. Nov. 2, 2020); *United States v. Quebe*, 321 F.R.D. 303, 308 (S.D. Ohio 2017) ("Defendants' use of the phrase 'include, but is not limited to . . .' points to future information that they might provide to

---

[6] For example, in responding to Interrogatory No. 1, USX Defendants merely reference unspecified documents unspecified documents ("drafts of the Offering Materials"), unspecified individuals ("USX personnel . . . outside counsel and investment bankers"), and unspecified communications ("their communications concerning the Offering Materials and/or USX operations") and fail to provide the information presently known to them. Ex. 2 at 5. Which drafts of Offering Materials, communications and individuals USX Defendants intend to rely on, despite being sought by the interrogatory, are known only to USX Defendants and such information should properly be provided to Plaintiffs.

[7] *See, e.g.*, Ex. 1 at Interrogatory No. 1 ("among other things"); *id.* at Interrogatory No. 2 ("among other things"; "e.g."); *id.* at Interrogatory No. 5 ("among other things" as incorporated by reference); *id.* at Interrogatory No. 6 ("appear to have been"; "e.g."; "may have been involved"); and *id.* at Interrogatory No. 7 ("believe"; "any particular"; "e.g.").

- 4 -

4887-3936-3875.v1

Plaintiff about additional uncertainties inherent in each project" when they should know presently); *United States v. Maverick Mktg., LLC*, 427 F. Supp. 3d 1386, 1400 (Ct. Int'l Trade 2020) (ordering conclusive responses where interrogatory responses contained non-exhaustive examples and use of language such as "'includes'").[8]

After lengthy meet and confer conferences, and seeking basic information relevant to their case and USX Defendants' Affirmative Defenses, Plaintiffs filed a Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses on April 21, 2022. ECF 171. The Magistrate Judge issued an Order Denying Plaintiffs' Motion on May 20, 2022. ECF 181.

## III. LEGAL STANDARD

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy."[9] Fed. R. Civ. P 72(a); *see also Sherwood v. Tenn. Valley Auth.*, 2013 WL 2147180, at *1 (E.D. Tenn. May 16, 2013). Under 28 U.S.C. §636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district court must modify or set aside a Magistrate Judge's non-dispositive pretrial order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P 72(a). *See also United States v. Raddatz*, 447 U.S. 667, 673 (1980). "'This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo.'" *Apex Bank v. Rainsford*, 2020 WL 12840131, at *3 (E.D. Tenn. Oct. 30, 2020) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)); *Clabo v. Johnson & Johnson Health Care Sys., Inc.*,

---

[8] *See also Pulsecard, Inc. v. Discover Card Servs., Inc.*, 1996 WL 397567, at *8 (D. Kan. July 11, 1996) (interrogatory response that contained "'including but not limited to'" was insufficient); *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) (ordering party to respond to interrogatory fully and completely; finding response to interrogatory was insufficient where interrogatory called for identification of "all" contracts or subcontracts, and party responded by stating that it entered into "several" oral contracts, and provided examples of only two); *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 500 (D. Kan. 2006) (interrogatory responses that included "'not limited to'" language were insufficient even where further discovery was anticipated).

[9] Plaintiffs have timely objected to the May 20, 2022 Order within the 14-day time limitation.

4887-3936-3875.v1

2020 WL 60244 (E.D. Tenn. Jan. 6, 2020), *aff'd*, 982 F. 3d 989 (6th Cir. 2020). "The magistrate judge's legal conclusions . . . are subject to the plenary  contrary-to-law standard. . . . Therefore, the Court must exercise 'independent judgment' in reviewing the legal conclusions of the magistrate judge." *Knox v. Prudential Ins. Co. of Am.*, 2014 WL 7004067, at *2 (W.D. Ky. Dec. 10, 2014) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)).

"'A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rainsford*, 2020 WL 12840131, a *3. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*.  Here, the Court should exercise de novo review because the Order misapplies the Federal Rules of Civil Procedure and relevant case law.[10]

## IV.    THE ORDER DENYING PLAINTIFFS' MOTION TO COMPEL IS CONTRARY TO LAW AND CLEARLY ERRONEOUS

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The "'scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.'" *Adkisson v. Jacobs Eng'g Grp., Inc.*, 2020 WL 8255190, at *3 (E.D. Tenn. Oct. 5, 2020) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).  To that end, interrogatories must be answered fully, and an evasive or incomplete answer is the equivalent of a failure to answer.  Fed. R. Civ. P. 33(b)(3), 37(a)(4).

