# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-00098<br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

## USX DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER

Dated: June 17, 2022

K. Stephen Powers (BPR # 007088)
Philip B. Whitaker, Jr. (BPR # 013999)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Tel: (423) 209-4182
spowers@bakerdonelson.com
pwhitaker@bakerdonelson.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

*Counsel for USX Defendants*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ....................................................................................................................... 2

LEGAL STANDARD............................................................................................................... 3

ARGUMENT............................................................................................................................ 4

      A.      THE MAGISTRATE JUDGE REASONABLY CONCLUDED THAT THE CONTESTED INTERROGATORIES ARE DISPROPORTIONAL AND UNDULY BURDENSOME. ........................................................................... 4

      B.      THE MAGISTRATE JUDGE REASONABLY CONCLUDED THAT THE CONTESTED INTERROGATORIES ARE UNTIMELY. ................................... 8

      C.      PLAINTIFFS CAN OBTAIN THE INFORMATION THEY SEEK THROUGH SCHEDULED DEPOSITIONS. ............................................................................ 9

CONCLUSION......................................................................................................................... 12

Case 1:19-cv-00098-TRM-CHS    Document 193    Filed 06/17/22    Page 2 of 16
PageID #: 4860

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*E.E.O.C. v. Yenkin-Majestic Paint Corp.*,
  112 F.3d 831 (6th Cir. 1997) .................................................................................5

*Goree v. United Parcel Service, Inc.*,
  No. 14-cv-2505, 2015 WL 11120732 (W.D. Tenn. Oct. 5, 2015).......................4, 5

*Grae v. Corr. Corp. of Am., Inc.*,
  No. 3:16-cv-02267, 2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020).......................7

*Haney v. Saldana*,
  No. 1:04-cv-05935, 2010 WL 3341939 (E.D. Cal. Aug. 24, 2010) .........................6

*Hilt v. SFC Inc.*,
  170 F.R.D. 182 (D. Kan. 1997)..............................................................................10

*IBP, Inc. v. Mercantile Bank of Topeka*,
  179 F.R.D. 316 (D. Kan. 1998)...........................................................................6, 10

*Lillard v. Univ. of Louisville*,
  No. 3:11-CV-554-JGH, 2014 WL 12725816 (W.D. Ky. Apr. 7, 2014) ...................4

*U.S. v. Gunter*,
  No. 2:05-CR-75, 2006 WL 1529354 (E.D. Tenn. June 1, 2006)..............................4

*U.S. v. Life Care Centers of Am., Inc.*,
  No. 1:08-CV-251, 2016 WL 3198032 (E.D. Tenn. Mar. 24, 2016) .........................6

**Other Authorities**

Fed. R. Civ. P. 1 .............................................................................................2, 9, 11

Fed. R. Civ. P. 26............................................................................................4, 9, 10

Fed. R. Civ. P. 33.......................................................................................2, 8, 9, 11

Case 1:19-cv-00098-TRM-CHS   Document 193   Filed 06/17/22   Page 3 of 16
PageID #: 4861

<u>**INTRODUCTION**</u>

The Magistrate Judge's Order on Plaintiffs' Motion to Compel is neither clearly erroneous nor contrary to law, and, thus, Plaintiffs' objections to the Order should be overruled and the Motion[1] denied. Indeed, as the Magistrate Judge reasoned, Plaintiffs' position is "that [USX Defendants][2] should go ask every question that [Plaintiffs] would ask of these witnesses [at deposition] and that [USX Defendants] should summarize all of this information for [Plaintiffs]" in answers to interrogatories. Hr'g Tr. 12:9-12, ECF 182. In other words, the underlying Motion to Compel is nothing more than an attempt to compel USX Defendants and their counsel to do Plaintiffs' work for them. Although this case has been in discovery for nearly two years, Plaintiffs waited until there was less than three months before fact discovery close to *start* taking twenty-four of the twenty-five allowed fact witness depositions. As the Magistrate Judge recognized, the scheduling of twenty-four depositions in less than three months when counsel clearly has other obligations is burden enough. *Id.* at 18:3-9. USX Defendants should not have to shoulder the additional burden of interviewing all of the witnesses and providing Plaintiffs a narrative response of every single relevant fact. The Magistrate Judge correctly denied Plaintiffs' Motion to Compel.

