# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

## CHATTANOOGA DIVISION

| | | |
|---|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| Plaintiffs, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

### REPLY IN SUPPORT OF MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING PLAINTIFFS' MOTION TO COMPEL

Plaintiffs[1] respectfully submit this Reply in support of their Motion for Review of Nondispositive Order of Magistrate Judge Concerning Plaintiffs' Motion to Compel (ECF 190) ("Motion").

## I. The Order Is Contrary to Law Because It Failed to Apply the Correct Legal Standard in Assessing Burden

The Magistrate Judge's Order is contrary to law and should be overruled because the Order failed to apply the correct legal standard and overlooked the USX Defendants' fatal failure to meet their burden.

The USX Defendants argue that the Magistrate Judge was not required to consider the six factors courts weigh in determining whether a discovery request is proportional to the needs of the case. This assertion is wrong. The decision of a Magistrate Judge is contrary to law "'if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" *The Way Int'l, Inc. v. Exec. Risk Indem., Inc.*, 2009 WL 3157403, at *1 (S.D. Ohio Sept. 28, 2009). Rule 26(b) of the Federal Rules of Civil Procedure sets forth the applicable legal standard. ECF 190-1 at 7. The Rule itself requires the "considering" of six factors to assess whether relevant information is proportional to the needs of the case. The Magistrate Judge failed to apply the standard. Accordingly, the Order must be overruled.

It is unsurprising that the USX Defendants contend that the Magistrate Judge was not required to consider the factors courts must weigh in determining whether a discovery request is proportional to the needs of the case. The USX Defendants undoubtedly take this position because they know the application of these factors is fatal to their efforts to block complete discovery responses as required by Rule 33(b)(3). *See* ECF 190-1 at 4. The USX Defendants cannot rely on

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Review of Nondispositive Order of Magistrate Judge Concerning Plaintiffs' Motion to Compel (ECF 190-1). Internal citations and footnotes are omitted and emphasis is added throughout unless otherwise indicated.

4865-9492-9958.v1

burden (*i.e.*, expense) in a vacuum; the factor must be weighed along with relative access to the relevant information, the parties' resources, the amount in controversy, and the importance of the issues at stake. Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment ("caution[ing] that the monetary stakes are only one factor, to be balanced against other factors"). Indeed, "no single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional." *Bell v. Reading Hosp.*, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016); *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 9-10 (D.D.C. 2017) (disagreeing with assertion that burden outweighed all other factors and granting motion to compel). Accordingly, the Order's sole reliance on the USX Defendants' burden, especially when the USX Defendants have failed to make any showing of burden, is contrary to law.

The Order does not address factor three, the parties' relative access to relevant information. Although the Order opines about what burden the USX Defendants *might* face if they are compelled to respond, the Order does not weigh any burdens or barriers to access Plaintiffs may face uncovering the same information. The USX Defendants unquestionably have easier access to their own witnesses and factual bases underlying their own defenses. Indeed, in many instances those witnesses are the USX Defendants themselves; they should readily be available to respond to the interrogatories without taking up crucial deposition time. Moreover, depositions are generally recognized to be more costly and time consuming, and they do not guarantee access to the same information. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984) (rejecting objection that interrogatory sought information "more appropriately elicited at depositions" because interrogatories may help the requesting party narrow the issues and avoid more costly deposition). Even if the Court's consideration of the USX Defendants' burdens satisfies factor three (it does not), the Order still erred as a matter of law because it must consider all six factors.

Furthermore, the USX Defendants have the burden to show that "a discovery request would impose an ***undue burden*** or expense or is otherwise objectionable." *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016); *see Greenwood v. Nationwide Mut. Ins., Co.*, 2017 WL 11592488, at *3 (N.D. Ill. Aug. 30, 2017) ("Defendant . . . does not articulate why the burden and costs of this effort is not proportional. Without more, Defendant's boilerplate objection is not persuasive."); *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 2017 WL 2267149, at *2 (E.D. La. May 24, 2017) (overruling objections to discovery when "defendant ha[d] offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge"); *cf. Kruse v. Regina Caeli, Inc.*, 2016 WL 3549361, at *1 n.3 (E.D. Mich. June 30, 2016) ("With the advent of the 2015 amendments to Rule 26, the days of boilerplate objections are over."). Here, the USX Defendants offered no evidence to support their contention that using the information in the USX Defendants' possession, custody, and control to provide full and complete answers to Plaintiffs' interrogatories would constitute an undue burden. ECF 190-1 at 8. The USX Defendants provided no declarations, no evidence, and no estimate of time or costs to justify their purported burden. *Id.* There was, and there continues to be, no record sufficient to conclude that the interrogatory responses are overly burdensome or that Plaintiffs have greater, or even equal, access to the sought-after relevant information. Quite simply, the Court did not apply the correct legal standard and, as a result, erred as a matter of law. Even now, the USX Defendants cannot meet their burden to preclude the requested discovery.

