UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

LEWIS STEIN, individually and on behalf )
of all others similarly situated, ) Case No. 1:19-cv-98
)
    *Plaintiffs*, ) Judge Travis R. McDonough
)
v. ) Magistrate Judge Christopher H. Steger
)
U.S. XPRESS ENTERPRISES, INC., et al., )
)
    *Defendants*.

**ORDER**

Before the Court is Plaintiffs' objection (Doc. 190) to Magistrate Judge Steger's order denying their motion to compel Defendant U.S. Xpress Enterprises, Inc. to supplement incomplete interrogatory responses (Doc. 181). For the following reasons, this objection will be **OVERRULED**.

**I.    BACKGROUND**

This case stems from U.S. Xpress Enterprises, Inc.'s ("USX") 2018 initial public offering ("IPO"). Plaintiffs are a class consisting of "[a]ll persons or entities who purchased or otherwise acquired Class A common stock of USX pursuant to and/or traceable to the Offering Documents . . . and who were damaged thereby." (Doc. 134, at 4.) This case involves two sets of Defendants—USX Defendants, comprised of USX itself and many of its corporate officers, and Underwriter Defendants, comprised of various companies who underwrote the IPO. (Doc. 57, at 12–16.) Plaintiffs allege that USX Defendants violated the Securities Act[1] by making false and

---

[1] Plaintiffs also alleged claims under the Exchange Act, but the Court dismissed those claims, as well as most of the Securities Act claims. (*See generally* Doc. 91; Doc. 57, at 65–68.)

misleading statements in documents prepared for the IPO. (Doc. 57, at 63–65.) In its answer, USX Defendants asserted thirty-seven affirmative defenses to Plaintiffs' claims. (Doc. 96, at 42–48.)

On February 4, 2022, Plaintiffs served USX Defendants the following seven interrogations:

1. With respect to your Seventh Defense in your Answer, identify any and all documents, facts, persons relied upon, or other grounds for the defense including that the Individual Defendants at all relevant times acted in good faith and had no knowledge of, or reasonable grounds to believe that any alleged statement or omission made by any person over whom they allegedly exercised controls was false or misleading.

2. With respect to your Thirteenth Defense in your Answer, identify the source(s), date(s) and/or publication(s) by which the information Plaintiffs allege to have been omitted or misstated was accurately disclosed, publicly available, or widely known to the market.

3. With respect to your Nineteenth Defense in your Answer, identify each referenced "affirmative and/or independent action[]," and the "one or more third persons or parties over whom USX Defendants had no control" responsible for such "affirmative and/or independent actions."

4. With respect to your Twentieth Defense in your Answer, identify all causes for the decline in USX's stock price in the days following the Company's November 1, 2018 press release and earnings conference call and identify the basis for your identification of each such cause.

5. With respect to your Twenty-Fourth Defense in your Answer, identify the source(s), date(s) and/or publication(s) of the material information at issue that "was made available to the market by other sources."

6. Identify the individuals, including their employer (if not USX) and title, with duties and responsibilities related to drafting, reviewing and approving the risk disclosures in the Company's IPO Registration Statement. To the extent that such individuals identified were not involved in all of the risk disclosures in the Company's IPO Registration Statement, identify which portions of the risk disclosures such persons were involved in.

7. Identify all documents, persons and communications you relied upon for USX's representation in its Offering Documents that: If we are unable to continue to attract and retain a sufficient number of drivers, we could be forced to, among

> other things, continue to adjust our compensation packages or operate with fewer
> tractors and face difficulty meeting shipper demands, either of which could
> materially adversely affect our growth and profitability.

(Doc. 190-3, at 6–8.) USX Defendants responded to the interrogatories but objected on multiple grounds. (*See* Doc. 190-4.) Plaintiffs describe USX Defendants' answers as "nearly meaningless" due to their vagueness (Doc. 190-1, at 9) and filed a motion to compel USX Defendants to supplement the interrogatory responses on April 21, 2022 (Doc. 171).

