BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

*Local Counsel*

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

*Class Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | | |
|---|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>   vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:19-cv-00098-TRM-CHS<br><br>CLASS ACTION<br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

4868-7200-6489.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     THE TERMS OF THE SETTLEMENT.................................................................3

III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ...................5

        A.      Plaintiffs and Class Counsel Have Adequately Represented the Class ...................7

        B.      The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length
                Negotiation Process ...........................................................................................7

        C.      The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy Criteria.....................8

                1.      The Settlement Is Adequate in Light of the Costs, Risks, and Delay
                        of Trial and Appeal .............................................................................8

                2.      The Method of Distributing Relief Is Effective...........................................9

                3.      Attorneys' Fees and Expenses ..................................................................10

                4.      Identification of Agreements ...................................................................11

        D.      Class Members Are Treated Equitably ...................................................................12

        E.      The Judgment of Experienced Trial Counsel...........................................................12

        F.      The Sixth Circuit's Public Interest Factor Is Satisfied............................................13

IV.     THE PROPOSED NOTICE PROGRAM IS APPROPRIATE .........................................14

V.      PROPOSED SCHEDULE OF EVENTS..........................................................................16

VI.     CONCLUSION...............................................................................................................17

4868-7200-6489.v1

Case 1:19-cv-00098-TRM-CHS    Document 220    Filed 03/27/23    Page 2 of 24
PageID #: 5342

**Page**

**CASES**

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) ........................................................................................15

*Franks v. Kroger Co.*,
649 F.2d 1216 (6th Cir. 1981),
*vacated on other grounds and modified*,
670 F.2d 71 (6th Cir. 1982) ...........................................................................................13

*Grae v. Corrections Corp. of Am.*,
2021 WL 5234966 (M.D. Tenn. Nov. 8, 2021) ............................................................11

*Hefler v. Wells Fargo & Co.*,
2018 WL 4207245 (N.D. Cal. Sept. 4, 2018) ...............................................................12

*Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty.,*
*Tenn. v. Momenta Pharm., Inc.*,
2020 WL 3053467 (M.D. Tenn. May 29, 2020)............................................................12

*Hyland v. HomeServices of Am., Inc.*,
2012 WL 122608 (W.D. Ky. Jan. 17, 2012)...................................................................8

*In re Genworth Fin. Sec. Litig.*,
2016 WL 7187290 (E.D. Va. Sept. 26, 2016)...............................................................11

*In re Se. Milk Antitrust Litig.*,
2013 WL 2155387 (E.D. Tenn. May 17, 2013)............................................................11

*In re Skelaxin Metaxalone Antitrust Litig.*,
2014 WL 11669877 (E.D. Tenn. Apr. 30, 2014)..........................................................13

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
2014 WL 2946459 (E.D. Tenn. June 30, 2014)............................................................11

*In re Telectronics Pacing Sys., Inc.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001) ...........................................................................6

*IUE-CWA v. GMC*,
238 F.R.D. 583 (E.D. Mich. 2006) ...............................................................................13

*Jackson Cnty. Emps.' Ret. Sys. v. Ghosn*,
No. 3:18-cv-01368, slip op. (M.D. Tenn. Oct. 7, 2022) ..............................................11

*Kizer v. Summit Partners, L.P.*,
2012 WL 1598066 (E.D. Tenn. May 7, 2012)..............................................................15

4868-7200-6489.v1

*Miracle v. Bullitt Cnty., Ky.*,
2008 WL 3850477 (W.D. Ky. Aug. 15, 2008) ........................................................................8

*Motter v. O'Brien*,
2014 WL 12892732 (S.D. Ohio June 12, 2014) ................................................................13, 14

*NYS Tchrs' Ret. Sys. v. GMC*,
315 F.R.D. 226 (E.D. Mich. 2016),
*aff'd sub nom. Marro v. NYS Tchrs' Ret. Sys.*,
2017 WL 6398014 (6th Cir. Nov. 27, 2017)..........................................................................10

