# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LEWIS STEIN, et al., individually and on behalf of all others similar situated, | Case No. 1:19-cv-98 |
| *Plaintiffs*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., | |
| *Defendants*. | |

## ORDER

Before the Court is Plaintiffs' unopposed motion for preliminary approval of a class action settlement agreement (Doc. 219). Plaintiff Lewis Stein initiated this action on April 2, 2019, individually and on behalf of those similarly situated. (Doc. 1) In their amended complaint, Plaintiffs alleged that Defendants U.S. Xpress Enterprises, Inc. ("USX"), a set of Defendants that underwrote USX's initial public offering, and a set of individual Defendants violated Sections 11 and 15 of the Securities Act of 1933 and Subsections 10(b) and 20(a) and the Securities Exchange Act of 1934. (Doc. 57.) On Februrary 12, 2021, the Court certified the class, which consists of:

> All persons or entities who purchased or otherwise acquired Class A common stock of USX pursuant to and/or traceable to the Offering Documents filed with the United States Securities and Exchange Commission ("SEC") and who were damaged thereby (the "Class"). Excluded from the Class are Defendants and their immediate families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

(Doc. 134, at 1.)

1

On March 27, 2023, over three years of litigation culminated in the proposed settlement agreement (the "Settlement") now before the Court (Doc. 221). As part of the Settlement, Defendants agree to pay $13,000,000.00 for the benefit of the Class. (*Id.* at 5.) Plaintiffs submitted as an exhibit to the Settlement a proposed notice of settlement for distribution to the Class, a proposed claim-and-release form, and a summary notice of proposed settlement for distribution to the class. (Docs. 221-2, 221-3, 221-4.) Plaintiffs now move this Court to: (1) preliminarily approve the Settlement; (2) approve the form and manner of giving notice of the proposed settlement to the Class; and (3) set a hearing date for final approval of the settlement. (Doc. 219, at 1.) Defendants do not oppose.

Ultimate approval of a class action settlement requires a court finding that the settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). Preliminarily, the Court finds that: the Settlement falls within the range of a reasonable settlement that could ultimately be given final approval by this Court; the Settlement is presumptively valid, as it appears to be the product of intensive, non-collusive, arm's-length negotiations between well-informed counsel; the settlement fund amount of $13,000,000.00 is fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to liability and damages issues; the parties have conducted extensive and costly investigation, discovery, research, and mediation such that the parties are able to reasonably evaluate their respective positions; and the settlement will avoid additional substantial costs, delay, and risks that would be presented by further litigation. Accordingly, the Court hereby **GRANTS** the motion for preliminary approval (Doc. 219) and **ORDERS** as follows[1]:

---

[1] All capitalized terms used herein have the same meanings as set forth in the Stipulation of Settlement (Doc. 221).

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Excluded from the previously-certified Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set herein by the Court, and any Person who validly requested exclusion from the Class in response to the Notice of Pendency of Class Action provided in 2021.

3. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

4. A hearing (the "Settlement Hearing") shall be held before this Court on **July 10, 2023**, at **3:00 p.m.**, at the United States District Court for the Eastern District of Tennessee, Chattanooga Division, Joel W. Solomon Federal Building and United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Class Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. All fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

7. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

    a. Not later than **April 18, 2023** (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Class Members who can be identified with reasonable effort and post the Stipulation, Notice and Proof of Claim on the website established for this Litigation at www.USXSecuritiesLitigation.com;

4

b. Not later than **April 25, 2023**, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of The Wall Street Journal and once over a national newswire service; and

c. At least seven calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees or custodians who purchased or otherwise acquired US Xpress Class A common stock pursuant and/or traceable to the public offering that commenced on June 14, 2018, for the beneficial ownership of potential Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of US Xpress Class A common stock within fourteen calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class

Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

10. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than **August 16, 2023**. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11. Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Class Counsel.

12. If they did not already do so in connection with the Notice of Pendency of Class Action that was provided in 2021, any Person who purchased or otherwise acquired US Xpress Class A common stock pursuant and/or traceable to the Offering may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than **June 19, 2023**. A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list

6

Case 1:19-cv-00098-TRM-CHS   Document 222   Filed 03/28/23   Page 6 of 11   PageID #: 5479

identifying the dates and the number of shares of US Xpress Class A common stock purchased or otherwise acquired pursuant and/or traceable to the Offering and price paid for each such purchase or acquisition; and (iii) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired US Xpress Class A common stock pursuant and/or traceable to the Offering who fails to timely request exclusion from the Class in compliance with each of the provisions in the paragraph shall be deemed to have waived his, her or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

13. Class Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen calendar days prior to the Settlement Hearing.

14. Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-

Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before **June 19, 2023**, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Levi & Korsinsky, LLP, Attn: Shannon L. Hopkins, 1111 Summer Street, Suite 403, Stamford, CT 06905; King & Spalding LLP, Attn: Jessica P. Corley, Lisa R. Bugni, 1180 Peachtree Street, N.E., Suite 1600, Atlanta, GA 30309; and O'Melveny & Myers LLP, Attn: Jonathan Rosenberg, William J. Sushon, 7 Times Square, New York, NY 10036, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, Joel W. Solomon Federal Building and United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402 on or before **June 19, 2023**. Any Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Class Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

15. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of US Xpress Class A common stock pursuant and/or traceable to the Company's June 14, 2018 public offering, including the dates and the number of shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector and his, her, their, or its counsel have previously objected.

16. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses shall be filed and served by **June 5, 2023**. Replies to any objections shall be filed and served by **July 3, 2023**.

18. Neither the Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or

9

Case 1:19-cv-00098-TRM-CHS   Document 222   Filed 03/28/23   Page 9 of 11   PageID #: 5482

expenses submitted by Plaintiffs' Counsel or expenses of Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and

be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante as of December 15, 2022.

24. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**