# EXHIBIT A

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>U.S. XPRESS ENTERPRISES, INC., et al.,<br><br>                Defendants. | Civil Action No. 1:19-cv-00098-TRM-CHS<br><br><u>CLASS ACTION</u><br><br>Judge Travis R. McDonough<br>Magistrate Judge Christopher H. Steger |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED U.S. XPRESS ENTERPRISES, INC. ("USXPRESS" OR THE "COMPANY") CLASS A COMMON STOCK PURSUANT TO AND/OR TRACEABLE TO THE PUBLIC OFFERING THAT COMMENCED ON JUNE 14, 2018, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE AUGUST 16, 2023**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION**.

THIS NOTICE IS DIFFERENT FROM THE ONE YOU PREVIOUSLY RECEIVED IN 2021 ADVISING YOU OF THE PENDENCY OF THIS LITIGATION.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Tennessee, Chattanooga Division (the "Court"). The purpose of this Notice is to inform you of the proposed $13,000,000.00 settlement of the Litigation (the "Settlement") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 27, 2023 (the "Stipulation"), by and between Plaintiffs Deirdre Terry, Charles Clowdis, Bryan Robbins, SEPTA, and Linda Babbidge, on behalf of themselves and the Class (as defined below), on the one hand, and Defendants USXpress, Eric Fuller, Max Fuller, Eric Peterson, Jason Grear, Lisa Quinn Pate, Merrill Lynch, Pierce, Fenner & Smith, Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, Stephens Inc., Stifel, Nicolaus & Company, Inc., and WR Securities LLC (the "Defendants"), on the other hand. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.USXSecuritiesLitigation.com.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before August 16, 2023.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before June 19, 2023. If you excluded yourself in response to the prior notice in 2021, do not do so again**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before June 19, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON JULY 10, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before June 19, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

<u>**SUMMARY OF THIS NOTICE**</u>

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $13 million settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $0.18, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages 10-12 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of USXpress Class A common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of USXpress Class A common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of USXpress Class A common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of USXpress Class A common stock at various times during the relevant period; (7) the extent to which the matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of USXpress Class A common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of USXpress Class A common stock at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Class Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed thirty-three and one-third percent (33-1/3%) of the Settlement Amount, plus expenses not to exceed $1,500,000.00, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per USXpress Class A common stock will be approximately $0.08. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-877-216-9819, or visit the website www.USXSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com; or Shannon L. Hopkins, Partner, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905, 203-992-4523, www.zlk.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

**BASIC INFORMATION**

| 1. Why did I get this Notice package? |
| --- |

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired USXpress Class A common stock pursuant to and/or traceable to the public offering that commenced on June 14, 2018.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of Tennessee, Chattanooga Division, and the case is known as *Stein v. U.S. Xpress Enterprises, Inc., et al.*, Civil Action No. 1:19-cv-00098-TRM-CHS. The case has been assigned to the Honorable Travis R. McDonough. The people representing the Class are the "Plaintiffs," and the companies and individuals they sued and who have now settled are called the Defendants.

| 2. What is this lawsuit about? |
| --- |

The initial complaint in this action was filed on April 2, 2019. On July 18, 2019, the Court appointed Deirdre Terry as Lead Plaintiff and approved Lead Plaintiff's choice of Lead Counsel.

On October 8, 2019, Lead Plaintiff, joined by additional plaintiffs Charles Clowdis and Bryan K. Robbins, filed the operative Complaint, alleging violations of §§11 and 15 of the Securities Act of 1933 and §§10(b) and 20(a) of the Securities Exchange Act of 1934.

Plaintiffs allege that beginning in June 2018, Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, which caused the price of the Company's securities to trade at artificially inflated prices until November 2018, when the circumstances allegedly concealed by the allegedly misleading Offering materials were allegedly revealed, and the Company's stock price significantly declined. Defendants deny each and all of Plaintiffs' allegations.

On December 23, 2019, Defendants moved to dismiss the Complaint. On March 9, 2020, Plaintiffs filed their opposition to Defendants' motions to dismiss. On April 23, 2020, Defendants filed their reply brief. On June 30, 2020, the Court granted in part and denied in part Defendants' motions, sustaining Plaintiffs' claims under the Securities Act with respect to two statements (and related omissions theory) in the Offering materials that were filed in connection with the Company's June 14, 2018 Initial Public Offering. The Court dismissed Plaintiffs' claims under the Securities Exchange Act.

