BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

*Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

*Class Counsel*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. XPRESS ENTERPRISES, INC., et al., <br><br> Defendants. | Civil Action No. 1:19-cv-00098-TRM-CHS <br><br> <u>CLASS ACTION</u> <br><br> Judge Travis R. McDonough <br> Magistrate Judge Christopher H. Steger |

DECLARATION OF CHRISTOPHER M. WOOD FILED ON BEHALF OF ROBBINS
GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF
LITIGATION EXPENSES

I, CHRISTOPHER M. WOOD, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award litigation expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is counsel of record for Plaintiffs Deirdre Terry, Charles Clowdis and Bryan Robbins, and the Class.

3.      The information in this declaration regarding the Firm's expenses is taken from expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the expenses committed to the Litigation.  As a result of this review, reductions were made to expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      The Firm seeks an award of $910,223.71 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit A.

5.      The following is additional information regarding certain of these expenses:

(a)      Filing, Witness and Other Fees: $11,494.21.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process

- 1 -

of subpoenas or advanced witness fees for depositions; or (ii) obtained copies of court documents for Plaintiffs.  The vendors who were paid for these services are set forth in the attached Exhibit B.

(b) Class Action Notices: $49,239.32.  These charges include expenses for printing and mailing the Notice of Pendency of Class Action to Class Members and publishing a summary notice pursuant to the Court's Order of August 4, 2021.

(c) Transportation, Hotels & Meals: $51,509.89.  In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend meetings and depositions.  The date, destination, and purpose of each trip is set forth in the attached Exhibit C.

(d) Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $130,442.87.  The vendors who were paid for these services are listed in the attached Exhibit D.

(e) Witness Counsel: $30,128.05.

(i) Oberheiden P.C.: $16,129.55.  This amount represents payments made to Oberheiden P.C. who represented a witness throughout the Litigation.

(ii) Sims Funk, PLC: $13,998.50.  This amount represents payments made to Sims Funk PLC who represented a witness for purposes of responding to a subpoena and their deposition.

(f) Experts/Consultants/Investigators: $595,963.25.

(i) William H. Purcell Consulting, Inc.: $329,248.77.  Plaintiffs retained the expert services of William H. Purcell concerning due diligence.  Mr. Purcell has over 50 years of investment banking experience and relevant expertise in the prevailing standards used by industry participants in making public disclosures and conducting pre-IPO diligence.  He provided necessary expert analysis and testimony regarding the prevailing standards used by industry participants

regarding full, accurate and non-misleading disclosures and the adequacy of the underwriter's due diligence. Mr. Purcell spent significant time preparing to give testimony in this matter, including in advance of his depositions on November 23, 2022 and December 5, 2022.

(ii)     BVA Group LLC ("BVA"): $198,576.13.   Plaintiffs retained the services of consulting group BVA and one of its partners, W. Scott Dalrymple, CFA, concerning damages and causation.  Mr. Dalrymple, with the assistance of other members of BVA, provided critical economic analysis and expert report/testimony in preparation for trial.  This included spending significant time preparing to give testimony in this matter and also providing vital analysis of Defendants' expert Paul Zurek in preparation for Lead Counsel taking his deposition.

(iii)     L.R. Hodges & Associates, Ltd. ("LRH&A"): $53,772.35.  Plaintiffs retained LRH&A to provide investigative services to Lead Counsel.  This included identifying and confirming the employment status of prospective witnesses and locating potential witnesses.  This also involved research, retrieval and analysis of relevant documents, including SEC filings, media articles and court filings, as well as other materials related to case issues.  It also included researching, reviewing and analyzing materials in preparation for the investigation; contacting and conducting interviews with targeted third-party witnesses; and thereafter preparing comprehensive interview summaries and other case reports.  In addition, LRH&A, at the direction of Lead Counsel, followed up with certain witnesses regarding their initial interviews and potential knowledge of facts related to the case.

(iv)     Sound Science, Inc.: $7,125.00.  Plaintiffs retained Michael H. Belzer, Ph.D. and his consulting firm Sound Science to provide consulting regarding the trucking industry. Dr. Belzer is a university professor and has expertise in Transportation Economics.  He provided vital consulting regarding the significance of USX's truck driver retention problems, the industry driver shortage, and the causes of high driver turnover.

- 3 -

(v) Crowninshield Financial Research, Inc. ("Crowninshield"): $5,741.00. Plaintiffs retained the services of economic consulting firm Crowninshield and its founder, Steven P. Feinstein, Ph.D., CFA, regarding damages and potential issues relating to class certification. Dr. Feinstein provided necessary consulting regarding analyzing case related issues, in particular those relating to damages and damage calculations.

(vi) The Expert Institute Group, LLC ("Expert Institute"): $1,500.00. Plaintiffs retained the services of the Expert Institute to assist Lead Counsel in identifying potential expert witnesses.

(g) Photocopies: $2,490.40. In connection with this case, the Firm made 2,635 photocopies. Robbins Geller requests $0.15 per copy for a total of $395.25. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation. The Firm also paid $2,095.15 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in the attached Exhibit E.

(h) Online Legal and Financial Research: $14,206.52. This category includes vendors such as LexisNexis, PACER, Refinitiv, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs). This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to

- 4 -

specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class can enjoy a substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, I understand the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(i)  eDiscovery Database Hosting: $15,402.30.  Robbins Geller requests $15,402.30 for hosting eDiscovery related to this Litigation.  Robbins Geller has installed top tier database software, infrastructure, and security.  The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms.  Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.  Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost.  Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more).  Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor.  Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the expense associated with maintaining and searching electronic discovery databases.  Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges.  The amount requested reflects charges for the hosting of over 480,000 pages of documents produced by parties and non-parties in this action.

(j)     Mediation Fees (Phillips ADR Enterprises, P.C.): $375.00.  This represents a portion of the fees paid to mediator David Murphy who conducted a mediation session and discussions leading to the settlement of the Litigation.

6.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

7.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of June, 2023, at Nashville, Tennessee.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 5, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com