BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193
DAVID GARRISON, #24968
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

*Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

*Class Counsel*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

CHATTANOOGA DIVISION

| | |
|---|---|
| LEWIS STEIN, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. XPRESS ENTERPRISES, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 1:19-cv-00098-TRM-CHS

CLASS ACTION

Judge Travis R. McDonough
Magistrate Judge Christopher H. Steger

DECLARATION OF SHANNON L. HOPKINS FILED ON BEHALF OF LEVI &
KORSINSKY, LLP IN SUPPORT OF APPLICATION FOR AN AWARD OF LITIGATION
EXPENSES

I, Shannon L. Hopkins, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.      I am partner with the firm of Levi & Korsinsky, LLP ("Levi & Korsinsky" or the "Firm").  I am submitting this declaration in support of the application for an award of litigation expenses/charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Co-Lead counsel of record for plaintiff Deirdre Terry.

3.      The information in this declaration regarding the Firm's expenses is taken from expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the expenses committed to the Litigation.  Based on this review, I believe that the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      My Firm seeks an award of $356,228.64 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in Exhibit A.

5.      The following is additional information regarding certain of these expenses:

(a)      Filing Fees: $424.00.  These expenses have been paid to the Court for filing fees. The vendors who were paid for these services are set forth in Exhibit B.

(b)      Transportation, Hotels & Meals: $11,312.97.   In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, prepare for,

- 1 -

attend, and take depositions. The date, destination, and purpose of each trip is set forth in Exhibit C.

    (c)    Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $1,774.40.  The vendors who were paid for hearing and deposition transcripts are listed in Exhibit D.

    (d)    Experts/Consultants/Investigators: $329,248.76.

    (i)    William H. Purcell Consulting provided expert services concerning the materiality of the alleged misstatements and whether the due diligence that the Underwriters conducted was adequate. Mr. Purcell's services including consulting on Plaintiffs' claims, as well as providing opening and rebuttal expert reports and deposition testimony for the aforementioned issues.

    (e)    Photocopies: $2,116.07.  My Firm paid $2,116.07 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in Exhibit E.

    (f)    Online Legal and Financial Research: $9,088.62.  This category includes vendors such as WestLaw.  These resources were used to obtain access to factual databases, legal research, and for cite-checking of briefs.  This expense represents the expense incurred by Levi & Korsinsky for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.

    (g)    Mediation Fees: $2,250.00.  These are the fees of the mediator, Phillips ADR Enterprises, P.C., who conducted a mediation session and discussions leading to the settlement of the litigation.

    6.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

- 2 -

7.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of June, 2023, at Stamford, Connecticut.

_____
SHANNON L. HOPKINS

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 5, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of the CM/ECF participants in this case.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com