# EXHIBIT B

# B|E|S BRAGAR EAGEL & SQUIRE, P.C.

**FIRM RESUME**

Bragar Eagel & Squire, P.C. represents clients in complex litigation throughout the country. Our practice focuses on prosecuting stockholder securities class actions, corporate governance actions, and merger actions in federal and state courts. Our attorneys have been appointed as lead counsel or co-lead counsel in hundreds of securities, corporate governance, and merger actions around the country. We also have strong practices in bankruptcy-related litigation, and we are often retained by creditor committees or post-confirmation trustees to litigate D&O and other claims for the benefit of the bankruptcy estate or creditors. We also have a breadth of experience to litigate a full range of commercial disputes.

Our attorneys come from various legal backgrounds and collectively have decades of experience litigating securities class actions, corporate governance matters, merger actions, and consumer rights actions, obtaining well over a billion dollars in recoveries for clients and class members. We litigate cases aggressively, from the initial investigation, through motion practice, discovery, trial and appeals. We are headquartered in New York City and have offices in San Francisco and Los Angeles, California and South Carolina.

**DERIVATIVE, SECURITIES, AND MERGER LITIGATION**

The core of our practice is prosecuting securities class actions, corporate governance actions, and merger actions. Our attorneys have represented stockholders in hundreds of securities class actions, individual securities actions, corporate governance actions, and merger actions.

We have an active practice before the Delaware Court of Chancery and have achieved success before the Delaware Supreme Court litigating matters involving stockholder rights, corporate governance, and limited partner rights. We are one of the nation's leading firms litigating complex legal issues under Delaware law applicable to alternative entities, including publicly-traded master limited partnerships and limited liability companies.

In the master limited partnership field, we frequently represent limited partners challenging the fairness of "conflicted" transactions between the publicly-traded partnership and its controlling parent entity. In ***In re El Paso Pipeline Partners, L.P., Derivative Litigation***, we successfully tried claims before the Delaware Court of Chancery and obtained the only verdict finding that independent directors of a master limited partnership acted with *subjective* bad faith when approving a conflicted transaction with the parent. 2015 Del. Ch. LEXIS 116 (April 20, 2015).[1]

In ***Mesirov v. Enbridge Energy Company, Inc.***, we obtained a very favorable ruling from the Delaware Supreme Court, which clarified the standard applicable to certain conflicted

---

[1] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

transactions between the master limited partnership and its parent. 159 A.3d 242 (Del. March 28, 2017).

## Representative Matters

### Derivative Actions

- ***Mesirov v. Enbridge Energy Company, Inc., et al.***, C.A. No. 11314, Appeal No. 273, (Del. Supreme Court 2016). We prosecuted class and derivative claims on behalf of Enbridge Energy Partners, L.P. ("EEP") against EEP's general partner, parent, and affiliated entities. The claims arose out of a January 2015 "drop down" transaction pursuant to which the general partner sold certain pipeline assets to EEP for $1 billion plus additional consideration in the form of a "special tax allocation". We secured a favorable ruling from the Delaware Supreme Court, reversing in part the Chancery Court's dismissal of the action. The action was dismissed as a result of EEP's merger into Enbridge Inc., which deprived the plaintiff of standing. The EEP Special Committee that negotiated an increase in the merger price valued the derivative claims at $111.2 million and asserted that Enbridge's offer failed to account for this value. Reported decisions: 159 A.3d 242 (Del. March 28, 2017) (reversing order of dismissal); 2018 Del. Ch. LEXIS 294 (Del. Ch. August 29, 2018) (denying in part motion to dismiss third amended complaint).

- ***In re Activision Blizzard, Inc. Stockholder Litigation***, C.A. No. 8885 (Del. Ch. 2013). We were co-lead counsel prosecuting class and derivative claims on behalf of Activision's stockholders arising out of a conflicted transaction unfairly favoring Activision's senior management. The matter settled on the eve of trial for $275 million, by far the largest monetary settlement in the history of the Delaware Court of Chancery and the largest cash derivative settlement in the country. In addition, the settlement provided significant corporate governance benefits to the class. Reported decision: 86 A.3d 531 (February 21, 2014) (court compelled foreign national directors of controlling stockholder to respond to discovery).

