# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

LEWIS STEIN, et al., individually and on
behalf of all others similarly situated,

    *Plaintiffs*,

v.

U.S. XPRESS ENTERPRISES, INC., et al.,

    *Defendants*.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:19-cv-98

Judge Travis R. McDonough

Magistrate Judge Christopher H. Steger

---

## JUDGMENT ORDER

---

Before the Court is Plainitffs' motion for final approval of the settlement agreement (Doc. 226). This matter came before the Court pursuant to the March 28, 2023 Order granting preliminary approval of the Settlement and providing for notice ("Notice Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 27, 2023 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, **GRANTS** Plaintiffs' motion (Doc. 226). It Is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

    2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.     Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit A hereto.

4.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

5.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Federal Action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net

2

Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

7. Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

8. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

9. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.

The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

10.     Plaintiffs' Complaint for Violation of the Federal Securities Laws (Doc. 57) is dismissed in its entirety, with prejudice, and without costs to any party, except as otherwise provided in the Stipulation.

11.     Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement and any award or

4

distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of December 15, 2022, as provided in the Stipulation.

17.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Court **DIRECTS** immediate entry of this Judgment by the Clerk of the Court.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

5

ENTERED AS A JUDGMENT
    s/ LeAnna R. Wilson
CLERK OF COURT

# EXHIBIT A



RECEIVED
September 22, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)*

Name of Person Filing Exclusion: Bettye E Mallicoat

September 16, 2021


USX Securities Litigation
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021


RE:     Stein vs U.S. Xpress Enterprises, Inc. et al,

To Whom it May Concern:

I, Bettye E. Mallicoat, ███████████████████████████████ request exclusion from the
Class Action Suit mentioned above.

I purchased 1000 shares of USX Class A common stock.

Sincerely,

*Bettye E. Mallicoat*

Bettye E. Mallicoat



17 SEP 2021 PM 2 L

YSX Securities Litigation
C/o Girardean Co. LLD
Epolacion
150 Royall St. Suite 101
Canton, MA 02021

02021-105426

Ms. Betty Mallicoat

Received

SEP 2 2 2021



*UXT-EXCL00002*

RECEIVED
September 27, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)*

Name of Person Filing Exclusion: David Cox

9-23-2021

To Stein V. U.S Xpress Enterprises, Inc, et.al);
I David Cox would like to Exclude myself
from and Lawsuit about USX.
I only had very few and can't even
find it! I sold it long time ago, and
unsure if I even made any money on
it or not.

So I would like to Exclude myself
from the Class action Suit about USX

9-23-2021    Thank You
             David Cox

**Received**

SEP 27 2021

David Cox

24 SEP 2021 PM 5 L

USX Securities Litigation
c/o Gilardi & Co, LLC
EXCLUSIONS
150 Royal St, Suite 101
Canton, MA 02221

02021-105426


*UXT-EXCL00003*

RECEIVED
September 29, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)

Name of Person Filing Exclusion: Michael V DelPrincipe Jr

*Stein V. U.S. Xpress Enterprises, Inc. et al.*

Michael Vincent DelPrincipe Junior

**I REQUEST TO BE EXCLUDED FROM THE CLASS**

Number of Shares Traded: **1 share**

X _____

Michael V. DelPrincipe Jr.



Michael Deljaninja

Received
SEP 29 2021

UKT

US Securities Litigation
c/o Gilardi & Co, LLC
150 Royall St. Ste 101
Canton, MA 02021

23 SEP 2021 PM 3 L

$0.53
US POSTAGE
FIRST-CLASS
6625140146439
756622
000003170



*UXT-EXCL00004*

RECEIVED
October 4, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)*

Name of Person Filing Exclusion: Matthew Salmon

Matthew Salmon



October 1st, 2021

USX Securities Litigation
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021

Request for Exclusion of  (Stein v. U.S. Xpress Enterprises, Inc. et al.);

Matthew Salmon

I request exclusion from the Class; and Stein v. U.S. Xpress Enterprises, Inc. et al.

I purchased 14 shares of USX @ 10.88 on 6/8/21. I have since sold them on 9/23/21.

Sincerely,
Matthew Salmon

10 | 1 | 21



FOREVER
F080805 11160927

[redacted]

1 OCT 2021 PM 14 L

Received
OCT 04 2021

USX Securities Litigation
Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 43303
Providence, RI 02940-3303

UXT

02940-330303

*UXT-EXCL00005*

RECEIVED
October 4, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)*

Name of Person Filing Exclusion: E Glenn Conder



# AMPLIVERSAL
### THE ELECTRICAL FLEET SPECIALIST

## BLUE AND GREY STREAK SERVICE

9-23-21

Stein v. U.S. Express
Enterprises, Inc. et al.);
E. Glenn Conder

"I request exclusion from the Class"

200 shares

E. Glenn Conder

## AMP

E Glenn Conder

**Received**

25 SEP 2021 PM 3 L

OCT 0 4 2021

USX Securities Litigation
% Gilardi + Co. LLC
Exclusions
150 Royall Street, Suite 101
Canton, MA 02021



*UXT-EXCL00006*

RECEIVED
October 4, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before*)*

Name of Person Filing Exclusion: Eric Lee

Hello,

I am writing to confirm my exclusion from the "class" for the lawsuit noted below.

Stein v U.S. Xpress Enterprises, Inc., et al

I do not have any shares traceable to the "offering". All shares that I have purchased were after the "offering", with my first tranche of shares purchased in March 2020.

Thanks,

Eric Lee



02021B1054 C004

30 SEP 2021 PM 1 L

Thinking

FOREVER / USA

USX Securities Litigation
c/o Gilardi & Co. LLC
Exclusions
150 Royall St. Suite 101
Canton, MA 02021

02021-105426



Eric Lee

Received
OCT 04 2021



*UXT-EXCL80001*

RECEIVED
October 14, 2021
Claims Center

# Exclusion Cover Page

Case Name: U.S. Xpress Enterprises, INC. Securities Litigation

Case Code: UXT

Exclusion Deadline: October 1, 2021 (Postmarked on or before)

Name of Person Filing Exclusion: Adrian Mendiola Reyes



October 04, 2021

USX Securities Litigation
c/0 Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021

To Whom it May Concern:

I, Adrian Mendiola Reyes, request exclusion from the Class under the lawsuit *Stein v. Xpress Enterprises, Inc., et al.* Although the notifition deadline for exclusion is on October 1, 2021, the class action notification letter arrived at my P.O. Box location on October 4, 2021; which did not provide me sufficient time to respond to the exclsuion deadline on October 1, 2021.

Number of USX shares purchased at any given time is 200 on July 31, 2020. Number of USX shares sold at any given time is 200 on August 5, 2020.

Regards,

Adrian Mendiola Reyes



OCT 04 2021

USPS

UXT

USX Securities Litigation
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021



02021$1054 C004

02021$1054 C004

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT ♲

© USPS 2016



Received
OCT 14 2021