The Order fails to address the above standard for answering interrogatories.  Instead, the Order denied Plaintiffs' Motion to Compel on the basis that: 1) all five contention interrogatories

---

[10]    Even if the Court were not to review the Order de novo, Plaintiffs' objections should still be sustained because, as set forth herein, the Order is nonetheless clearly erroneous.

4887-3936-3875.v1

were unreasonably broad and burdensome; 2) the contention interrogatories were too early because they were propounded before depositions and too late because depositions have been scheduled for the end of the fact discovery period; and 3) Plaintiffs could obtain the same information more conveniently by deposing USX Defendants. There is no authority for the Order's conclusions. Further, the Order does not address Interrogatories 6 and 7 at all.

### A. The Order Errs in Ruling the Interrogatories are Disproportional

Unless otherwise limited by court order, Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the following: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Here, there is no question that the discovery sought is relevant. Ignoring all the relevant factors except for burden, the Order ruled that the Interrogatories are disproportional to the needs of the case.

The Order failed to consider five of the six relevant factors in its decision on proportionality. In particular, the Magistrate Judge sidestepped entirely factor three— USX Defendants' relative ease in accessing the information Plaintiffs seek. In a securities action, defendants control nearly all relevant information from the onset of the action, as is the case here. Moreover, the Federal Rules require that defendants have some basis in fact when asserting an affirmative defense. *See* Fed. R. Civ. P. 11(b)(2), (3); *Davis*, 2015 WL 7571905, at \*5; ECF 171 at 3. Given these considerations, it is likely that USX Defendants have already compiled or otherwise identified the requested information in preparation of their defense. The other factors also weigh in Plaintiffs' favor, considering this is a securities class action, the large amount in controversy, and USX's resources as

4887-3936-3875.v1

a large company. Taking into account all six relevant factors, the Order errs in concluding the interrogatories are disproportional to the needs of the case.[11]

Even focusing solely on burden, as was done here, there is no basis to hold that Plaintiffs' Interrogatories are unduly burdensome. USX Defendants provided no evidence whatsoever regarding the actual burden associated with fully responding to the interrogatories, and the interrogatories are not the type of "blockbuster" interrogatories courts have found to be unduly burdensome or improper.

As Plaintiffs explained in their briefing, the burden is on USX Defendants to show—with particularized evidence—that responding to the interrogatories would be unduly burdensome. ECF 178 at 6. "A general statement that the discovery is overly broad and unduly burdensome . . . by itself is insufficient to deny discovery." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008) "'The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, 2018 WL 3199475, at *11 (W.D. Ky. Apr. 16, 2018); *see also Grae*, 2020 WL 6750806, at *5 ("Other than characterizing the Interrogatories as 'unduly burdensome,' [Defendants have] not actually demonstrated that complying with the requests would be unduly burdensome . . . ."); *Powell v. Tosh*, 2011 WL 13210026, at *3 (W.D. Ky. Aug. 2, 2011) ("The Tosh Defendants correctly point out that the Plaintiffs fail to offer specific facts to support their general protests of embarrassment, oppression, undue burden or expense. No affidavit or other evidence accompanies their motion. All that we are left with are conclusory allegations. As the above-cited law explains, such allegations are not sufficient."); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 4216193, at *2-*3 (E.D. Mich. Sept. 22, 2017) ("District courts routinely

---

[11]   The Complaint alleges that the false and misleading Offering Materials allowed USX to raise over $245 million through its IPO. ECF 57, ¶4.

have denied similar motions for protective relief by plaintiffs who failed to offer any particularized evidence about their circumstances to support claims of hardship.").  Here, USX Defendants failed to meet their burden because they provided **no affidavit or other evidence whatsoever** beyond conclusory allegations.  For this reason alone, the Order erred.