As to Plaintiffs' three objections to the Order (ECF 181), they should all be overruled. *First*, Plaintiffs contend that the Magistrate Judge erred in determining the interrogatories were disproportional, but the Magistrate Judge reasonably found that USX Defendants provided sufficient, good-faith answers to the contested interrogatories, and requiring anything further would be unduly burdensome and disproportionate to the needs of the case. *Second*, Plaintiffs

---

[1] "Motion" refers to Plaintiffs' Motion for Review of Nondispositive Order of Magistrate Judge Concerning Plaintiffs' Motion to Compel (ECF 190, 191) (the "Motion").

[2] "USX Defendants" refers to Defendants U.S. Xpress Enterprises, Inc. ("USX"), Eric Fuller, Eric Peterson, Jason Grear, Max Fuller, and Lisa Quinn Pate.

contend that the Magistrate Judge improperly determined the interrogatories were untimely, but denying a motion to compel answers to contention interrogatories prior to fact witness depositions and expert discovery is squarely within a judge's discretion—so much so that Rule 33 and the Advisory Committee Notes thereto expressly authorize such an exercise of discretion. The fact that Plaintiffs have left no time for USX Defendants to answer contention interrogatories before the close of fact discovery by waiting until the final hour to begin fact witness depositions is a quandary of their own making. **Third**, Plaintiffs contend that the Magistrate Judge erred in determining Plaintiffs should seek the information from depositions, but the Magistrate Judge properly exercised his discretionary authority to deny the Motion to Compel to secure "the just, speedy, and inexpensive determination" of this action. ECF 181 at 5 (citing Fed. R. Civ. P. 1). There is a "more convenient, less burdensome, and less expensive" solution for Plaintiffs to ascertain the information they seek—ask USX Defendants themselves at their scheduled depositions. *Id.* Plaintiffs' Motion should be denied, and the Order should stand.

## BACKGROUND

This case has been proceeding through discovery for nearly two years, during which USX Defendants have incurred significant expense to collect, review, and ultimately produce approximately 60,000 documents in response to Plaintiffs' various requests for production. Rather than review these documents and proceed with fact witness depositions, Plaintiffs served burdensome contention interrogatories on February 4, 2022. *See* ECF 190-3. The bulk of the interrogatories purported to require USX Defendants to sift through every scrap of paper produced in this case—and beyond—to identify "every fact," witness, and document supporting or concerning their affirmative defenses and the challenged statements at issue in this action. *See, e.g., id.* at 4. USX Defendants appropriately objected to these requests but nonetheless provided responses explaining the general bases of the defenses at issue. *See, e.g.*, ECF 171-3 at 5. After

2

several meet-and-confer conferences, Plaintiffs filed a Motion to Compel USX Defendants to Supplement Incomplete Interrogatory Responses on April 21, 2022. *See* ECF 171.

USX Defendants addressed each individual interrogatory at length in their Opposition to Plaintiffs' Motion to Compel Supplemental Interrogatory Responses. *See* ECF 177 at 3–13. A hearing was held on May 13, 2022, at which Magistrate Judge Christopher Steger orally denied the Motion to Compel, reasoning, in part, as follows:

> What you are, in essence, requesting that defense counsel do is—is do what is tantamount to them deposing their own universe of witnesses. They would need to sit down and ask all the questions that you should be asking these witnesses, and then they should either attach transcripts of their interviews with each witness trying to plum the depths of each nuance of each question that you've asked and then either give you the transcript or—or summarize all that for you, or plan B would—would be that you go depose the witnesses and you ask them these questions. We now have three months left. You want them to go do all that for you, summarize it all for you, and—and give it to you so that you can now go take those depositions. We don't have enough time left to do all that.