Finally, the USX Defendants make a misguided attempt to distinguish the decision from *Grae v. Corr. Corp. of Am., Inc.*, 2020 WL 6750806 (M.D. Tenn. Nov. 2, 2020). In *Grae*, the court ordered supplemental responses to contention interrogatories ***after*** the deadline for fact discovery.

That the *Grae* court granted the motion to compel plainly does not support the finding here that the interrogatories were served too late and need not be supplemented.

## II.      The Order's Ruling on the Timeliness of Plaintiffs' Interrogatories Is Contrary to Law

Interrogatories served six months before the end of the discovery cutoff are not untimely. *See* Fed. R. Civ. P. 33(b)(2) (providing for a party to have 30 days to respond to interrogatories); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (discovery should be served in enough time to be responded to before the discovery cutoff).  Although Rule 33(a)(2) of the Federal Rules of Civil Procedure "'allows a court to "order that [contention] interrogator[ies] need not be answered until designated discovery is complete or until a pretrial conference or *some other time*,"'" ECF 193 at 11, nothing in the Rule suggests that contention interrogatories *need never* be fully answered, particularly when they were served six months before the discovery cutoff and document discovery has been substantially complete for months.  The USX  Defendants' Opposition cites no authority that suggests otherwise.

Nor is there a rule that the USX  Defendants need time after fact depositions are completed to respond to contention interrogatories.   Indeed, courts have recognized the usefulness of interrogatories served earlier in the case.  *See Cleveland Constr., Inc. v. Gilbane Bldg. Co*., 2006 WL 2167238, at \*7 (E.D. Ky. July 31, 2006) ("[I]nterrogatories served early in the litigation may serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims.  They might also serve as predicates for motions for summary judgment, which would not only help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken.  Other legitimate purposes . . . include clarifying the issues in the case and setting up early settlement discussions.") (citing *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 337-38 (N.D. Cal. 1985)); *see also Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc*., 2020 WL 4432415, at \*6-\*13 (W.D. Ky. July 31, 2020) (requiring supplemental responses to contention interrogatories

- 4 -

propounded early in litigation); *Lenoxburg Motorcycle LLC v. Arctic Cat Sales Inc.*, 2009 WL 2057139 (E.D. Ky. Mar. 5, 2009) (same). Moreover, the USX Defendants have never indicated (nor could they) that they plan to rely on Plaintiffs' depositions to uncover the facts underlying their own affirmative defenses. The USX Defendants were required to have a factual basis for those defenses when they were made on August 14, 2020. *See Davis v. Hartford Life & Accident Ins. Co.*, 2015 WL 7571905, at \*5 (W.D. Ky. Nov. 24, 2015) (A party must "'be able to **generally explain** the factual basis for each . . . affirmative defense[] pled in its . . . answer.'") (emphasis in original); *Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, 2006 WL 2167238, at \*7 (E.D. Ky. July 31, 2006) (quoting *Dot Com Ent. Grp. , Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 45-46 (W.D.N.Y. 2006)) ("'Defendants are expected to have, even at an early stage, some good faith basis in fact and law for such claim and defense. *See* Fed. R. Civ. P. 11(b)(2), (3). Accordingly, Plaintiff's Interrogatories which primarily seek the basis for the defense and related counterclaim, even if they are assumed to be contention interrogatories, should be answered at this time.'"); *see also Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (requiring party to identify and state facts supporting defenses was consistent with civil procedure rule requiring parties to have some factual basis for their claims and allegations.). Indeed, it is unlikely that Plaintiffs' depositions will uncover for the USX Defendants those facts that support the USX Defendants' affirmative defenses asserted on August 14, 2020. The USX Defendants have had, and continue to have, free access to their own documents and witnesses for years.

Finally, noticing depositions at an earlier date would have been impractical.[2] Although the USX Defendants represented that their document production was substantially complete in October 2021, the USX Defendants have continued to produce documents since that time,

---

[2] Of course, the USX Defendants have been free to notice their own depositions at any time yet have failed to take a single fact deposition in this case beyond the depositions of the class representatives.

producing more than 2,467 documents and 22,083 pages of discovery through April of this year. Scheduling depositions without a complete factual record would have been inefficient and prejudicial to Plaintiffs and would have likely resulted in more disputes regarding whether witnesses could be subject to subsequent depositions regarding documents produced after their depositions.

Plaintiffs' interrogatories were timely served, and the Order's finding to the contrary is erroneous.