After holding a hearing, Magistrate Judge Steger issued an order denying the motion. (Docs. 180, 181.) In denying the motion, Magistrate Judge Steger explained: (1) the interrogatories were overly burdensome and disproportional to the needs of the case; (2) the interrogatories were premature; and (3) Plaintiffs could obtain the same information through depositions. (Doc. 181, at 2.) Plaintiffs objected to the order on June 3, 2022 (Doc. 190), and their objection is ripe for review.

## II. STANDARD OF REVIEW

When reviewing objections to a magistrate judge's non-dispositive pretrial order, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citing *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A factual finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (alterations omitted) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "And 'an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (alterations omitted)

(quoting *United States v. Winsper*, No. 3:08-CV-631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## III. ANALYSIS

Plaintiffs object to Magistrate Judge Steger's order on three bases: (1) the interrogatories were not overly burdensome and were proportional to the needs of the case; (2) the interrogatories were timely served; and (3) the order erred in requiring Plaintiffs to seek the information through depositions. (Doc. 190-1, at 12–13.)

### A. Burden and Proportionality

Plaintiffs first argue that Magistrate Judge Steger erred in ruling that the interrogatories were overly burdensome and disproportional to the needs of the case, citing Magistrate Judge Steger's failure to consider five of the relevant six factors under Federal Rule of Civil Procedure 26(b)(1). (*Id.* at 13.) These factors are: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (5) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiffs express concern that Magistrate Judge Steger "sidestepped entirely" factor three—USX Defendants' ease in accessing the relevant information. (Doc. 190-1, at 13.) According to Plaintiffs, USX Defendants can access the responsive information with relative ease because they "control nearly all relevant information from the onset of the action" and have likely "already compiled or otherwise identified the requested information" to support their affirmative defenses. (*Id.* (citing Fed. R. Civ. P. 11(b)(2), (3) (defendants must have some basis in fact when asserting an affirmative defense)).)

But Magistrate Judge Steger considered this factor in both the order and hearing. In the hearing, Magistrate Judge Steger noted that to answer the interrogatories, USX Defendants

> would need to sit down and ask all the questions that you should be asking these witnesses, and then they should either attach transcripts of their interviews with each witness trying to plum the depths of each nuance of each question you've asked and then either give you the transcript or—or summarize all that for you, or plan B would—would be that you go depose the witnesses and ask them these questions.

(Doc. 182, at 8:10-21.) Magistrate Judge Steger's discussion of extensive time USX Defendants would need to spend collecting the responsive information directly addresses this third factor. In the order, Magistrate Judge Steger reasoned that USX Defendants' counsel would be required "to distill the testimony provided in depositions, and then provide a written summary of such information in response to Plaintiffs' contention interrogatories." (Doc. 181, at 6.) Magistrate Judge Steger reasonably concluded that USX Defendants' difficulty in compiling the information outweighed the needs of the case—especially when compared to "more convenient, less burdensome, and less expensive" alternatives.[2] (*Id.* at 3, 5–6.)

As to the burden factor, Plaintiffs take issue with two points in Magistrate Judge Steger's analysis. Plaintiffs argue that, first, USX Defendants did not provide any evidence to support their burden in responding to the interrogatories, and second, the interrogatories were not overbroad "blockbuster" interrogatories. (Doc. 190-1, at 14.)

On the first point, there was evidence of the burdensome nature of answering the interrogatories, even if Defendants did not provide such evidence. Interrogatories that require a

---

[2] With respect to the other four factors, the Court finds that Magistrate Judge Steger did not err by placing more weight on certain factors in a multi-factor balancing test. *See E.E.O.C. v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 834 (6th Cir. 1997) ("When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citation omitted).

defendant to interview their own witnesses and distill into narrative the information those witnesses provided, such as the interrogatories here, are burdensome. *See United States v. Life Care Ctrs. of Am., Inc.*, No. 1:08-CV-251, 2016 WL 3198032, at *1 (E.D. Tenn. Mar. 24, 2016) ("Interrogatories, however, are not intended to be used to elicit a narrative response of the opposing party's entire case.") (citing *Pasternak v. Kim*, No. 10 Civ. 5045, 2011 WL 4552389, at *2 (S.D.N.Y. Sept. 28, 2011)); *Haney v. Saldana*, No. 1:04-cv-05935, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) ("A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.") (citation omitted). This burden is especially large when the information could be obtained in a less burdensome way, such as by Plaintiffs asking for the same information from the same witnesses in depositions.