*The Eshe Fund v. Fifth Third Bancorp*,
No. 1:08-cv-00421, slip op. (S.D. Ohio Nov. 20, 2013)..........................................................11

*UAW v. GMC*,
497 F.3d 615 (6th Cir. 2007) ...............................................................................................13

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) ..........................................................................................13, 15

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§77z-1(a)(4) ...............................................................................................................2, 3, 4, 11
§77z-1(a)(7) ...............................................................................................................15

Federal Rules of Civil Procedure
Rule 23 .........................................................................................................................2
Rule 23(c)(2)...............................................................................................................15
Rule 23(e).................................................................................................................6, 14
Rule 23(e)(1)...........................................................................................................2, 5
Rule 23(e)(1)(B).....................................................................................................14, 15
Rule 23(e)(2).........................................................................................................2, 5, 6
Rule 23(e)(2)(A).........................................................................................................7
Rule 23(e)(2)(B)..........................................................................................................7
Rule 23(e)(2)(C)..........................................................................................................8
Rule 23(e)(2)(C)(i).......................................................................................................8
Rule 23(e)(2)(C)(ii).....................................................................................................9
Rule 23(e)(2)(C)(iii)...................................................................................................10
Rule 23(e)(2)(C)(iv)....................................................................................................11
Rule 23(e)(2)(D) ........................................................................................................12
Rule 23(e)(3)..........................................................................................................6, 12

26 C.F.R.
§1.468B-1....................................................................................................................3

4868-7200-6489.v1

Class Representatives Deirdre Terry, Charles Clowdis, and Bryan Robbins (collectively, "Plaintiffs") respectfully submit this memorandum in support of their motion for preliminary approval of the settlement reached in this Litigation (the "Settlement"). This proposed Settlement provides a recovery of $13 million in cash to resolve this securities class action against all Defendants.[1] The Settlement is memorialized in the Stipulation of Settlement dated March 27, 2023 (the "Stipulation"), filed concurrently herewith. Counsel for Plaintiffs have met and conferred with counsel for Defendants, and Defendants do not oppose the relief requested herein.

By this motion, Plaintiffs seek entry of an order: (1) granting preliminary approval of the proposed Settlement; (2) approving the form and manner of giving notice of the proposed Settlement to the Class; and (3) setting a hearing date for final approval of the Settlement, the Plan of Allocation of the Net Settlement Fund, Class Counsel's application for attorneys' fees and expenses, and Plaintiffs' application for an award reflecting their time and expenses (the "Final Approval Hearing") and a schedule for various deadlines relevant thereto ("Notice Order"). As shown below, the Settlement is a very good result for the Class under the circumstances; is fair, reasonable, and adequate under the governing standards in this Circuit; and warrants preliminary and ultimately final approval of this Court.

## I.    INTRODUCTION

As set forth in the Stipulation, the Settlement provides for the payment of $13 million in cash to resolve this securities class action against all Defendants. This is a significant recovery for the Class and was reached by experienced counsel after arm's-length mediation overseen by a highly experienced mediator, David M. Murphy of Phillips ADR. The proposed Settlement easily satisfies

---

[1]    Unless otherwise defined herein, all capitalized terms used herein shall have the meanings provided in the Stipulation. Emphasis is added and citations are omitted throughout unless otherwise noted.

Rule 23(e)(2) of the Federal Rules of Civil Procedure and the Sixth Circuit's standards for settlement approval. The Settlement is fair, reasonable, and adequate as it provides for the all-cash recovery without the risks of further litigation.

Plaintiffs and Class Counsel approve of the Settlement. In agreeing to the Settlement, Plaintiffs and Class Counsel understood that there were serious risks in continued litigation. Although Plaintiffs believe very strongly in the merits of this case, Defendants believe very strongly in their defenses. At trial, Plaintiffs would have had the burden of proving each of the elements of their claims; Defendants have to defeat just one to prevail. Trial would have been very expensive, an inevitably lengthy claims process and appeal would have taken years, and either side could have prevailed.