On September 11, 2020, Plaintiffs moved for class certification. Following discovery of Plaintiffs, Defendants filed their opposition on October 30, 2020, and Plaintiffs filed their reply on December 10, 2020. On February 12, 2021, the Court granted Plaintiffs' motion and appointed Plaintiffs as Class Representatives and Lead Counsel as Class Counsel. Notice of pendency of this Litigation was provided to the Class in the fall of 2021.

The parties conducted extensive fact and expert discovery and litigated a number of discovery disputes, including through formal motion practice and informal discovery conferences before the Magistrate Judge. In all, Defendants and third parties produced more than 480,000 pages of documents, and the parties took nearly 35 fact and expert depositions.

On November 16, 2021, the Plaintiffs and USXpress Defendants participated in a voluntary confidential mediation with an experienced mediator, David M. Murphy, Esq. of Phillips ADR. The mediation was preceded by submission of mediation statements by them. Plaintiffs and USXpress Defendants engaged in good faith negotiations, but did not reach a settlement. Following the mediation and while continuing to litigate the case, Plaintiffs and USXpress Defendants continued settlement discussions through Mr. Murphy. On December 15, 2022, on the eve of the deadline to file summary judgment motions, Plaintiffs and USXpress Defendants agreed to settle the Litigation in return for a cash payment of $13,000,000.00 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation of Settlement (together with the exhibits thereto) reflects the final and binding agreement among the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required by the federal securities laws, that the Individual Defendants at all times acted in good faith, and that the Underwriter Defendants conducted a reasonable investigation leading up to the Company's initial public offering. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all persons or entities who purchased or otherwise acquired Class A common stock of USXpress pursuant to and/or traceable to the Offering documents filed with the SEC in connection with the Offering, and who were damaged thereby, except those Persons and entities that are excluded.

Excluded from the Class are: Defendants and their immediate families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and the legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly excluded themselves therefrom by submitting a request for exclusion in connection with the Notice of Pendency of Class Action provided in 2021, or who do so in accordance with the requirements set forth in question 11 below.

For the avoidance of doubt, the exclusions above do not extend to: (1) any investment company or pooled investment fund in which an Underwriter Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which an Underwriter Defendant or its respective affiliates are not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which an Underwriter Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in USXpress Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition.

In other words, the Underwriter Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before August 16, 2023.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-877-216-9819, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, USXpress Defendants have agreed to pay (or cause to be paid) $13 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.USXSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than August 16, 2023.** The Proof of Claim form may be submitted online at www.USXSecuritiesLitigation.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on July 10, 2023, at 3:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you previously excluded yourself, or you exclude yourself in connection with this Settlement, you are in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to, or in connection with both: (i) the purchase and/or other acquisition of USXpress Class A common stock pursuant to and/or traceable to the Offering documents for the Company's June 14, 2018 Offering; and (ii) the facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person that submitted a request for exclusion in connection with the Notice of Pendency of Class Action or who submits a request for exclusion in connection with this Settlement. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants and their Related Parties, and Defendants' Counsel and their Related Parties.

- "Related Parties" means each Defendant's respective former, present, or future parents, subsidiaries, divisions, controlling persons, associates, related entities, and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement

and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially to sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.  Also, Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who collectively purchased a certain number of shares of USXpress Class A common stock exclude themselves from the Class.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *USXpress Securities Litigation.*" Your letter must include your purchases or other acquisitions of USXpress Class A common stock pursuant and/or traceable to the Offering, including the dates and number of shares of USXpress Class A common stock purchased or otherwise acquired, and price paid for each such purchase or other acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than June 19, 2023** to:

*USXpress Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is June 19, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Levi & Korsinsky, LLP represent the Class Members, including you. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Class Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three and one-third percent (33-1/3%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,500,000.00 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek up to $35,000.00 in the aggregate for their time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *USXpress Securities Litigation.* Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares purchased, acquired, or sold of USXpress Class A common stock pursuant and/or traceable to the Offering, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of USXpress Class A common stock

pursuant and/or traceable to the Offering.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than June 19, 2023:**