- ***In re El Paso Pipeline Partners, L.P. Derivative Litigation***, C.A. No. 7141 (Del. Ch. 2011). We prosecuted claims on behalf of El Paso Pipeline Partners, L.P., a public master limited partnership, against its general partner and its sponsor, El Paso Corporation (now merged into Kinder Morgan, Inc.). The claims arose out of the 2010 "drop down" of certain pipeline assets from the general partner to the partnership. After trial, the Court found that the Special Committee that recommended approval of the transaction did not believe that the transaction was in the best interests of the partnership and, therefore, that the general partner breached the partnership agreement by engaging in the transaction. The Court found that the partnership was damaged in the amount of $171 million.[2] Reported decision: 2015 Del. Ch. LEXIS 116 (April 20, 2015) (post-trial memorandum opinion finding that the three independent

---

[2] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

directors that approved a conflicted transaction did not believe that the transaction was in the best interests of the partnership).

- *In re Third Avenue Trust Stockholder & Derivative Litigation*, Cons. C.A. No. 12184 (Del. Ch. 2016). We were co-lead counsel prosecuting claims for breach of fiduciary duty against the Trust's officers and its investment advisor arising out of the collapse of the Third Avenue Focused Credit Fund. The case settled for $25 million.

- *In re CenturyLink Sales Practices and Securities Litigation: Consolidated Derivative Action*, MDL No. 17-2795 (MJD/KMM), United States District Court for the District of Minnesota. We were appointed sole lead counsel to pursue derivative claims on behalf of CenturyLink against certain of its current and former directors and officers. The claims arise out of the company's practice of allowing its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers.

- *In re Equifax, Inc. Derivative Litigation*, Case No. 1:18-cv-17, United States District Court for the Northern District of Georgia. We represent individual and institutional stockholders prosecuting derivative claims on behalf of Equifax against certain of Equifax's current and former officers and directors for breaches of fiduciary duty arising out of Equifax's 2017 data breach.

- *In re Align Technology, Inc. Derivative Litigation*, Lead Case No. 5:19-cv-00202-LHK, United States District Court for the Northern District of California. We represent a stockholder of Align Technology, Inc., the manufacturer of Invisalign® teeth aligners, asserting derivative claims on behalf of the company alleging that certain former directors and officers caused the company to make materially false and misleading statements concerning the company's promotions and their negative effect on gross margins and net revenues. We were appointed co-lead counsel on February 26, 2019.

- *Baron v. Sanborn, et al.,* Case No. 3:18-cv-04391-WHA, United States District Court for the Northern District of California. We represent a stockholder of LendingClub Corporation, an on-line marketplace platform that connects borrowers to lenders. The stockholder is bringing derivative claims on behalf of the company against certain current and former directors and officers for arising out of the company's business practice of make false statements to potential borrowers concerning applicable fees and the loan approval process. The court appointed us co-lead counsel on April 25, 2019.

- *Meldon v. Thompson, et al.,* Civil Action No. 18-cv-10166, United States District Court for the District of New Jersey. We represented a stockholder of Freshpet, Inc., a manufacturer of foods for dogs and cats. The stockholder brought a derivative action on behalf of the company alleging that certain current and former directors and officers caused the company to make false and misleading statements about the company's business results and prospects. The claims arise out of the defendants'

alleged failure to disclose expected decreases in revenues due to manufacturing problems and financial difficulties at the company's primary retail customers.

- *Walker v. Desisto, et al.*, Civ. A. No. 17-10738-MLW, United States District Court for the District of Massachusetts. We represented a stockholder of Insulet Corporation bringing derivative claims on behalf of the company against certain of thecompany's current and former directors and officers for making false and misleading statements concerning market demand for the company's disposable insulin delivery system, "OmniPod." The parties have agreed to a settlement of the matter, which remains subject to the court's approval.

- *In re Tesla Motors, Inc. Stockholder Litigation*, C.A. No. 12711, Delaware Court of Chancery. We represent institutional asset managers prosecuting direct and derivative claims on behalf of Tesla arising out of Tesla's acquisition of SolarCity Corporation. The class was certified on April 18, 2019 and discovery is ongoing.

- *Brinckerhoff v. Texas Eastern Products Pipeline Company, L.L.C.*, C.A. No. 2427 (Del. Ch. 2010). We prosecuted claims on behalf of TEPPCO's common unitholders claiming that in a series of transactions orchestrated by TEPPCO's general partner, TEPPCO had been shortchanged by hundreds of millions of dollars. The action was resolved by a merger which benefitted TEPPCO's unitholders by more than $400 million**.** Reported decision: 2008 Del. Ch. LEXIS 174 (November 25, 2008) (denial in part of motion to dismiss).