The Order also errs in its characterization of Plaintiffs' interrogatories as overbroad "blockbuster" interrogatories.  A so-called "blockbuster" interrogatory is one that asks for "every fact and every application of law to fact which supports the identified allegations."  *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998).

No opinion in the Sixth Circuit has dispensed with an interrogatory[12] under this framework, and generally in-circuit courts allow broad interrogatories.  For example the *Grae* court compelled responses to an interrogatory seeking information spanning a "'four-year time period conceivably . . . based on every email received during the course of the [i]ndividual [d]efendants' employment'" and "'every meeting or communication'" with a large number of individuals.  *Grae*, 2020 WL 6750806, at *5.  The *Grae* court held that "broad interrogatories" were "unavoidable" where "the central issue is whether [the defendants] committed fraud when they made statements essentially indicating that business was good."  *Id.*  Although the *Grae* court did not order the responding party to provide "a detailed narrative" "**describ[ing]** 'all facts' that supported various allegations," it found it proper for an interrogatory to request a party to **identify** all facts.  *Id.* at *2, *5; *see also United States v. Blue Cross Blue Shield of Mich.*, 2012 WL 12930840 (E.D. Mich. May 30, 2012) (contention interrogatories not too broad); *S.E.C. v. Goldstone*, 2014 WL 4349507, at *30 n.18 (D.N.M. Aug. 23, 2014) (rejecting the blockbuster "interrogator" framework and finding that the

---

[12]  *Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014) applies the term "blockbuster" to a request for production, not an interrogatory as stated in Defendants' briefing (ECF 177).

- 9 -

purpose of contention interrogatories is to "'pin down'" legal theories and the facts that support them, and that a "responding party must be forthcoming.").

In concluding that the interrogatories were "blockbuster" in nature the Order relies on *Mercantile*. 179 F.R.D. at 321. First, the "blockbuster" interrogatories in *Mercantile* are far more expansive than those served in this action. Here, Plaintiffs only served seven interrogatories (Ex 1), in comparison to twenty-nine in *Mercantile*. 179 F.R.D. at 321. And although Plaintiffs do use the term "any and all" in one interrogatory (Ex. 1), none ask for "every fact and every application of law" as they do in *Mercantile*. 179 F.R.D. at 321. Notably, the *Mercantile* court ultimately held that the responding party still had "the duty to answer [the interrogatories] ***by setting forth the material or principal facts***, including any necessary application of law to fact." *Id.* Here, the Order holds that Defendants' incomplete answers are sufficient, rather than affirm Defendants' duty to "***set[] forth the material or principal facts***" presently known to them. *Id.* Relieving USX Defendants of their duty to appropriately answer the interrogatories, the Order is contrary to law.

## B.   The Order's Ruling on the Timeliness of Plaintiffs' Interrogatories is Contrary to Law.

Courts allow contention interrogatories throughout the fact discovery period. Contrary to the law, the Order held that Plaintiffs' interrogatories are premature because they were served before Plaintiffs have completed fact depositions.

In *Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, 2006 WL 2167238 (E.D. Ky. July 31, 2006), the Court granted a motion to compel in spite of the answering party's objection that the contention interrogatories as issue were served "'before document review by either side had occurred, before expert reports were filed, and well before either party even contemplated requesting a deposition.'" *Id.* at *7. The court reasoned:

> Defendants are expected to have, even at an early stage, some good faith basis in fact and law for such claim and defense. *See* Fed. R. Civ. P. 11(b)(2), (3). Accordingly, Plaintiff's Interrogatories which primarily seek the basis for the defense and related

- 10 -

counterclaim, even if they are assumed to be contention interrogatories, should be answered at this time.

*Id.* (quoting *Dot Com Ent. Grp., Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 45-46 (W.D.N.Y. 2006));

*see also Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678 (C.D.

Cal. 2009) (Requiring party to identify and state facts supporting defenses was consistent with civil

procedure rule requiring parties to have some factual basis for their claims and allegations.).

Moreover, the *Cleveland Construction* Court reasoned:

[I]nterrogatories served early in the litigation may serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims. They might also serve as predicates for motions for summary judgment, which would not only help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken. Other legitimate purposes . . . include clarifying the issues in the case and setting up early settlement discussions.