ECF 182 at 8:10-9:1.

On May 20, 2022, the Magistrate Judge issued an Order Denying Plaintiffs' Motion. *See* ECF 181. The Order identified "three significant problems" with Plaintiffs' interrogatories. *Id.* at 2. First, the Magistrate Judge held that the interrogatories were "overly broad such that the burden of responding to them outweighs the likely benefit of such responses—thereby rendering them disproportional to the needs of this case." *Id.* Second, the Magistrate Judge held that the interrogatories were "premature, and ultimately, untimely." *Id.* Finally, the Magistrate Judge emphasized that Plaintiffs could "obtain the information they are seeking in a more efficient and less burdensome manner." *Id.* On June 3, 2022, Plaintiffs filed the Motion at issue here. *See* ECF 190-1.

## **LEGAL STANDARD**

The Court may reconsider the Order "where it has been shown that the magistrate judge's

3

order is clearly erroneous or contrary to law." *Goree v. United Parcel Service, Inc.*, No. 14-cv-2505, 2015 WL 11120732, at *2 (W.D. Tenn. Oct. 5, 2015).

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Id.*; *see also U.S. v. Gunter*, No. 2:05-CR-75, 2006 WL 1529354, at *1 (E.D. Tenn. June 1, 2006) (affirming magistrate judge's discovery order where it was "not clearly erroneous, an abuse of discretion, or contrary to law").

## ARGUMENT

As explained below, Plaintiffs' three objections to the Order fail to demonstrate that it is either contrary to law or clearly erroneous. Thus, the Order should be affirmed.

**A.    THE MAGISTRATE JUDGE REASONABLY CONCLUDED THAT THE CONTESTED INTERROGATORIES ARE DISPROPORTIONAL AND UNDULY BURDENSOME.**

USX Defendants objected to the interrogatories because they are overly broad, unduly burdensome, and disproportionate to the needs of the case, and the Magistrate Judge agreed. Plaintiffs contend the Magistrate Judge's determination is contrary to law because the Order discusses only one of six factors specified in Federal Rule of Civil Procedure 26(b)(1) for determining proportionality. Plaintiffs are wrong.

As a threshold matter, courts "employ a balancing test and will weigh the burdensomeness to the responding party against the requesting party's need for and relevance of the information sought to be obtained." *Lillard v. Univ. of Louisville*, No. 3:11-CV-554-JGH, 2014 WL 12725816, at *6 (W.D. Ky. Apr. 7, 2014). Even if the Magistrate Judge did ignore one or more factors in conducting this balancing test, Plaintiffs have cited no authority for the proposition that all six

4

factors must be considered and assigned equal weight. On the contrary, the very nature of a discretionary decision is that the fact finder chooses how to weigh certain facts and factors. *See E.E.O.C. v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 834 (6th Cir. 1997) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Without authority mandating that all six factors be weighed equally, the Order's reliance on the burden factor cannot be contrary to law.

Plaintiffs also contend that the Magistrate Judge's consideration of the factors was clearly erroneous for four reasons. By way of reminder, clearly erroneous means the "district court is left with the definite and firm conviction that a mistake has been committed." *Goree*, 2015 WL 11120572, at *2. Not one of the four criticisms Plaintiffs proffer meets this definition.

***First***, Plaintiffs contend that "the Magistrate Judge sidestepped entirely factor three—USX Defendants' relative ease in accessing the information Plaintiffs seek." ECF 190-1 at 7. Not so. The Magistrate Judge specifically considered this issue at the hearing, noting that, to answer the interrogatories, USX Defendants "would need to sit down and ask all the questions that you should be asking these witnesses, and then they should either attach transcripts of their interviews with each witness trying to plum the depths of each nuance of each question that you've asked and then either give you the transcript or—or summarize all that for you, or plan B would—would be that you go depose the witnesses and you ask them these questions." ECF 182 at 8:10-21.