### III. The Order's Ruling that Plaintiffs May Seek Information Only Through Deposition Discovery Is Contrary to Law and Clearly Erroneous

Contrary to the USX Defendants' contentions, there is no basis for the Magistrate Judge to limit discovery to depositions under Rule 26(b) because the interrogatories are not overly burdensome, *supra* §I, and there is no basis to believe Plaintiffs will be able to obtain the information through depositions alone.

There is no guarantee Plaintiffs will be able to obtain the factual bases for the USX Defendants' affirmative defenses through depositions alone. In contrast to a deposition, interrogatory responses must be signed by the party or counsel certifying that the responses provided are made "to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*." Fed. R. Civ. P. 26(g)(1); *compare In re Willkie Farr & Gallagher LLP to Quash Subpoena*, 2008 WL 3884380, at *2 (S.D.N.Y. Aug. 14, 2008) (a witness deposed in his individual capacity does not have a duty to prepare prior to offering his testimony), *with 3M Innovative Props. Co. v. Tomar Elecs.*, 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006) (parties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests); *see also Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wisc. 1980) ("[A] party [responding to an interrogatory] has a duty to provide all information available to him [and] [i]nformation which is controlled by a party is available to him."); *Calderon v. Tower Assocs. Int'l, Inc. (USA)*, 1989 WL 62458, at *2 (D. Or. June 7, 1989) ("'a party is required to make a

- 6 -

reasonable investigation before responding to interrogatories and to answer interrogatories as fully as the information available to him will allow'"). There is simply no guarantee that the witnesses will be able to answer Plaintiffs' interrogatories during deposition, and Plaintiffs risk being left in the dark regarding the basic facts underlying the USX Defendants' affirmative defenses.

Second, as a matter of law, Plaintiffs are not limited to one type of discovery over another. *E.g.*, *Thomas & Betts Corp. v. New Albertson's, Inc.*, 2013 WL 11331377, at *5 (D. Mass. July 11, 2013) ("'The various methods of discovery [including depositions, interrogatories and requests for production] as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive.'") (citation omitted); *see also* ECF 190-1 at 13. The USX Defendants mischaracterize the legal authority[3] to argue that courts can supplant interrogatory responses with deposition testimony. The court in *Mercantile* does not hold that the requesting party should seek the same information through deposition. Rather, the court opines that depositions and production of documents may better address interrogatories that ask for "each and every fact and application of law to fact." 179 F.R.D. at 321. Notwithstanding the "each and every" language at issue, the court held that the requesting party "reasonably placed upon [the responding party] the duty to answer [the interrogatories] by ***setting forth the material or principal facts***, including any necessary application of law to fact." *Id.* The *Mercantile* court then held that certain responses were sufficient under this standard and compelled supplemental responses to others. *Id.* at 322-23.

Here, the Order goes beyond *Mercantile*. Order at 7. The Order concludes that all seven interrogatories are overbroad and then cites cases that object to the language "all facts" or "every fact." Only ***one*** of Plaintiffs' seven interrogatories contains such language. ECF 190-3. Rather than require the USX Defendants to respond to this interrogatory with the "material or principal facts," as

---

[3]    In their Opposition, the USX Defendants rely substantially on opinions from one judge, Judge Rushfelt, in the District of Kansas. ECF 193 ("Opposition") at 10; *see Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316 (D. Kan. 1998).

4865-9492-9958.v1

did the *Mercantile* court, the Order merely concludes that the answers are sufficient.  Order at 7.  The Order is silent as to what specifically it objects about the remaining six interrogatories.  *Id.*

Similarly, *Hilt* opines that "[i]n many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts."  170 F.R.D. at 187.  However, the court goes no further; it does not propose a "solution" whereby Plaintiffs should seek the same information through deposition.  Moreover, the interrogatories at issue in *Hilt* are far more broad than those at issue here.  The court itself distinguishes the interrogatories, which ask for "'each and every fact' supporting the allegations of plaintiff, no matter how insignificant or minor," from cases where the interrogatories are "directed at a discrete or specific allegation of a pleading," or even "sometimes to an entire claim or defense," as is the case here.  *Id*. at 186, 188.

The Motion should be granted.

DATED:  June 24, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

- 8 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
SNEHEE KHANDESHI (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA (*pro hac vice*)
KEVIN S. SCIARANI (*pro hac vice*)
NATALIE F. LAKOSIL (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com
ksciarani@rgrdlaw.com
nlakosil@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
rrobbins@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com

*Co-Lead Counsel for Lead Plaintiff*

- 9 -

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

BRAGAR EAGEL & SQUIRE, P.C.
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
holleman@bespc.com
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 24, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of the CM/ECF participants in this case.

<u>s/ Christopher M. Wood</u>
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)


Email:  cwood@rgrdlaw.com