Further, Magistrate Judge Steger's order reasonably relied on *IBP, Inc. v. Mercantile Bank of Topeka* in evaluating the burden the interrogatories impose on USX Defendants. 179 F.R.D. 316, 321 (D. Kan. 1998). Plaintiffs argue that the present interrogatories are less expansive than the "blockbuster" interrogatories in *Mercantile*. (Doc. 190-1, at 16.) But, like in *Mercantile*, the present interrogatories ask for "all facts" or "every fact," a request that courts within the Sixth Circuit also disfavor. *See, e.g.*, *Percell v. Ky. Dep't of Mil. Affs.*, No. 3:16-cv-721, 2018 WL 4677783, at *4 (W.D. Ky. Sept. 28, 2018) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses.") (quoting *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 4036424, at *18–19 (D. Kan. Sept. 12, 2011)); *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is

6

considered overly broad or unduly burdensome on its face if it '(1) uses an omnibus term . . . and (2) applies to a general category or group of documents or a broad range of information.'") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)).

### B. Timeliness

Plaintiffs also object to Magistrate Judge Steger's finding that the interrogatories were untimely served. (Doc. 190-1 at 7.)

Federal Rule of Civil Procedure 33(a)(2) gives a court the option to "order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." As specifically authorized by the rule and comments, Magistrate Judge Steger was within his authority to defer the answer. *See* Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment ("[T]he court is expressly authorized to defer an answer" of "interrogatories involving mixed questions of law and fact. . . ."). Plaintiffs argue that serving the interrogatories early in litigation allows the parties to narrow the discovery issues. (Doc. 190-1, at 17 (citing *Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, No. Civ. 05-417, 2006 WL 2167238 (E.D. Ky. July 31, 2006).) That argument is moot. Discovery closed in September, and the dispositive-motion deadline is rapidly approaching. (*See* Docs. 147, 208.) The time has passed for allowing the use of interrogatories to narrow future discovery. This time had passed when Magistrate Judge Steger entered his order because, as the order discussed, Plaintiffs did not take a single fact deposition until the last three months of the two-year discovery period. (Doc. 181, at 4–5.)

Plaintiffs contend they did not serve the interrogatories too late because Defendants have access to the responsive information. (Doc. 190-1, at 17–18.) But this argument does not account for the burden to USX Defendants. Because the interrogatories require applications of

law to facts, access to the information is insufficient to provide a responsive answer. Magistrate Judge Steger reasonably weighed the burden to USX Defendants and required Plaintiffs to gather the information in less burdensome ways. (Doc. 181, at 3, 6–7.)

   C.   **Court's Role in Regulating Discovery**

Plaintiffs object to Magistrate Judge Steger's reasoning regarding the Court's role in regulating discovery on three bases: (1) that USX Defendants did not show that supplementing their answers is unduly burdensome; (2) Magistrate Judge Steger had no basis to conclude that Plaintiffs can obtain the same information through depositions; and (3) the interrogatories' answers would allow Plaintiffs to narrow the scope of their depositions. (Doc. 190-1, at 18–19.) For the reasons discussed above, as to the first issue, Magistrate Judge Steger correctly concluded that obtaining the information would be unduly burdensome for Defendants. On the third issue, the time to narrow the issues for discovery has long passed. On the remaining issue, a magistrate judge has significant leeway to set the scope of discovery. Fed. R. Civ. P. 1; *see* Fed. R. Civ. P. 26(b)(2)(C) (giving judges great discretion to limit the frequency or extent of discovery for various reasons). Magistrate Judge Steger's decision to regulate discovery cannot be contrary to law because it is specifically called for in the Federal Rules of Civil Procedure.

**IV.   CONCLUSION**

For the above reasons, Plaintiffs' objection (Doc. 190) to Magistrate Judge Steger's order on Plaintiffs' motion to compel (Doc. 181) is **OVERRULED**.

   **SO ORDERED.**

                              /s/ *Travis R. McDonough*
                              **TRAVIS R. MCDONOUGH**
                              **UNITED STATES DISTRICT JUDGE**