At this stage, the Court need only determine that it will "likely" be able to approve the proposal under Rule 23(e)(2) (*see* Fed. R. Civ. P. 23(e)(1)) such that the Class should be notified of the proposed Settlement. In light of the substantial recovery obtained and the risks and expenses posed by a trial of this case, Plaintiffs respectfully request that the Court enter the Notice Order, which will, among other things:

- approve the form and content of the Notice and Summary Notice attached as Exhibits 1 and 3 to the Notice Order;

- find that the procedures for distribution of the Notice and publication of the Summary Notice in the manner and form set forth in the Notice Order constitute the best notice practicable under the circumstances and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995; and

- set a schedule and procedures for: disseminating the Notice and publication of the Summary Notice; requesting exclusion from the Class; objecting to the Settlement, the Plan of Allocation or Class Counsel's application for an award of attorneys' fees and litigation expenses, including awards to the Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4); submitting papers in support of final approval of the Settlement; and the Final Approval Hearing.

## II. THE TERMS OF THE SETTLEMENT

The Settlement set forth in the Stipulation resolves, fully, finally and with prejudice, the claims against Defendants of a class of all persons or entities who purchased or otherwise acquired Class A common stock of U.S. Xpress Enterprises, Inc. ("USXpress") pursuant to and/or traceable to the Offering Documents filed with the United States Securities and Exchange Commission ("SEC") and who were damaged thereby (the "Class").

Pursuant to the proposed Settlement, USXpress Defendants will deposit $13 million (the "Settlement Amount") into an interest-bearing escrow account (the "Escrow Account") no later than 21 business days from entry of the Notice Order. Interest on the Settlement Amount will accrue for the benefit of the Class and is referred to herein as the "Settlement Fund." Notice to the Class and the cost of settlement administration ("Notice and Administration Costs") will be funded by the Settlement Fund. Stipulation, ¶2.9. Plaintiffs propose that a nationally recognized class action settlement administrator, Gilardi & Co. LLC ("Gilardi"), be retained here.[2] The proposed notice plan and plan for claims processing is discussed below in §IV.

Because the Settlement Fund is a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, the income earned on the Settlement Fund is taxable. All Taxes and Tax Expenses shall be paid out of the Settlement Fund.

Plaintiffs intend to request an amount not to exceed $35,000 in the aggregate pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class. Any such amounts the Court awards shall be paid from the Settlement Fund.

Class Counsel will submit an application with its opening papers in support of final approval of the Settlement for: (a) an award of attorneys' fees in the amount of up to one-third of the

---

[2] Gilardi was previously approved by the Court to provide notice of the pendency of this Litigation. ECF 144.

Settlement Amount; (b) payment of expenses or charges resulting from the prosecution of the Litigation not to exceed $1.5 million; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund. Such fees and expenses shall be paid from the Settlement Fund once the Court executes the Judgment and upon entry of the order awarding such fees and expenses.

Once Notice and Administration Costs, Taxes, Tax Expenses, Court-approved attorneys' fees and expenses, and any awards to Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) have been paid from the Settlement Fund, the remaining amount (the "Net Settlement Fund") shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10.00. The Plan of Allocation treats Class Members equitably and accounts for the strengths of their particular claims.

The parties have entered into a Supplemental Agreement providing that, if, prior to the Final Approval Hearing, claims pursuant to the Plan of Allocation by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceed a certain amount, USXpress Defendants shall have the option to terminate the Settlement. Stipulation, ¶7.3.

In exchange for the benefits provided under the Stipulation, Class Members will release any and all claims against Defendants arising out of, relating to, or in connection with both: (i) the purchase and/or other acquisition of USXpress Class A common stock pursuant to and/or traceable to the Offering documents for USXpress' June 14, 2018 Offering; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, and/or omissions that were or could have been alleged in the Litigation. Stipulation, ¶1.22.