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF TENNESSEE<br>CHATTANOOGA DIVISION<br>Joel W. Solomon Federal Building and<br>  United States Courthouse<br>900 Georgia Avenue<br>Chattanooga, TN  37402 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Attn: ELLEN GUSIKOFF STEWART<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101 | KING & SPALDING LLP<br>Attn: Jessica P. Corley,<br>  Lisa R. Bugni<br>1180 Peachtree Street, NE<br>Suite 1600<br>Atlanta, GA  30309 |
| | LEVI & KORSINSKY, LLP<br>Attn: SHANNON L. HOPKINS<br>1111 Summer Street<br>Suite 403<br>Stamford, CT  06905 | O'MELVENY & MYERS LLP<br>Attn: Jonathan Rosenberg,<br>  William J. Sushon<br>7 Times Square<br>New York, NY  10036 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at **3:00 p.m., on July 10, 2023**, in the Courtroom of the Honorable Travis R. McDonough, at the United States District Court for the Eastern District of Tennessee, Chattanooga Division, Joel W. Solomon Federal Building and United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiffs.  At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.USXSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.USXSecuritiesLitigation.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the conference will be posted to the Settlement website, www.USXSecuritiesLitigation.com**.  If you want to attend the hearing, either in person or remotely, if permitted, you should check with Class Counsel or the Settlement website, www.USXSecuritiesLitigation.com, beforehand to be sure that the date and/or time has not changed.

| **19.** | **Do I have to come to the hearing?** |
|---|---|

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you are a Class Member and send an objection, you do not have to come to Court to talk about it.  As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *USXpress Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than June 19, 2023**, and addressed to the Clerk of Court, Class Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-216-9819. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.USXSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $13,000,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.USXSecuritiesLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Class Members who purchased or otherwise acquired USXpress Class A common stock pursuant and/or traceable to the Offering and who were injured thereby.

Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim forms that Class Members send in and how many shares of USXpress Class A common stock you purchased or otherwise acquired pursuant and/or traceable to the Offering, and whether and when you sold any of those shares.

To the extent there are sufficient funds in the Net Settlement Fund, each claimant will receive an amount equal to the claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each claimant, then each claimant shall be paid the percentage of the Net Settlement Fund that each claimant's Recognized Loss bears to the total of the Recognized Loss of all claimants – *i.e.*, the claimant's *pro rata* share of the Net Settlement Fund.

For each purchase or other acquisition of USXpress Class A common stock that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

### Claims for the June 2018 Initial Public Offering

Initial Public Offering Price: $16.00 per share
Closing price on the date the lawsuit was filed: $ 6.94 per share

_____

For shares of USXpress Class A common stock purchased or otherwise acquired pursuant to and/or traceable to the Company's initial public offering prospectus dated June 13, 2018 through the end of trading on April 2, 2019, and

1) sold prior to the close of trading on April 2, 2019, the claim per share is the lesser of: (i) the Purchase Price less the Sales Price, or (ii) $16.00 less the Sales Price.

2) retained at the close of trading on April 2, 2019, or sold on or after April 3, 2019, the claim per share is the lesser of: (i) $9.06 ($16.00 less $6.94), or (ii) the Purchase Price less $6.94.

In the event a Class Member held USXpress Class A common stock prior to the Offering or has more than one purchase or other acquisition or sale of USXpress Class A common stock pursuant and/or traceable to the Offering, all such purchases, acquisitions, and sales shall be matched by security on a First-In, First-Out ("FIFO") basis. Under the FIFO method, any sales of USXpress Class A common stock made after the Offering will be matched, in chronological order, against shares of USXpress Class A common stock purchased or otherwise acquired pursuant and/or traceable to the Offering.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions are subtracted from all losses. However, the proceeds from sales of USXpress Class A common stock held prior to the Offering will not be used in the calculation of such net loss.

If purchase or other acquisition and sale transactions reflect a market gain, the recognized claim for the specific shares involved in the transaction will be $0.00. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.

Purchases or other acquisitions and sales of USXpress Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of USXpress Class A common stock shall not be deemed a purchase, other acquisition or sale of USXpress Class A common stock for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such USXpress Class A common stock pursuant and/or traceable to the Offering; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such USXpress Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired USXpress Class A common stock pursuant and/or traceable to the Offering for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN FOURTEEN (14) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within fourteen (14) days mail the Notice and Proof of Claim form via First Class Mail directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*USXpress Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301130
Los Angeles, CA 90030-1130

DATED:  March 28, 2023

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, ) ) | Civil Action No. 1:19-cv-00098-TRM-CHS |
| Plaintiffs, ) ) ) | <u>CLASS ACTION</u> |
| vs. ) | Judge Travis R. McDonough |
| ) | Magistrate Judge Christopher H. Steger |
| U.S. XPRESS ENTERPRISES, INC., et al., ) ) | |
| Defendants. ) ) | |
| ) | |

### PROOF OF CLAIM AND RELEASE

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page 6 hereof, sign this Proof of Claim.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE AUGUST 16, 2023**, ADDRESSED AS FOLLOWS:

*USXpress Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301130
Los Angeles, CA 90030-1130

Online Submissions:  www.USXSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

**II.      CLAIMANT IDENTIFICATION**

You are a member of the Class if you purchased or otherwise acquired shares of U.S. Xpress Enterprises, Inc. ("USXpress" or the "Company") Class A common stock pursuant and/or traceable to the Registration Statement issued in connection with USXpress's June 2018 initial public offering (the "Offering") and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the USXpress Class A common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE USXPRESS CLASS A COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

---

[1]      This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.USXSecuritiesLitigation.com.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in USXpress Class A Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of USXpress Class A common stock that took place between June 13, 2018 and April 2, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of USXpress Class A common stock you held at the close of trading on June 12, 2018 and on April 2, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of USXpress Class A common stock. The date of a "short sale" is deemed to be the date of sale of USXpress Class A common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN USXPRESS CLASS A COMMON STOCK SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

*Stein v. U.S. Xpress Enterprises, Inc., et al.*

Civil Action No. 1:19-cv-00098-TRM-CHS

**PROOF OF CLAIM AND RELEASE**

Official
Office
Use
Only

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than August 16, 2023**

# USXS

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN USXPRESS CLASS A COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |


Case 1:19-cv-00098-TRM-CHS   Document 234-1   Filed 06/05/23   Page 16 of 19
PageID #: 5667

# PART II. SCHEDULE OF TRANSACTIONS IN USXPRESS CLASS A COMMON STOCK

A. Number of shares of USXpress Class A common stock held at the close of trading on June 12, 2018:

Proof Enclosed? ○ Y  ○ N

B. Purchases or other acquisitions of USXpress Class A common stock (June 13, 2018 through April 2, 2019, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1. / / | | $ .00 | ○ Y ○ N |
| 2. / / | | $ .00 | ○ Y ○ N |
| 3. / / | | $ .00 | ○ Y ○ N |
| 4. / / | | $ .00 | ○ Y ○ N |
| 5. / / | | $ .00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger at some date beginning June 13, 2018, through April 2, 2019, please identify the date, the share amount, and the company acquired:

MM / DD / YYYY     Merger Shares:     Company:

C. Sales of USXpress Class A common stock (June 13, 2018 through April 2, 2019, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| 1. / / | | $ .00 | ○ Y ○ N |
| 2. / / | | $ .00 | ○ Y ○ N |
| 3. / / | | $ .00 | ○ Y ○ N |
| 4. / / | | $ .00 | ○ Y ○ N |
| 5. / / | | $ .00 | ○ Y ○ N |

D. Number of shares of USXpress Class A common stock held at the close of trading on April 2, 2019:

Proof Enclosed? ○ Y  ○ N

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of USXpress Class A common stock during the relevant period and know of no other person having done so on my (our) behalf.

## V. RELEASES

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as Defendants, Defendants' Counsel and their Related Parties.

2. "Related Parties" means each Defendant's respective former, present, or future parents, subsidiaries, divisions, controlling persons, associates, related entities, and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them in their capacity as such.

3. "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common or foreign law or any other law, rule or regulation, whether class or individual in nature, arising out of, relating to or in connection with both: (i) the purchase and/or other acquisition of USXpress Class A common stock pursuant to and/or traceable to the Offering documents for the Company's June 14, 2018 Offering; and (ii) the facts, matters, events, transactions, acts occurrences, statements, representations, misrepresentations and/or omissions that were or could have been alleged in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any Person that submitted a request for exclusion in connection with the Notice of Pendency of Class Action or who submits a request for exclusion in connection with the Settlement of the Litigation. Released Claims includes "Unknown Claims."

4. "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. The Releasing Plaintiff Parties and the Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in



the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in USXpress Class A common stock that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on June 12, 2018 and on April 2, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____
(Month/Year)       (City/State/Country)

_____  _____
(Sign your name here)          (Sign your name here)

_____  _____
(Type or print your name here)      (Type or print your name here)

_____  _____
(Capacity of person(s) signing, *e.g.*,     (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator) Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.
2. Remember to attach copies of supporting documentation.
3. **Do not send** originals of certificates or other documentation as they will not be returned.
4. Keep a copy of your Proof of Claim and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send your new address to the address below.
7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN AUGUST 16, 2023, ADDRESSED AS FOLLOWS:**

*USXpress Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301130
Los Angeles, CA 90030-1130
Online Submissions: www.USXSecuritiesLitigation.com