- *Gerber v. Enterprise Products Holdings L.L.C.*, C.A. No. 5989 (Del. Ch. 2013). We served as lead counsel for derivative and class claims arising out of a variety of master limited partnership transactions, alleging that the general partner's approvals of the transactions were done in bad faith and in breach of the implied covenant of good faith and fair dealing.  One action was settled by defendants agreeing to a merger that increased the value of the limited partnership units by approximately $400 million. In another action, after the trial court dismissed the complaint, we prevailed before the Delaware Supreme Court to reinstate the claims for breach of implied covenant. The matters settled for $12.4 million for the Master Limited Partnership unitholders. Reported decision: 67 A.3d 400, *overruled in part*, 159 A.3d 242 (Del. June 10, 2013) (reversing order of dismissal).

- *In re Allegiant Travel Co. Stockholder Derivative Litigation*, Master File No. 3:18-01864, United States District Court for the District ofNevada. We are co-lead counsel representing stockholders in a derivative action asserting claims against Allegiant's current and former officers and directors for breaches of duties owed to the company arising out of the company's failures to maintain the safety of its airplanes.

## Securities Class Actions

- *Lefkowitz v. Synacor, Inc.*, Case No. 18-2979, United States District Court for the Southern District of New York.  On October 17, 2018, we were appointed sole lead

counsel to prosecute claims on behalf of a class of Synacor stockholders alleging that Synacor, Inc. violated federal securities laws by making false and misleading statements and failing to disclose adverse facts concerning a contract with AT&T.

- ***Crago v. Charles Schwab & Co., Inc., et al.***, Case No. 3:16 Civ. 3938, United States District Court for the Northern District of California. We are co-lead counsel prosecuting claims seeking to recover damages on behalf of a class of retail brokerage customers arising out of Charles Schwab's alleged omissions regarding its order routing practices. The Court denied Charles Schwab's motion to dismiss on December 5, 2017 and the case has now proceeded into further discovery. Reported decision: 2017 U.S. Dist. LEXIS 215871 (December 5, 2017) (denial of motion to dismiss).

- ***In re Supreme Industries, Inc., Securities Litigation***, Case No. 3:17-143, United States District Court for the District of Indiana. We are co-lead counsel prosecuting claims on behalf of a class of stockholders alleging that Supreme Industries violated federal securities laws by making false and misleading representations concerning its order backlog, an indicator of its current and future financial performance.

- ***In re BP p.l.c. Securities Litigation***, Case No. 4:10-md-02185, United States District Court for the Southern District of Texas. We represent nine institutional asset managers that purchased BP stock on the London Stock Exchange and are prosecuting claims against BP for violations of English securities laws arising out of BP's false and misleading statements concerning the safety of its offshore oil rigs and operations and false and misleading statements regarding the size of the oil spill.

- ***Sudunagunta v. NantKwest, Inc., et al.***, Case No. 2:16 Civ. 1947, United States District Court for the Central District of California. We were co-lead counsel prosecuting a securities class action against NantKwest, a biotechnology company that develops immunotherapeutic agents for various clinical conditions and in which we are co-lead counsel for the plaintiff. The action resulted from NantKwest's false and misleading statements in connection with its initial public offering and failure to disclose errors in its financial filings with the SEC.  On May 13, 2019, the Court granted final approval of a settlement that will provide $12 million to the class.  Reported decision:  2018 U.S. Dist. LEXIS 137084 (August 13, 2018) (order granting class certification).

- ***Xu v. Gridsum Holding Inc., et al.***, Case No. 1:18 Civ. 3655, United States District Court for the Southern District of New York. We are lead counsel prosecuting claims for violations of the federal securities laws arising out of Gridsum's materially false and misleading statements and omissions regarding its financial reporting. The Court appointed us lead counsel on September 17, 2018.

- ***Shah v. A10 Networks, Inc., et al.***, No. 3:18 Civ. 1772, United States District Court for the Northern District of California. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of alleged violations of the federal securities laws related to materially false and misleading statements related to a failure to disclose an Audit Committee investigation prompted by A10's internal

control issues, as well as allegations that improper revenue recognition caused false financial statements. The Court appointed us lead counsel on August 31, 2018.

- ***Cullinan v. Cemtrex, Inc., et al.***, Consolidated Case No. 2:17-cv-01067, United States District Court for the Eastern District of New York. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of violations of the federal securities laws related to company insider's improper sales of stock and false and misleading statements concerning the company's business operations. The court appointed us co-lead counsel on March 9, 2018. The Parties negotiated a settlement of the action for a $625,000 cash payment to the Class, which is subject to final approval by the Court.

- ***In re Altice USA, Inc. Securities Litigation***, Index No. 711788/2018, Supreme Court of the State of New York, Queens County. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of violations of the federal securities laws related to the company's filing of a false and misleading proxy statement in connection with its June 2017 initial public offering.