*Id.* at *7 (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-38 (N.D. Cal. 1985)); *see*

*also Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc.*, 2020 WL 4432415, at *6-*13 (W.D.

Ky. July 31, 2020) (requiring supplemental responses to contention interrogatories propounded early

in litigation); *Lenoxburg Motorcycle LLC v. Arctic Cat Sales Inc.*, 2009 WL 2057139 (E.D. Ky. Mar.

5, 2009) (same).

The Order erred in holding that contention interrogatories must be served after depositions

have been completed. As in *Cleveland Construction*, the USX Defendants should already have a

basis in fact and law for their affirmative defenses. 2006 WL 2167238. Plaintiffs seek this

information before the remaining depositions to narrow the issues such that the remaining discovery

is as efficient and productive as possible. Although Plaintiffs have commenced fact depositions, the

factual bases for USX Defendants' affirmative defenses are most relevant to the depositions of the

named USX Defendants set for the end of the discovery period.

Likewise, the Order's contradictory finding that the interrogatories were served too late in the

fact discovery period is erroneous and inconsistent with both the Federal Rules of Civil Procedure

and the scheduling Order in this Action (ECF 149). Under the Federal Rules of Civil Procedure,

4887-3936-3875 v1

discovery requests can be served up to at least thirty days prior to a completion of discovery deadline. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (Reasoning that given that the responding party has 30 days to respond, the request must be made 30 days before the cut off and adopted by many district courts). Indeed, "[t]he general policy is to defer contention seeking interrogatories until discovery is near an end in order to promote efficiency and fairness." *U.S. S.E.C. v. Blackwell*, 2004 WL 6829614, at *3 (S.D. Ohio Jan. 15, 2004). Here, Discovery is near the end, USX Defendants ostensibly substantially completed their document production over six months ago, and any "rationale behind the postponement of contention interrogatories is . . . not present." *Id.*; *see also Percell v. Ky. Dep't of Mil. Affs.*, 2018 WL 4677783, at *3 (W.D. Ky. Sept. 28, 2018). USX Defendants have likely already "'marshaled'" the evidence they need to substantiate their own affirmative defenses as this information is under their control and they first asserted these defense in their Answer. *Id.* at *2. Moreover, USX Defendants have not noticed a single fact deposition and are not currently pursuing any formal fact discovery. Plaintiffs served the interrogatories exactly when the relevant case law deems them appropriate—not too early and not too late. The Order is at odds with the weight of the authority allowing contention interrogatories both early in fact discovery to narrow the focus of remaining discovery and near the end of the fact discovery.

> **C.      The Order's Ruling That Plaintiffs May Seek The Information Only Through Deposition Discovery is Contrary to Law and Clearly Erroneous.**

The Order relieves USX Defendants of their obligations to respond to discovery and finds that Plaintiffs can obtain the same information in "a more convenient, less burdensome, and less expensive manner by deposing the Defendants and other potential fact witnesses," rather than having USX Defendants respond to contention interrogatories. First, USX Defendants have failed to demonstrate that supplementing their answers with information presently in their possession will be unduly burdensome. Second, there is no basis for concluding that Plaintiffs will be able to obtain the same information through deposition. Third, Plaintiffs seek answers to their seven interrogatories

4887-3936-3875.v1

for the purpose of making discovery more efficient, by narrowing and focusing the issues that will be covered in deposition.

As discussed earlier, there is no basis supporting the Order's conclusion that discovery would be more convenient if Plaintiffs attempt to obtain answers to their interrogatories through deposition testimony. It is not a valid objection to interrogatories to contend that information called for in interrogatories is more readily or easily available through deposition, since scope of examination by interrogatories is as broad as examination of witnesses by deposition. *Glick v. McKesson & Robbins*, 10 F.R.D. 477 (W.D. Mo. 1950); *Percell*, 2018 WL 4677783, at *3 (rejecting argument that "objecting plaintiff "is not required to answer written discovery, despite its broad scope, because those questions may be better explored through deposition. . . . Therefore, Plaintiff's objections that these 'lengthy explanations' may be better explored through deposition(s) are overruled."); *Barnes* v. *District of Columbia*, 283 F.R.D. 8, 12 (D.D.C. 2012) (granting motion to compel interrogatory responses despite argument that Rule 30(b)(6) deposition was more appropriate vehicle to obtain the sought-after information); *Escamilla* v. *Nuyen*, 2015 WL 4245868, at *4 (D.D.C. July 14, 2015) (deposition testimony did not relieve defendant of duty to respond to interrogatories); *Thomas & Betts Corp. v. New Albertson's, Inc.*, 2013 WL 11331377, at *5 (D. Mass. July 11, 2013) ("'[T]he various methods of discovery [including depositions, interrogatories and requests for production] as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive.'").