Far from "sidestepping" the issue, the Order directly addressed the relative access of the parties to relevant information and found that, at this point in the litigation, it would be easier for *Plaintiffs* to access the information they seek through depositions than for USX Defendants to either (a) interview their own witnesses prior to Plaintiffs' scheduled depositions or (b) "distill the testimony provided in depositions, and then provide a written summary of such information in

response to Plaintiffs' contention interrogatories." ECF 181 at 6; *see also IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("Other discovery procedures, such as depositions and production of documents, better address whatever need there [may] be for that kind ['each and every' fact and application of law to fact] of secondary detail.").

*Second*, as to the burden factor, Plaintiffs boldly contend the Magistrate Judge's consideration of that factor was clearly erroneous because USX Defendants "provided no evidence whatsoever regarding the actual burden." ECF 190-1 at 8. Plaintiffs again ignore the record. As USX Defendants explained, "What Plaintiffs seek now is not the mere identification of information to further discovery, but rather for USX Defendants to marshal and disclose all of the facts, witnesses, and other information for their case, and thereby provide a narrative of USX Defendants' positions on these contested issues, before any individual fact witnesses (other than Plaintiffs) have been deposed or the parties have conducted the expert discovery necessary for these issues." ECF 177 at 2-3. As the Magistrate Judge stated at the hearing, what Plaintiffs are requesting is "tantamount to [defense counsel] deposing their own universe of witnesses." ECF 182 at 8:12–13. It is clearly reasonable to determine that forcing defense counsel to depose their own witnesses and provide narrative responses of their entire case would be unduly burdensome, particularly in light of the finding that the responses have adequately "addressed the questions being asked." *Id.* at 16:13–19; *see also U.S. v. Life Care Centers of Am., Inc.*, No. 1:08-CV-251, 2016 WL 3198032, at *1 (E.D. Tenn. Mar. 24, 2016) (contention interrogatories "are not intended to be used . . . to elicit a narrative response of the opposing party's entire case"); *Haney v. Saldana*, No. 1:04-cv-05935, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) ("A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.").

6

***Third***, Plaintiffs contend the Order is contrary to the *Grae* decision from the Middle District of Tennessee, but Plaintiffs' reliance on *Grae* is misplaced. *See Grae v. Corr. Corp. of Am., Inc.*, No. 3:16-cv-02267, 2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020). Fact discovery was over when the court in *Grae* ordered supplemental responses to contention interrogatories. *Id.* at *12 ("[T]he deadline for fact discovery has passed."). That is clearly not the case here, where, as stated above, fact witness depositions have only just begun. And, even the court in *Grae* acknowledged that "[c]ourts have stricken contention interrogatories which asked a party to describe 'all facts' that supported various allegations of the complaint, finding that to elicit a detailed narrative is an improper use of contention interrogatories." *Id.* at *2 (internal quotation and citation omitted); *cf.* ECF 190-1 at 10 (where Plaintiffs acknowledge that at least one contested interrogatory contains "any and all" language). That is precisely what Plaintiffs' interrogatories demanded here.

***Fourth***, the Magistrate Judge did not—as Plaintiffs contend—"reliev[e] USX Defendants of their duty to appropriately answer the interrogatories." ECF 190-1 at 10. Rather, the Magistrate Judge found that "defendants' responses to these interrogatories that are in question fairly answer them, not in as much detail as plaintiffs' counsel would like, but – but I do think that they raised appropriate objections to scope and then they in good faith provided answers that addressed the questions being asked." ECF 182 at 17:13–19.

In sum, the Magistrate Judge correctly determined that each of the contested interrogatories seeks to elicit a detailed narrative response and is unduly burdensome and disproportionate to the needs of the case at this point in the litigation. Therefore, Plaintiffs' Motion should be denied.