The Notice of Proposed Settlement of Class Action ("Notice") explains the terms of the Settlement, including that the Net Settlement Fund will be distributed to eligible Class Members who submit valid and timely Proof of Claim and Release forms ("Proof of Claim") pursuant to the

- 4 -

proposed Plan of Allocation included in the Notice and subject to this Court's approval; there will be no reversion to Defendants once the Settlement becomes effective. The Notice also informs Class Members of, among other information, Class Counsel's application for attorneys' fees and expenses and the proposed Plan of Allocation for distributing the Net Settlement Fund. The Notice further details: (i) the procedures for opting out of the Class or objecting to the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses; and (ii) the date, time, and location of the Final Approval Hearing.

If the Court grants preliminary approval, the Claims Administrator will mail the Notice and Proof of Claim (attached as Exhibits A-1 and A-2 to the Stipulation) to Class Members who can be identified with reasonable effort. Additionally, the Claims Administrator will cause the Summary Notice (attached as Exhibit A-3 to the Stipulation) to be published once in *The Wall Street Journal* and once over a national newswire service. In addition, the website established for the purposes of providing notice of the pendency of the action will be updated with settlement-related information and documents, including the Stipulation, Notice, Proof of Claim, briefs and declarations in support of final approval of the Settlement, relevant orders, and any other documents required by the Court.

## III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

Pursuant to Rule 23(e)(1), the issue at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Rule 23(e)(2) provides:

> (2)    *Approval of the Proposal*.  If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> > (A)    the class representatives and class counsel have adequately represented the class;
> >
> > (B)    the proposal was negotiated at arm's length;

- 5 -

(C)     the relief provided for the class is adequate, taking into account:

(i)     the costs, risks, and delay of trial and appeal;

(ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)     the terms of the proposed award of attorney's fees, including timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, "[w]hen determining whether the proposed settlement is fair, adequate, and reasonable," courts in the Sixth Circuit take into account the following factors (several of which overlap with Rule 23(e)(2)):

(1)     the plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;

(2)     the complexity, expense and likely duration of the litigation;

(3)     the stage of the proceedings and the amount of discovery completed;

(4)     the judgment of experienced trial counsel;

(5)     the nature of the negotiations;

(6)     the objections raised by the class members; and

(7)     the public interest.

*In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1009 (S.D. Ohio 2001).

The proposed Settlement for $13 million in cash easily satisfies Rule 23(e), as well as the Sixth Circuit's factors, each of which is addressed below (some together, to the extent they overlap).

### A. Plaintiffs and Class Counsel Have Adequately Represented the Class

Plaintiffs and their counsel have adequately represented the Class, satisfying Rule 23(e)(2)(A) (the class representatives and class counsel adequately represented the class), as well as the Sixth Circuit's closely related third factor (the stage of proceedings and the amount of discovery completed), by diligently prosecuting this Litigation on their behalf. This includes, among other things: (i) investigating the claims asserted in this Litigation; (ii) fully briefing Defendants' motions to dismiss; (iii) taking and/or defending over 30 depositions; (iv) reviewing over 480,000 pages of documents produced by Defendants and third parties; (v) propounding and responding to multiple document and written discovery requests; (vi) briefing numerous discovery-related motions; (vii) briefing and obtaining certification of the Class; (viii) preparing mediation briefs; (ix) consulting with experts who prepared detailed expert reports on issues of materiality, damages, and underwriters' due diligence; (x) taking and/or defending numerous expert depositions; and (xi) representing the Class' interests in formal and informal mediated negotiations. Plaintiffs' and Class Counsel's efforts resulted in a Settlement of $13 million, which will provide significant relief to the Class.

### B. The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Negotiation Process

After arm's-length negotiations with the assistance of an experienced mediator, David M. Murphy, Plaintiffs and Class Counsel reached an agreement with USXpress to settle for $13 million in cash. Accordingly, Rule 23(e)(2)(B) (the proposal was negotiated at arm's length) and the Sixth Circuit's overlapping fifth factor (the nature of the negotiations) are clearly satisfied.