- ***Vardanian v. Arlo Technologies, Inc., et al.***, Case No. 19cv342418, Superior Court of the State of California, County of Santa Clara. We represent a class of Arlo Technologies, Inc., stockholders alleging claims for violation of the federal securities laws arising out of the company's Registration Statement and Prospectus issued in connection with its August 2018 initial public offering.

- ***Alden v. FAT Brands, Inc., et al.***, Case No. BC716017, Superior Court for the State of California, County of Los Angeles. We represent a class of FAT Brands stockholders alleging claims for violation of federal securities laws arising out of the company's Registration Statement and Offering Circular filed in connection with its initial public offering.

- ***Trinad Capital Master Fund, Ltd. v Majesco Entertainment Company, et al.***, C.A. No. 06-05265, United States District Court for the District of New Jersey (2006). We represented a hedge fund in opt-out securities fraud litigation against officers and directors of public company. The case resolved favorably for the client.

**Merger Litigation**

- ***True Value Company***, C.A. No. 2018-0257, Delaware Court of Chancery. Co-lead counsel representing stockholder and independent retailer of True Value Company in a challenge to the fairness of a conflicted transaction by which each True Value stockholder would be forced to sell 70% of its shares at par value, ending up as indirect minority members of the Company. The action resulted in additional disclosures by defendants, which the Court found to be material.

- ***In re Cornerstone Therapeutics, Inc. Stockholder Litigation***, C.A. No. 8922, Delaware Court of Chancery. Co-lead counsel representing a class of Cornerstone

Therapeutics stockholders challenging an acquisition of the company by its controlling stockholder in a "going private" transaction. The matter settled for **$17,881,555** in cash benefits to the class.

- ***Ross and Parker v. Rhône Capital, L.L.C. et al.***, Case No. CACE-16-013220 (Cir. Ct. 17th Jud. Dist., Broward Cty., Fla.). Partners of our firm were counsel in action challenging the acquisition of Elizabeth Arden by Revlon.

- ***In re Allion Healthcare, Inc. Shareholders Litigation***, C.A. No. 5022-CC (Del. Ch.). Partners of our firm were co-lead counsel in action challenging a going-private transaction whereby Allion merged with H.I.G. Capital Inc. and a group of Allion stockholders. The action was settled with a $4 million payment to Allion's unaffiliated shareholders and additional disclosures to shareholders.

- ***In re RehabCare Group, Inc., Shareholders Litigation***, C.A. No. 6197-VCL (Del. Ch.). Partners of our firm were co-lead counsel in action challenging the acquisition of RehabCare by Kindred Healthcare, Inc. which resulted in a $2.5 million payment to RehabCare shareholders, modification of the merger agreement, and additional disclosures to shareholders.

- ***In re Atheros Communications Shareholder Litigation***, C.A. No. 6124-VCN (Del. Ch.). Partners of our firm were co-lead counsel in action challenging the acquisition of Atheros by Qualcomm Incorporated which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery delaying the shareholder vote and requiring additional disclosures to shareholders.

- ***Maric Capital Master Fund, Ltd. v. PLATO Learning, Inc.***, C.A. No. 5402-VCS (Del. Ch.). Partners of our firm were lead counsel in action challenging the acquisition of PLATO by Thoma Bravo, LLC which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery requiring additional disclosures to shareholders.

## BANKRUPTCY AND INSOLVENCY-RELATED LITIGATION

Our knowledge of bankruptcy law and procedure has helped us carve a niche in this often-overlapping sphere of litigation. We have a particularly strong practice representing clients who have invested in companies undergoing reorganization. Because of our expertise, we have acted as bankruptcy counsel to other firms pursuing claims on behalf of their clients. We are also involved in more traditional aspects of reorganization and bankruptcy proceedings. We are often retained by creditors committee or post-confirmation trustees to pursue claims for the benefit of the estates in question, including litigation arising out of financial misrepresentation and breaches of fiduciary duty by debtors' directors and officers.

Representative Matters

- *Creditor Trust of Energy & Exploration Partners, Inc. v. Apollo Investment Corporation, et al.*, C.A. No. 17-04035 (Bankr. N.D. Tex. 2017). We represented a post-confirmation Creditor Trust asserting claims against Apollo Investment Corporation and affiliated entities for fraudulent conveyance arising out of Debtors' payment of penalty in connection with prepayment of debt. The matter settled favorably for the Creditor Trust.