Indeed, "[n]umerous courts have held that a party may not incorporate deposition testimony or otherwise rely on future deposition testimony in lieu of offering a complete and separate response to each interrogatory." *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) (cited with approval in *United States v. Life Care Ctrs. of Am., Inc.*, 2016 WL 3198032, at *2 (E.D. Tenn. Mar. 24, 2016)); *see also* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").

- 13 -

USX Defendants have provided no support – by way of affidavits or otherwise – demonstrating the undue costs, time or other burdens they will face by complying with the discovery obligations, other than the bald assertion that in order to get the answers they will have to sift through their own records. Any suggestion that USX Defendants need to "sift" through their own documents to, for example, determine upon whom *they* relied in connection with their own asserted affirmative defenses makes no sense. But even if they did have to review their own documents, "the burden of deriving the answer would not be the same for either party, because [the propounding party] has no way of knowing which specific documents and communications are the ones upon which [the opposing party] claims to have relied." *Grae*, 2020 WL 6750806, at \*5. The Order is against the weight of authority in limiting the manner and method in which Plaintiffs are entitled to pursue discovery.

Moreover, the Order incorrectly assumes that Plaintiffs will be able to obtain the information they seek through interrogatories during depositions of the Individual Defendants. But there is no guarantee that Individual Defendants will be able to answer the interrogatories or provide the requested information during a deposition. Depositions are not memory tests and the claims in this case reach back over two years. If Plaintiffs are unable to glean the basis for USX Defendants' affirmative defenses during depositions before the discovery cutoff, they will be left in the dark. Indeed, in contrast to a deposition, interrogatory responses must be signed by the party or counsel certifying that the responses provided are made "to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*." Fed. R. Civ. P. 26(g)(1).

Finally, Plaintiffs seek the answers to their contention interrogatories *before* conducting the remaining depositions in the case. The answers will allow Plaintiff: to 1) verify that they have identified the proper deponents before actually taking them; and 2) to narrow the issues such that the remaining depositions are efficient and productive. Rule 26 provides various discovery devices to be used in combination, and in any order. *Purofied Down Prods. Corp. v. Royal Down Prods., Inc.*, 87

F.R.D. 685 (W.D. Mich. 1980) (citing 4A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 33.09 (1980)). Courts have recognized that interrogatories may help the requesting party avoid unnecessary—and costlier—depositions. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984) (rejecting objection that interrogatory sought information "more appropriately elicited at depositions" because interrogatories may help the requesting party narrow the issues and avoid deposition).

Here, Plaintiffs' interrogatories, served on February 4, 2022, sought information in advance of fact deposition with the expectation that the information provided would streamline the issues and narrow the focus during the final six months of discovery. Despite the delay in providing the requested information, Plaintiffs are still entitled to the information, both for purposes of narrowing the issue during what remains of the discovery period and to test USX Defendants' alleged affirmative defenses. By failing to require that USX Defendants supplement their responses, and instead requiring Plaintiffs to seek the information requested in the interrogatories solely through deposition testimony, the Order is contrary to law.

## V.    CONCLUSION

For the foregoing reasons, this Court should vacate the Order denying Plaintiffs' Motion to Compel and grant Plaintiffs' Motion.

DATED: June 3, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

- 15 -

ROBBINS GELLER RUDMAN
 & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
SNEHEE KHANDESHI (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
BRIAN O. O'MARA (*pro hac vice*)
KEVIN S. SCIARANI (*pro hac vice*)
NATALIE F. LAKOSIL (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com
ksciarani@rgrdlaw.com
nlakosil@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

- 16 -

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 17 -