**THE MAGISTRATE JUDGE REASONABLY CONCLUDED THAT THE CONTESTED INTERROGATORIES ARE UNTIMELY.**

Plaintiffs further contend that the Order is contrary to law because the Magistrate Judge "held that Plaintiffs' interrogatories are premature because they were served before Plaintiffs have completed fact depositions." ECF 190-1 at 10. As a threshold matter and as the Magistrate Judge noted, "Rule 33(a)(2) of the Federal Rules of Civil Procedure *allows* a court to 'order that [contention] interrogator[ies] need not be answered until designated discovery is complete or until a pretrial conference or some other time.'" ECF 181 at 4 (citing Fed. R. Civ. P. 33(a)(2)) (emphasis added). The Magistrate Judge's holding that the contention interrogatories[3] were premature is entirely consistent with case law, the rule itself, and the Advisory Committee notes, which state that "the court *is expressly authorized* to defer an answer [to contention interrogatories]." Fed. R. Civ. P. 33, Adv. Cmt. Note, Subdivision (b) (emphasis added).

Plaintiffs also contend that the Order must be contrary to law because contention interrogatories cannot be both premature and late, as the Order held. But Plaintiffs' decision to wait until three months before the close of fact discovery to start fact witness depositions has created a quandary of their own making. Plaintiffs seem befuddled by the Magistrate Judge's ruling that their contention interrogatories are premature while their motion to compel supplemental answers to their contention interrogatories is too late. *See* ECF 190-1 at 7. The Magistrate Judge, however, offered the following explanation: "[G]iven the late start on depositions, it appears highly unlikely that Plaintiffs will complete their fact depositions in sufficient time to allow defense counsel to obtain the transcripts, review all of the testimony and documents, and provide a

---

[3] It cannot be disputed that the interrogatories are contention interrogatories because Plaintiffs acknowledge as much in their original motion. *See* ECF 171 at 1 (asserting that "USX Defendants' incomplete, vague and open-ended responses frustrate the fundamental purpose of contention interrogatories"); *id.* at 2–3 ("Plaintiffs are entitled to use contention interrogatories to 'clarify the basis for or scope of [their] adversary's legal claims'").

8

comprehensive response to Plaintiffs' contention interrogatories." ECF 181 at 5. The Magistrate Judge further noted that "waiting until the last three months prior to the close of discovery to start taking fact depositions in a complex commercial case involving a large number of witnesses and a great volume of documents . . . virtually assure[d] that [discovery] disputes [could] not be resolved through motion practice prior to the applicable deadlines." *Id.* Simply put, the Magistrate Judge exercised his statutory authority to defer contention interrogatories until later in the discovery process, and because Plaintiffs chose to wait until three months before the close of fact discovery to begin fact witness depositions, they have left no time for defense counsel to address their contention interrogatories or for the Court to resolve discovery disputes prior to the close of fact discovery.

The Magistrate Judge's holding that the interrogatories were untimely is neither contrary to law (the holding is expressly contemplated by Rule 33 and the Advisory Committee notes thereto) nor clear error in light of Plaintiffs' decision to wait until there were three months left in the discovery period to start fact witness depositions. The Motion should be denied.

### C. PLAINTIFFS CAN OBTAIN THE INFORMATION THEY SEEK THROUGH SCHEDULED DEPOSITIONS.

Plaintiffs contend it was contrary to law and clearly erroneous for the Magistrate Judge to rule that—at this late stage in fact discovery—the information requested was more properly obtained through depositions. Plaintiffs are wrong for three reasons.