Plaintiffs and the USXpress Defendants attended a full-day virtual mediation session before Mr. Murphy in November 2021 but were unable to resolve the Litigation at that time. Through Mr. Murphy, the parties continued to discuss resolution of the Litigation after their mediation

session.  On December 15, 2022, Mr. Murphy informed the parties that all sides had agreed to settle the case for $13 million in cash.  Following additional negotiations, the parties reached an agreement to resolve the Litigation on the terms set forth in the Stipulation.

The negotiations were at arm's length, and through their extensive efforts in prosecuting the action, Plaintiffs and Class Counsel were well informed regarding the strengths and weaknesses of their case.  *See Hyland v. HomeServices of Am., Inc.*, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (when determining whether preliminary approval is appropriate, courts should evaluate whether the settlement "'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval'"); *see also Miracle v. Bullitt Cnty., Ky.*, 2008 WL 3850477, at *5 (W.D. Ky. Aug. 15, 2008) (evaluating preliminary approval of a settlement based on whether negotiations were at arm's length, whether there was evidence of collusion, and whether there was preferential treatment to segments of the class).

C.      The Settlement Also Satisfies Rule 23(e)(2)(C)'s Adequacy Criteria

1.      The Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal

The proposed Settlement satisfies the Rule 23(e)(2)(C)(i) adequacy standard, taking into account the costs, risks, and delay of trial and appeal, which also covers the Sixth Circuit's overlapping second factor (the complexity, expense, and likely duration of the litigation).  The Settlement also satisfies the Sixth Circuit's first factor (plaintiff's likelihood of ultimate success on the merits balanced against the settlement amount).  It provides an immediate and substantial benefit for the Class – $13 million in cash – which compares favorably to the median settlement value in securities class action settlements alleging 1933 Act claims.

Given the complexities of this Litigation, the many issues in contention, the amount in controversy, and the substantial risks of continued litigation, Class Counsel believes the Settlement represents a favorable resolution of this Litigation. Importantly, the Settlement eliminates the risk that Plaintiffs and the Class might recover nothing, or might not recover as much as obtained in the Settlement, if the Litigation were to continue.

While Plaintiffs are confident in the strength of the case, they are aware of the defenses available to Defendants and the inherent risks and delays of litigation. At the motion-to-dismiss stage, Defendants substantially prevailed in eliminating the vast majority of alleged misstatements and omissions at issue in the case. Even as to the alleged misstatements and omissions that remained, USXpress challenged whether the alleged misstatements and omissions were in fact misleading, whether they were material to investors, and whether Plaintiffs could prove any damages associated with their claims. Given these and other risks faced by the Class, a positive result was far from assured.

### 2. The Method of Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process also satisfies Rule 23(e)(2)(C)(ii).

The notice plan is discussed below in §IV and includes direct-mail notice to all those who can be identified with reasonable effort, supplemented by the publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service. Gilardi will use time-tested methods to ensure Class Members who hold USXpress Class A common stock in their own names, as well as those who hold USXpress Class A common stock in street name, will receive a copy of the Notice and the Proof of Claim (collectively, "Claim Package"). First, Gilardi will mail the Notice and Proof of Claim to those persons and entities who received the Notice of Pendency of Class Action. In addition, Gilardi will contact the brokers, banks, and other institutions known as Nominee Holders.

- 9 -

Based on experience locating class members who hold securities in street name, Gilardi has developed a proprietary list of approximately 250 Nominee Holders, to whom it will send a Claim Package and cover letter.[3] Finally, Gilardi will update the previously-established website and post important documents regarding the Settlement, including the Stipulation, Claim Package, and all briefs and declarations in support of approval of the Settlement, and will continue to operate a toll-free number that Class Members can call to make inquiries about the Settlement. This notice program has regularly been found to satisfy due process. *See NYS Tchrs' Ret. Sys. v. GMC*, 315 F.R.D. 226, 242 (E.D. Mich. 2016) (finding similar notice program "satisfied Rule 23's notice requirement"), *aff'd sub nom. Marro v. NYS Tchrs' Ret. Sys.*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017).