- *Creditor Trust of Vivaro Corporation v. Catalina Acquisitions L.LC.*, JAMS Arbitration. We represented a post-confirmation Creditor Trust asserting claims for breach of promissory note. The matter settled favorably for the Creditor Trust.

- *Hebrew Hospital Senior Housing, Inc., Plan Administrator*, C.A. 17-01240 (Bankr. S.D.N.Y. 2017). We represent a post-confirmation Plan Administrator bringing claims for breach of fiduciary duty against certain former officers and directors of Hebrew Hospital Senior Housing, Inc. ("HHSH"), a bankrupt "continuing care retirement community." The Plan Administer is also asserting claims assigned by current and former residents of HHSH asserting that they did not receive mandated disclosures.

- *Advance Watch Company, Ltd. Creditor Trust*, C.A. No. 17-7461 (S.D.N.Y. 2017). We represent a post-confirmation Liquidating Trust asserting claims for breach of fiduciary duty against former officers and directors of Advance Watch Company, Ltd.

- *UGHS Senior Living, Inc. Liquidating Trust*, C.A. No. 2017-75532, District Court of State of Texas, Harris County. We represented a post-confirmation Liquidating Trustee asserting claims for breach of fiduciary duty against former officers and directors. The matter settled favorably for the Creditor Trust.

- *In re Solutions Liquidation LLC*, Adv. P. No. 18-50304 (Bankr. Del. 2018). We represent the post-confirmation Liquidating Trust bringing claims for breach of fiduciary duty against the former officers and directors of SDI Solutions LLC.

- *Industrial Enterprises of America*, We are litigating twelve adversary proceedings in the Bankruptcy Court for the District of Delaware and one civil action in the United

States District Court for the District of Colorado. We, along with another firm, represent a trustee in bankruptcy of a company that was the subject of a majorfraud for which the two principals were convicted of fraud and jailed. We are pursuing the thirteen actions against one hundred and twenty defendants for a variety of wrongdoings, ranging from orchestrating the fraud and assisting the fraud to constructive fraudulent conveyance and unjust enrichment.

- *In re Pitt Penn Holding Co.*, No. 09-11475 (Bankr. D. Del. 2005). We represented Industrial Enterprises of America, Inc. in twelve different adversary proceedings in the Bankruptcy Court, District of Delaware and one civil action in the United States District Court for the District of Colorado. We, along with another firm, represent a trustee in bankruptcy of a company that was the subject of a major fraud, for which the two principals were convicted and jailed. We have pursued the thirteen actions against one hundred and twenty defendants for a variety of wrongdoings ranging from orchestrating and assisting the fraud to constructive fraudulent conveyance and unjust enrichment.

- *In re Worldcom*, No. 02-13533 (Bankr. S.D.N.Y.). We represented a patent owner in a multimillion dollar claim for patent infringement. The case resolved favorably for client.

- *In re Enron Corp.*, No. 01-16034 (Bankr. S.D.N.Y.). Stockholders filed suit against a corporation that withdrew from a merger agreement with the debtor corporation seeking to enforce the merger agreement. The case was settled for $6 million.

- *In re Universal Automotive Industries, Inc.*, No. 05-27778 (Bankr. D.N.J. 2005). We represented trustee and secured lenders in claims against former officers and directors. The case resolved favorably for plaintiffs.

- *In re Acclaim Entertainment, Inc.*, No. 04-85595 (Bankr. E.D.N.Y. 2004). We represented a trustee in litigation against former officers and directors. The case resolved favorably for trustee.

- *In re Allou Distributors, Inc.*, No. 03-82321 (Bankr. E.D.N.Y.). We represented trustee and secured lenders in claims against former officers and directors. The case resolved favorably for plaintiffs.

- *Arbor Place, L.P. v. Encore Opportunity Fund, L.L.C.*, No. 20436 (Del. Ch. 2003). Investors in a hedge fund sued for misrepresenting the value of the investments. The case resolved favorably for plaintiffs.

## CONSUMER CLASS ACTIONS

We have extensive experience litigating class actions on behalf of consumers. We have prosecuted claims for damages arising out of data breaches, defective coin-counting machines, and consumer loyalty programs.