*First*, Rule 26(b) provides the Magistrate Judge with broad latitude to govern the scope and limits of discovery "to secure the just, speedy, and inexpensive determination" of this action. ECF 181 at 5 (citing Fed. R. Civ. P. 1 and 26(b)(2)(C)). In exercising that authority, the court can limit the extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

9

expensive." Fed. R. Civ. P. 26(b)(2)(C). The Magistrate Judge appropriately exercised his discretion to limit discovery and held that "[t]he information sought by Plaintiffs in their contention interrogatories can be obtained in a more convenient, less burdensome, and less expensive manner by deposing the Defendants and other potential fact witnesses than by attempting to impose a requirement on Defendants' counsel to conduct exhaustive interviews of each of these potential witnesses and summarize all of that information for Plaintiffs' counsel." ECF 181 at 6. In fact, with the close of fact discovery less than three months away, this is the *only* option remaining for Plaintiffs to access the information they seek without continuing the deadlines in this case. *Id.*

**Second**, as to the authority Plaintiffs cite for the proposition that "[i]t is not a valid objection to interrogatories to contend that information called for in interrogatories is more readily or easily available through deposition" (ECF 190-1 at 13), Plaintiffs misunderstand both the basis of USX Defendants' objections and the Order. USX Defendants objected to the interrogatories as overly broad, unduly burdensome, and disproportionate to the needs of the case, which the Magistrate Judge held were valid objections. ECF 182 at 17:16-19. Taking into consideration the valid objections and the untimely nature of the contention interrogatories, the Magistrate Judge then separately exercised his authority to limit discovery by denying Plaintiffs' Motion to Compel because the information they sought was available "from some other source that is more convenient, less burdensome, and less expensive," *i.e.*, through depositions. ECF 181 at 5 (citing Fed. R. Civ. P. 26(b)(2)(C)). Other district courts have reached the same decision. *See, e.g.*, *Mercantile*, 179 F.R.D. at 321 (finding depositions and production of documents would "better address" the information sought in contention interrogatories); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) ("In many instances depositions, rather than interrogatories, will better serve

the purpose of obtaining detailed facts."). Thus, it is not "contrary to law" or "clearly erroneous" for the Magistrate Judge to reach such a conclusion.

***Third***, as to Plaintiffs' contention that they are entitled to answers to contention interrogatories before conducting the remaining depositions to identify the proper deponents and narrow the issues, Plaintiffs ignore that Rule 33 "allows a court to 'order that [contention] interrogator[ies] need not be answered until designated discovery is complete or until a pretrial conference or some other time.'" ECF 181 at 4. Consistent with the plain language of Rule 33, Plaintiffs are simply ***not*** entitled to contention interrogatory responses before depositions. Further, Plaintiffs could have explored proper deponents during any of the three corporate representative depositions they took in January 2021 (which were the only depositions they sought to take before serving these overbroad and unduly burdensome contention interrogatories more than a year later). And, as to a purported narrowing of the issues, Plaintiffs seek supplemental responses not for the purpose of narrowing issues to prepare for depositions, but rather to force USX Defendants to do Plaintiffs' work for them by sifting through all of the documents produced in this case as well as any potentially relevant public information, interviewing their own witnesses, and then providing Plaintiffs with a narrative of USX Defendants' entire case. That is improper under the Federal Rules of Civil Procedure and cannot be done at this stage in the litigation without unnecessarily delaying the deadlines set to ensure the "just, speedy, and inexpensive determination" of this case. ECF 181 at 5 (citing Fed. R. Civ. P. 1).

The Magistrate Judge properly exercised the discretion afforded him to hold that—at this late stage—Plaintiffs should seek the information through depositions. The Motion should be denied.

## CONCLUSION

For the foregoing reasons, USX Defendants respectfully request that the Court deny Plaintiffs' Motion.

Dated: June 17, 2022

Respectfully submitted,

/s/ *K. Stephen Powers*
K. Stephen Powers (BPR # 007088)
Philip B. Whitaker, Jr. (BPR # 013999)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Tel: (423) 209-4182
spowers@bakerdonelson.com
pwhitaker@bakerdonelson.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
rsolomon@kslaw.com
bkeel@kslaw.com
lhobson@kslaw.com

*Counsel for USX Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of June, 2022, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

/s/ *K. Stephen Powers*
K. Stephen Powers

13