The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation. The Plan of Allocation will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants. The Plan of Allocation was prepared by Class Counsel and is derived from the damage analysis Plaintiffs intended to present at trial. A thorough claim review process is explained in the Stipulation and the Notice.

### 3. Attorneys' Fees and Expenses

Rule 23(e)(2)(C)(iii) addresses the attorneys' fee award Class Counsel intends to seek. As discussed above in §II, Class Counsel intends to request fees in the amount of up to one-third of the Settlement Amount and expenses in an amount not to exceed $1.5 million, plus interest on both amounts. This is in line with similar fee requests granted by courts in the Sixth Circuit. *See, e.g.*,

---

[3] Gilardi will also send a Claim Package and cover letter to the approximately 4,500 financial institutions registered with the SEC as potential Nominee Holders. In addition, Gilardi will send additional copies of the Claim Package to those Nominee Holders who indicate they will directly send the Claim Package to their clients who may be Class Members.

*Jackson Cnty. Emps.' Ret. Sys. v. Ghosn*, No. 3:18-cv-01368, slip op. at ¶3 (M.D. Tenn. Oct. 7, 2022) (ECF 267) (awarding one-third of $33 million settlement, plus expenses) (attached as Ex. 1 hereto); *Grae v. Corrections Corp. of Am.*, 2021 WL 5234966, at *1 (M.D. Tenn. Nov. 8, 2021) ("The Court finds that the amount of fees awarded [one-third of $56 million recovery] is fair and reasonable under the 'percentage-of-recovery' method . . . and that the awarded fee is in accord with Sixth Circuit precedent."); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459, at *1 (E.D. Tenn. June 30, 2014) ("The Court finds that the requested counsel fee of one third [of $73 million recovery] is fair and reasonable and fully justified. The Court finds it is within the range of fees ordinarily awarded."); *In re Se. Milk Antitrust Litig.*, 2013 WL 2155387, at *3 (E.D. Tenn. May 17, 2013) (holding that "attorneys' fees requested represent one-third of the settlement fund. . . . the percentage requested is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit"); *The Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421, slip op. at ¶3 (ECF 225) (S.D. Ohio Nov. 20, 2013) (awarding one-third of $16 million recovery) (attached as Ex. 2 hereto). In addition, Class Counsel will request that any award of fees and expenses be paid at the time the Court makes its award. *See In re Genworth Fin. Sec. Litig.*, 2016 WL 7187290, at *2 (E.D. Va. Sept. 26, 2016) (ordering that "attorneys' fees and Litigation Expenses awarded above may be paid to Lead Counsel immediately upon entry of this Order").

Further, Plaintiffs intend to request an amount not to exceed $35,000 in the aggregate pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class.

### 4. Identification of Agreements

Rule 23(e)(2)(C)(iv) requires that the parties identify any agreements between them. Plaintiffs and USXpress Defendants have entered into a standard supplemental agreement providing that if Class Members who purchased over a specified number of USXpress Class A common stock

- 11 -

opt out of the Settlement, USXpress Defendants shall have the option to terminate the Settlement. Stipulation, ¶7.3. Such supplemental agreements are customary in securities class action settlements, and their confidentiality "avoid[s] the risk that one or more shareholders might use this knowledge to insist on a higher payout for themselves by threatening to break up the Settlement." *Hefler v. Wells Fargo & Co.*, 2018 WL 4207245, at \*7 (N.D. Cal. Sept. 4, 2018) (approving confidentiality of opt-out termination agreement); *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tenn. v. Momenta Pharm., Inc.*, 2020 WL 3053467, at \*2 (M.D. Tenn. May 29, 2020) (granting final approval after noting that "supplemental agreements that set forth confidential terms of termination in the event exclusions reached a certain threshold . . . may appropriately be kept confidential and not filed on the public docket").

There are otherwise no agreements requiring identification under Rule 23(e)(3).