- *Sateriale v. R.J. Reynolds Tobacco Co., Inc.*, United States District Court for the Central District of California. We represented a class of California adult smokers who purchased packs of Camel cigarettes and collected Camel Cash, or "C-Notes," as part of the Camel Cash loyalty program. The class asserted claims that Reynolds breached its contract with program members when, on October 1, 2006, Reynolds removed all of the non-tobacco related merchandise from the Camel Cash program, and program members could redeem C-Notes only for cigarettes or coupons for dollars off cigarettes. In 2012, we obtained a victory before the United States Court of Appeals for the Ninth Circuit reversed the district court's dismissal of the complaint. The Ninth Circuit found that the Camel Cash program created a unilateral contract between consumers and Reynolds. Pursuant to a settlement reached in 2016, R.J. Reynolds offered Class Members the opportunity to use C-Notes that they collected and held as of October 1, 2006, to redeem for non-tobacco merchandise. Reported decisions: 697 F.3d 777 (9th Cir. October 15, 2012) (reversing order of dismissal); 2014 U.S. Dist. LEXIS 176858 (December 19, 2014) (order granting class certification and denying defendant's motion for summary judgment).

- *Castillo v. Seagate Technology LLC*, United States District Court for the Northern District of California. We represented current and former employees of Seagate and its affiliates, and the employees' spouses, seeking damages arising from Seagate's March 2016 data breach in which Seagate wrongfully disclosed the employees' 2015 Form W-2 tax information in a "phishing" scam. The matter settled in March 2018. Pursuant to the settlement, Seagate agreed to provide Class Members with the option to obtain two years of identity theft protection and to reimburse Class Members for certain economic costs. Reported decision: 2016 U.S. Dist. LEXIS 187428 (September 14, 2016) (order denying in party motion to dismiss).

- *Feinman v. TD Bank, N.A.*, Supreme Court of the State of New York, New York County. We were co-class counsel in consumer class action alleging that TD Bank's "Penny Arcade" coin-counting machines under-counted coins deposited by consumers. Class counsel negotiated a $7.5 million settlement in favor of the class.

## GENERAL COMMERCIAL LITIGATION

Our attorneys handle both plaintiff and defendant work encompassing all aspects of commercial litigation in traditional forums and through alternate dispute resolution. We have recently brought an arbitration against a national brokerage firm, prosecuted a consumer class action involving a marketing promotion, and defended a company and its founder against claims of fraud in connection with the sale of a high-tech start-up. Although frequently involved in trial practice, much of our work is consultative in nature. As such, we act in an advisory capacity or pre-litigation mode where we attempt to solve business disagreements and partnership disputes without commencing a formal action. This often occurs when small businesses undergo a significant change, such as a partnership split or business "divorce," or in the case of a closely held business, a transition of ownership. Additional areas of focus include commercial contract actions and personal service contracts, both in negotiation and in contests questioning the parties' adherence to contract terms. In this regard, we have been involved in several arbitration cases involving major sports teams. We also handle cases involving insurance disputes, including contesting insurance valuations and coverage refusals.

Representative Matters

- *Dimension Trading Partners, LLC v. Jamie F. Lissette and Hammerstone NV, Inc.*, No. 650284/2013, New York Supreme Court, New York County. We defended a proprietary trader against a claim to collect on promissory note issued in connection with the establishment of trading relationship.

- *Ator Limited v. Comodo Holdings Limited*, No. 12-03083 (D.N.J.). We represented third-party defendants in a dispute arising out of the sale of a start-up company.

- *Financials Restructuring Partners v. Premier Bancshares, Inc.*, No. 651283/2013, New York Supreme Court, New York County. We defended former bank holding company against attempt to foreclose upon $6 million in debt securities.

- *325 Schermerhorn LLC v. Nevins Realty Corp.*, We obtained a victory on summary judgment compelling defendants to pay $3.6 million plus interest representing a returned down payment on four properties because of a transit easement assumedly known to all parties at the time the contracts were executed. Reported decision at 2009 WL 997501.

- *Bellis v. Tokio Marine Insurance Company*, We procured a $7 million settlement after obtaining a jury verdict on liability based on causation of damage in insurance claim. We also defeated a summary judgment motion reported at 2002 WL 193149 (February 5, 2022 S.D.N.Y.). The case involved attribution of liability for some priceless Tiffany glass that was damaged while on exhibit in Tokyo. Reported decision at 2004 WL 1637045 (July 14, 2004 S.D.N.Y.).

Case 1:19-cv-00098-TRM-CHS    Document 238-2    Filed 06/05/23    Page 12 of 18
PageID #: 6021

- ***Paquette v. Twentieth Century Fox***, Compelled Fox television to grant "created by/inspired by" credits to authors of comic book from which television series was adapted, establishing claim of reverse passing off, *i.e.*, improperly taking credit for someone else's work, under the Lanham Act. Reported decision at 2000 WL 235133 (S.D.N.Y.).