### D.     Class Members Are Treated Equitably

As reflected in the Plan of Allocation (Stipulation, Ex. A-1 at 14-16), the Settlement treats Class Members equitably relative to each other, while taking into account the timing of their purchase or acquisition of USXpress Class A common stock and their subsequent disposition of such securities, if any, and provides that each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund based on their recognized losses as calculated by the Plan of Allocation. Accordingly, Rule 23(e)(2)(D) is satisfied.

### E.     The Judgment of Experienced Trial Counsel

The Sixth Circuit's fourth factor (judgment of experienced counsel) is also satisfied. Plaintiffs, through their counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence pertaining to the claims asserted against Defendants; the likelihood of prevailing on the claims; the risk, expense, and duration of continued litigation; and any appeals and

subsequent proceedings, have concluded that the Settlement is fair, reasonable, and in the best interest of the Class.

Significant weight should be attributed to experienced counsel's evaluation and conclusion that a settlement is in the best interests of the class. *See Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (stating that courts should defer to the judgment of experienced counsel who have evaluated the strength of plaintiff's case); *In re Skelaxin Metaxalone Antitrust Litig.*, 2014 WL 11669877, at \*3 (E.D. Tenn. Apr. 30, 2014) (when a "'settlement is the result of extensive negotiations by experienced counsel, the Court should presume it fair'"); *IUE-CWA v. GMC*, 238 F.R.D. 583, 597 (E.D. Mich. 2006) ("The judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'").  Here, Class Counsel have significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action recoveries throughout the country, including in courts throughout Tennessee and the Sixth Circuit. *See* www.rgrdlaw.com; www.zlk.com.  Given the experience possessed by Class Counsel, weight should be given to its determination that, taking into account the strength of the claims alongside the time, expense, complexity of the issues, and uncertainty of trial and any appeals, the Settlement set forth in the Stipulation is a good result that confers substantial, immediate benefits on the Class.

**F.      The Sixth Circuit's Public Interest Factor Is Satisfied**

The public interest factor supports approval of the Settlement.  Indeed, as a matter of public policy, settlement is a strongly favored method for resolving disputes, particularly in complex class actions such as this.  *See, e.g.*, *UAW v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007) (noting the "federal policy favoring settlement of class actions"); *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981) ("the law generally favors and encourages the settlement of class actions"), *vacated on other grounds and modified*, 670 F.2d 71 (6th Cir. 1982); *Motter v. O'Brien*, 2014 WL 12892732, at \*1

- 13 -

(S.D. Ohio June 12, 2014) ("The Court further recognizes that 'the law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.'").

The fairness and adequacy of the $13 million recovery are clear. Given the litigation risks involved, it is a strong result for the Class. It could not have been achieved without full commitment by Plaintiffs and their counsel. Plaintiffs and Class Counsel respectfully submit that the Settlement is both fair and adequate such that notice of the Settlement should be sent to the Class. While Plaintiffs and their counsel believe the Settlement merits final approval, the Court need not make that determination at this time. The Court is being asked simply to permit notice of the terms of the Settlement to be sent to the Class and to schedule a hearing, pursuant to Fed. R. Civ. P. 23(e), to consider any expressed views by Class Members of the fairness of the Settlement, the Plan of Allocation, and Class Counsel's request for an award of fees and expenses, including Plaintiffs' request for an award of their time and expenses incurred in representing the Class. Fed. R. Civ. P. 23(e); *Motter*, 2014 WL 12892732, at *1.