- ***Colton Hartnick Yamin & Sheresky v. Feinberg***, New York Supreme Court, New York County. We successfully reversed the trial court's denial of summary judgment to law firm on impropriety of claim of malpractice. On appeal, the court dismissed the malpractice claim based on lack of facts to establish legal malpractice and punitive damages. Reported decision at 227 A.D.2d 233, 642 N.Y.S.2d 283 (1996).

- ***Raycom v. Kerns***, New York Supreme Court, Kings County. We are representing a Singapore-based aircraft part manufacturer in a breach of contract suit against a multi-national corporation.

## B|E|S BRAGAR EAGEL & SQUIRE, P.C.

## OUR ATTORNEYS



### Raymond A. Bragar

Ray Bragar is a partner of the firm. Ray started the firm in 1983 and practices general litigation with a sub-specialty in real estate and real estate litigation. He has over thirty years of experience practicing in New York State and Federal Courts. He has handled complex trials before juries and judges lasting several weeks and numerous appeals in both the State and Federal Courts. He also has extensive experience working in the nontraditional forum of alternate dispute resolution, including multiple-week trials.

Following graduation, Ray was law clerk to the Hon. Lloyd F. McMahon who was then Chief Judge for the United States District Court for the Southern District of New York. He also previously worked for the firm of Katten Muchin Rosenman LLP (formerly Rosenman & Colin, LLP).

Ray is member of the bar of the State of New York. He is also admitted to practice before the United States Supreme court, as well as in the United States Courts of Appeals for the Second, Fourth, and District of Columbia Circuits, United States District Courts for the Southern, Eastern, and Northern Districts of New York, and the United States Bankruptcy Courts for the Eastern and Southern Districts of New York. He is a member of the New York State Bar Association, where he has been a member of the Civil Practice Law & Rules Committee since 1985.

Ray is a 1972 *cum laude* graduate of the Harvard Law School and is a 1968 *magna cum laude* graduate of Rutgers University.



### Lawrence P. Eagel

Larry Eagel is a partner of the firm and joined in 1994. Larry handles all types of litigation, but he is particularly skilled in the areas of securities and bankruptcy-related litigation, including class actions. Prior to 1994, he was associated with the firm of Proskauer Rose LLP. Larry was also a certified public accountant and worked in the late 1970's as an auditor with Grant Thornton & Co. (formerly Alexander Grant & Co.) in the firm's Washington, D.C. office.

Larry is member of the bars of the State of New York and the State of New Jersey. He is also admitted to practice before the United States Courts of Appeals for the Second and Third Circuits, the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the United States District Court for the District of New Jersey, and the United States Tax Court. He is a member of The Association of the Bar of the City of New York, where he was a member of the Committee on Federal Legislation from 1993 to 1997.

www.bespc.com

Larry is a 1983 *cum laude* graduate of the Brooklyn Law School, where he was a Comments Editor of the *Brooklyn Law Review*. He completed his undergraduate work at George Washington University in 1978, where he also earned an M.B.A. in 1980.



### J. Brandon Walker

J. Brandon Walker is of partner in the firm. Before joining the firm in 2015, Brandon was a partner at Kirby McInerney LLP. Brandon has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of shareholders. He has represented public retirement systems, union pension funds, European investment managers, and other institutional and individual investors before federal, state, and appellate courts throughout the country.

Brandon is a member of the bars of the State of New York and the State of South Carolina. He is also admitted to practice before the United States District Court for the Southern District of New York.

Brandon is a 2008 graduate of Wake Forest University School of Law with an MBA from the Wake Forest University Graduate School of Management. He completed his undergraduate work at New York University.



### Melissa A. Fortunato

Melissa is a partner of the firm. She has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of investors. Many of her cases have involved breaches of fiduciary duties by public company boards of directors, and she has represented institutional and individual stockholders in the mediation and settlement of numerous derivative and class actions.

Melissa is a 2013 *magna cum laude* graduate of the Pace University School of Law, where she was a Notes Editor of the Pace Environmental Law Review, and a 2004 *cum laude* graduate of Georgetown University.

Melissa is a member of the bars of the states of New York, New Jersey, Connecticut, and California. She is admitted to practice before the United States Court of Appeals for the Second, Fourth, Seventh and Ninth Circuits, and the United States District Courts for the Eastern, Western, and Southern Districts of New York, the District of New Jersey, and the Northern, Central, and Eastern Districts of California.