## IV.     THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Rule 23(e) governs notice requirements for settlements or "compromises" in class actions. The Rule provides that a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. Fed. R. Civ. P. 23(e). In addition, the Rule provides: "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

The Notice Order will require the Claims Administrator to: (i) notify Class Members of the Settlement by mailing a copy of the Notice by First-Class Mail to all Class Members who can be identified with reasonable effort; and (ii) cause a copy of the Summary Notice to be published once

- 14 -

in the national edition of *The Wall Street Journal* and once over a national newswire service. The proposed method of giving notice to Class Members is appropriate because it is calculated to reach Class Members who can be identified with reasonable effort. *Fidel v. Farley*, 534 F.3d 508, 515 (6th Cir. 2008) (notice scheme sufficient because it was "'reasonably calculated to reach interested parties'"); *Williams*, 720 F.2d at 921 (plaintiff class must receive the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort); *Kizer v. Summit Partners, L.P.*, 2012 WL 1598066, at *9 (E.D. Tenn. May 7, 2012) (sufficient notice where mailings were made to last known addresses of class members); Fed. R. Civ. P. 23(e)(1)(B) (courts "must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]").

As required by Rule 23(c)(2) and the PSLRA (15 U.S.C. §77z-1(a)(7)), the Notice describes in plain English the nature of the Litigation; sets forth the definition of the Class; states the Class' claims; and discloses the right of Class Members to exclude themselves from the Class, as well as the deadline and procedure for doing so, and warns of the binding effect of settlement approval proceedings on Class Members who do not exclude themselves. In addition, the Notice describes the Settlement; the Settlement Amount, both in the aggregate and on an average per-share distribution basis; explains the Plan of Allocation; sets out the amount of attorneys' fees and expenses that Class Counsel intends to seek in connection with final settlement approval, including the amount of the requested fees and expenses determined on an average per-share basis and the amount sought by Plaintiffs for their time and expenses; provides contact information for Class Counsel, including a toll-free telephone number; and summarizes the reasons the parties are proposing the Settlement. The Notice also discloses the date, time, and place of the formal fairness hearing and the procedures for appearing at the hearing and objecting to the Settlement. Class Counsel believes that the Notice

will fairly apprise Class Members of their rights with respect to the Settlement, that it is the best notice practicable under the circumstances, and that it should be approved.

## V. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Final Approval Hearing date; dates for mailing the Notice and publishing the Summary Notice; and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement. The parties propose the following schedule:

| | |
|---|---|
| Notice and Proof of Claim mailed to the Class (the "Notice Date") | Not later than 21 calendar days after the Notice Order is signed and entered |
| Summary Notice published | Not later than 10 calendar days from the Notice Date |
| Deadline for filing Proofs of Claim | Not later than 90 calendar days from the Notice Date |
| Deadline for filing papers in support of the Settlement, Plan of Allocation, Class Counsel's request for an award of attorneys' fees and expenses, and Plaintiffs' award of time and expenses | Not later than 35 calendar days prior to the Final Approval Hearing |
| Deadline for objecting to the Settlement, Plan of Allocation, or attorneys' fees and expenses and for opting out of the Class | Not later than 21 calendar days prior to the Final Approval Hearing |
| Deadline for filing reply papers in support of the Settlement, Plan of Allocation, and request for an award of attorneys' fees and expenses | Not later than 7 calendar days before the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience, at least 100 calendar days after the entry of the Notice Order |

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court preliminarily approve the proposed Settlement, including the dissemination of the proposed Notice and Summary Notice.

DATED: March 27, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE (*pro hac vice*)
HADIYA K. DESHMUKH (*pro hac vice*)
SNEHEE KHANDESHI (*pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEVIN S. SCIARANI (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ksciarani@rgrdlaw.com

- 17 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS (*pro hac vice*)
ANDREW E. LENCYK (*pro hac vice*)
DAVID C. JAYNES (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/363-7500
866/367-6510 (fax)
shopkins@zlk.com
alencyk@zlk.com
djaynes@zlk.com

*Class Counsel*

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com

*Local Counsel*

- 18 -

BRAGAR EAGEL & SQUIRE, P.C.
MARION C. PASSMORE (*pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY  10019
Telephone:  646/860-9449
212/214-0506 (fax)
passmore@bespc.com

*Additional Counsel for Plaintiffs Charles Clowdis
and Bryan K. Robbins*

- 19 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 27, 2023, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the email addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com