**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

### Jeffrey H. Squire



Jeffrey H. Squire is Of Counsel at the firm. Jeff was previously a partner at Kirby, McInerney & Squire LLP and Of Counsel to Wolf Popper LLP. Jeff, as lead or co-lead counsel, has prosecuted scores of class and derivative actions on behalf of the stockholders of many corporations, including: Adelphia Communications Corporation; AT&T Corporation; Bennett Funding Group; Bisys Group, Inc.; eBay, Inc.; Ford Motor Company; The Limited Corporation; Morrison Knudsen; Washington Group, Inc.; Waste Management, Inc.; and Woolworth, Inc. In such cases, he has recovered over one billion dollars for stockholders.

Jeff's ability to prosecute sophisticated class actions successfully has often been the subject of judicial recognition:

"You have acted the way lawyers at their best ought to act. And I have had a lot of cases in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here I would say this has been the best representation that I have ever seen." *In re Waste Management, Inc. Securities Litigation*.

"Nonetheless, in this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case." *In re Bisys Securities Litigation.*

Jeff is a 1976 graduate of the University of Pennsylvania Law School and a 1973 *cum laude* graduate of Amherst College. He is member of the bars of the State of New York and State of Pennsylvania (retired). He is also admitted to practice before the United States Courts of Appeals for the Second, Third, Sixth, and Seventh Circuits, and the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the Northern District of Georgia, the Northern District of California, and the Southern District of Texas.



### Marion Passmore

Marion Passmore is a partner of the firm. Marion has a broad litigation practice, with an extensive background in securities litigation. She has prosecuted numerous securities fraud actions on behalf of institutional and individual investors. Prior to joining the firm, she co-founded a small private practice that specialized in estate planning and probate actions, civil litigation, real property, and served as city attorney for the City of Choteau, Montana.

Marion is a 2003 graduate of the University of San Diego School of Law. She received an M.B.A from the San Diego School of Business in 2004 and was also a member of the Beta Gamma Sigma Honors Society. Marion is a 2000 *cum laude* graduate of the University of Southern California.

Marion is a member of the bars of the states of California, New York, and Montana. She is admitted to practice in the United States District Courts for the Southern, Northern, and

Central Districts of California, the Southern and Eastern Districts of New York, and the District of Montana.



### Badge Humphries

Badge is a partner at the firm. He represents individuals and institutional investors in securities fraud and shareholder litigation, plaintiffs in products liability and other personal injury cases, and parties engaged in business disputes. In representing investors in public companies, he has served as lead counsel in cases alleging securities fraud or breach of fiduciary duty against defendants in the financial, pharmaceutical/medical device, healthcare, mining, and consumer retail sectors. Badge also regularly handles other types of complex litigation on behalf of individual plaintiffs, particularly cases involving alleged defective products and professional malpractice.

Badge has been an invited guest speaker at numerous conferences across the country and consulted on a variety of legal matters by various news outlets and publications. He currently serves on the Board of Governors of the South Carolina Association for Justice (SCAJ) and has received a SCAJ President's Award for his service to the organization. He has also served on the South Carolina Bar's Torts and Insurance Practice Section Council, serving as the Chair from July 2019 to July 2020 and currently as the Section Delegate to the South Carolina Bar's House of Delegates. Since 2017, Badge has been recognized by Best Lawyers, and since 2020, he has been named one of the top 100 lawyers in the state of South Carolina by The National Trial Lawyers. He is licensed to practice in Georgia, Kentucky, and South Carolina.



### Gabriela Cardé

Gabriela Cardé is an associate at the firm. Gabriela's practice involves securities and corporate governance. She has experience in alternative dispute resolution proceedings before the Financial Industry Regulatory Authority (FINRA).

Gabriela has a Master of Laws in International Business and Trade Law from Fordham University School of Law. She received her J.D. from the University of Puerto Rico School of Law.



### Derek Scherr

Derek Scherr is an associate at the firm. Derek practices commercial litigation involving contract disputes, commercial and residential real estate, partnership disputes, business fraud, and bankruptcy litigation.

www.bespc.com

16

Derek is a 2013 graduate of the Benjamin N. Cardozo School of Law. He received a B.A. in history from New York University in 2010.

Derek is a member of the bar of the State of New York.

**LOCATIONS**

<table>
<tr><td>580 California Street<br>Suite 1200<br>San Francisco, CA 94104<br>Tel: (415) 568-2124</td><td>810 Seventh Avenue<br>Suite 620<br>New York, NY 10019<br>Tel: (212) 308-5858</td><td>445 S. Figueroa Street<br>Suite 3100<br>Los Angeles, CA 90071<br>Tel: (213) 612-7235</td></tr>
<tr><td></td><td>170 Meeting Street<br>Suite 110<br>Charleston, SC 29401<br>Tel: (843) 268-4363</td><td></td></tr>
</table>

www.bespc.com

17